1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16

| | |
|---|---|
| NYKO TECHNOLOGIES, INC., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>ENERGIZER HOLDINGS, INC., a Missouri corporation, and PERFORMANCE DESIGNED PRODUCTS LLC, a California limited liability company,<br><br>Defendants. | Case No.  CV 12-3001 GAF (VBKx)<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR (1) TEMPORARY RESTRAINING ORDER AND (2) ORDER TO SHOW RE PRELIMINARY INJUNCTION**<br><br><br>**Hon. Gary Allen Feess** |

17
18
19
20
21
22
23
24
25
26
27
28

THIS CAUSE came before the Court upon Plaintiff's Ex Parte Application for (1) Temporary Restraining Order and (2) Order to Show Cause Why Preliminary Injunction Should Not Issue (the "Application for TRO and OSC"). Plaintiff, Nyko Technologies, Inc. ("Nyko" or "Plaintiff") has filed this action alleging infringement of its U.S. patent, no. 8,143,848 ("the '848 patent") under 35 U.S.C. § 271(a).  Plaintiff moves *ex parte* for entry of a temporary restraining order and, upon expiration of the temporary retraining order, a preliminary injunction against Defendants Energizer Holding, Inc. ("Energizer") and Performance Designed Products LLC ("PDP") (collectively, "Defendants").  After careful consideration, and for the reasons set forth below, the Court GRANTS Plaintiff's motion for a temporary restraining order and sets a hearing on

CHRISTIE, PARKER & HALE, LLP

Plaintiff's motion for a preliminary injunction.

The standard for issuing a temporary restraining order is the same as that applied when issuing a preliminary injunction. *Lavan v. City of L.A.*, No. CV 11-2874 PSG (AJWx), 2011 U.S. Dist. LEXIS 46030, at *2 (C.D. Cal. April 22, 2011). When considering whether to enter a temporary restraining order or a preliminary injunction, the moving party must demonstrate (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008)). The declarations Plaintiff submitted in support of its Application for TRO and OSC support all of these findings.

First, Plaintiff has a substantial likelihood of success on the merits. Plaintiff has a very strong probability of proving at trial that Defendants, through their sale of the Energizer® "Power & Play®" Charging System for Xbox 360® and Energizer® "Power & Play®" Charging System for PlayStation® 3 ("the accused products") infringe at least claims 1, 2, 5, 7, 8, and 10-12 of the '848 patent. The patent is presumed to be valid under 35 U.S. C. § 282, and the Defendants have made no showing that there is a "substantial issue" that the patent is invalid. See *Genentech, Inc. v. Novo Nordisk, A/S*, 108 F.3d 1361, 1364 (Fed. Cir. 1997).

Second, Plaintiff has demonstrated that it is likely to suffer immediate and irreparable injury if a temporary restraining order is not granted. Specifically, it is clear from the declarations filed with the Court that Defendants are selling the accused products without Plaintiff's permission, that Defendants' accused products are offered for sale at Walmart stores in the United States, and that

CHRISTIE, PARKER & HALE, LLP

Plaintiff's patented products --the Nyko Charge Base products-- will be displaced by Defendants' accused products at Walmart Stores during the latter part of May unless the Court enjoins such sales at this time.

Third, the balance of potential harm to Defendants in restraining their trade in infringing products if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its reputation and goodwill, its ability to regain market share if its products are displaced by the accused products at Walmart stores, and its future product development efforts if such relief is not granted.

Finally, the public interest favors protecting patent rights over patent infringement. *Abbot Labs. v. Andrx Pharms., Inc.*, 452 F.3d 1331, 1348 (Fed. Cir. 2006) ("[A]bsent any other relevant concerns, we agree with the district court that the public is best served by enforcing patents that are likely valid and infringed.").

Therefore, it is hereby:

**ORDERED AND ADJUDGED** that:

1.     Plaintiff's Ex Parte Application for (1) Temporary Restraining Order and (2) Order to Show Cause Why Preliminary Injunction Should Not Issue is **GRANTED**.

2.     Pursuant to Federal Rule of Civil Procedure 65(c), Plaintiff shall immediately post a bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00).

3.     A Temporary Restraining Order is hereby entered against Defendants as follows:

Defendants, their officers, directors, employees, agents, subsidiaries, and all other persons in active concert or participation with Defendants having

-3-

notice of this Order are hereby temporarily restrained:

i.  From selling or offering for sale the accused products at Walmart stores in the United States, including supplying or otherwise distributing such products to Walmart in any manner; and

ii.  From selling or offering for sale the accused products at the "E3" (Electronic Entertainment Expo) trade show for computer and video games and related accessories, scheduled to be held in Los Angeles on June 5-7, 2012.

4.   This Temporary Restraining Order shall remain in full force and effect until 14 (14) days from the date of this order.  The Temporary Restraining Order may be extended upon the filing of a motion by the Plaintiff in which Plaintiff demonstrates that there is good cause for such an extension or that the parties have agreed to the extension.

5.   The parties shall take notice that a hearing shall take place on Plaintiff's motion for a preliminary injunction before the undersigned, United States District Judge Gary A. Feess, at the United States Courthouse located at 225 East Temple Street, Los Angeles, CA 90012, on _____, 2012, at _____.  This hearing shall not exceed 30 minutes.  The parties shall confer prior to the hearing to determine how to split the allotted time.  If the parties are unable to decide how to split the allotted time, the Court will decide how to split the allotted time.  Defendants may file a motion requesting an earlier hearing on the terms of this Temporary Restraining Order in accordance with Federal Rule of Civil Procedure 65.

DATED: _____          _____

                                        Hon. Gary Allen Feess
                                        U.S. District Court Judge

-4-