JOHN D. CARPENTER, CA Bar No. 145154
john.carpenter@cph.com
S. ART HASAN, CA Bar No. 167323
art.hasan@cph.com
G. WARREN BLEEKER, CA Bar No. 210834
warren.bleeker@cph.com
CHRISTIE, PARKER & HALE, LLP
655 N. Central Avenue, Suite 2300
Glendale, California 91203-1445
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

Attorneys for Plaintiff,
Nyko Technologies, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NYKO TECHNOLOGIES, INC., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>ENERGIZER HOLDINGS, INC., a Missouri corporation, and PERFORMANCE DESIGNED PRODUCTS LLC, a California limited liability company,<br><br>Defendants. | Case No. CV 12-3001 GAF (VBKx)<br><br>**NOTICE OF ERRATA**<br><br><br><br>**Hon. Gary Allen Feess** |

TO ALL PARTIES:

PLEASE TAKE NOTICE that Plaintiff has corrected the last sentence of Footnote No. 1 found on page 3 of Plaintiff's Reply in Support of Plaintiff's Ex Parte Application for Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction (Court Dkt. No. 25) filed on May 17, 2012.

Attached as Exhibit A is the page noted above, with the corrected sentence underlined.

DATED: May 18, 2012

Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP

By _____
Art Hasan

Attorneys for Plaintiff,
Nyko Technologies, Inc.

CHRISTIE, PARKER & HALE, LLP

# EXHIBIT A

("Supp. Navid Decl.") ¶2, filed concurrently herewith; Demonstrative Exs. F and G, showing Xbox 360 and PS3 wireless controller input port locations, lodged concurrently herewith. Thus, the Cole patent appears to teach away from the asserted claims of the '848 patent.

Furthermore, the effective date of Cole as Section 102(e) "prior art" in the context of the claims asserted by Nyko, is at best November 1, 2007, the filing date of the Cole patent -- which is *after* the '848 patent's priority date, October 24, 2007."[1] Cole is *not* entitled to be treated as prior art as of May 3, 2006, the date on which Cole's predecessor PCT international application was filed (PCT/US2006/016944, Ex. L to Hanle Dec., hereafter "Cole PCT"), because the Cole PCT does not include an enabling written description of the pertinent subject matter. *See In re Giacomini*, 612 F.3d 1380, 1385 (Fed. Cir. 2010) ("Section 102(e) codified the 'history of treating the disclosure of a U.S. patent as prior art as of the filing date of the earliest U.S. application to which the patent is entitled, *provided the disclosure was contained in the substance in the said earliest application*.'") (citation omitted, emphasis added).

The Cole patent itself acknowledges that "Applicant [only] claims the benefit of the earlier filing dates of the PCT application and the provisional application *for so much as is common with this application*." Cole, 1:10-12 (emphasis added).

Neither the Cole patent nor the Cole PCT discloses "a plurality of DC ports

---

[1] Defendants' bald assertion, at page 6, n.4 of its Opposition, that the '848 patent is not entitled to the priority date of Nyko's provisional application (October 24, 2007) is without merit and is insufficient to raise a substantial question of invalidity. Defendants offer the Court no guidance as to why the disclosure of the preferred embodiment in the provisional application somehow precludes priority of asserted claims. For example, FIGS. 3, 6 and 8 of the provisional (Hanley Ex. J) (Ct Doc 22-7, pp. 21, 24, and 26) and the associated written description, clearly shows and describes each and every feature of the asserted claims, which is plainly sufficient to lend priority.

EXHIBIT A
PAGE 3