**JOHN D. CARPENTER, CA Bar No. 145154**
john.carpenter@cph.com
**S. ART HASAN, CA Bar No. 167323**
art.hasan@cph.com
**G. WARREN BLEEKER, CA Bar No. 210834**
warren.bleeker@cph.com
**CHRISTIE, PARKER & HALE, LLP**
**655 N. Central Avenue, Suite 2300**
**Glendale, California 91203-1445**
**Telephone: (626) 795-9900**
**Facsimile:  (626) 577-8800**

Attorneys for Plaintiff,
Nyko Technologies, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NYKO TECHNOLOGIES, INC., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>ENERGIZER HOLDINGS, INC., a Missouri corporation, and PERFORMANCE DESIGNED PRODUCTS LLC, a California limited liability company,<br><br>Defendants. | Case No. CV 12-3001 GAF (VBKx)<br><br>**SUPPLEMENTAL REPLY IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**<br><br>**Hon. Gary Allen Feess** |

Pursuant to the Court's Minute Order dated May 29, 2012 (Court Doc. 43), Nyko files additional briefing as follows.

**I.   DEFENDANTS HAVE NOT RAISED A SUBSTANTIAL QUESTION OF INVALIDITY.**

For their invalidity defense, Defendants rely upon two primary references – the Cole U.S. Patent and the Erickson patent – that are not prior art to the patent-in-suit. It is axiomatic that Defendants may not properly raise a substantial issue of invalidity where the very references they rely upon to make the argument do

-1-

not constitute prior art.

The Cole reference is not prior art to Nyko's '848 patent. Compare the drawings in the actual Cole patent ("Cole US") to those in the Cole PCT application ("Cole PCT"); they're not the same. *See* Exhibits A and B of Court Document 28. Cole PCT does not show a USB port located in each cradle, and the text of Cole PCT also does not provide an adequate disclosure of such a feature. Hence, the pertinent disclosure in Cole US is not contained "in substance" in Cole PCT. *See In re Giacomini*, 612 F.3d 1380, 1385 (Fed. Cir. 2010) Cole US is not entitled to be treated as prior art as of the filing date of Cole PCT. Consequently, Cole is not "prior" art to Nyko's '848 patent under 35 U.S.C. § 102(e). Even if it were prior art, Cole shows a controller sitting handle side down on a rack, thereby requiring that an external cable be used to connect the DC port of the rack to the DC port of the controller, which squarely teaches away from the patented invention. All invalidity challenges asserted by Defendants that depend, in whole or in part, on Cole are meritless as a matter of law.

The Erickson reference is also not prior art to the '848 patent. The product Nyko introduced in January 2007 includes each and every feature of the claimed invention, was invented by Amir Navid, and predates the Erickson reference. *See* Third Navid Declaration, filed concurrently herewith, ¶17. In addition, Erickson teaches away from the claimed invention because it relies upon magnetic coupling with no electric charging through a DC port whatsoever. *Id*. Further, the USPTO Examiner, who presumably has technical expertise in the relevant video game arts, considered Erickson and allowed the patent-in-suit. All invalidity challenges asserted by Defendants that depend, in whole or in part, on Erickson are meritless as a matter of law.

Defendants' assertions that Nyko's patent claims are invalid as being obvious over a combination of various references also fail to raise a substantial question. It's not enough for Defendants to point to discrete elements of Nyko's

1  patent claims in multiple prior art references. A "reasoned explanation,"
2  supported by evidence, of how the hypothetical person of ordinary skill in the art
3  would have combined the references to arrive at the claimed invention is
4  essential. *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 417-18 (2007). The focus
5  has to be on the claimed invention -- not just the broad concept of a charging
6  station. Close review of the combination of claim elements, and the features and
7  benefits of the invention that necessarily arise from the claimed structure shows
8  that the claimed invention is counterintuitive in the video game art. *See* Third
9  Navid Declaration (Court Doc. 44). Reliance on references that are merely
10 cumulative to those considered by the Patent Office is insufficient.

11 At the hearing on May 29, 2012, Defendants argued that it was known in
12 the art at the time of the invention to use charger devices. However, Defendants
13 improperly cite to the Navid provisional application, at ¶[0032]. Exhibit J to the
14 Hanle Decl. (Court Doc. 22-7) The discussion there is not about the prior art;
15 rather, it's describing a feature of the invention. Defendants' argument improperly
16 attempts to use the inventors' own application against him.

