SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
DANIEL N. YANNUZZI, Cal. Bar No. 196612
dyannuzzi@sheppardmullin.com
GRAHAM (GRAY) M. BUCCIGROSS, Cal. Bar No. 234558
gbuccigross@sheppardmullin.com
12275 El Camino Real, Suite 200
San Diego, California  92130-2006
Telephone:   858.720.8900
Facsimile:    858.509.3691

STEVEN M. HANLE, Cal. Bar No. 168876
shanle@sheppardmullin.com
650 Town Center Drive, 4th Fl.
Costa Mesa, CA 92626
Telephone:   714.513.5100
Facsimile:    714.513.5130
Attorneys for Defendants,
Performance Designed Products LLC and
Energizer Holdings, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| NYKO TECHNOLOGIES, INC. a California Corporation,, | Case No. CV12-03001 |
|---|---|
| Plaintiff, | **OBJECTION TO SUPPLEMENTAL FILINGS BY PLAINTIFF IN SUPPORT OF TEMPORARY RESTRAINING ORDER** |
| v. | Date: May 29, 2012 |
| ENERGIZER HOLDINGS, INC., a Missouri Corporation, and PERFORMANCE DESIGNED PRODUCTS LLC, a California Limited Liability Company, | Time: 1:30 p.m. |
| | The Hon. Gary A. Feess |
| Defendant. | [Complaint Filed:  April 5, 2012] |

At the May 29, 2012 hearing, the Court permitted Plaintiff to make a further submission in support of its ex parte application for temporary restraining order. Defendants understood that the Court intended to permit Plaintiff to submit evidence on two issues: (1) the status of Nyko's charger products in Walmart stores (in response to the declaration filed by Defendants shortly before the hearing); and (2) communications with Walmart regarding whether it would carry Nyko charger products in the event of an injunction. Nevertheless, Plaintiff filed three new declarations, an objection to evidence, a late surreply brief and a notice of additional authority.[1] (DE 44-49.) Defendants contend that these additional filings should not alter the Court's analysis; however, in fairness, Defendants request an opportunity to respond should the Court be inclined to grant any injunctive relief.

Dated:  May 31, 2012

                                Respectfully submitted,

                                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                                By    /s/Steven M. Hanle
                                      DANIEL Y. YANNUZZI
                                      STEVEN M. HANLE
                                    GRAHAM (GRAY) M. BUCCIGROSS
                                      Attorneys for Defendants,

---

[1] Notably, Plaintiff instead filed a lengthy third declaration by the named inventor (DE 44), did not file any communications with Walmart, and failed to explain, in connection with Defendants' on-sale bar evidence, why the asserted claims, which all require DC ports on the base, are entitled to priority based on the purported invention and sale of a charging device where the DC ports were only present on adapters (DE 22-7 pp. 18, 20). These new filings were in addition to Plaintiff's improperly filed reply papers. (DE 25-29.) Plaintiff has now had three rounds of briefing – despite its decision to proceed on an ex parte basis – compared to only one for Defendants.