1  |  **ART HASAN, CA Bar No. 167323**
art.hasan@cph.com
2  |  **G. WARREN BLEEKER, CA Bar No. 210834**
warren.bleeker@cph.com
3  |  **CHRISTIE, PARKER & HALE, LLP**
**655 N. Central Avenue, Suite 2300**
4  |  **Glendale, California 91203-1445**
**Telephone: (626) 795-9900**
5  |  **Facsimile:  (626) 577-8800**

6  |  Attorneys for Plaintiff,
NYKO Technologies, Inc.

7

8  |  UNITED STATES DISTRICT COURT

9  |  CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| NYKO TECHNOLOGIES, INC., a California corporation, | Case No.  CV 12-3001 GAF (VBKx) |
| Plaintiffs, | **NYKO TECHNOLOGIES, INC.'S ANSWER TO DEFENDANTS' COUNTERCLAIM** |
| vs. | |
| ENERGIZER HOLDINGS, INC., a Missouri corporation, and PERFORMANCE DESIGNED PRODUCTS LLC, a California limited liability company, | |
| Defendants. | **Hon. Gary Allen Feess** |
| AND RELATED COUNTERCLAIM. | |

Plaintiff, NYKO Technologies, Inc. ("NYKO" or "Plaintiff") Answers the Counterclaim of Defendants Energizer Holdings, Inc. ("Energizer") and Performance Designed Products LLC ("PDP") as follows:

## PARTIES

1.     NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 112 of the Counterclaim.

2.     NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 113 of the Counterclaim.

-1-

3.      NYKO admits the allegations of paragraph 114 of the Counterclaim.

**JURISDICTION AND VENUE**

4.      NYKO admits that PDP and Energizer seek declaratory relief and denies all other allegations of paragraph 115 of the Counterclaim.

5.      NYKO admits this Court has subject matter jurisdiction over the Counterclaim as alleged in paragraph 116 of the Counterclaim.

6.      NYKO admits the allegations of paragraph 117 of the Counterclaim.

7.      NYKO admits this Court has personal jurisdiction over NYKO in this matter and denies all other allegations of paragraph 118 of the Counterclaim.

8.      NYKO admits the allegations of paragraph 119.

**COUNT I: DECLARATORY JUDGMENT OF NONINFRINGEMENT**

9.      NYKO objects that PDP and Energizer improperly incorporated paragraphs from their Answer into their Counterclaim.  NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 120 of the Counterclaim.

10.      NYKO denies the allegations of paragraph 121 of the Counterclaim.

11.      NYKO denies the allegations of paragraph 122 of the Counterclaim.

**COUNT II: DECLARATORY JUDGMENT OF INVALIDITY**

12.      NYKO objects that PDP and Energizer improperly incorporated paragraphs from their Answer into their Counterclaim.  NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 123 of the Counterclaim.

13.      NYKO denies the allegations of paragraph 124 of the Counterclaim.

14.      NYKO denies the allegations of paragraph 125 of the Counterclaim.

**COUNT III: DECLARATORY JUDGMENT OF UNENFORCEABILITY**

15.      NYKO denies the allegations of paragraph 126 of the Counterclaim.

16.      PDP and Energizer fail to identify what specific "game controller charger product" they are referring to and NYKO therefore lacks knowledge or

-2-

information sufficient to form a belief about the truth of the allegations of paragraph 127 of the Counterclaim.

17.    NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 128 of the Counterclaim.

18.    NYKO denies the allegations of paragraph 129 of the Counterclaim.

19.    NYKO admits Mr. Navid worked for NYKO in 2007, NYKO objects to and denies the improper premise that the asserted claims are not entitled to the priority date of the provisional application, and NYKO lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 130 of the Counterclaim.

20.    NYKO admits that it asserts that Energizer and PDP are infringing the Patent-in-suit.  The Court will determine claim construction in the first instance and NYKO lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 131 of the Counterclaim.

21.    The Cole '747 reference appears to require an extended cable for charging the controller.  NYKO objects to and denies the improper premise that the asserted claims are not entitled to the priority date of the provisional application.  The Court will determine claim construction in the first instance and NYKO lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 132 of the Counterclaim.

22.    NYKO admits that the patent-in-suit claims priority to an earlier filed provisional patent application and denies all other allegations of paragraph 133 of the Counterclaim.

23.    NYKO denies the allegations of paragraph 134 of the Counterclaim.

24.    NYKO admits the allegations of paragraph 135 of the Counterclaim.

25.    NYKO admits the allegations of paragraph 136 of the Counterclaim.

26.    NYKO admits the allegations of paragraph 137 of the Counterclaim.

27.    NYKO admits the allegations of paragraph 138 of the Counterclaim.

CHRISTIE, PARKER & HALE, LLP

28.     NYKO admits the allegations of paragraph 139 of the Counterclaim.

29.     NYKO denies the allegations of paragraph 140 of the Counterclaim.

30.     PDP and Energizer fail to identify what "the Nyko product" is referring to and NYKO therefore lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 141 of the Counterclaim.

