S. ART HASAN, CA Bar No. 167323
art.hasan@cph.com
G. WARREN BLEEKER, CA Bar No. 210834
warren.bleeker@cph.com
KATHERINE L. QUIGLEY, CA Bar No. 258212
katherine.quigley@cph.com
CHRISTIE, PARKER & HALE, LLP
655 N. Central Avenue, Suite 2300
Glendale, California 91203-1445
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

Attorneys for Plaintiff,
NYKO Technologies, Inc.

DANIEL N. YANNUZZI, Cal. Bar No. 196612
dyannuzzi@sheppardmullin.com
GRAHAM (GRAY) M. BUCCIGROSS, Cal. Bar No. 234558
gbuccigross@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 200
San Diego, California  92130-2006
Telephone:   858.720.8900
Facsimile:   858.509.3691

STEVEN M. HANLE, Cal. Bar No. 168876
shanle@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
650 Town Center Drive, 4th Fl.
Costa Mesa, CA  92626
Telephone:   714.513.5100
Facsimile:   714.513.5130

Attorneys for Defendants, Performance Designed Products LLC and Energizer Holdings, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NYKO TECHNOLOGIES, INC. a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ENERGIZER HOLDINGS, INC. a Missouri Corporation, and PERFORMANCE DESIGNED PRODUCTS LLC, a California Limited Liability Company,<br><br>Defendants. | Case No. CV12-03001-GAF-VBK<br><br>**PROTECTIVE ORDER**<br><br>The Hon. Victor B. Kenton<br><br>[Complaint Filed:  April 5, 2012]<br><br>NOTE: Changes Have Been Made by the Court |

# PROTECTIVE ORDER

This Protective Order is issued to facilitate document disclosure and other information production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this Litigation.

## GOOD CAUSE STATEMENT

1. This case involves the alleged infringement of a patent relating to charging systems for wireless video game controllers. The parties are competitors with respect to the technology at issue.

2. Documents or other tangible and non-tangible information containing confidential proprietary and business information and/or trade secrets as defined in California Civil Code § 3426.1 ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this Litigation.

3. Public dissemination and/or disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage.

4. The parties have jointly drafted this proposed Protective Order, which the parties respectfully seek to be entered by the Court, in order to prevent harmful disclosure of their confidential and sensitive business and technical information, while balancing the public's right to acquire information that properly falls outside the scope of the parties' protectable, confidential interests. The parties agree that adoption and adherence to this Protective Order will facilitate an orderly and cost-effective discovery process and preparation for trial or settlement, and that the Confidential information will not be used for any purpose that is not directly related to this litigation.

**IT IS HEREBY ORDERED:**

### A.  DEFINITIONS

1. "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery in this matter.

2. "Litigation" means the case styled *NYKO Technologies, Inc. v. Energizer Holdings, Inc. and Performance Designed Products LLC*, Case No. CV12-03001-GAF-VBK, filed in the United States District Court for the Central District of California.

3. "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party; and (ii) partners, associates, employees, and staff of such counsel to whom it is reasonably necessary to disclose information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, and legal clerks; or (iii) independent attorneys contracted to assist outside counsel in connection with this action. However, no Outside Counsel shall be a current or former officer, director or employee of a Party, nor anticipated at the time of disclosure to become an officer, director or employee of a Party.  In addition, no Outside Counsel shall be a family member of a current or former officer, director or employee of a Party nor a family member of anyone anticipated at the time of disclosure to become an officer, director or employee of a Party.

4. "Party" means any party to this action, including all of its officers, directors, employees, consultants, and retained experts.

5. "Producing Party" means any Party, Outside Counsel and any other third-party entity who discloses or produces any Discovery Material in this action.

6. "Protected Material" means any Discovery Material that is designated as "Confidential – Attorneys' Eyes Only" as provided in this Order.

7. "Receiving Party" means any Party and Outside Counsel who receives Discovery Material.

**B.     SCOPE**

1. Protected Material designated under the terms of this Order shall be used by a Receiving Party solely for this Litigation, and shall be used only for purposes of litigating this case, and shall not be used directly or indirectly for any other purpose whatsoever.

2. Unless specifically required by another provision of this Order, no Defendant is required to produce its Protected Material to any other Defendant(s), but nothing in this Order shall preclude such production.  Plaintiff may disclose one Defendant's Protected Material to any other Defendant through Court filings, oral argument, expert reports, deposition, discovery requests, discovery responses, or any other means, without the prior written consent of the Defendant that produced the Protected Material, provided that Plaintiff marks such disclosure with the same confidentiality designation as utilized by the disclosing party.

