1   **ART HASAN, CA Bar No. 167323**
    art.hasan@cph.com
2   **G. WARREN BLEEKER, CA Bar No. 210834**
    warren.bleeker@cph.com
3   **KATHERINE L. QUIGLEY, CA Bar No. 258212**
    katherine.quigley@cph.com
4   **CHRISTIE, PARKER & HALE, LLP**
    **655 N. Central Avenue, Suite 2300**
5   **Glendale, California 91203-1445**
    **Telephone: (626) 795-9900**
6   **Facsimile:  (626) 577-8800**

7   Attorneys for Plaintiff,
    NYKO Technologies, Inc.

8

9                    UNITED STATES DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11

12  NYKO TECHNOLOGIES, INC., a          Case No.  CV 12-3001 GAF (VBKx)
    California corporation,
13                                      **NYKO TECHNOLOGIES, INC.'S**
                 Plaintiffs,            **ANSWER TO EVEREADY**
14                                      **BATTERY COMPANY, INC.'S**
         vs.                            **COUNTERCLAIM AND PDP'S**
15                                      **AND ENERGIZER HOLDINGS,**
    ENERGIZER HOLDINGS, INC., a         **INC.'S IMPROPERLY FILED**
16  Missouri corporation, EVEREADY      **AMENDED COUNTERCLAIM**
    BATTERY COMPANY, INC., a
17  Delaware Corporation, and
    PERFORMANCE DESIGNED
18  PRODUCTS LLC, a California limited
    liability company,
19
                 Defendants.
20
                                        **Hon. Gary Allen Feess**
21
    _____
22  AND RELATED COUNTERCLAIM.

23

24          Plaintiff, NYKO Technologies, Inc. ("NYKO" or "Plaintiff") Answers the

25  Counterclaim of newly added Defendant Eveready Battery Company, Inc. and the

26  Amended   Counterclaim   of   Energizer   Holdings,   Inc.   ("Energizer")   and

27  Performance  Designed  Products  LLC  ("PDP")  which  counsel  filed  without

28  NYKO's consent and without leave of Court and therefore in violation of Rule 15

of the Federal Rules Civil Procedure, as follows:

**PARTIES**

1.     NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 203 of the Counterclaim.

2.     NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 204 of the Counterclaim.

3.     NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 205 of the Counterclaim.

4.     NYKO admits the allegations of paragraph 206 of the Counterclaim.

**JURISDICTION AND VENUE**

5.     NYKO admits that PDP, EBC and Energizer seek declaratory relief and denies all other allegations of paragraph 207 of the Counterclaim.

6.     NYKO admits this Court has subject matter jurisdiction over the Counterclaim as alleged in paragraph 208 of the Counterclaim.

7.     NYKO admits the allegations of paragraph 209 of the Counterclaim.

8.     NYKO admits this Court has personal jurisdiction over NYKO in this matter and denies all other allegations of paragraph 210 of the Counterclaim.

9.     NYKO admits the allegations of paragraph 211.

**COUNT I: DECLARATORY JUDGMENT OF NONINFRINGEMENT**

10.    NYKO objects that PDP, EBC and Energizer improperly incorporated paragraphs from their Answer into their Counterclaim.  NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 212 of the Counterclaim.

11.    NYKO denies the allegations of paragraph 213 of the Counterclaim.

12.    NYKO denies the allegations of paragraph 214 of the Counterclaim.

**COUNT II: DECLARATORY JUDGMENT OF INVALIDITY**

13.    NYKO objects that PDP, EBC and Energizer improperly incorporated paragraphs from their Answer into their Counterclaim.  NYKO lacks

CHRISTIE, PARKER & HALE, LLP

1   knowledge or information sufficient to form a belief about the truth of the

2   allegations of paragraph 215 of the Counterclaim.

3       14.    NYKO denies the allegations of paragraph 216 of the Counterclaim.

4       15.    NYKO denies the allegations of paragraph 217 of the Counterclaim.

5   **COUNT III: DECLARATORY JUDGMENT OF UNENFORCEABILITY**

6       16.    NYKO denies the allegations of paragraph 218 of the Counterclaim.

7       17.    NYKO denies the allegations of paragraph 219 of the Counterclaim.

8       18.    NYKO denies the allegations of paragraph 220 of the Counterclaim.

9       19.    NYKO denies the allegations of paragraph 221 of the Counterclaim.

