CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER ATTORNEYS' EYES ONLY

```
 1              UNITED STATES DISTRICT COURT
 2              CENTRAL DISTRICT OF CALIFORNIA
 3
 4
    NYKO TECHNOLOGIES INC., a
 5  California Corporation,
                                      No. CV12-03001
 6            Plaintiff,
 7       vs.
 8  ENERGIZER HOLDINGS, INC., a
    Missouri Corporation, EVEREADY
 9  BATTERY COMPANY, INC, a Delaware
    Corporation, and PERFORMANCE
10  DESIGNED PRODUCTS LLC, a
    California Limited Liability
11  Company,
12            Defendants.
13  _____
14
15       CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER
16                 ATTORNEYS' EYES ONLY
17
18       VIDEOTAPED DEPOSITION of THOMAS J. ROBERTS
19                San Diego, California
20              Tuesday, March 26, 2013
21                      Volume I
22  Reported by:
    Kae F. Gernandt
23  RPR, CSR No. 5342
24  Job No. 1635403
25  PAGES 1 - 331
```

Page 1

```
 1   BY MR. HASAN:                                        10:55:02
 2       Q.   How are the controllers charged on the
 3   base?
 4            MR. HANLE:  Objection.  Vague.
 5            THE WITNESS:  I mean, you used the word     10:55:12
 6   "base."  I didn't use the word "base."  In the mount
 7   here?  Do you mean the base here?
 8   BY MR. HASAN:
 9       Q.   Okay.  You think that the bottom portion
10   is the base?                                         10:55:20
11       A.   Yeah.  That's what I would call it.
12       Q.   Is any other part the base?
13       A.   Not to me.
14       Q.   Okay.  How about to PDP, in your
15   understanding?                                       10:55:34
16       A.   I can't speak for everybody, but they
17   may refer to it with different terminology.  But
18   I -- I wouldn't.
19       Q.   You're an officer of the company,
20   correct?                                             10:55:49
21       A.   Correct.
22       Q.   You can speak for the company, can't
23   you?
24            MR. HANLE:  Objection.  Vague, lacks
25   foundation, incomplete hypothetical.                 10:55:55
```

Page 39

```
 1          Q.  If somebody had referred to it as a        10:57:23
 2   "charge base," that would be inaccurate?
 3          MR. HANLE:  Objection.  Incomplete
 4   hypothetical, vague.
 5          THE WITNESS:  Again, it would depend on the    10:57:31
 6   selection of the terms, I think.  Somebody may refer
 7   to it as that.  I -- I don't think I would.
 8   BY MR. HASAN:
 9          Q.  In your understanding of the term
10   "base," that is a structure upon which another        10:57:47
11   object rests; is that right?
12          MR. HANLE:  Objection.  Vague.
13          THE WITNESS:  Yeah.
14   BY MR. HASAN:
15          Q.  When the controllers are within the        10:58:04
16   plastic structures, those controllers are being
17   supported by the charger; is that right?
18          MR. HANLE:  Objection.  Vague.
19          THE WITNESS:  They're being supported by the
20   charger as a whole, yeah.                             10:58:31
21   BY MR. HASAN:
22          Q.  In that respect, the charger as a whole
23   is a base because it is supporting the controllers?
24          MR. HANLE:  Is there a question, Counsel?
25   / / /
```

Page 41

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER ATTORNEYS' EYES ONLY

```
 1   BY MR. HASAN:                                           10:58:46
 2        Q.   Is that right?
 3             MR. HANLE:  Objection.  Lacks foundation,
 4   calls for a legal conclusion, vague, misstates his
 5   testimony.                                              10:58:50
 6             THE WITNESS:  I would say not directly.
 7   It -- it -- the base supports part of the charger.
 8   BY MR. HASAN:
 9        Q.   Explain how the base supports part of
10   the charger?                                            10:59:07
11        A.   Well, this is a part of the charger.
12   This is -- I would -- I would use "base" for
13   describing this piece here (indicating).
14        Q.   You swear by it, that that is accurate,
15   to the best of your knowledge?                          10:59:25
16             MR. HANLE:  Objection.  Vague.
17             THE WITNESS:  Yes, yeah.
18             MR. HASAN:  Take a look at what's been marked
19   as Exhibit 73, sir.
20             (Deposition Exhibit 73 marked for             11:00:02
21   identification.)
22             MR. HASAN:  I believe this has been produced,
23   but we printed it out yesterday so you can see that
24   it's still there.
25   / / /
```

Page 42