| | |
|---|---|
| **From:** | Katherine L. Quigley <Katherine.Quigley@cph.com> |
| **Sent:** | Friday, March 29, 2013 5:47 PM |
| **To:** | Gray Buccigross; LegalTm-PDP-Nyko |
| **Cc:** | Warren Bleeker; Art Hasan |
| **Subject:** | Nyko v. PDP - Summary of Expert Testimony |
| **Attachments:** | GarryKitchenCV_2013.pdf |

Gray,

Nyko has retained Mr. Garry Kitchen to offer opinions and expert testimony in this matter. His CV is attached. Further to the agreement between the parties dated March 26, Nyko discloses that it intends to rely upon opinions by Mr. Kitchen in connection with claim construction as follows:

1. As to the terms "to couple to" and "electrically coupled to," Mr. Kitchen will offer opinions that the meaning of the terms depends on their context. Within the context of the '848 Patent, Mr. Kitchen will confirm that the term "to couple to" relates to the mechanical linkage between the DC port and the input port of the video game controller, and that the appropriate definition of the term means to join, link or connect the aforementioned structures together without the use of external wires or cables. In contrast, the term "electrically coupled to" is an electrical term of art that allows for a direct or indirect connection between components so long as the components electrically interact, for example, via intermediate circuit elements. Mr. Kitchen is expected to cite to examples in the intrinsic evidence and to rely upon his experience and extrinsic evidence in the mechanical and electrical arts to support his opinions.

2. As to the term "at least one," within the context of the plain mathematical meaning of the term, the intrisic evidence and extrinsic evidence, Mr. Kitchen will offer an opinion that the proper meaning of this term is "one or more." Mr. Kitchen will also opine that the definition offered by Defendants is at odds with the intrinsic evidence and is out of context. For example, Defendants construction that a single structure must define a plurality of docking bays is inaccurate and unsupported, as is their construction each docking structure must have two or more pairs of opposite surfaces.

3. Mr. Kitchen will also offer opinions in opposition to Defendants' indefiniteness claims either in the opening briefing or rebuttal or both. Mr. Kitchen will opine that sufficient structure is disclosed in the claims themselves, including with respect to the opposite surfaces, the docking bays and the DC ports, and that the same are described in the written description in a manner in which one skilled in the art would be able to discern what is being claimed.

4. Mr. Kitchen will offer an opinion that Nyko's proposed definition of the term "base," meaning the foundation or support upon which structures including the controllers themselves rest, is proper given the intrinsic evidence. Mr. Kitchen will cite to portions of the written description where it is shown and/or described that the base is a body or housing that holds, for example, circuitry and other elements. Mr. Kitchen will opine that Defendants proposed construction of the base being the bottom part of the charging system that provides physical support for the system against an external adjacent surface (e.g., a table or wall) is an out of context definition that improperly removes the preferred embodiment from claim coverage.

5. Mr. Kitchen will respond to any additional specific arguments raised by Defendants in a rebuttal declaration filed with the rebuttal briefs.

Regards,

Katherine Quigley



**Katherine L. Quigley, Esq.**
Christie, Parker & Hale, LLP
655 North Central Avenue, Suite 2300
Glendale, CA 91203-1445
PH: (626) 795-9900 | FAX: (626) 577-8800

---------------------------------------------------------------

The information in this communication and any attached documents contain information from the law firm of Christie, Parker and Hale, LLP that may be confidential and/or privileged.  If you are not the intended recipient, or an agent responsible for delivering it to the intended recipient,  you may not read, copy, distribute or use this information.  If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete all electronic copies and destroy any hard copies.