1    **ART HASAN, CA Bar No. 167323**
art.hasan@cph.com

2    **G. WARREN BLEEKER, CA Bar No. 210834**
warren.bleeker@cph.com

3    **KATHERINE L. QUIGLEY, CA Bar No. 258212**
katherine.quigley@cph.com

4    **CHRISTIE, PARKER & HALE, LLP**
**655 North Central Avenue, Suite 2300**

5    **Glendale, California 91203-1445**
**Telephone: (626) 795-9900**

6    **Facsimile:  (626) 577-8800**

7    Attorneys for Plaintiff and Counterdefendant,
NYKO Technologies, Inc.

8

9             UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11

12    NYKO TECHNOLOGIES, INC., a
California corporation,

     Case No. CV12-03001 GAF (VBKx)

13

14            Plaintiff,

     **DECLARATION OF G. WARREN**

15          vs.

     **BLEEKER IN SUPPORT OF**
     **NYKO TECHNOLOGIES, INC.'S**
     **RESPONSE TO DEFENDANTS'**

16    ENERGIZER HOLDINGS, INC., a
Missouri corporation, EVEREADY
BATTERY COMPANY, INC., a

     **OBJECTIONS TO EXPERT**
     **DECLARATIONS OF GARRY**

17    Delaware corporation, and
PERFORMANCE DESIGNED

     **KITCHEN**

18    PRODUCTS LLC, a California limited
liability company,

19

20            Defendants.

     Hon. Gary Allen Feess

21

22    AND RELATED COUNTERCLAIM.

23

24

25

26

27

28

CHRISTIE, PARKER & HALE, LLP

I, G. Warren Bleeker, declare:

1.     I am a Partner with Christie, Parker & Hale, LLP, counsel of record for Plaintiff and Counter-Defendant NYKO Technologies, Inc. ("NYKO").   I make this declaration of my personal knowledge, and if called as a witness could testify competently to each of the following facts.

2.     At approximately 6:19 pm on Wednesday, March 27, 2013, effectively one business day before the agreed upon date for expert disclosures regarding claim construction, Gray Buccigross, counsel for Defendants, sent me an email in which, for the first time, he raised the issue of disclosing modified proposed claim constructions.  Attached as Exhibit A is a copy of that original email and the subsequent email string.

3.     I responded by email to Mr. Buccigross the following morning, on March 28, 2013, that it would be inappropriate for Defendants to fundamentally change their proposed claim constructions at that late date given that "changing positions may impact the subjects of expert testimony" and may impact many other issues as well.  A copy of my responsive email is also included as part of the email string attached as Exhibit A.

4.     On April 8, 2013, Defendants served a document subpoena directly on Mr. Kitchen demanding that he produce responsive documents within 24 hours. Attached as Exhibit B is a true and correct copy of the email I received from Counsel for the Defendants at approximately 4:05 pm, forwarding the subpoena Defendants had apparently already served on Mr. Kitchen, demanding production by 4 pm the next day.  In response to the email, I agreed to accept service on behalf of Mr. Kitchen, but counsel for Defendants informed me they had already personally served Mr. Kitchen.

5.     On April 9, 2013, I served objections to the subpoena.  On April 10, 2013, I served responsive documents.  On April 11, 2013, counsel for Defendants deposed Mr. Kitchen pursuant to agreement of the parties.

-2-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

6.     On or about December 10, 2012, counsel for Defendants stated in a meet and confer regarding a purported summary judgment motion that they intended to file (but never did), that claim construction was not necessary because Defendants were relying on the "plain and ordinary meaning of the claims" to bring their motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed on April 30, 2013, in Glendale, California.

                                   /s/  G. Warren Bleeker
                                   G. Warren Bleeker

GWB PAS1232970.2-*-04/30/13 1:26 PM

CHRISTIE, PARKER & HALE, LLP

# EXHIBIT A

## Warren Bleeker

| | |
|---|---|
| **From:** | Warren Bleeker |
| **Sent:** | Thursday, March 28, 2013 10:20 AM |
| **To:** | Gray Buccigross (gbuccigross@sheppardmullin.com) |
| **Cc:** | pdp@sheppardmullin.com; Art Hasan; Katherine L. Quigley; Stacey R. Dawson; Stacy Goodwin |
| **Subject:** | FW: Nyko v. PDP:  Claim construction disclosures |

Gray--

Thanks for your message.

We do have an agreement as to disclosure of expert testimony and a briefing schedule on claim construction.

The matter of Defendants suddenly changing claim constructions at this late date is a completely separate issue.  NYKO has relied on Defendants' proposed claim constructions since December 17, 2012 in developing its positions and contentions, performing research, and conducting discovery, including taking key depositions.

Without at least meeting and conferring first to understand how and why Defendants want to suddenly change their claim construction positions literally hours before disclosing testimony summaries, and only days before briefing and a hearing,  NYKO cannot agree to this.  Defendants' changing positions may impact the subjects of expert testimony, citations to extrinsic evidence, citations to intrinsic evidence, the briefing schedule, the claim construction hearing date, not to mention depositions already taken.

Please let us know when you are available to discuss this issue.

Regards,
Warren



**G. Warren Bleeker** | *Partner*
gwb@cph.com
Christie, Parker & Hale, LLP
655 North Central Avenue, Suite 2300, Glendale, CA 91203
PH: 626.683.4521 | FAX: 626.577.8800
----------------------------------------------------------
The information in this communication and any attached documents contain information from the law firm of Christie, Parker and Hale, LLP that may be confidential and/or privileged. If you are not the intended recipient, or an agent responsible for delivering it to the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete all electronic copies and destroy any hard copies.

