1  **ART HASAN, CA Bar No. 167323**
   art.hasan@cph.com
2  **G. WARREN BLEEKER, CA Bar No. 210834**
   warren.bleeker@cph.com
3  **KATHERINE L. QUIGLEY, CA Bar No. 258212**
   katherine.quigley@cph.com
4  **CHRISTIE, PARKER & HALE, LLP**
   655 N. Central Avenue, Suite 2300
5  Glendale, California 91203
   Telephone: (626) 795-9900
6  Facsimile: (626) 577-8800

7  Attorneys for Plaintiff,
   NYKO Technologies, Inc.
8

9                  UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11

12
   NYKO TECHNOLOGIES, INC., a         | Case No. CV 12-3001 GAF (VBKx)
13 California corporation,
                                      | **NYKO TECHNOLOGIES, INC.'S**
14          Plaintiff,                | **SECOND SUPPLEMENTAL**
                                      | **RESPONSES TO CERTAIN OF**
15          vs.                       | **PERFORMANCE DESIGNED**
                                      | **PRODUCTS LLC'S FIRST SET**
16 ENERGIZER HOLDINGS, INC., a        | **OF INTERROGATORIES**
   Missouri corporation, and
17 PERFORMANCE DESIGNED
   PRODUCTS LLC, a California limited
18 liability company,

19          Defendants.

20

21
                                      | **Hon. Gary Allen Feess**
22

23 AND RELATED COUNTERCLAIM.

24

25         NYKO TECHNOLOGIES, INC. ("NYKO") supplements its responses as

26 follows to certain interrogatories from the First Set of Interrogatories propounded

27 to it by PERFORMANCE DESIGNED PRODUCTS LLC ("PDP"):

28

CHRISTIE, PARKER & HALE, LLP

EXHIBIT
57
Ar00095r
PEN00 00083 15699

Exhibit 3
Page 3-1

## GENERAL OBJECTIONS

1. NYKO objects to PDP's definitions, instructions and interrogatories to the extent that they are inconsistent with or purport to impose a duty of disclosure that is greater than or different from that required under the applicable Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California.

2. NYKO objects to PDP's definitions, instructions and interrogatories to the extent that they purport to require the disclosure of information that is protected by attorney-client privilege, work-product doctrine or other applicable privilege or protection from disclosure.

3. NYKO objects to PDP's definitions, instructions and interrogatories to the extent that they purport to require the disclosure of information that is not relevant to the claim or defense of any party, and to the extent they are not reasonably calculated to lead to the discovery of admissible evidence.

4. NYKO objects specifically to the definitions of "NYKO" as overly broad, harassing and oppressive, and as seeking to invade attorney-client privilege and attorney work product.   NYKO responds to each of the interrogatories for itself alone.

5. NYKO objects to PDP's definitions, instructions and interrogatories to the extent that they purport to require the disclosure of information that constitutes or contains trade secrets or other confidential research, development or commercial information.

6. NYKO objects to PDP's definitions, instructions and interrogatories to the extent that they purport to require the disclosure of information that does not exist or is not in NYKO's possession, custody or control.

7. NYKO objects to PDP's definitions, instructions and interrogatories to the extent that they purport to require the disclosure of information that has been lost, destroyed, deleted or otherwise transferred outside of NYKO's possession,

-2-

Exhibit 3
Page 3-2

1   custody or control.

2       8. NYKO objects to PDP's definitions, instructions and interrogatories to

3   the extent that they impose on NYKO an unreasonable burden or expense.

4       9. NYKO objects to that the interrogatories, including all non-discrete

5   subparts, exceed the 25 written interrogatory limit in violation of Rule 33(a)(1)

6   and are therefore invalid on their face and require no response.

7       10. NYKO objects that discovery is in its early stages and NYKO reserves

8   the right to assert and seek a Court order that one or more interrogatories need not

9   be answered until designated discovery is complete, or until a pretrial conference

10  or some other time.

