ART HASAN, CA Bar No. 167323
art.hasan@cph.com
G. WARREN BLEEKER, CA Bar No. 210834
warren.bleeker@cph.com
KATHERINE L. QUIGLEY, CA Bar No. 258212
katherine.quigley@cph.com
CHRISTIE, PARKER & HALE, LLP
655 N. Central Avenue, Suite 2300
Post Office Box 29001
Glendale, California 91209-9001
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

Attorneys for Plaintiff,
NYKO Technologies, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NYKO TECHNOLOGIES, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ENERGIZER HOLDINGS, INC., a Missouri corporation, and PERFORMANCE DESIGNED PRODUCTS LLC, a California limited liability company,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. CV 12-3001 GAF (VBKx)<br><br>**NYKO TECHNOLOGIES, INC.'S SUPPLEMENTAL RESPONSES TO CERTAIN OF PERFORMANCE DESIGNED PRODUCTS LLC'S FIRST SET OF INTERROGATORIES**<br><br>Hon. Gary Allen Feess |

NYKO TECHNOLOGIES, INC. ("NYKO") supplements its responses as follows to certain interrogatories from the First Set of Interrogatories propounded to it by PERFORMANCE DESIGNED PRODUCTS LLC ("PDP"):

-1-

## GENERAL OBJECTIONS

1. NYKO objects to PDP's definitions, instructions and interrogatories to the extent that they are inconsistent with or purport to impose a duty of disclosure that is greater than or different from that required under the applicable Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California.

2. NYKO objects to PDP's definitions, instructions and interrogatories to the extent that they purport to require the disclosure of information that is protected by attorney-client privilege, work-product doctrine or other applicable privilege or protection from disclosure.

3. NYKO objects to PDP's definitions, instructions and interrogatories to the extent that they purport to require the disclosure of information that is not relevant to the claim or defense of any party, and to the extent they are not reasonably calculated to lead to the discovery of admissible evidence.

4. NYKO objects specifically to the definitions of "NYKO" as overly broad, harassing and oppressive, and as seeking to invade attorney-client privilege and attorney work product. NYKO responds to each of the interrogatories for itself alone.

5. NYKO objects to PDP's definitions, instructions and interrogatories to the extent that they purport to require the disclosure of information that constitutes or contains trade secrets or other confidential research, development or commercial information.

6. NYKO objects to PDP's definitions, instructions and interrogatories to the extent that they purport to require the disclosure of information that does not exist or is not in NYKO's possession, custody or control.

7. NYKO objects to PDP's definitions, instructions and interrogatories to the extent that they purport to require the disclosure of information that has been lost, destroyed, deleted or otherwise transferred outside of NYKO's possession,

-2-

CHRISTIE, PARKER & HALE, LLP

Exhibit 33
Page 33-2

1 custody or control.

2 8. NYKO objects to PDP's definitions, instructions and interrogatories to
3 the extent that they impose on NYKO an unreasonable burden or expense.

4 9. NYKO objects to that the interrogatories, including all non-discrete
5 subparts, exceed the 25 written interrogatory limit in violation of Rule 33(a)(1)
6 and are therefore invalid on their face and require no response.

7 10. NYKO objects that discovery is in its early stages and NYKO reserves
8 the right to assert and seek a Court order that one or more interrogatories need not
9 be answered until designated discovery is complete, or until a pretrial conference
10 or some other time.

11 Subject to and without waiving the foregoing objections, each of which is
12 specifically incorporated into each individual response below, NYKO responds to
13 PDP's First Set of Interrogatories as follows:

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1**:

Separately for each claim of the Patent-in-Suit, identify and describe the dates, location, circumstances, and corroborating evidence of the conception, any alleged actual reduction to practice, constructive reduction to practice, and any alleged diligence, including identifying all Persons with knowledge thereof and all Documents and Things evidencing or referring to Navid's and any other Person's activities during any alleged period of diligence.

**RESPONSE TO INTERROGATORY NO. 1**:

NYKO incorporates its General Objections.

NYKO objects that this interrogatory is compound. NYKO objects that the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. NYKO objects that the term "activities" is not defined and is vague and ambiguous. NYKO objects that the request seeks

-3-

CHRISTIE, PARKER & HALE, LLP

Exhibit 33
Page 33-3

information that is confidential and to the extent NYKO produces or makes available for production any responsive information, it will be produced under a mutually agreeable protective order entered by the Court.

Subject to, and without waiving any objections, NYKO responds as follows:

Amir Navid has knowledge of the described topics. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, NYKO will specify documents containing responsive information and/or make the responsive documents available for examination pursuant to the mutually agreeable terms of a protective order entered by the Court. NYKO reserves its right to supplement its response.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1**:

NYKO hereby incorporates all of its prior objections. Subject to, and without waiving any objections, NYKO responds as follows:

Amir Navid is the inventor for all the claims of the patent-in-suit. He conceived of and reduced the invention to practice at his offices at NYKO. Subject to further investigation and development of evidence, Mr. Navid reduced to practice the claimed invention at least in asserted claims 1-5, 7, 8, and 10-13 and 15-17 at least as early as September 27, 2006 and the claimed invention directed to the additional functionality in the Charge Base 2 at least as early as August 10, 2007. Mr. Navid then diligently filed a patent application including the underlying concepts in the Provisional Application dated October 24, 2007. Additional information regarding conception and reduction of practice is located in at least Bates Nos. NT001067-NT001122 and in response to Interrogatory No. 4.

