SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
DANIEL N. YANNUZZI, Cal. Bar No. 196612
dyannuzzi@sheppardmullin.com
GRAHAM M. BUCCIGROSS, Cal. Bar No. 234558
gbuccigross@sheppardmullin.com
12275 El Camino Real, Suite 200
San Diego, California 92130-2006
Telephone: 858.720.8900
Facsimile: 858.509.3691
shanle@sheppardmullin.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
Including Professional Corporations
STEVEN M. HANLE, Cal. Bar No. 168876
shanle@sheppardmullin.com
650 Town Center Drive, 4th Fl.
Costa Mesa, CA 92626
Telephone: 714.513.5100
Facsimile: 714.513.5130

Attorneys for Defendants,
Performance Designed Products LLC and
Energizer Holdings, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NYKO TECHNOLOGIES, INC. a California Corporation,, <br><br> Plaintiff, <br><br> v. <br><br> ENERGIZER HOLDINGS, INC., a Missouri Corporation, and PERFORMANCE DESIGNED PRODUCTS LLC, a California Limited Liability Company, <br><br> Defendant. | Case No. CV12-03001 <br><br> **DEFENDANTS' EVIDENTIARY OBJECTIONS TO NYKO'S STATEMENT OF FACT** <br><br> DATE: SEPTEMBER 23, 2013 <br> TIME: 9:30 a.m. <br> CTRM: 740 <br> JUDGE: Gary A. Feess <br><br> Complaint Filed: April 5, 2012 <br> Discovery Cutoff: October 14, 2013 <br> Pretrial Conf.: Dec. 30, 2013 <br> Trial Date: Jan. 28, 2014 |

Defendants assert the following objections to Nyko's Separate Statement of Genuine Disputes of Material Fact (Dkt. No. 136) filed in support of Nyko's Opposition to Defendants' Motion for Summary Judgment of Invalidity Due to Public Use and On Sale Bar.

| NO. | ALLEGEDLY MATERIAL FACT | RESPONSES AND OBJECTIONS |
|---|---|---|
| 131. | The NYKO suite at the 2007 CES was not public; access to the suite was restricted to invited guests with appointments. | **Objections**: <br><br>Nyko Interrog. Responses, Ex. O <br><br> Unverified interrogatory responses constitute unsworn inadmissable hearsay and may not be used against a nonanswering party. *See Agha v. Army*, 1992 U.S. Dist. LEXIS 18936, Nos. C-85-20693, C-88-20471, C-88-20774, at *18 (N.D. Cal, Oct. 19, 1992); *see also Owners Ins. Co. v. James*, 295 F.Supp.2d 1354, 1362 (N.D. Ga 2003); *Goodwin v. CSX Transportation, Inc,*, 2010 U.S. Dist. LEXIS 81772, No. 3:07-CV-00483, at *8 (W.D. Ken. 2010); *Carr v. Tatangelo*, 338 F.3d 1259, 1273 n.26 (11th Cir. 2003). |
| 132. | NYKO's Charge Base was a new product for NYKO. | **Objections**: <br><br>Nyko Interrog. Responses, Ex. O <br><br> Unverified interrogatory responses constitute unsworn inadmissable hearsay and may not be used against a nonanswering party. *See Agha v. Army*, 1992 U.S. Dist. LEXIS 18936, Nos. C-85-20693, C-88-20471, C-88-20774, at *18 (N.D. Cal, Oct. 19, 1992); *see also Owners Ins. Co. v. James*, 295 F.Supp.2d 1354, 1362 (N.D. Ga 2003); *Goodwin v. CSX Transportation, Inc,*, 2010 U.S. Dist. LEXIS 81772, No. 3:07-CV-00483, at *8 (W.D. Ken. 2010); *Carr v. Tatangelo*, 338 F.3d 1259, 1273 n.26 (11th Cir. 2003). |
| 133. | The SLA mock-up of the Charge Base product shown at CES in January 2007 was received by NYKO in or about the last week of | **Objections**: <br><br>Nyko Interrog. Responses, Ex. O <br><br> Unverified interrogatory responses |