17 There are a number of benefits of Nyko's patented design that are found
18 nowhere in the prior art. *See* Third Navid Declaration (Court Doc. 44). Not even
19 Defendants believe that it is adequate to review chargers from removable batteries
20 and other accessories to mount a meritorious invalidity challenge to the patent-in-
21 suit directed to a plurality of video game controllers mounted wholesale into the
22 charger with the specific structure and configuration set forth in the claims to
23 realize the benefits of the invention. That is why the foundation of Defendants'
24 entire validity challenge is based on Cole and Erickson, both of which are
25 directed to video game controllers. *See* Hanle Decl., Exhs. U and V (claim charts
26 relying upon non-prior art Cole and Erickson as the primary references). (Court
27 Docs. 22-18 and 22-19).
28

The statement made at the hearing that the video game controller itself dictates the design is contradicted by Defendants' own statements and the uncontroverted evidence. Cole set the controller backwards on the rack, requiring a cable. Defendants admit in their own briefing that PDP "expended considerable effort designing a charging system" for the PS3 controllers. *See* Court Doc. 19, p. 10. If the controller dictates the design, why did Defendant PDP allegedly expend so much to come up these designs. And why did Defendant PDP come up with a number of designs including a completely different, cumbersome and expensive clam shell with movable arm that later "evolved" to include the patented concepts well after Nyko introduced the claimed invention in the marketplace in January 2007 to great fanfare. *See* Third Navid Declaration (Court Doc. 44), ¶14.

In addition, Defendants' argument that multiple references can be combined to yield the invention and is essentially an impermissible exercise in hindsight. *See In re Fritch*, 972 F.2d 1260, 1266 (Fed. Cir. 1992) ("[I]t is impermissible to use the claimed invention as an instruction manual or 'template' to piece together the teachings of the prior art so that the claimed invention is rendered obvious. ... This court has previously stated that '[o]ne cannot use hindsight reconstruction to pick and choose among isolated disclosures in the prior art to deprecate the claimed invention.'" (citation omitted); *In re Gorman*, 933 F.2d 982, 987 (Fed. Cir. 1991) ("As in all determinations under 35 U.S.C. § 103, the decision maker must bring judgment to bear. It is impermissible, however, simply to engage in a hindsight reconstruction of the claimed invention, using the applicant's structure as a template and selecting elements from references to fill the gaps.")

## II. DEFENDANTS HAVE NOT RAISED A SUBSTANTIAL QUESTION LACK OF IRREPARABLE HARM.

The Court raised the issue at the hearing of the status of the patented Nyko charge products in Walmart stores. Nyko's patented products for either the PS3

-4-

or Xbox 360 are still on the shelves of a number of Walmart stores. Nyko, for example, surveyed multiple stores in different parts of Texas and found its controllers to be on the shelves. *See* Declaration of Russell Herring (Court Doc. 47). Similarly, in the evidence Defendants presented at the hearing yesterday, they have found Nyko's patented Xbox 360 charger product at a Walmart store in Poway, east of San Diego. *See* Declaration of Jesse A. Salen In Support of Defendants' Opposition to Application for TRO (Court Doc. 42), ¶¶ 4 and 5. There is no evidence that anyone has not found at least one patented Nyko charger at any Walmart stores. Accordingly, the apparent status quo, at least from a limited sampling of stores, is that Nyko's patented products are presently sold at Walmart.

However, immediate relief in the form of a temporary restraining order is needed to maintain the status quo. Walmart has drastically cut its orders to Nyko over the past three weeks, demonstrating that Walmart is selling off its remaining inventory of Nyko products as part of its plans to discontinue the sale of the Nyko's products. *See* First Supplemental Declaration of Chris Arbogast (Court Doc. 46.) Defendants' own evidence shows that the accused PDP products have shown up on the shelves of at least the Poway store. *See* Declaration of Jesse A. Salen In Support of Defendants' Opposition to Application for TRO (Court Doc. 42), ¶6.

There is no dispute that the orders Nyko is receiving for its patented products from Walmart are dropping and that the orders Defendants are receiving for the infringing products are rising. When asked by Court yesterday about PDP's interactions with Walmart, Defendants' counsel responded that they are to the effect of filling new orders and telling Walmart that the patent-in-suit is invalid. It is apparent from the evidence that Nyko's products are in the process of being replaced on the shelves with Defendants' infringing products, and that this is occurring now.

CHRISTIE, PARKER & HALE, LLP

## III. CONCLUSION

Nyko requests entry of a temporary restraining order against the Defendants and an order for Defendants to show cause why a preliminary injunction should not issue. The Court noted during the hearing that counsel for the parties should meet and confer regarding an expedited discovery schedule. During the expedited discovery period and leading up to a hearing on a motion for preliminary injunction, the Court should maintain the status quo by granting a limited, short-duration temporary restraining order.

DATED: May 30, 2012

Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP

By   /s/Art Hasan
     Art Hasan

Attorneys for Plaintiff,
Nyko Technologies, Inc.