31.     NYKO denies the allegations of paragraph 142 of the Counterclaim.

32.     NYKO admits it issued a press release on January 8, 2007 that includes the selective quote stated in the Counterclaim, denies that Steven Hanle has personal knowledge of this allegation, denies that Steven Hanle can properly authenticate any NYKO press release, and denies all other allegations of paragraph 143 of the Counterclaim.

33.     NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 144 of the Counterclaim and denies that Steven Hanle has personal knowledge of, or can properly authenticate, any item on NYKO's website.

34.     NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 145 of the Counterclaim

35.     NYKO denies the allegations of paragraph 146 of the Counterclaim.

36.     NYKO denies the allegations of paragraph 147 of the Counterclaim.

37.     NYKO denies the allegations of paragraph 148 of the Counterclaim.

38.     NYKO denies the allegations of paragraph 149 of the Counterclaim.

39.     NYKO objects to and denies the improper premise that the asserted claims are not entitled to the priority date of the provisional application.  NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 150 of the Counterclaim.

40.     NYKO denies the allegations of paragraph 151 of the Counterclaim.

41.     NYKO denies the allegations of paragraph 152 of the Counterclaim.

-4-

42.     NYKO denies the allegations of paragraph 153 of the Counterclaim.

43.     NYKO denies the allegations of paragraph 154 of the Counterclaim.

44.     NYKO denies that any event is a "barring event" and denies all allegations of paragraph 155 of the Counterclaim.

45.     NYKO denies the allegations of paragraph 156 of the Counterclaim.

46.     NYKO denies the allegations of paragraph 157 of the Counterclaim.

47.     NYKO admits the allegations of paragraph 158 of the Counterclaim.

48.     NYKO denies that Claim 1, as properly corrected, contains any typographical errors and admits the remaining allegations of paragraph 159 of the Counterclaim.

49.     The Court will determine the claim construction in the first instance and NYKO therefore lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 160 of the Counterclaim.

50.     NYKO denies the allegations of paragraph 161 of the Counterclaim.

51.     NYKO denies the allegations of paragraph 162 of the Counterclaim.

52.     NYKO admits that PDP and Energizer cited the Cole reference during briefing on NYKO's application for a TRO, denies that the Cole reference anticipates or renders obvious any asserted claim, and denies all other allegations of paragraph 163 of the Counterclaim.

53.     NYKO admits the allegations of paragraph 164 of the Counterclaim.

54.     NYKO admits the allegations of paragraph 165 of the Counterclaim.

55.     NYKO admits that Mr. Navid submitted declarations in support of NYKO's application for a TRO, admits that Mr. Navid agreed that the Cole '747 reference is not prior art, and denies all other allegations of paragraph 166 of the Counterclaim.

56.     NYKO admits the allegations of paragraph 167 of the Counterclaim.

57.     The Court will determine the claim construction in the first instance and NYKO therefore lacks knowledge or information sufficient to form a belief

CHRISTIE, PARKER & HALE, LLP

about the truth of the allegations of paragraph 168 of the Counterclaim.

58.    The Court will determine the claim construction in the first instance and NYKO therefore lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 169 of the Counterclaim.

59.    NYKO denies the allegations of paragraph 170 of the Counterclaim.

60.    NYKO denies the allegations of paragraph 171 of the Counterclaim.

61.    NYKO denies the allegations of paragraph 172 of the Counterclaim.

62.    NYKO admits that Mr. Navid is the Vice President of Research and Development for NYKO and denies all other allegations of paragraph 173 of the Counterclaim.

63.    NYKO admits that Mr. Navid has 15 years of experience in designing and developing video game accessories and denies all other allegations of paragraph 174 of the Counterclaim.

64.    NYKO admits that Mr. Navid has designed various controllers and interfaces for every major video game console since 1997 and denies all other allegations of paragraph 175 of the Counterclaim.

65.    NYKO admits that Mr. Navid is a named inventor on several patents directing to gaming accessories and denies all other allegations of paragraph 176 of the Counterclaim.

66.    NYKO admits the allegations of paragraph 177 of the Counterclaim.

67.    NYKO admits that Mr. Navid has extensive experience in the design, development, and operation of video game accessories and denies all other allegations of paragraph 178 of the Counterclaim.

68.    NYKO admits the allegations of paragraph 179 of the Counterclaim.

69.    NYKO denies there are any "barring events" and denies the allegations of paragraph 180 of the Counterclaim.

70.    NYKO objects that the allegation contained in paragraph 181 of the Counterclaim is not even a complete sentence, is incomprehensible and NYKO

CHRISTIE, PARKER & HALE, LLP

lacks knowledge or information sufficient to form a belief about the truth of what is contained in paragraph 181 of the Counterclaim. NYKO incorporates its responses to paragraphs 126 through 179 of the Counterclaim, respectively.