3. The parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery.  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth in this Order.  The Producing Party may not unreasonably or improperly refuse to withdraw or change the designation when appropriate, whether for delay or otherwise.  Any new designation will become effective immediately, regardless of when the Receiving Party receives the replacement copy of the re-designated or de-designated material.  This paragraph applies regardless of whether the Producing Party discovers the incorrect designation on its own, becomes aware of the incorrect designation after being informed thereof by the Receiving Party, or if the Producing Party otherwise becomes aware of the incorrect designation by any means whatsoever.

4. The computation of any period of time prescribed or allowed by this

Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6, in its present form as of the date this Order is entered by the Court.

5. Nothing in this Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose.

6. Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in Court or in any Court filing, provided the Party complies with the express requirements and provisions of this Order.

7. Nothing in this Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Material, provided counsel does not disclose the Protected Material except as provided in this Order.

## C. DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

1. A Producing Party may designate Discovery Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party. The Parties agree that the following information, if non-public, shall be presumed to merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation: trade secrets as defined in California Civil Code § 3426.1, pricing information, financial data, sales information, sales or marketing forecasts or plans, licenses or licensing agreements, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

2. <u>Written Discovery and Documents and Tangible Things</u>.  Written discovery, documents, and tangible things that meet the requirements for the

confidentiality designation listed in Paragraph C.1 may be so designated by placing the appropriate designation on at least the cover page of the written material prior to production. Other tangible things not produced in documentary form may be designated by affixing the appropriate designation on a cover page for such material and in a prominent place on the exterior of the container or containers in which the information or things are stored. In the event that originals are provided for inspection, the Producing Party may produce the documents for inspection under a temporary designation communicated in writing by the Producing Party, provided that the documents are re-designated as necessary by placing the appropriate legend on the documents during the copying process.

3. <u>Depositions and Testimony</u>. Parties or testifying persons or entities may designate confidential portions of depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice that the relevant portions of the testimony are so designated within ten business (10) days of receipt of the transcript of the testimony. All information disclosed during a deposition shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed. Any designated Discovery Material that is used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with such Discovery Material. In such cases, the court reporter shall be informed of this Order and shall be required to operate in a manner consistent with this Order. In the event the deposition is videotaped or recorded by other video means, the original and all copies of the videotape or other video media shall be marked by the video technician to indicate that the contents of the videotape or other video media are subject to this Order (e.g., by including a label on the videotape or other video media which contains the appropriate confidentiality designation).

4. <u>Information Not Reduced to Any Physical Form</u>. For information not

reduced to any documentary, tangible, or physical form, or which cannot be conveniently designated, the Producing Party must inform the Receiving Party of the designation of such information in writing.

     5.     Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

     (a)     The Receiving Party's Outside Counsel;

     (b)     Any expert or consultant, and their necessary support personnel, retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (i) such person has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Order; and (ii) no unresolved objections to such disclosure exist after proper notice has been given to all parties to which such notice is required to be given, as set forth in Paragraph E.2 below;

     (c)     Court reporters, stenographers and videographers retained to record testimony taken in this action, to whom disclosure is reasonably necessary for this Litigation;

     (d)     The Court, jury, and court personnel (under seal or with other suitable precautions determined by the Court);

     (e)     Graphics, translation, design, and/or trial consulting services, and electronic discovery vendors, retained by a Party to whom disclosure is reasonably necessary for this Litigation, provided that each such person, including their staff, has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Order;

     (f)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

     (g)     Any other person with the prior written consent of the Producing Party.

6. Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may not be disclosed to any in-house counsel employed by any Party.

7. A Receiving Party may disclose arguments and materials derived from a Producing Party's Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (e.g., summaries or abstractions) to mock jurors who have signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms and conditions of this Order (said signed acknowledgement for mock jurors need not be provided to counsel for any other party). A Receiving Party may not disclose to mock jurors any original, as-produced materials or information (including, for example, originals or copies of as-produced documents, portions of deposition testimony that are designated as Protected Material, or interrogatory responses) produced by another Party designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY." A Receiving Party making a disclosure to mock jurors under this sub-paragraph shall use all reasonable efforts to ensure that the identity of the Producing Party whose Discovery Material is being disclosed is not revealed. No mock juror shall be a current or former officer, director or employee of a Party or of a competitor of a Party, nor anticipated at the time of disclosure to become an officer, director or employee of a Party or of a competitor of a Party. No mock juror shall be a family member of a current or former officer, director or employee of a Party or of a competitor of a Party, nor a family member of anyone anticipated at the time of disclosure to become an officer, director or employee of a Party or of a competitor of a Party.