10      20.    NYKO admits Mr. Navid worked for NYKO in 2007, NYKO

11  objects to and denies the improper premise that the asserted claims are not

12  entitled to the priority date of the provisional application, and NYKO denies the

13  remaining allegations of paragraph 222 of the Counterclaim.

14      21.    NYKO admits that it asserts that Energizer, EBC and PDP are

15  infringing the Patent-in-suit.  The Court will determine claim construction in the

16  first instance and NYKO lacks knowledge or information sufficient to form a

17  belief about the truth of the remaining allegations of paragraph 223 of the

18  Counterclaim.

19      22.    The Cole '747 reference appears to require an extended cable for

20  charging the controller.  NYKO objects to and denies the improper premise that

21  the asserted claims are not entitled to the priority date of the provisional

22  application.  The Court will determine claim construction in the first instance and

23  NYKO lacks knowledge or information sufficient to form a belief about the truth

24  of the remaining allegations of paragraph 224 of the Counterclaim.

25      23.    NYKO admits that the patent-in-suit claims priority to an earlier

26  filed provisional patent application and denies all other allegations of paragraph

27  225 of the Counterclaim.

28      24.    NYKO denies the allegations of paragraph 226 of the Counterclaim.

CHRISTIE, PARKER & HALE, LLP

25.     NYKO denies the allegations of paragraph 227 of the Counterclaim.

26.     NYKO denies the allegations of paragraph 228 of the Counterclaim.

27.     NYKO admits the allegations of paragraph 229 of the Counterclaim.

28.     NYKO admits the allegations of paragraph 230 of the Counterclaim.

29.     NYKO admits the allegations of paragraph 231 of the Counterclaim.

30.     NYKO admits the allegations of paragraph 232 of the Counterclaim.

31.     NYKO admits the allegations of paragraph 233 of the Counterclaim.

32.     NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 234 of the Counterclaim.

33.     NYKO denies the allegations of paragraph 235 of the Counterclaim.

34.     NYKO admits that Exhibit A to Mr. Navid's referenced declaration is an article by Gerry Block dated January 9, 2007 and includes suggested pricing and an image of a charger and denies all other allegations of paragraph 236 of the Counterclaim.

35.     NYKO denies the allegations of paragraph 237 of the Counterclaim.

36.     NYKO denies the allegations of paragraph 238 of the Counterclaim.

37.     NYKO denies the allegations of paragraph 239 of the Counterclaim.

38.     NYKO denies the allegations of paragraph 240 of the Counterclaim.

39.     NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 241 of the Counterclaim.

40.     NYKO denies the allegations of paragraph 242 of the Counterclaim.

41.     NYKO denies the allegations of paragraph 243 of the Counterclaim.

42.     NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 244 of the Counterclaim.

43.     NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 245 of the Counterclaim.

44.     NYKO denies the allegations of paragraph 246 of the Counterclaim.

45.     NYKO denies the allegations of paragraph 247 of the Counterclaim.

CHRISTIE, PARKER & HALE, LLP

46.     NYKO denies the allegations of paragraph 248 of the Counterclaim.

47.     NYKO denies the allegations of paragraph 249 of the Counterclaim.

48.     NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 250 of the Counterclaim.

49.     NYKO admits that IGN published a review of its product dated January 2007 which included a photo and denies the remaining allegations of paragraph 251 of the Counterclaim.