**From:** Gray Buccigross [mailto:gbuccigross@sheppardmullin.com]
**Sent:** Wednesday, March 27, 2013 6:19 PM
**To:** Art Hasan
**Cc:** Warren Bleeker; Katherine L. Quigley; LegalTm-PDP-Nyko
**Subject:** Nyko v. PDP: Claim construction disclosures

Art,

Yesterday we re-confirmed that the parties will file their opening claim construction briefs on April 3 and responsive briefs on April 15.  We also agreed that by the end of the day this Friday (let's say 6pm), we will disclose summaries of any testimony that we plan to rely on in our opening briefs.

Can we also agree that to the extent our proposed constructions have changed since the parties filed the Joint Claim Construction Statement on December 17, 2012, that we will exchange any revised constructions by Friday morning at 10am?

Regards,
Gray

Gray M. Buccigross, Attorney
858.720.7427 | direct
858.847.4898 | direct fax
gbuccigross@sheppardmullin.com | Bio

**Sheppard**Mullin
Sheppard Mullin Richter & Hampton LLP
12275 El Camino Real, Suite 200
San Diego, CA 92130-2006
858.720.8900 | main
www.sheppardmullin.com

Circular 230 Notice: In accordance with Treasury Regulations we notify you that any tax advice given herein (or in any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of (i) avoiding tax penalties or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or in any attachments).

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

# EXHIBIT B

## Warren Bleeker

| | |
|---|---|
| **From:** | Matthew Mueller <mmueller@sheppardmullin.com> |
| **Sent:** | Monday, April 08, 2013 4:05 PM |
| **To:** | Art Hasan; Warren Bleeker; Katherine L. Quigley |
| **Cc:** | LegalTm-PDP-Nyko; Daniel Yannuzzi; Steve Hanle; Gray Buccigross |
| **Subject:** | Nyko Technologies, Inc. v. Performance Designed Products LLC et al.:  Notice of Subpoena to Garry Kitchen |
| **Attachments:** | Kitchen Subpoena.pdf |

Dear Counsel,

Performance Designed Products LLC hereby provides notice that it will be serving the attached document subpoena on Garry Kitchen.

Matthew M. Mueller
858.720.7408 | direct
858.847.4884 | direct fax
mmueller@sheppardmullin.com | Bio

## SheppardMullin
Sheppard Mullin Richter & Hampton LLP
12275 El Camino Real, Suite 200
San Diego, CA 92130-2006
858.720.8900 | main
www.sheppardmullin.com

Circular 230 Notice: In accordance with Treasury Regulations we notify you that any tax advice given herein (or in any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of (i) avoiding tax penalties or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or in any attachments).

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**Exhibit B**
**Page 6**

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

| | |
|---|---|
| NYKO TECHNOLOGIES, INC. | ) |
| *Plaintiff* | ) |
| v. | ) |
| ENERGIZER HOLDINGS, INC., et al | ) |
| *Defendant* | ) |

Civil Action No.   CV12-03001-GAF (VBKx)

(If the action is pending in another district, state where:
Central District of California    )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Garry E. Kitchen, 3335 Green Meadow Dr, Danville, CA 94506

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Sheppard, Mullin, Richter & Hampton LLP<br>Four Embarcadero Center, Seventeenth Floor<br>San Francisco, CA 94111 | Date and Time:<br><br>04/09/2013 4:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  04/08/2013

CLERK OF COURT

_____     OR     _____
Signature of Clerk or Deputy Clerk                              Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
Performance Designed Products LLC _____ , who issues or requests this subpoena, are:
Gray Buccigross, Sheppard, Mullin, Richter & Hampton LLP, 12275 El Camino Real, Suite 200, San Diego, CA 92130, gbuccigross@sheppardmullin.com, (858) 720-8900

**Exhibit B**
**Page 7**

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   CV12-03001-GAF (VBKx)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____         _____

                                              *Server's signature*

                                     _____

                                              *Printed name and title*

                                     _____

                                              *Server's address*

Additional information regarding attempted service, etc:

**Exhibit B**
**Page 8**

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**Exhibit B**
**Page 9**

ATTACHMENT A

## DEFINITIONS

1.     "Nyko," and "Plaintiff" mean and include: (a) Plaintiff Nyko Technologies, Inc.; (b) its current and former officers, directors, employees, agents, representatives, consultants, attorneys, including Christie Parker & Hale LLP; and (c) any past or present business entity acting or purporting to act on behalf or under the control of Nyko Technologies, Inc..

2.     "PDP" means and includes: (a) Performance Designed Products, LLC; (b) its current and former officers, directors, employees, agents, representatives, consultants, attorneys; and (c) any past or present business entity acting or purporting to act on behalf or under the control of Performance Designed Products, LLC.

3.     "You" and "your" mean and include: (a) Garry Kitchen; and (b) his current and former co-workers, employees, agents, and representatives.

4.     The terms "Action" and "this Litigation" mean the above-captioned lawsuit, Case No. CV12-03001, in the U.S. District Court for the Central District of California.

5.     "Documents" is used in the broadest possible sense and includes everything encompassed by Fed. R. Civ. P. 34(a) and applicable case law, and any other "writings" and "records" as defined in Fed. R. Evid. 1001.

6.     "Communication" means any transmission, exchange or transfer of information by any means.

7.     "And" and "or" as used herein shall be construed both conjunctively and disjunctively and each shall include the other whenever such construction will serve to bring within the scope of these Requests any document or communication that would otherwise not be brought within their scope.

8.     "Include" and "including" mean including but not limited to.

9.     "Any" and "each" should be understood to include and encompass "all."

SMRH:408266426.1

-1-

10.     The singular used herein shall include the plural and the masculine gender shall include the feminine and the gender neutral.

## INSTRUCTIONS

A.     To the extent any definition or instruction herein conflicts with any other relevant definition or instruction, interpret the definition or instruction broadly, as necessary to bring within the scope of these Requests any Documents or Things that might otherwise be construed to be outside their scope.