11      Subject to and without waiving the foregoing objections, each of which is

12  specifically incorporated into each individual response below, NYKO responds to

13  PDP's First Set of Interrogatories as follows:

14                      **RESPONSES TO INTERROGATORIES**

15  **INTERROGATORY NO. 1:**

16      Separately for each claim of the Patent-in-Suit, identify and describe the

17  dates, location, circumstances, and corroborating evidence of the conception, any

18  alleged actual reduction to practice, constructive reduction to practice, and any

19  alleged diligence, including identifying all Persons with knowledge thereof and

20  all Documents and Things evidencing or referring to Navid's and any other

21  Person's activities during any alleged period of diligence.

22  **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

23      NYKO hereby incorporates all of its prior objections. Subject to, and

24  without waiving any objections, NYKO responds as follows:

25      Amir Navid is the inventor for all the claims of the patent-in-suit. Mr.

26  Navid was solely responsible for the conception, diligence and reduction to

27  practice of the subject matter claimed by the '848 Patent. He conceived of and

28  reduced the invention to practice at his offices at NYKO. NYKO is not aware of

CHRISTIE, PARKER & HALE, LLP

-3-

Exhibit 3
Page 3-3

1   any witnesses to conception, diligence and reduction to practice, other than Mr.

2   Navid.

3   Mr. Navid is familiar with the video game industry and development of

4   video game accessories.  Mr. Navid has 15 years of experience in designing and

5   developing video game accessories.  Mr. Navid has designed various controllers

6   and interfaces for every major video game console since 1997.

7   The first step in the invention process is looking for deficiencies in existing

8   products, long felt need, teaching away, innovation, practicality, commercial

9   success, potential acclaim, and brainstorming ideas for new products.  After Mr.

10   Navid brainstormed ideas, he created basic hand sketches of the invention.  This

11   occurred in or before August 2006.  Mr. Navid then drew two-dimensional

12   sketches and added details.  Mr. Navid then provided a two-dimensional color

13   drawing along with detailed specifications, notes and instructions to a

14   manufacturer which occurred in or about August 2006.  Based on the information

15   provided by Mr. Navid, and subsequent communications between the

16   manufacturer and Mr. Navid, the manufacturer created a three-dimensional color

17   drawing on or about December 4, 2006 for approval by Mr. Navid.   In response,

18   Mr. Navid instructed the manufacturer to make certain changes and

19   modifications.  Based on instruction from Mr. Navid, the manufacturer began

20   tooling the prototype referred to as a stereolithographic apparatus ("SLA") which

21   was completed on or about December 26, 2007. Mr. Navid then performed testing

22   and made any necessary modifications and provided further detailed

23   specifications and instructions to the manufacturer during the first few months of

24   2007.  The Charge Base product was first released for sale on or about June 20,

25   2007.

26   Subject to further investigation and development of evidence, Mr. Navid

27   conceived of the claimed invention at least in asserted claims 1-5, 7, 8, and 10-13

28   and 15-17 at least as early as September 1, 2006.   After a reasonable

-4-

investigation, NYKO has determined that Mr. Navid provided a two-dimensional color drawing along with detailed specifications, notes and instructions to a manufacturer which occurred on or about August of 2006.   This meeting is reflected in an email dated September 1, 2006.   Thus, the conception date occurred prior to this August meeting and is therefore at least as early as September 1, 2006.

Subject to further investigation and development of evidence, the claimed invention was reduced to practice in asserted claims 1-5, 7, 8, and 10-13 and 15-17 on or after December 26, 2006.  An SLA prototype was completed on or about December 26, 2006.  NYKO, however, has not yet determined a date when this SLA was tested and a date when it was determined that the prototype worked for its intended purpose.  Thus, the actual reduction to practice date was on or after December 26, 2006.

Mr. Navid diligently filed a patent application including the underlying concepts in the Provisional Application dated October 24, 2007.

Additional information regarding conception and reduction of practice is located in at least Bates Nos.

NT001067-1122

NT002053-2055

NT002098-2106

NT002111-2120

NT002121-2130

NT002149-2155

NT002362-2371

NT002573-2379

NT002599-2604

NT002700-2703

NT002963-2965

-5-

1  NT002970-2975

2  NT002976-2985

3  NT002986-3001

4  NT003002-3005

5  NT003010-3013

6  and in response to Interrogatory No. 4. As discovery is not yet complete, NYKO

7  reserves its right to supplement its response.  Further, NYKO's analysis of the

8  documents is continuing and NYKO has not yet determined all the documents

9  which might relate to this request.  Once that analysis is completed, NYKO will

10  supplement its response to identify any additional relevant documents.