As discovery is still in its early stages, NYKO reserves its right to supplement its response. Further, NYKO's analysis of the documents is continuing and NYKO has not yet determined all the documents which might relate to this request.

**INTERROGATORY NO. 2**:

Separately for each claim of the Patent-in-Suit, describe in detail all facts and circumstances relating to the first sale or offer for sale, including identifying participating Persons, other knowledgeable Persons, dates, Documents evidencing or referring thereto, and describe in detail what was sold or offered for sale.

**RESPONSE TO INTERROGATORY NO. 2**:

NYKO incorporates its General Objections.

NYKO objects that this interrogatory is compound. NYKO objects that the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. NYKO objects that the request is overbroad because it seeks information regarding patent claims not at issue in this case. NYKO objects that the request is vague and ambiguous--first sale or offer for sale of what? PDP fails to identify the subject of the purported sales and offers for sale. PDP also fails to define sale or offer for sale and these terms are vague and ambiguous. To the extent PDP is referring to more than one product, the interrogatory is compound and should be treated as multiple interrogatories. NYKO objects that the request seeks information that is confidential and to the extent NYKO produces or makes available for production any responsive information, it will be produced under a mutually agreeable protective order

-5-

entered by the Court.

Subject to, and without waiving any objections, NYKO responds as follows:

NYKO is willing to meet and confer with counsel for PDP to reach a common understanding as to the scope of this request so that NYKO can respond to the request. To the extent NYKO can decipher what exactly PDP is requesting, which is currently unclear, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, NYKO will specify documents containing responsive information and/or make the responsive documents available for examination pursuant to the mutually agreeable terms of a protective order entered by the Court. NYKO reserves its right to supplement its response.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2**:

NYKO hereby incorporates all of its prior objections. Subject to, and without waiving any objections, NYKO responds as follows:

For the Charge Base that was announced in January 2007, based on NYKO's investigation to date, NYKO contends that the first sale and offer for sale occurred no earlier than June 20, 2007 as this was the date the product was first released for sale, and was not available for sale prior to that date. *See* Bates No. NT000861; *Linear Tech. Co. v. Micrel, Inc.*, 275 F.3d 1040, 1052-54 (Fed. Cir. 2001).

For the Charge Base 2, based on NYKO's investigation to date, NYKO contends that the first sale and offer for sale occurred no earlier than December 11, 2007 as this was the date the product was first released for sale, and was not available for sale prior to that date. *See* Bates No. NT000861; *Linear Tech. Co. v.*

CHRISTIE, PARKER & HALE, LLP

*Micrel, Inc.*, 275 F.3d 1040, 1052-54 (Fed. Cir. 2001).

For the Charge Base 3, based on NYKO's investigation to date, NYKO contends that the first sale and offer for sale occurred no earlier than October 25, 2011 as this was the date the product was first released for sale, and was not available for sale prior to that date. *See* Bates No. NT000861; *Linear Tech. Co. v. Micrel, Inc.*, 275 F.3d 1040, 1052-54 (Fed. Cir. 2001).

The individuals with knowledge of these facts include Chris Arbogast, Director of Marketing for NYKO.

As discovery is still in its early stages, NYKO reserves its right to supplement its response. Further, NYKO's analysis of the documents is continuing and NYKO has not yet determined all the documents which might relate to this request.

**INTERROGATORY NO. 3**:

Separately for each claim of the Patent-in-Suit, describe in detail all facts and circumstances relating to the first non-public disclosure, public disclosure, presentation, demonstration, and use, including identifying participating Persons, other knowledgeable Persons, dates, Documents evidencing or referring thereto, and describe in detail what was disclosed, demonstrated, and used.

**RESPONSE TO INTERROGATORY NO. 3**:

NYKO incorporates its General Objections.

NYKO objects that this interrogatory is compound. NYKO objects that the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. NYKO objects that the term "non-public

-7-

disclosure" is not defined and is vague and ambiguous. NYKO objects that the term "public disclosure" is not defined and is vague and ambiguous. NYKO objects that the term "presentation" is not defined and is vague and ambiguous. NYKO objects that the term "demonstration" is not defined and is vague and ambiguous. NYKO objects that the term "use" is not defined and is vague and ambiguous. NYKO objects that PDP fails to explain what specific product is the subject of this interrogatory. To the extent PDP is referring to more than one product, the interrogatory is compound and should be treated as multiple interrogatories. NYKO objects that the request seeks information that is confidential and to the extent NYKO produces or makes available for production any responsive information, it will be produced under a mutually agreeable protective order entered by the Court.