| NO. | ALLEGEDLY MATERIAL FACT | RESPONSES AND OBJECTIONS |
|---|---|---|
|  | December 2006. | constitute unsworn inadmissable hearsay and may not be used against a nonanswering party. *See Agha v. Army*, 1992 U.S. Dist. LEXIS 18936, Nos. C-85-20693, C-88-20471, C-88-20774, at *18 (N.D. Cal, Oct. 19, 1992); *see also Owners Ins. Co. v. James*, 295 F.Supp.2d 1354, 1362 (N.D. Ga 2003); *Goodwin v. CSX Transportation, Inc,*, 2010 U.S. Dist. LEXIS 81772, No. 3:07-CV-00483, at *8 (W.D. Ken. 2010); *Carr v. Tatangelo*, 338 F.3d 1259, 1273 n.26 (11th Cir. 2003). |
| 134. | The SLA mock-up was being tested through January 2007 and into May of 2007. | **Objections**: <br><br> Nyko Interrog. Responses, Ex. O <br><br> Unverified interrogatory responses constitute unsworn inadmissable hearsay and may not be used against a nonanswering party. *See Agha v. Army*, 1992 U.S. Dist. LEXIS 18936, Nos. C-85-20693, C-88-20471, C-88-20774, at *18 (N.D. Cal, Oct. 19, 1992); *see also Owners Ins. Co. v. James*, 295 F.Supp.2d 1354, 1362 (N.D. Ga 2003); *Goodwin v. CSX Transportation, Inc,*, 2010 U.S. Dist. LEXIS 81772, No. 3:07-CV-00483, at *8 (W.D. Ken. 2010); *Carr v. Tatangelo*, 338 F.3d 1259, 1273 n.26 (11th Cir. 2003). |
| 135. | There is no clear and convincing evidence that the mock up itself was a working prototype that worked for its intended purpose. | **Objections**: <br><br> Nyko Interrog. Responses, Ex. O <br><br> Unverified interrogatory responses constitute unsworn inadmissable hearsay and may not be used against a nonanswering party. *See Agha v. Army*, 1992 U.S. Dist. LEXIS 18936, Nos. C-85-20693, C-88-20471, C-88-20774, at *18 (N.D. Cal, Oct. 19, 1992); *see also Owners Ins. Co. v. James*, 295 F.Supp.2d 1354, 1362 (N.D. Ga 2003); *Goodwin v. CSX Transportation, Inc,*, 2010 U.S. Dist. LEXIS 81772, No. 3:07-CV-00483, at *8 (W.D. Ken. 2010); *Carr v. Tatangelo*, 338 F.3d 1259, 1273 n.26 (11th Cir. 2003). |
| 136 | A further prototype was received by NYKO in or about January 18, 2007, which was subject to further testing. | **Objections**: <br><br> Nyko Interrog. Responses, Ex. O <br><br> Unverified interrogatory responses constitute unsworn inadmissable hearsay |