71.    NYKO admits the allegations of paragraph 182 of the Counterclaim.

72.    NYKO admits the allegations of paragraph 183 of the Counterclaim.

73.    NYKO admits the allegations of paragraph 184 of the Counterclaim.

74.    NYKO admits the allegations of paragraph 185 of the Counterclaim.

75.    NYKO denies the allegations of paragraph 186 of the Counterclaim.

76.    PDP and Energizer fail to identify what "Nyko charger" they are referring to and NYKO therefore lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 187 of the Counterclaim.

77.    PDP and Energizer fail to identify what "Nyko charger" they are referring to and NYKO therefore lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 188 of the Counterclaim.

78.    NYKO denies there are any "barring events" and denies all the allegations of paragraph 189 of the Counterclaim.

79.    NYKO denies there are any "barring events" and denies all the allegations of paragraph 190 of the Counterclaim.

80.    NYKO objects that the allegation contained in paragraph 191 of the Counterclaim is not even a complete sentence, is incomprehensible and NYKO lacks knowledge or information sufficient to form a belief about the truth of what is contained in paragraph 191 of the Counterclaim. NYKO incorporates its responses to paragraphs 126 through 189 of the Counterclaim, respectively.

81.    NYKO admits the duplicative allegations of paragraph 192 of the Counterclaim.

82.    NYKO admits the duplicative allegations of paragraph 193 of the

CHRISTIE, PARKER & HALE, LLP

Counterclaim.

83.    NYKO admits the duplicative allegations of paragraph 194 of the Counterclaim.

84.    NYKO admits the duplicative allegations of paragraph 195 of the Counterclaim.

85.    NYKO denies the allegations of paragraph 196 of the Counterclaim.

86.    NYKO admits the allegations of paragraph 197 of the Counterclaim.

87.    NYKO denies there are any "barring events" and denies all the allegations of paragraph 198 of the Counterclaim.

88.    NYKO incorporates its responses to paragraphs 126 through 172 of the Counterclaim, respectively.  NYKO lacks knowledge or information sufficient to form a belief about the truth of what is contained in paragraph 199 of the Counterclaim.

89.    NYKO denies there are any "barring events" and denies all the allegations of paragraph 200 of the Counterclaim.

90.    NYKO objects that the allegation contained in paragraph 201 of the Counterclaim is not even a complete sentence, is incomprehensible and NYKO lacks knowledge or information sufficient to form a belief about the truth of what is contained in paragraph 201 of the Counterclaim. NYKO incorporates its responses to paragraphs 126 through 199 of the Counterclaim, respectively.

91.    NYKO lacks knowledge or information sufficient to form a belief about the truth of what is contained in paragraph 202 of the Counterclaim.

92.    NYKO lacks knowledge or information sufficient to form a belief about the truth of what is contained in paragraph 203 of the Counterclaim.

93.    NYKO admits the duplicative allegations of paragraph 204 of the Counterclaim.

94.    NYKO admits the duplicative allegations of paragraph 205 of the Counterclaim.

CHRISTIE, PARKER & HALE, LLP

95.     NYKO lacks knowledge or information sufficient to form a belief about the truth of what is contained in paragraph 206 of the Counterclaim.

96.     NYKO lacks knowledge or information sufficient to form a belief about the truth of what is contained in paragraph 207 of the Counterclaim.

97.     NYKO denies the allegations of paragraph 208 of the Counterclaim.

98.     NYKO lacks knowledge or information sufficient to form a belief about the truth of what is contained in paragraph 209 of the Counterclaim.

99.     NYKO admits that Mr. Navid had no intent to deceive and denies all allegations of paragraph 210 of the Counterclaim.

100.   In response to Energizer's and PDP's claim for relief, NYKO asserts that Energizer and PDP are not entitled to any relief and denies all allegations.

## AFFIRMATIVE DEFENSES:

101.   Energizer's and PDP's Counterclaim fails to state a claim for relief.

102.   Energizer's and PDP's Counterclaim is barred by unclean hands.

103.   Energizer's and PDP's Counterclaim is barred by equitable estoppel.

104.   Energizer's and PDP's Counterclaims is barred by waiver.

105.   Energizer's and PDP's Counterclaim is barred by acquiescence.

## PRAYER FOR RELIEF:

NYKO prays for the following relief:

A.  That Energizer's and PDP's Counterclaim is dismissed with prejudice.

B.  That this be declared an exceptional case pursuant to 35 U.S.C. § 285, and that NYKO is awarded all of its attorneys' fees, costs, and expenses incurred in this action; and

C.  For such other relief as the Court deems just and proper.

DATED:  July 25, 2012                    Respectfully submitted,
                                         CHRISTIE, PARKER & HALE, LLP

CHRISTIE, PARKER & HALE, LLP

1

2

3                                          By */s/ G. Warren Bleeker*
                                              G. Warren Bleeker

4                                          Attorneys for Plaintiff,
                                           NYKO Technologies, Inc.
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CHRISTIE, PARKER & HALE, LLP