8. These restrictions on the use or disclosure of Protected Material shall not apply to any information which:

(a) Was known by the Receiving Party prior to disclosure, as evidenced by its business records;

(b)   Is lawfully received free of restriction from another source having the right to so furnish such confidential information;

(c)   Is independently developed by or for the Receiving Party without reference to or use of any Protected Material;

(d)   Is or becomes lawfully in the public domain other than through a breach of this Protective Order;

(e)   The Disclosing Party agrees in writing that the Protected Material is free of such restrictions; or

(f)   The information is disclosed by the Producing Party to a third party without a duty of confidentiality on such third party.

**D.   "COMPETITIVE DECISION-MAKING" Designation**

1.   As to any Discovery Material designated by a Producing Party as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," a Producing Party may, in addition, designate such Discovery Material as "COMPETITIVE DECISION MAKING" if it contains or reflects information that is relevant to the preparation and prosecution of patent applications in the field of charging systems for hand-held video game controllers ("Relevant Field").  For example, financial data and other sensitive business information, even if confidential, is not normally relevant to a patent application.  On the other hand, information related to new inventions and technology under development in the Relevant Field that are not already the subject of pending published patent applications, may be relevant to a patent application in the Relevant Field and may be designated as "COMPETITIVE DECISION MAKING."

**E.   NOTICE OF DISCLOSURE**

1.   Experts or consultants receiving Protected Material shall not be a:  (i) current or former officer, director or employee of a Party; (ii) current officer, director, or employee of a competitor of a Party; (iii) anticipated at the time of

1  retention to become an officer, director or employee of a Party or of a competitor of
2  a Party; or (iv) a family member of a current or former officer, director, or employee
3  of a Party.

4    2.    Prior to disclosing any Protected Material to any person described in
5  Paragraph C.5(b) ("Person"), the party seeking to disclose such information shall
6  provide the Producing Party or Parties with written notice that includes: (i) the name
7  and contact address of the Person; (ii) the present employer and title of the Person;
8  (iii) any family or former employment connections with the party wishing to
9  disclose the information; and (iv) an up-to-date curriculum vitae of the Person.

10    3.    Within ten (10) calendar days of receipt of the disclosure of the Person,
11  the Producing Party or Parties may object in writing to the Person for good cause.
12  Any such objection must set forth in detail the grounds on which it is based.  The
13  objecting Party's consent to a Person shall not be unreasonably withheld.  In the
14  absence of an objection at the end of the ten (10) calendar day period, the person
15  shall be deemed approved under this Order.  There shall be no disclosure of
16  Protected Material to the Person prior to expiration of this ten (10) calendar day
17  period.  If the Producing Party objects to disclosure to the Person within such ten
18  (10) calendar day period, the parties shall meet and confer via telephone or in person
19  within three (3) business days following the objection and attempt in good faith to
20  resolve the dispute on an informal basis.  If the dispute is not resolved, the party
21  objecting to the disclosure will have five business (5) days from the date of the meet
22  and confer to serve its portion of a Joint Stipulation pursuant to Local Civil Rule 37-
23  2.  If the objecting party does not serve its portion of a Joint Stipulation within that
24  time, the objection shall be deemed withdrawn.  If the objecting party serves its
25  portion of a Joint Stipulation, Protected Materials of the objecting party shall not be
26  disclosed to the Person in question until the issue is fully resolved by the Court.

27    4.    For purposes of this section, "good cause" shall include an objectively
28  reasonable concern that the proposed Person will, advertently or inadvertently, use

-10-

or disclose Protected Materials in a way or ways that are inconsistent with the provisions contained in this Order.

5. Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto).

### F. CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL

1. A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

2. Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on Outside Counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall particularly identify the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(a) The objecting Party shall have the burden of conferring with the Producing Party claiming protection in compliance with Local Civil Rule 37-1 in a good faith effort to resolve the dispute. The Producing Party shall have the burden of justifying the disputed designation;

(b) Failing agreement, the objecting Party may ask the Court to rule that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation pursuant to the procedures set forth for discovery motions in Local Civil Rule 37. The Parties' entry into this Order shall not preclude or prejudice any Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(c) Notwithstanding any challenge to a designation, the Discovery

Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Producing Party that designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

### G. FILING AND USE OF PROTECTED MATERIAL IN COURT

1. Absent written permission from the Producing Party or a Court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record any Protected Material.