50.     NYKO denies the allegations of paragraph 252 of the Counterclaim.

51.     NYKO denies the allegations of paragraph 253 of the Counterclaim.

52.     NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 254 of the Counterclaim.

53.     NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 255 of the Counterclaim.

54.     NYKO denies the allegations of paragraph 256 of the Counterclaim.

55.     NYKO denies the allegations of paragraph 257 of the Counterclaim.

56.     NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 258 of the Counterclaim.

57.     NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 259 of the Counterclaim.

58.     NYKO denies the allegations of paragraph 260 of the Counterclaim.

59.     NYKO denies the allegations of paragraph 261 of the Counterclaim.

60.     NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 262 of the Counterclaim.

61.     NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 263 of the Counterclaim.

62.     NYKO denies the allegations of paragraph 264 of the Counterclaim.

63.     NYKO denies the allegations of paragraph 265 of the Counterclaim.

64.     NYKO denies the allegations of paragraph 266 of the Counterclaim.

CHRISTIE, PARKER & HALE, LLP

65.     NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 267 of the Counterclaim.

66.     NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 268 of the Counterclaim.

67.     NYKO denies the allegations of paragraph 269 of the Counterclaim.

68.     NYKO denies the allegations of paragraph 270 of the Counterclaim.

69.     NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 271 of the Counterclaim.

70.     NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 272 of the Counterclaim.

71.     NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 273 of the Counterclaim.

72.     NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 274 of the Counterclaim.

73.     NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 275 of the Counterclaim.

74.     NYKO denies the allegations of paragraph 276 of the Counterclaim.

75.     NYKO denies the allegations of paragraph 277 of the Counterclaim.

76.     NYKO denies the allegations of paragraph 278 of the Counterclaim.

77.     NYKO denies the allegations of paragraph 279 of the Counterclaim.

78.     NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 280 of the Counterclaim.

79.     NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 281 of the Counterclaim.

80.     NYKO denies the allegations of paragraph 282 of the Counterclaim.

81.     NYKO admits it issued a press release on January 8, 2007 that includes the selective quote stated in the Counterclaim, denies that Steven Hanle has personal knowledge of this allegation, denies that Steven Hanle can properly

CHRISTIE, PARKER & HALE, LLP

authenticate any NYKO press release, and denies all other allegations of paragraph 283 of the Counterclaim.

82.   NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 284 of the Counterclaim and denies that Steven Hanle has personal knowledge of, or can properly authenticate, any item on NYKO's website.

83.   NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 285 of the Counterclaim

84.   NYKO denies the allegations of paragraph 286 of the Counterclaim.

85.   NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 287 of the Counterclaim.

86.   NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 288 of the Counterclaim.

87.   NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 289 of the Counterclaim.

88.   NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 290 of the Counterclaim.

89.   NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 291 of the Counterclaim.

90.   NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 292 of the Counterclaim.

91.   NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 293 of the Counterclaim.

92.   NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 294 of the Counterclaim.

93.   NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 295 of the Counterclaim.

94.   NYKO lacks knowledge or information sufficient to form a belief

CHRISTIE, PARKER & HALE, LLP

about the truth of the allegations of paragraph 296 of the Counterclaim.

95.    NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 297 of the Counterclaim.

96.    NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 298 of the Counterclaim.

97.    NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 299 of the Counterclaim.

98.    NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 300 of the Counterclaim.

99.    NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 301 of the Counterclaim.

100.   NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 302 of the Counterclaim.

101.   NYKO denies the allegations of paragraph 303 of the Counterclaim.

102.   NYKO denies the allegations of paragraph 304 of the Counterclaim.

103.   NYKO denies the allegations of paragraph 305 of the Counterclaim.

104.   NYKO objects to and denies the improper premise that the asserted claims are not entitled to the priority date of the provisional application.  NYKO denies the allegations of paragraph 306 of the Counterclaim.

105.   NYKO denies the allegations of paragraph 307 of the Counterclaim.

106.   NYKO denies the allegations of paragraph 308 of the Counterclaim.

107.   NYKO denies the allegations of paragraph 309 of the Counterclaim.

108.   NYKO denies the allegations of paragraph 310 of the Counterclaim.

109.   NYKO denies the allegations of paragraph 311 of the Counterclaim.

110.   NYKO denies the allegations of paragraph 312 of the Counterclaim.

111.   NYKO denies the allegations of paragraph 313 of the Counterclaim.

112.   NYKO denies the allegations of paragraph 314 of the Counterclaim.

113.   NYKO denies the allegations of paragraph 315 of the Counterclaim.

CHRISTIE, PARKER & HALE, LLP

114.   NYKO denies the allegations of paragraph 316 of the Counterclaim.

115.   NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 317 of the Counterclaim.

116.   NYKO denies the allegations of paragraph 318 of the Counterclaim.

117.   NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 319 of the Counterclaim.

118.   NYKO denies the allegations of paragraph 320 of the Counterclaim.

119.   NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 321 of the Counterclaim.

120.   NYKO denies the allegations of paragraph 322 of the Counterclaim.

121.   NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 323 of the Counterclaim.

122.   NYKO denies the allegations of paragraph 324 of the Counterclaim.

123.   NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 325 of the Counterclaim.

124.   NYKO denies the allegations of paragraph 326 of the Counterclaim.

125.   NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 327 of the Counterclaim.

126.   NYKO denies the allegations of paragraph 328 of the Counterclaim.

127.   NYKO denies that any event is a "barring event" and denies all allegations of paragraph 329 of the Counterclaim.

128.   NYKO denies that any event is a "barring event" and denies all allegations of paragraph 330 of the Counterclaim.

129.   NYKO denies that any event is a "barring event" and denies all allegations of paragraph 331 of the Counterclaim.

130.   NYKO admits the allegations of paragraph 332 of the Counterclaim.

131.   NYKO denies that Claim 1, as properly corrected, contains any typographical errors and admits the remaining allegations of paragraph 333 of the