B.     If you object to any Request, set forth the basis for the objection, and produce Documents and Things in response to the Request to the extent that it is not objected to.

C.     Unless otherwise stated herein, responses to any of these Requests including electronically stored information shall be produced on a CD or DVD.  All Documents shall be Bates numbered, with each page bearing a unique Bates number.  Documents stored electronically (or scanned from hard copy form for production) are to be produced in single-page, Group 4, black-and-white TIFF format, along with .dat and .opt load files.  Load files shall utilize Concordance delimiters or carrot (^) and pipe (|) delimiters.  The .dat files shall also provide the following fields (to the extent applicable):  BEGDOC#, ENDDOC#, BEGATTACH, ENDATTACH, PAGECOUNT, DESIGNATION, DOCEXT, TEXT, and OCR.  All Microsoft Excel files shall be produced in native format, rather than as TIFF images.  Any Document produced in native format should contain a TIFF placeholder identifying the Bates number of the Document, and referencing that the file has been produced in native.  PDP reserves the right to seek other Documents in native format, as necessary.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All reports, memoranda, or other materials prepared by you on behalf of Nyko, excluding drafts of your expert report.

SMRH:408266426.1                                         -2-

**Exhibit B**
**Page 12**

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications between Nyko and you that identify information provided by Nyko that you considered in forming your opinions.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and communications relied upon by you in any way to form any opinion in this Litigation.

**REQUEST FOR PRODUCTION NO. 4:**

All documents that refer to, relate to, or refute the principles and methods that you relied upon to form any opinion in this Litigation.

**REQUEST FOR PRODUCTION NO. 5:**

All expert reports prepared or signed by you in any patent litigation.

**REQUEST FOR PRODUCTION NO. 6:**

All documents evidencing your testimony in any patent litigation, including but not limited to deposition transcripts, hearing transcripts, and declarations.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and communications relating to United States Patent No. 8,143,848, United States Patent Application No. 12/044,295, United States Patent Application No. 11/581,137, or United States Provisional Patent Application No. 60/982,364.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications relating to PDP, Energizer, Energizer Holdings, Inc., Eveready, or Eveready Battery Company, Inc.

SMRH:408266426.1                                                        -3-

1   S. ART HASAN, CA Bar No. 167323
art.hasan@cph.com
2   G. WARREN BLEEKER, CA Bar No. 210834
warren.bleeker@cph.com
3   KATHERINE L. QUIGLEY, CA Bar No. 258212
katherine.quigley@cph.com
4
CHRISTIE, PARKER & HALE, LLP
5   655 N. Central Avenue, Suite 2300
Glendale, California 91203-1445
6   Telephone: (626) 795-9900
Facsimile: (626) 577-8800
7
Attorneys for Plaintiff,
8   NYKO Technologies, Inc.

9   DANIEL N. YANNUZZI, Cal. Bar No. 196612
dyannuzzi@sheppardmullin.com
10   GRAHAM (GRAY) M. BUCCIGROSS, Cal. Bar No. 234558
gbuccigross@sheppardmullin.com
11   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 200
12   San Diego, California 92130-2006
Telephone: 858.720.8900
13   Facsimile: 858.509.3691

14   STEVEN M. HANLE, Cal. Bar No. 168876
shanle@sheppardmullin.com
15   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
650 Town Center Drive, 4th Fl.
16   Costa Mesa, CA 92626
Telephone: 714.513.5100
17   Facsimile: 714.513.5130

18   Attorneys for Defendants, Performance
Designed Products LLC and Energizer
19   Holdings, Inc.

20        UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
21

22   NYKO TECHNOLOGIES, INC. a     Case No. CV12-03001-GAF-VBK
California Corporation,
23                        **PROTECTIVE ORDER**
          Plaintiff,
24                        The Hon. Victor B. Kenton
      v.
25                        [Complaint Filed: April 5, 2012]
ENERGIZER HOLDINGS, INC. a
26   Missouri Corporation, and          NOTE: Changes Have Been Made by
PERFORMANCE DESIGNED       the Court
27   PRODUCTS LLC, a California Limited
Liability Company,
28          Defendants.

-1-

## PROTECTIVE ORDER

This Protective Order is issued to facilitate document disclosure and other information production under the Local Rules of this Court and the Federal Rules of Civil Procedure.  Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this Litigation.

### GOOD CAUSE STATEMENT

1.    This case involves the alleged infringement of a patent relating to charging systems for wireless video game controllers.  The parties are competitors with respect to the technology at issue.

2.    Documents or other tangible and non-tangible information containing confidential proprietary and business information and/or trade secrets as defined in California Civil Code § 3426.1 ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this Litigation.

3.    Public dissemination and/or disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage.

4.    The parties have jointly drafted this proposed Protective Order, which the parties respectfully seek to be entered by the Court, in order to prevent harmful disclosure of their confidential and sensitive business and technical information, while balancing the public's right to acquire information that properly falls outside the scope of the parties' protectable, confidential interests.  The parties agree that adoption and adherence to this Protective Order will facilitate an orderly and cost-effective discovery process and preparation for trial or settlement, and that the Confidential information will not be used for any purpose that is not directly related to this litigation.

SMRH:406889132.1

-2-

PROTECTIVE ORDER
CV12-03001-GAF-VBK

1  **IT IS HEREBY ORDERED:**

2      **A.**    **DEFINITIONS**

3      1.   "Discovery Material" means all items or information, including from

4  any non-party, regardless of the medium or manner generated, stored, or maintained

5  (including, among other things, testimony, transcripts, or tangible things) that are

6  produced, disclosed, or generated in connection with discovery in this matter.