11  Nyko expressly reserves its rights to further investigate and supplement its

12  responses and to provide full and amended responses as discovery continues.

13

14  **INTERROGATORY NO. 3**:

15  Separately for each claim of the Patent-in-Suit, describe in detail all facts

16  and circumstances relating to the first non-public disclosure, public disclosure,

17  presentation, demonstration, and use, including identifying participating Persons,

18  other knowledgeable Persons, dates, Documents evidencing or referring thereto,

19  and describe in detail what was disclosed, demonstrated, and used.

20  **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3**:

21  NYKO hereby incorporates all of its prior objections.  Subject to, and

22  without waiving any objections, NYKO responds as follows:

23  As a further supplement to this interrogatory, NYKO is conducting a

24  reasonable and diligent search and has not yet identified individuals who were

25  shown the prototype which was shown privately to select individuals at a private

26  hotel suite in Las Vegas during the timeframe that the Consumer Electronics

27  Show was taking place in January 2007.

28  Following  a  reasonable  and  diligent  search,  NYKO  does  not  have

-6-

CHRISTIE, PARKER & HALE, LLP

Exhibit 3
Page 3-6

possession, custody or control of the prototype shown privately to select individuals at a private hotel suite in Las Vegas during the timeframe that the Consumer Electronics Show was taking place in January 2007 and NYKO does not know if that prototype was an actual working version. Further, NYKO does not contend that showing this prototype privately to select individuals at a private hotel suite constitutes a public disclosure of the claimed invention.

NYKO is conducting a reasonable and diligent search and has not uncovered facts sufficient to identify the first public "use," "presentation," and "demonstration" of the claimed invention.

As discovery is ongoing, NYKO reserves its right to supplement its response. Further, NYKO's analysis of the documents is continuing and NYKO has not yet determined all the documents which might relate to this request.

**INTERROGATORY NO. 6**:

Describe in detail "[t]he product Nyko introduced in January 2007 [that] includes each and every feature of the claimed invention," as referenced in Docket No. 44 [Third Declaration of Amir Navid in Support of Plaintiffs Ex Parte Application for (1) Temporary Restraining Order and (2) Order to Show Cause re: Preliminary Injunction), ¶ 17. This includes stating when the product was first publicly announced, first offered for sale, first sold (and to whom), the product name and number, the SKU number, who was involved in its design and development and when, all printed publications describing or depicting the product prior to March 8, 2007, and identifying all identify Persons with knowledge thereof and all Documents and Things evidencing or referring thereto.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6**:

NYKO hereby incorporates all of its prior objections.  Subject to, and without waiving any objections, NYKO responds as follows:

As a further supplement to this interrogatory, following a reasonable and

-7-

diligent search, NYKO does not have possession, custody or control of the prototype shown privately to select individuals at a private hotel suite in Las Vegas during the timeframe that the Consumer Electronics Show was taking place in January 2007.

In addition to Mr. Arbogast, Michael Quiroz, NYKO marketing associate, was involved in the promotion and sales of NYKO's Charge Base product which was first publicly announced in January 2007.

DATED: December 20, 2012      Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP


By /s/ G. Warren Bleeker
      Art Hasan
      G. Warren Bleeker
      Katherine L. Quigley

Attorneys for Plaintiff,
NYKO TECHNOLOGIES, INC.

CHRISTIE, PARKER & HALE, LLP

-8-

Exhibit 3
Page 3-8

## CERTIFICATE OF SERVICE

I certify that on December 20, 2012, I have served a true copy of this document via e-mail (per agreement of the parties) to the individuals addressed as follows:

Steven M. Hanle, Esq.
Daniel N. Yannuzzi, Esq.
Gray M. Buccigross, Esq.
Matthew Mueller, Esq.
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626
shanle@sheppardmullin.com
dyannuzzi@sheppardmullin.com
gbuccigross@sheppardmullin.com
mmueller@sheppardmullin.com
Counsel for Defendants

I am a member of the Bar of this Court.

Executed on December 20, 2012 at Glendale, California.

_/s/ G. Warren Bleeker_
G. Warren Bleeker

GWB PAS1209544.1-*-12/20/12 5:05 PM

CHRISTIE, PARKER & HALE, LLP

-9-

Exhibit 3
Page 3-9