Subject to, and without waiving any objections, NYKO responds as follows:

NYKO is willing to meet and confer with counsel for PDP to reach a common understanding as to the scope of this request so that NYKO can respond to the request. To the extent NYKO can decipher what exactly PDP is requesting, which is currently unclear, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, NYKO will specify documents containing responsive information and/or make the responsive documents available for examination pursuant to the mutually agreeable terms of a protective order entered by the Court. NYKO reserves its right to supplement its response.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3**:

NYKO hereby incorporates all of its prior objections. Subject to, and

without waiving any objections, NYKO responds as follows:

The Charge Base announced in January 2007 was NYKO's prototype Charge Base four port charging dock for PlayStation 3. It was shown privately to select individuals at a private hotel suite in Las Vegas during the timeframe that the Consumer Electronics Show was taking place in January 2007. NYKO believes this was the first time that NYKO disclosed and presented the prototype of this product.

After a reasonable search, NYKO has not yet identified the first public "use," "presentation" or "demonstration" of an actual working version of this product. NYKO does not recall any "non-public disclosure" of this product, which PDP has subsequently defined as a disclosure to a third party with a confidentiality agreement in place, although certain NYKO vendors have an obligation of confidentiality.

The Charge Base 3 was first released in the latter part of 2011 and was first disclosed well after March 7, 2007.

Responsive documents include: NT000925-NT000943, NT000883-NT000894, NT000861.

Persons with knowledge of relevant facts include Chris Arbogast.

As discovery is still in its early stages, NYKO reserves its right to supplement its response. Further, NYKO's analysis of the documents is continuing and NYKO has not yet determined all the documents which might relate to this request.

-9-

CHRISTIE, PARKER & HALE, LLP

Exhibit 33
Page 33-9

**INTERROGATORY NO. 4**:

Identify each Instrumentality developed at least in part by or on behalf of Nyko or Navid that practices, has ever practiced, or is contemplated for future practice of any of the Patent-in-Suit by name and trade designation, manufacturer, licensees, dates sold or otherwise provided, and places sold or otherwise provided, and specify in claim charts where each element of each claim is allegedly found within each such Instrumentality, and identify Persons with knowledge thereof and all Documents and Things evidencing or referring thereto.

**RESPONSE TO INTERROGATORY NO. 4**:

NYKO incorporates its General Objections.

NYKO objects that this interrogatory is compound.  NYKO objects that the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  NYKO objects that the request seeks information that is confidential and to the extent NYKO produces or makes available for production any responsive information, it will be produced under a mutually agreeable protective order entered by the Court.

Subject to and without waiving any objections, NYKO responds as follows:

Products developed by NYKO that practice one or more claims of the '848 patent include the NYKO Charge Base (Item No. 83017), the NYKO Charge Base 2 (Item No. 83053) and the NYKO Charge Base 3 (Item No. 83100).

In addition, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, NYKO will specify documents containing responsive information and/or make the responsive documents available for examination pursuant to the mutually

-10-

CHRISTIE, PARKER & HALE, LLP

Exhibit 33
Page 33-10

1  agreeable terms of a protective order entered by the Court.

2  NYKO reserves its right to supplement its response.

3  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4**:

4  NYKO hereby incorporates all of its prior objections. Subject to, and
5  without waiving any objections, NYKO responds as follows:
6

7  To the best of NYKO's information and belief and subject to further
8  investigation and supplementation, the following products developed by NYKO
9  practice one or more claims of the '848 patent: the NYKO Charge Base (Item
10 Nos. 83016-83019), the NYKO Charge Base 2 (Item Nos. 83053-83055) and the
11 NYKO Charge Base 3 (Item Nos. 83100). Information regarding places and
12
13 dates sold for each of the NYKO Charge Bases in located in Bates Nos.
14 NT001123-NT001139, NT001140-NT001141.

15 NYKO Charge Base meets all the claim limitations of at least asserted
16 claims 1-5, 7, 8, 11-13 and 16-17; NYKO Charge Base 2 meets all the claim
17 limitations of at least asserted claims 1-5, 7, 8, 11-13, and 16-17 and NYKO
18 Charge Base 3 meets all the claim limitations of at least asserted claims 1-5, 7, 8,
19
20 10-13 and 15-17.

21 As discovery is still in its early stages, NYKO reserves its right to
22 supplement its response. Further, NYKO's analysis of the documents is
23 continuing and NYKO has not yet determined all the documents which might
24 relate to this request.
25
   **INTERROGATORY NO. 5**:
26
27 Separately for each Instrumentality identified in response to Interrogatory
28 No. 4, state on a monthly, quarterly and annual basis Nyko's United States sales

-11-

CHRISTIE, PARKER & HALE, LLP

Exhibit 33
Page 33-11

supplement its response.  Further, NYKO's analysis of the documents is continuing and NYKO has not yet determined all the documents which might relate to this request.

DATED: October 19, 2012

Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP

By /s/ G. Warren Bleeker
Art Hasan
G. Warren Bleeker
Katherine L. Quigley

Attorneys for Plaintiff,
NYKO TECHNOLOGIES, INC.

-49-