| NO. | ALLEGEDLY MATERIAL FACT | RESPONSES AND OBJECTIONS |
|---|---|---|
|  |  | and may not be used against a nonanswering party. *See Agha v. Army*, 1992 U.S. Dist. LEXIS 18936, Nos. C-85-20693, C-88-20471, C-88-20774, at *18 (N.D. Cal, Oct. 19, 1992); *see also Owners Ins. Co. v. James*, 295 F.Supp.2d 1354, 1362 (N.D. Ga 2003); *Goodwin v. CSX Transportation, Inc,*, 2010 U.S. Dist. LEXIS 81772, No. 3:07-CV-00483, at *8 (W.D. Ken. 2010); *Carr v. Tatangelo*, 338 F.3d 1259, 1273 n.26 (11th Cir. 2003).<br><br>Arbogast Deposition, Ex. K<br>Misstates testimony, speculation.<br>Mr. Arbogast did not state in the cited excerpt that a further prototype was received by NYKO in or about January 18, 2007, which was subject to further testing. (Reply Buccigross Decl., Ex. A, 77:22-25.) He merely said the prototype discussed at the deposition was "*probably* one that didn't make it in time for the show, an alternate one we were looking at producing." *Id*. |
| 139 | The price of the product was not fixed by March 2007 and was subject to change per the dealer price sheets. | **Objections**:<br>Nyko Interrog. Responses, Ex. O<br>Unverified interrogatory responses constitute unsworn inadmissable hearsay and may not be used against a nonanswering party. *See Agha v. Army*, 1992 U.S. Dist. LEXIS 18936, Nos. C-85-20693, C-88-20471, C-88-20774, at *18 (N.D. Cal, Oct. 19, 1992); *see also Owners Ins. Co. v. James*, 295 F.Supp.2d 1354, 1362 (N.D. Ga 2003); *Goodwin v. CSX Transportation, Inc,*, 2010 U.S. Dist. LEXIS 81772, No. 3:07-CV-00483, at *8 (W.D. Ken. 2010); *Carr v. Tatangelo*, 338 F.3d 1259, 1273 n.26 (11th Cir. 2003).<br><br>Arbogast Deposition, Ex. K<br><br>Lacks foundation, speculation.<br>Mr. Arbogast was not responsible for |

| NO. | ALLEGEDLY MATERIAL FACT | RESPONSES AND OBJECTIONS |
|---|---|---|
|  |  | offering products for sale in the first half of 2007.  (Reply Buccigross, Decl., Ex. A, 283:24-284:5.)  He further testified that he was not primarily responsible for setting pricing for the Nyko Charge Base for PS3 in January 2007.  (*Id*., 104:6-15.) |
| 140 | Any requests made by vendors for the product prior to at least April 2007 were in the category of pre-orders that would only be fulfilled in the event NYKO deemed that the design could be finalized and the product could be manufactured in a cost effective manner. | **Objections**:<br><br>Nyko Interrog. Responses, Ex. O<br><br>Unverified interrogatory responses constitute unsworn inadmissable hearsay and may not be used against a nonanswering party.  *See Agha v. Army*, 1992 U.S. Dist. LEXIS 18936, Nos. C-85-20693, C-88-20471, C-88-20774, at *18 (N.D. Cal, Oct. 19, 1992); *see also Owners Ins. Co. v. James*, 295 F.Supp.2d 1354, 1362 (N.D. Ga 2003); *Goodwin v. CSX Transportation, Inc*., 2010 U.S. Dist. LEXIS 81772, No. 3:07-CV-00483, at *8 (W.D. Ken. 2010); *Carr v. Tatangelo*, 338 F.3d 1259, 1273 n.26 (11th Cir. 2003).<br><br>Arbogast Deposition, Ex. K<br><br>Lacks foundation, speculation.<br><br>Mr. Arbogast testified that he is "not familiar with the electronic ordering system." (Reply Buccigross Decl., Ex. A, 112:11-15.)  Mr. Arbogast testified that he has no understanding of what the term "Backorder" means. (*Id*., 212:13-22.)  He further testified has no understanding of what documents are sent to a customer once an order is received. (*Id*., 179:3-6.)  Further, he does not know if Nyko can accept an order for a product that is on backorder and simply deliver it later. (*Id*., 178:16-22.)  Nor did Mr. Arbogast know what information would need to be included in the order for a customer to place an order because he is "not on the order-receiving side of things." (*Id*., 166:14-21.)  Mr. Arbogast additionally testified that he had no information as to how various entities placed orders with Nyko in the first half of 2007. (*Id*., 264:3-269:11; s*ee also* 190:17-22.) |

Dated: September 9, 2013

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By /S/ Steven M. Hanle
DANIEL Y. YANNUZZI
STEVEN M. HANLE
GRAHAM M. BUCCIGROSS
Attorneys for Defendants,
Performance Designed Products LLC
and Energizer Holdings, Inc.