2. Where Protected Material is used at a hearing on a dispositive motion or at trial, it is the burden of the party seeking to use that information to make arrangements with the Court to ensure that Protected Material remains confidential. The Parties shall meet and confer prior to trial to discuss procedures for maintaining the confidentiality of Protected Material during the course of trial.

### H. INADVERTENT OR IMPROPER DISCLOSURE OF PRIVILEGED OR PROTECTED MATERIAL

1. The inadvertent production by a party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

2. Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected and/or otherwise not subject to discovery in this matter, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party. The Producing Party shall provide the Receiving Party with a privilege log of any such returned material that identifies the basis for it being withheld from production.

3. Nothing herein is intended to alter any attorney's obligation to abide by

any applicable rules of professional responsibility relating to the inadvertent disclosure of privileged information.

4.   If any Protected Material is disclosed to or accessed by any person other than in a manner authorized by this Protective Order, the party responsible for the disclosure or knowledgeable of such disclosure or access, upon discovery of the disclosure or access, shall immediately inform the designating party of all facts pertinent to the disclosure or access that, after due diligence and prompt investigation, are known to the party responsible for the disclosure or knowledgeable of the disclosure or access (including the name, address, and employer of the person to whom the disclosure was made or who accessed the information), and shall immediately make all reasonable efforts to retrieve any Protected Material disclosed to or accessed by such unauthorized person and prevent further disclosure, access, and any use by each unauthorized person who received such information.

## I.   **INADVERTENT FAILURE TO DESIGNATE**

1.   The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order promptly after the Producing Party learns of the inadvertent failure to so designate.

2.   A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate. Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph (3) below) at the appropriately designated level pursuant to the terms of this Order.

3.   Protected Material produced without the designation of

"CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "COMPETITIVE DECISION MAKING" may be so designated subsequent to production when the Producing Party failed to make such designation at the time of production through inadvertence or error. If Discovery Material is designated subsequent to production, the Receiving Party promptly shall collect any copies that have been provided to individuals so that they can be re-labeled with the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or "COMPETITIVE DECISION MAKING" designation. Notwithstanding the above, such subsequent designation of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or "COMPETITIVE DECISION MAKING" shall apply on a going-forward basis and shall not have any retroactive effect on anyone who reviewed those "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or "COMPETITIVE DECISION MAKING" materials prior to those materials being designated as such by the Producing Party.

### J. TERMINATION OF LITIGATION

1. After termination of this litigation, the provisions of this Protective Order shall continue to be binding, except with respect to those documents and information that become a matter of public record and not due to any unauthorized act or omission, or violation of this Order.

2. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Material for enforcement of the provisions of this Protective Order following termination of this litigation.

3. Within sixty (60) calendar days after termination of this litigation with respect to a Producing Party, whether such termination arises from dismissal with respect to the Producing Party, judgment for or against the Producing Party (including exhaustion of all appeals or settlement), or otherwise, any Receiving Party that has received Protected Material from the terminated Producing Party shall destroy or return the same to the Producing Party. If the Protected Material is destroyed, the Receiving Party shall promptly notify the Producing Party of such

destruction in writing.  Nothing herein shall require Outside Counsel for any Party to delete any electronic copies of materials from backup tapes or other electronic backup storage that is overwritten in the ordinary course of business.

4. Notwithstanding the provisions of Paragraph J.3 above, Outside Counsel for a Receiving Party or Receiving Parties to this litigation may retain a copy of any pleading, transcript (for each deposition, hearing, and trial), discovery responses, and any exhibits thereto, and attorney work product, regardless of whether it includes or details Protected Material.  Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Materials or any protectable information contained therein.  Any documents or things retained by Outside Counsel pursuant to this provision shall remain subject to this Order.

### K.   USE OF PROTECTED MATERIAL

1. Protected Material, and the substance or content thereof, including any notes, memoranda, or other documents incorporating, reflecting, or summarizing such information, or any other information that might reveal such protected information, shall be used by a Receiving Party and its authorized representatives or designees under this Protective Order solely for the purpose of this Action and any appeals therefrom.  Such information may not be used for any other purpose, including but not limited to use in other litigations, use for business purposes, or use for patent prosecution or for providing strategic patent prosecution or patent procurement or acquisition advice.  In particular, such information shall not be used for drafting, filing, or prosecuting new or currently pending patent applications, or for re-examination and/or reissues on behalf of a Party to this litigation.