CHRISTIE, PARKER & HALE, LLP

Counterclaim.

132.   The Court will determine the claim construction in the first instance and NYKO therefore lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 334 of the Counterclaim.

133.   NYKO denies the allegations of paragraph 335 of the Counterclaim.

134.   NYKO denies the allegations of paragraph 336 of the Counterclaim.

135.   NYKO admits that PDP and Energizer cited the Cole reference during briefing on NYKO's application for a TRO, denies that the Cole reference anticipates or renders obvious any asserted claim, and denies all other allegations of paragraph 337 of the Counterclaim.

136.   NYKO admits the allegations of paragraph 338 of the Counterclaim.

137.   NYKO admits the allegations of paragraph 339 of the Counterclaim.

138.   NYKO admits that Mr. Navid submitted declarations in support of NYKO's application for a TRO, admits that Mr. Navid agreed that the Cole '747 reference is not prior art, and denies all other allegations of paragraph 340 of the Counterclaim.

139.   NYKO admits the allegations of paragraph 341 of the Counterclaim.

140.   The Court will determine the claim construction in the first instance and NYKO therefore lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 342 of the Counterclaim.

141.   The Court will determine the claim construction in the first instance and NYKO therefore lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 343 of the Counterclaim.

142.   NYKO denies the allegations of paragraph 344 of the Counterclaim.

143.   NYKO denies the allegations of paragraph 345 of the Counterclaim.

144.   NYKO denies the allegations of paragraph 346 of the Counterclaim.

145.   NYKO denies the allegations of paragraph 347 of the Counterclaim.

146.   NYKO admits that Mr. Navid is the Vice President of Research and

CHRISTIE, PARKER & HALE, LLP

Development for NYKO and denies all other allegations of paragraph 348 of the Counterclaim.

147.   NYKO admits the allegations of paragraph 349 of the Counterclaim.

148.   NYKO admits the allegations of paragraph 350 of the Counterclaim.

149.   NYKO admits the allegations of paragraph 351 of the Counterclaim.

150.   NYKO admits the allegations of paragraph 352 of the Counterclaim.

151.   NYKO admits the allegations of paragraph 353 of the Counterclaim.

152.   NYKO admits the allegations of paragraph 354 of the Counterclaim.

153.   NYKO denies there are any "barring events" and denies the allegations of paragraph 355 of the Counterclaim.

154.   NYKO objects that the allegation contained in paragraph 356 of the Counterclaim is not even a complete sentence, is incomprehensible and NYKO lacks knowledge or information sufficient to form a belief about the truth of what is contained in paragraph 356 of the Counterclaim. NYKO incorporates its responses to paragraphs 218 through 354 of the Counterclaim, respectively.

155.   NYKO admits the allegations of paragraph 357 of the Counterclaim.

156.   NYKO admits that Mr. Navid has many years of experience in designing and developing video game accessories, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 358 of the Counterclaim.

157.   NYKO admits the allegations of paragraph 359 of the Counterclaim.

158.   NYKO admits the allegations of paragraph 360 of the Counterclaim.

159.   NYKO denies the allegations of paragraph 361 of the Counterclaim.

160.   NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 362 of the Counterclaim.

161.   NYKO admits that Mr. Navid attended the 2007 Consumer Electronics Show and denies the remaining allegations of paragraph 363 of the Counterclaim.

CHRISTIE, PARKER & HALE, LLP

162.   NYKO denies the allegations of paragraph 364 of the Counterclaim.

163.   NYKO denies there are any "barring events" and denies all the allegations of paragraph 365 of the Counterclaim.

164.   NYKO denies there are any "barring events" and denies all the allegations of paragraph 366 of the Counterclaim.

165.   NYKO objects that the allegation contained in paragraph 367 of the Counterclaim is not even a complete sentence, is incomprehensible and NYKO lacks knowledge or information sufficient to form a belief about the truth of what is contained in paragraph 367 of the Counterclaim. NYKO incorporates its responses to paragraphs 218 through 365 of the Counterclaim, respectively.