7      2.   "Litigation" means the case styled *NYKO Technologies, Inc. v.*

8  *Energizer Holdings, Inc. and Performance Designed Products LLC*, Case No.

9  CV12-03001-GAF-VBK, filed in the United States District Court for the Central

10  District of California.

11      3.   "Outside Counsel" means (i) outside counsel who appear on the

12  pleadings as counsel for a Party; and (ii) partners, associates, employees, and staff of

13  such counsel to whom it is reasonably necessary to disclose information for this

14  litigation, including supporting personnel employed by the attorneys, such as

15  paralegals, legal translators, legal secretaries, and legal clerks; or (iii) independent

16  attorneys contracted to assist outside counsel in connection with this action.

17  However, no Outside Counsel shall be a current or former officer, director or

18  employee of a Party, nor anticipated at the time of disclosure to become an officer,

19  director or employee of a Party.  In addition, no Outside Counsel shall be a family

20  member of a current or former officer, director or employee of a Party nor a family

21  member of anyone anticipated at the time of disclosure to become an officer,

22  director or employee of a Party.

23      4.   "Party" means any party to this action, including all of its officers,

24  directors, employees, consultants, and retained experts.

25      5.   "Producing Party" means any Party, Outside Counsel and any other

26  third-party entity who discloses or produces any Discovery Material in this action.

27      6.   "Protected Material" means any Discovery Material that is designated

28  as "Confidential – Attorneys' Eyes Only" as provided in this Order.

-3-

1    7.    "Receiving Party" means any Party and Outside Counsel who receives

2  Discovery Material.

3    **B.    SCOPE**

4    1.    Protected Material designated under the terms of this Order shall be

5  used by a Receiving Party solely for this Litigation, and shall be used only for

6  purposes of litigating this case, and shall not be used directly or indirectly for any

7  other purpose whatsoever.

8    2.    Unless specifically required by another provision of this Order, no

9  Defendant is required to produce its Protected Material to any other Defendant(s),

10  but nothing in this Order shall preclude such production.  Plaintiff may disclose one

11  Defendant's Protected Material to any other Defendant through Court filings, oral

12  argument, expert reports, deposition, discovery requests, discovery responses, or any

13  other means, without the prior written consent of the Defendant that produced the

14  Protected Material, provided that Plaintiff marks such disclosure with the same

15  confidentiality designation as utilized by the disclosing party.

16    3.    The parties acknowledge that this Order does not confer blanket

17  protections on all disclosures during discovery.  Designations under this Order shall

18  be made with care and shall not be made absent a good faith belief that the

19  designated material satisfies the criteria set forth in this Order.  The Producing Party

20  may not unreasonably or improperly refuse to withdraw or change the designation

21  when appropriate, whether for delay or otherwise.  Any new designation will

22  become effective immediately, regardless of when the Receiving Party receives the

23  replacement copy of the re-designated or de-designated material.  This paragraph

24  applies regardless of whether the Producing Party discovers the incorrect

25  designation on its own, becomes aware of the incorrect designation after being

26  informed thereof by the Receiving Party, or if the Producing Party otherwise

27  becomes aware of the incorrect designation by any means whatsoever.

28    4.    The computation of any period of time prescribed or allowed by this

-4-

1  Order shall be governed by the provisions for computing time set forth in Federal

2  Rule of Civil Procedure 6, in its present form as of the date this Order is entered by

3  the Court.

4       5.    Nothing in this Order shall prevent or restrict a Producing Party's own

5  disclosure or use of its own Discovery Material for any purpose.

6       6.    Nothing in this Order shall be construed to prejudice any Party's right

7  to use any Protected Material in Court or in any Court filing, provided the Party

8  complies with the express requirements and provisions of this Order.

9       7.    Nothing in this Order shall be construed to prevent counsel from

10  advising their clients with respect to this case based in whole or in part upon

11  Protected Material, provided counsel does not disclose the Protected Material except

12  as provided in this Order.

13    **C.**    <u>**DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL**</u>

14    <u>**– ATTORNEYS' EYES ONLY"**</u>

15       1.    A Producing Party may designate Discovery Material as

16  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects

17  information that is confidential and/or sensitive in nature and the Producing Party

18  reasonably believes that the disclosure of such Discovery Material is likely to cause

19  economic harm or significant competitive disadvantage to the Producing Party.  The

20  Parties agree that the following information, if non-public, shall be presumed to

21  merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation: trade

22  secrets as defined in California Civil Code § 3426.1, pricing information, financial

23  data, sales information, sales or marketing forecasts or plans, licenses or licensing

24  agreements, business plans, sales or marketing strategy, product development

25  information, engineering documents, testing documents, employee information, and

26  other non-public information of similar competitive and business sensitivity.

27       2.    <u>Written Discovery and Documents and Tangible Things</u>.  Written

28  discovery, documents, and tangible things that meet the requirements for the

-5-

1    confidentiality designation listed in Paragraph C.1 may be so designated by placing

2    the appropriate designation on at least the cover page of the written material prior to

3    production.  Other tangible things not produced in documentary form may be

4    designated by affixing the appropriate designation on a cover page for such material

5    and in a prominent place on the exterior of the container or containers in which the

6    information or things are stored.  In the event that originals are provided for

7    inspection, the Producing Party may produce the documents for inspection under a

8    temporary designation communicated in writing by the Producing Party, provided

9    that the documents are re-designated as necessary by placing the appropriate legend

10   on the documents during the copying process.

11        3.    <u>Depositions and Testimony.</u>  Parties or testifying persons or entities

12   may designate confidential portions of depositions and other testimony with the

13   appropriate designation by indicating on the record at the time the testimony is

14   given or by sending written notice that the relevant portions of the testimony are so

15   designated within ten business (10) days of receipt of the transcript of the testimony.