2. In the event any person subject to the terms of this Order is served with a subpoena or request for production of Protected Material, it will give sufficient notice in writing (by facsimile or e-mail) to the Producing Party to allow the Producing Party a reasonable opportunity to intervene to oppose or limit such

production. In no event shall the person receiving the subpoena or other process produce Protected Material of any Producing Party in response to the subpoena or other process unless and until such person or party has: (i) received written authorization from counsel for the Producing Party to produce said Protected Material; or (ii) been ordered to do so by a court of competent jurisdiction. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

### L. PROSECUTION LIMITATIONS

1. Within seven days of the entry of this Protective Order, each Party shall disclose in writing (e.g., by email) to the other Parties its list of at least one Outside Counsel authorized to receive material designated both "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "COMPETITIVE DECISION MAKING" from another Party.

2. The Parties shall only serve information with the designation of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "COMPETITIVE DECISION MAKING" on Outside Counsel who, at the time of that service, have been identified by the Receiving Party to have authority to receive that information.

3. Any individual Outside Counsel for a Receiving Party who is authorized to receive and in fact receives a Producing Party's material designated both "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "COMPETITIVE DECISION MAKING" shall not prosecute any of the Receiving Party's patents relating to chargers for wireless video game console controllers for a period of 18 months after disclosure or one year after final termination of this action, whichever is longer.

4. If any Outside Counsel for a Receiving Party who is not authorized to receive "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "COMPETITIVE DECISION MAKING" receives such information from a Producing Party, the Outside Counsel for a Receiving Party is not subject to the limitations of Paragraph

L.3 unless that unauthorized Outside Counsel actually views the information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "COMPETITIVE DECISION MAKING."

5. A Party may amend its list of authorized Outside Counsel at any time by providing written notice to the other Parties of any amendment, subject to the limitation that at all times, each Party must list at least one Outside Counsel as authorized to receive information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "COMPETITIVE DECISION MAKING."

6. If any Outside Counsel for a Receiving Party views information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "COMPETITIVE DECISION MAKING" produced by a Producing Party, that Outside Counsel, if not already subject to the prosecution limitations as set forth in Paragraph L.3, shall then be subject to those prosecution limitations.

7. To the extent that Outside Counsel who views information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "COMPETITIVE DECISION MAKING" is not already a disclosed authorized Outside Counsel, within seven days of such a viewing, that Outside Counsel shall provide written notice to the other Parties of an amendment to that Receiving Party's list of authorized Outside Counsel to include the name of the previously unauthorized Outside Counsel who viewed the information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "COMPETITIVE DECISION MAKING."

**M.  MISCELLANEOUS**

1. <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek modification of the Order by the Court in the future, to seek access to a Producing Party's Protected Material, or to apply to the Court at any time for additional protection.  Furthermore, without application to this Court, any Producing Party may enter into a written agreement releasing any Receiving Party from one or more requirements of this Order, even if the conduct subject to the release would

-17-

otherwise violate the terms herein.

2. <u>Successors</u>.  This Order shall be binding upon the Parties hereto and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

3. <u>Nonparty Use of This Protective Order</u>.  A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Material pursuant to the terms of this Protective Order.  A nonparty's use of the Protective Order to protect its Protected Material does not entitle that nonparty access to the Protected Material produced by any Party in this case.

4. <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Order.  This Order shall not constitute a waiver of the right of any party to claim in this Litigation or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this Litigation or any other proceeding.

5. <u>Modification by Court</u>.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order sua sponte in the interests of justice, or upon motion of a party for good cause shown.

///
///
///
///

1  IT IS SO ORDERED.

2  Follow LR 79-5 re Under Seal Filings

3

4

5  Dated:__October 5, 2012___                    _____/s/_____
                                                  Hon. Victor B. Kenton
6                                                 United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:406889132.1                                              PROTECTIVE ORDER
                                                              CV12-03001-GAF-VBK

# EXHIBIT A

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *NYKO Technologies, Inc. v. Energizer Holdings, Inc. and Performance Designed Products LLC*, Case No. CV12-03001-GAF-VBK (C.D. Cal.). Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order, including any proceedings related to contempt.

In accordance with Section E of the Order (if applicable) I have attached my resume, curriculum vitae, and the other information required under Section E to this executed Confidentiality Agreement.

Name of Individual:_____

Present occupation/job description:_____
_____
_____

Name of Company or Firm: _____

Address: _____
_____