166.   NYKO admits the duplicative allegations of paragraph 368 of the Counterclaim.

167.   NYKO admits the duplicative allegations of paragraph 369 of the Counterclaim.

168.   NYKO admits the duplicative allegations of paragraph 370 of the Counterclaim.

169.   NYKO admits the duplicative allegations of paragraph 371 of the Counterclaim.

170.   NYKO denies the allegations of paragraph 372 of the Counterclaim.

171.   NYKO admits the allegations of paragraph 373 of the Counterclaim.

172.   NYKO denies there are any "barring events" and denies all the allegations of paragraph 374 of the Counterclaim.

173.   NYKO incorporates its responses to paragraphs 218 through 347 of the Counterclaim, respectively.  NYKO lacks knowledge or information sufficient to form a belief about the truth of what is contained in paragraph 375 of the Counterclaim.

174.   NYKO denies there are any "barring events" and denies all the allegations of paragraph 376 of the Counterclaim.

-12-

175.   NYKO objects that the allegation contained in paragraph 377 of the Counterclaim is not even a complete sentence, is incomprehensible and NYKO lacks knowledge or information sufficient to form a belief about the truth of what is contained in paragraph 377 of the Counterclaim. NYKO incorporates its responses to paragraphs 218 through 375 of the Counterclaim, respectively.

176.   NYKO lacks knowledge or information sufficient to form a belief about the truth of what is contained in paragraph 378 of the Counterclaim.

177.   NYKO denies that its patented Charge Base product was on sale as of January 2007 and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 379 of the Counterclaim.

178.   NYKO lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 380 of the Counterclaim.

179.   NYKO admits the duplicative allegations of paragraph 381 of the Counterclaim.

180.   NYKO admits the duplicative allegations of paragraph 382 of the Counterclaim.

181.   NYKO lacks knowledge or information sufficient to form a belief about the truth of what is contained in paragraph 383 of the Counterclaim.

182.   NYKO lacks knowledge or information sufficient to form a belief about the truth of what is contained in paragraph 384 of the Counterclaim.

183.   NYKO denies the allegations of paragraph 385 of the Counterclaim.

184.   NYKO denies the allegations of paragraph 386 of the Counterclaim.

185.   NYKO denies the allegations of paragraph 387 of the Counterclaim.

186.   NYKO lacks knowledge or information sufficient to form a belief about the truth of what is contained in paragraph 388 of the Counterclaim.

187.   NYKO admits that Mr. Navid had no intent to deceive and denies all allegations of paragraph 389 of the Counterclaim.

188.   In response to Energizer's, EBC's and PDP's claim for relief, NYKO

CHRISTIE, PARKER & HALE, LLP

asserts that Energizer, EBC and PDP are not entitled to any relief and denies all allegations.

**AFFIRMATIVE DEFENSES:**

189.   Energizer's, EBC's and PDP's Counterclaim fails to state a claim for relief.

190.   Energizer's, EBC's and PDP's Counterclaim is barred by unclean hands.

191.   Energizer's, EBC's and PDP's Counterclaim is barred by equitable estoppel.

192.   Energizer's, EBC's and PDP's Counterclaims is barred by waiver.

193.   Energizer's, EBC's and PDP's Counterclaim is barred by acquiescence.

**PRAYER FOR RELIEF:**

NYKO prays for the following relief:

A.  That Energizer's, EBC's and PDP's Counterclaim is dismissed with prejudice.

B.  That this be declared an exceptional case pursuant to 35 U.S.C. § 285, and that NYKO is awarded all of its attorneys' fees, costs, and expenses incurred in this action; and

C.  For such other relief as the Court deems just and proper.

DATED:  January 16, 2013                    Respectfully submitted,

                                            CHRISTIE, PARKER & HALE, LLP

                                            By /s/ G. Warren Bleeker
                                               G. Warren Bleeker

                                            Attorneys for Plaintiff,
                                            NYKO Technologies, Inc.

GWB PAS1213531.1-*-01/16/13 10:03 PM

CHRISTIE, PARKER & HALE, LLP