16   All information disclosed during a deposition shall be deemed "CONFIDENTIAL –

17   ATTORNEYS' EYES ONLY" until the time within which it may be appropriately

18   designated as provided for herein has passed.  Any designated Discovery Material

19   that is used in the taking of a deposition shall remain subject to the provisions of this

20   Order, along with the transcript pages of the deposition testimony dealing with such

21   Discovery Material.  In such cases, the court reporter shall be informed of this Order

22   and shall be required to operate in a manner consistent with this Order.  In the event

23   the deposition is videotaped or recorded by other video means, the original and all

24   copies of the videotape or other video media shall be marked by the video technician

25   to indicate that the contents of the videotape or other video media are subject to this

26   Order (e.g., by including a label on the videotape or other video media which

27   contains the appropriate confidentiality designation).

28        4.    <u>Information Not Reduced to Any Physical Form.</u>  For information not

-6-

1   reduced to any documentary, tangible, or physical form, or which cannot be

2   conveniently designated, the Producing Party must inform the Receiving Party of

3   the designation of such information in writing.

4       5.      Discovery Material designated as "CONFIDENTIAL – ATTORNEYS'

5   EYES ONLY" may be disclosed only to:

6           (a)      The Receiving Party's Outside Counsel;

7           (b)      Any expert or consultant, and their necessary support personnel,

8   retained by the Receiving Party to assist in this action, provided that disclosure is

9   only to the extent necessary to perform such work; and provided that: (i) such

10  person has signed the acknowledgement form annexed hereto as Exhibit A agreeing

11  to be bound by the terms of this Order; and (ii) no unresolved objections to such

12  disclosure exist after proper notice has been given to all parties to which such notice

13  is required to be given, as set forth in Paragraph E.2 below;

14          (c)      Court reporters, stenographers and videographers retained to

15  record testimony taken in this action, to whom disclosure is reasonably necessary

16  for this Litigation;

17          (d)      The Court, jury, and court personnel (under seal or with other

18  suitable precautions determined by the Court);

19          (e)      Graphics, translation, design, and/or trial consulting services, and

20  electronic discovery vendors, retained by a Party to whom disclosure is reasonably

21  necessary for this Litigation, provided that each such person, including their staff,

22  has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be

23  bound by the terms of this Order;

24          (f)      Any mediator who is assigned to hear this matter, and his or her

25  staff, subject to their agreement to maintain confidentiality to the same degree as

26  required by this Protective Order; and

27          (g)      Any other person with the prior written consent of the Producing

28  Party.

-7-

6.     Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may not be disclosed to any in-house counsel employed by any Party.

7.     A Receiving Party may disclose arguments and materials derived from a Producing Party's Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (e.g., summaries or abstractions) to mock jurors who have signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms and conditions of this Order (said signed acknowledgement for mock jurors need not be provided to counsel for any other party). A Receiving Party may not disclose to mock jurors any original, as-produced materials or information (including, for example, originals or copies of as-produced documents, portions of deposition testimony that are designated as Protected Material, or interrogatory responses) produced by another Party designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY." A Receiving Party making a disclosure to mock jurors under this sub-paragraph shall use all reasonable efforts to ensure that the identity of the Producing Party whose Discovery Material is being disclosed is not revealed. No mock juror shall be a current or former officer, director or employee of a Party or of a competitor of a Party, nor anticipated at the time of disclosure to become an officer, director or employee of a Party or of a competitor of a Party. No mock juror shall be a family member of a current or former officer, director or employee of a Party or of a competitor of a Party, nor a family member of anyone anticipated at the time of disclosure to become an officer, director or employee of a Party or of a competitor of a Party.

8.     These restrictions on the use or disclosure of Protected Material shall not apply to any information which:

(a)     Was known by the Receiving Party prior to disclosure, as evidenced by its business records;

-8-

SMRH:406889132.1

PROTECTIVE ORDER
CV12-03001-GAF-VBK

1         (b)    Is lawfully received free of restriction from another source

2 having the right to so furnish such confidential information;

3         (c)    Is independently developed by or for the Receiving Party without

4 reference to or use of any Protected Material;

5         (d)    Is or becomes lawfully in the public domain other than through a

6 breach of this Protective Order;

7         (e)    The Disclosing Party agrees in writing that the Protected

8 Material is free of such restrictions; or

9         (f)    The information is disclosed by the Producing Party to a third

10 party without a duty of confidentiality on such third party.

11     **D.**    **"COMPETITIVE DECISION-MAKING" Designation**

12     1.    As to any Discovery Material designated by a Producing Party as

13 "CONFIDENTIAL – ATTORNEYS' EYES ONLY," a Producing Party may, in

14 addition, designate such Discovery Material as "COMPETITIVE DECISION

15 MAKING" if it contains or reflects information that is relevant to the preparation

16 and prosecution of patent applications in the field of charging systems for hand-held

17 video game controllers ("Relevant Field"). For example, financial data and other

18 sensitive business information, even if confidential, is not normally relevant to a

19 patent application. On the other hand, information related to new inventions and

20 technology under development in the Relevant Field that are not already the subject

21 of pending published patent applications, may be relevant to a patent application in

22 the Relevant Field and may be designated as "COMPETITIVE DECISION

23 MAKING."

24     **E.**    **NOTICE OF DISCLOSURE**

25     1.    Experts or consultants receiving Protected Material shall not be a: (i)

26 current or former officer, director or employee of a Party; (ii) current officer,

27 director, or employee of a competitor of a Party; (iii) anticipated at the time of

28

-9-

SMRH:406889132.1

PROTECTIVE ORDER
CV12-03001-GAF-VBK

1  retention to become an officer, director or employee of a Party or of a competitor of

2  a Party; or (iv) a family member of a current or former officer, director, or employee

3  of a Party.

4        2.     Prior to disclosing any Protected Material to any person described in

5  Paragraph C.5(b) ("Person"), the party seeking to disclose such information shall

6  provide the Producing Party or Parties with written notice that includes: (i) the name

7  and contact address of the Person; (ii) the present employer and title of the Person;

8  (iii) any family or former employment connections with the party wishing to

9  disclose the information; and (iv) an up-to-date curriculum vitae of the Person.

10        3.     Within ten (10) calendar days of receipt of the disclosure of the Person,

11  the Producing Party or Parties may object in writing to the Person for good cause.

12  Any such objection must set forth in detail the grounds on which it is based.  The

13  objecting Party's consent to a Person shall not be unreasonably withheld.  In the

14  absence of an objection at the end of the ten (10) calendar day period, the person

15  shall be deemed approved under this Order.  There shall be no disclosure of

16  Protected Material to the Person prior to expiration of this ten (10) calendar day

17  period.  If the Producing Party objects to disclosure to the Person within such ten

18  (10) calendar day period, the parties shall meet and confer via telephone or in person

19  within three (3) business days following the objection and attempt in good faith to

20  resolve the dispute on an informal basis.  If the dispute is not resolved, the party

21  objecting to the disclosure will have five business (5) days from the date of the meet

22  and confer to serve its portion of a Joint Stipulation pursuant to Local Civil Rule 37-

23  2.  If the objecting party does not serve its portion of a Joint Stipulation within that

24  time, the objection shall be deemed withdrawn.  If the objecting party serves its

25  portion of a Joint Stipulation, Protected Materials of the objecting party shall not be

26  disclosed to the Person in question until the issue is fully resolved by the Court.

27        4.     For purposes of this section, "good cause" shall include an objectively

28  reasonable concern that the proposed Person will, advertently or inadvertently, use

-10-

SMRH:406889132.1

PROTECTIVE ORDER
CV12-03001-GAF-VBK

**Exhibit B**
**Page 23**

1   or disclose Protected Materials in a way or ways that are inconsistent with the

2   provisions contained in this Order.

3        5.    Prior to receiving any Protected Material under this Order, the Person

4   must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit

5   A hereto).

6       **F.**    **<u>CHALLENGING DESIGNATIONS OF PROTECTED</u>**

7           **<u>MATERIAL</u>**

8       1.    A Party shall not be obligated to challenge the propriety of any

9   designation of Discovery Material under this Order at the time the designation is

10  made, and a failure to do so shall not preclude a subsequent challenge thereto.

11      2.    Any challenge to a designation of Discovery Material under this Order

12  shall be written, shall be served on Outside Counsel for the Producing Party, shall

13  particularly identify the documents or information that the Receiving Party contends

14  should be differently designated, and shall particularly identify the grounds for the

15  objection.  Thereafter, further protection of such material shall be resolved in

16  accordance with the following procedures:

17      (a)    The objecting Party shall have the burden of conferring with the

18  Producing Party claiming protection in compliance with Local Civil Rule 37-1 in a

19  good faith effort to resolve the dispute.  The Producing Party shall have the burden

20  of justifying the disputed designation;

21      (b)    Failing agreement, the objecting Party may ask the Court to rule

22  that the Discovery Material in question is not entitled to the status and protection of

23  the Producing Party's designation pursuant to the procedures set forth for discovery

24  motions in Local Civil Rule 37.  The Parties' entry into this Order shall not preclude

25  or prejudice any Party from arguing for or against any designation, establish any

26  presumption that a particular designation is valid, or alter the burden of proof that

27  would otherwise apply in a dispute over discovery or disclosure of information;

28      (c)    Notwithstanding any challenge to a designation, the Discovery

-11-

PROTECTIVE ORDER
CV12-03001-GAF-VBK

1   Material in question shall continue to be treated as designated under this Order until

2   one of the following occurs: (a) the Producing Party that designated the Discovery

3   Material in question withdraws such designation in writing; or (b) the Court rules

4   that the Discovery Material in question is not entitled to the designation.

5         **G.**    **FILING AND USE OF PROTECTED MATERIAL IN COURT**

6         1.    Absent written permission from the Producing Party or a Court order

7   secured after appropriate notice to all interested persons, a Receiving Party may not

8   file in the public record any Protected Material.

9         2.    Where Protected Material is used at a hearing on a dispositive motion

10   or at trial, it is the burden of the party seeking to use that information to make

11   arrangements with the Court to ensure that Protected Material remains confidential.

12   The Parties shall meet and confer prior to trial to discuss procedures for maintaining

13   the confidentiality of Protected Material during the course of trial.

14         **H.**    **INADVERTENT OR IMPROPER DISCLOSURE OF**

15               **PRIVILEGED OR PROTECTED MATERIAL**

16         1.    The inadvertent production by a party of Discovery Material subject to

17   the attorney-client privilege, work-product protection, or any other applicable

18   privilege or protection will not waive the applicable privilege and/or protection if a

19   request for return of such inadvertently produced Discovery Material is made

20   promptly after the Producing Party learns of its inadvertent production.

21         2.    Upon a request from any Producing Party who has inadvertently

22   produced Discovery Material that it believes is privileged and/or protected and/or

23   otherwise not subject to discovery in this matter, each Receiving Party shall

24   immediately return such Protected Material or Discovery Material and all copies to

25   the Producing Party.  The Producing Party shall provide the Receiving Party with a

26   privilege log of any such returned material that identifies the basis for it being

27   withheld from production.

28         3.    Nothing herein is intended to alter any attorney's obligation to abide by

-12-

1  any applicable rules of professional responsibility relating to the inadvertent

2  disclosure of privileged information.

3       4.    If any Protected Material is disclosed to or accessed by any person

4  other than in a manner authorized by this Protective Order, the party responsible for

5  the disclosure or knowledgeable of such disclosure or access, upon discovery of the

6  disclosure or access, shall immediately inform the designating party of all facts

7  pertinent to the disclosure or access that, after due diligence and prompt

8  investigation, are known to the party responsible for the disclosure or

9  knowledgeable of the disclosure or access (including the name, address, and

10  employer of the person to whom the disclosure was made or who accessed the

11  information), and shall immediately make all reasonable efforts to retrieve any

12  Protected Material disclosed to or accessed by such unauthorized person and prevent

13  further disclosure, access, and any use by each unauthorized person who received

14  such information.

15      **I.**    **INADVERTENT FAILURE TO DESIGNATE**

16      1.    The inadvertent failure by a Producing Party to designate Discovery

17  Material as Protected Material with one of the designations provided for under this

18  Order shall not waive any such designation provided that the Producing Party

19  notifies all Receiving Parties that such Discovery Material is protected under one of

20  the categories of this Order promptly after the Producing Party learns of the

21  inadvertent failure to so designate.

22      2.    A Receiving Party shall not be in breach of this Order for any use of

23  such Discovery Material before the Receiving Party receives notice of the

24  inadvertent failure to designate.  Once a Receiving Party has received notice of the

25  inadvertent failure to designate pursuant to this provision, the Receiving Party shall

26  treat such Discovery Material (subject to the exception in Paragraph (3) below) at

27  the appropriately designated level pursuant to the terms of this Order.

28      3.    Protected Material produced without the designation of

-13-

**Exhibit B
Page 26**

1   "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "COMPETITIVE

2   DECISION MAKING" may be so designated subsequent to production when the

3   Producing Party failed to make such designation at the time of production through

4   inadvertence or error.  If Discovery Material is designated subsequent to production,

5   the Receiving Party promptly shall collect any copies that have been provided to

6   individuals so that they can be re-labeled with the "CONFIDENTIAL –

7   ATTORNEYS' EYES ONLY" and/or "COMPETITIVE DECISION MAKING"

8   designation.  Notwithstanding the above, such subsequent designation of

9   "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or "COMPETITIVE

10  DECISION MAKING" shall apply on a going-forward basis and shall not have any

11  retroactive effect on anyone who reviewed those "CONFIDENTIAL –

12  ATTORNEYS' EYES ONLY" and/or "COMPETITIVE DECISION MAKING"

13  materials prior to those materials being designated as such by the Producing Party.

14  **J.**      **TERMINATION OF LITIGATION**

15       1.      After termination of this litigation, the provisions of this Protective

16  Order shall continue to be binding, except with respect to those documents and

17  information that become a matter of public record and not due to any unauthorized

18  act or omission, or violation of this Order.

19       2.      This Court retains and shall have continuing jurisdiction over the

20  parties and recipients of the Protected Material for enforcement of the provisions of

21  this Protective Order following termination of this litigation.

22       3.      Within sixty (60) calendar days after termination of this litigation with

23  respect to a Producing Party, whether such termination arises from dismissal with

24  respect to the Producing Party, judgment for or against the Producing Party

25  (including exhaustion of all appeals or settlement), or otherwise, any Receiving

26  Party that has received Protected Material from the terminated Producing Party shall

27  destroy or return the same to the Producing Party.  If the Protected Material is

28  destroyed, the Receiving Party shall promptly notify the Producing Party of such

-14-

**Exhibit B**
**Page 27**

1   destruction in writing.  Nothing herein shall require Outside Counsel for any Party

2   to delete any electronic copies of materials from backup tapes or other electronic

3   backup storage that is overwritten in the ordinary course of business.

4        4.     Notwithstanding the provisions of Paragraph J.3 above, Outside

5   Counsel for a Receiving Party or Receiving Parties to this litigation may retain a

6   copy of any pleading, transcript (for each deposition, hearing, and trial), discovery

7   responses, and any exhibits thereto, and attorney work product, regardless of

8   whether it includes or details Protected Material.  Attorney work product may be

9   used in subsequent litigation provided that such use does not disclose Protected

10   Materials or any protectable information contained therein.  Any documents or

11   things retained by Outside Counsel pursuant to this provision shall remain subject to

12   this Order.

13       **K.**    **USE OF PROTECTED MATERIAL**

14        1.     Protected Material, and the substance or content thereof, including any

15   notes, memoranda, or other documents incorporating, reflecting, or summarizing

16   such information, or any other information that might reveal such protected

17   information, shall be used by a Receiving Party and its authorized representatives or

18   designees under this Protective Order solely for the purpose of this Action and any

19   appeals therefrom.  Such information may not be used for any other purpose,

20   including but not limited to use in other litigations, use for business purposes, or use

21   for patent prosecution or for providing strategic patent prosecution or patent

22   procurement or acquisition advice.  In particular, such information shall not be used

23   for drafting, filing, or prosecuting new or currently pending patent applications, or

24   for re-examination and/or reissues on behalf of a Party to this litigation.

25        2.     In the event any person subject to the terms of this Order is served with

26   a subpoena or request for production of Protected Material, it will give sufficient

27   notice in writing (by facsimile or e-mail) to the Producing Party to allow the

28   Producing Party a reasonable opportunity to intervene to oppose or limit such

-15-

1  production.  In no event shall the person receiving the subpoena or other process

2  produce Protected Material of any Producing Party in response to the subpoena or

3  other process unless and until such person or party has: (i) received written

4  authorization from counsel for the Producing Party to produce said Protected

5  Material; or (ii) been ordered to do so by a court of competent jurisdiction.  Nothing

6  in this Order shall be construed as authorizing a party to disobey a lawful subpoena

7  issued in another action.

8  **L.   PROSECUTION LIMITATIONS**

9      1.    Within seven days of the entry of this Protective Order, each Party shall

10 disclose in writing (e.g., by email) to the other Parties its list of at least one Outside

11 Counsel authorized to receive material designated both "CONFIDENTIAL –

12 ATTORNEYS' EYES ONLY" and "COMPETITIVE DECISION MAKING" from

13 another Party.

14     2.    The Parties shall only serve information with the designation of

15 "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "COMPETITIVE

16 DECISION MAKING" on Outside Counsel who, at the time of that service, have

17 been identified by the Receiving Party to have authority to receive that information.

18     3.    Any individual Outside Counsel for a Receiving Party who is

19 authorized to receive and in fact receives a Producing Party's material designated

20 both "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "COMPETITIVE

21 DECISION MAKING" shall not prosecute any of the Receiving Party's patents

22 relating to chargers for wireless video game console controllers for a period of 18

23 months after disclosure or one year after final termination of this action, whichever

24 is longer.

25     4.    If any Outside Counsel for a Receiving Party who is not authorized to

26 receive "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "COMPETITIVE

27 DECISION MAKING" receives such information from a Producing Party, the

28 Outside Counsel for a Receiving Party is not subject to the limitations of Paragraph

-16-

SMRH:406889132.1

PROTECTIVE ORDER
CV12-03001-GAF-VBK

1    L.3 unless that unauthorized Outside Counsel actually views the information

2    designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and

3    "COMPETITIVE DECISION MAKING."

4         5.    A Party may amend its list of authorized Outside Counsel at any time

5    by providing written notice to the other Parties of any amendment, subject to the

6    limitation that at all times, each Party must list at least one Outside Counsel as

7    authorized to receive information designated as "CONFIDENTIAL –

8    ATTORNEYS' EYES ONLY" and "COMPETITIVE DECISION MAKING."

9         6.    If any Outside Counsel for a Receiving Party views information

10    designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and

11    "COMPETITIVE DECISION MAKING" produced by a Producing Party, that

12    Outside Counsel, if not already subject to the prosecution limitations as set forth in

13    Paragraph L.3, shall then be subject to those prosecution limitations.

14         7.    To the extent that Outside Counsel who views information designated

15    as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "COMPETITIVE

16    DECISION MAKING" is not already a disclosed authorized Outside Counsel,

17    within seven days of such a viewing, that Outside Counsel shall provide written

18    notice to the other Parties of an amendment to that Receiving Party's list of

19    authorized Outside Counsel to include the name of the previously unauthorized

20    Outside Counsel who viewed the information designated as "CONFIDENTIAL –

21    ATTORNEYS' EYES ONLY" and "COMPETITIVE DECISION MAKING."

22    **M.**     **MISCELLANEOUS**

23         1.    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any

24    person to seek modification of the Order by the Court in the future, to seek access to

25    a Producing Party's Protected Material, or to apply to the Court at any time for

26    additional protection. Furthermore, without application to this Court, any Producing

27    Party may enter into a written agreement releasing any Receiving Party from one or

28    more requirements of this Order, even if the conduct subject to the release would

-17-

PROTECTIVE ORDER<br>CV12-03001-GAF-VBK

1  otherwise violate the terms herein.

2      2.   Successors.  This Order shall be binding upon the Parties hereto and

3  their attorneys, successors, executors, personal representatives, administrators, heirs,

4  legal representatives, assigns, subsidiaries, divisions, employees, agents, retained

5  consultants and experts, and any persons or organizations over which they have

6  direct control.

7      3.   Nonparty Use of This Protective Order.  A nonparty producing

8  information or material voluntarily or pursuant to a subpoena or a court order may

9  designate such material or information as Protected Material pursuant to the terms of

10  this Protective Order.  A nonparty's use of the Protective Order to protect its

11  Protected Material does not entitle that nonparty access to the Protected Material

12  produced by any Party in this case.

13      4.   Right to Assert Other Objections.  By stipulating to the entry of this

14  Order, no Party waives any right it otherwise would have to object to disclosing or

15  producing any information or item.  Similarly, no Party waives any right to object

16  on any ground to the use in evidence of any of the material covered by this Order.

17  This Order shall not constitute a waiver of the right of any party to claim in this

18  Litigation or otherwise that any Discovery Material, or any portion thereof, is

19  privileged or otherwise non-discoverable, or is not admissible in evidence in this

20  Litigation or any other proceeding.

21      5.   Modification by Court.  This Order is subject to further court order

22  based upon public policy or other considerations, and the Court may modify this

23  Order sua sponte in the interests of justice, or upon motion of a party for good cause

24  shown.

25  ///

26  ///

27  ///

28  ///

SMRH:406889132.1

PROTECTIVE ORDER
CV12-03001-GAF-VBK

1    IT IS SO ORDERED.

2    Follow LR 79-5 re Under Seal Filings

3

4

5    Dated:__October 5, 2012___         _____/s/_____

6                                            Hon. Victor B. Kenton
                                           United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-19-

SMRH:406889132.1

PROTECTIVE ORDER
CV12-03001-GAF-VBK

## EXHIBIT A

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *NYKO Technologies, Inc. v. Energizer Holdings, Inc. and Performance Designed Products LLC*, Case No. CV12-03001-GAF-VBK (C.D. Cal.).  Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order, including any proceedings related to contempt.

In accordance with Section E of the Order (if applicable) I have attached my resume, curriculum vitae, and the other information required under Section E to this executed Confidentiality Agreement.

Name of Individual: _____

Present occupation/job description: _____
_____
_____

Name of Company or Firm: _____

Address: _____
_____

-20-

SMRH:406889132.1

PROTECTIVE ORDER
CV12-03001-GAF-VBK

**Exhibit B**
**Page 33**