ART HASAN, CA Bar No. 167323
art.hasan@cph.com
G. WARREN BLEEKER, CA Bar No. 210834
warren.bleeker@cph.com
KATHERINE L. QUIGLEY, CA Bar No. 258212
katherine.quigley@cph.com
CHRISTIE, PARKER & HALE, LLP
655 North Central Avenue, Suite 2300
Glendale, California 91203-1445
Telephone: (626) 795-9900
Facsimile:  (626) 577-8800

Attorneys for Plaintiff and Counterdefendant,
NYKO Technologies, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NYKO TECHNOLOGIES, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ENERGIZER HOLDINGS, INC., a Missouri corporation, EVEREADY BATTERY COMPANY, INC., a Delaware corporation, and PERFORMANCE DESIGNED PRODUCTS LLC, a California limited liability company,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. CV12-03001 GAF (VBKx)<br><br>**[PROPOSED] ORDER GRANTING NYKO'S *EX PARTE* APPLICATION TO STRIKE NEW ARGUMENTS RAISED FOR THE FIRST TIME IN DEFENDANTS' SUMMARY JUDGMENT REPLY BRIEF**<br><br>Hon. Gary Allen Feess |

THIS CAUSE came before the Court upon Plaintiff's Ex Parte Application to strike new arguments raised for the first time in Defendants' summary judgment reply brief. Plaintiff Nyko Technologies, Inc. ("Nyko" or "Plaintiff") moves *ex parte* to strike page 14, line 24 through page 16, line 20 of the

-1-

Defendants' Reply Memorandum in Support of Defendants' Motion for Summary Judgment of Patent Invalidity. After careful consideration, and for the reasons set forth below, the Court GRANTS Plaintiff's motion.

*Ex parte* relief is justified where the moving party can show (1) that it will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures, and (2) that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

First, Plaintiff will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures. The hearing date on Defendants' summary judgment motion is September 23, 2013 and it is not possible for a regularly-scheduled motion to strike to be heard by September 23, 2013. This is a dispositive motion and Plaintiff will be prejudiced by not having the opportunity to respond to the new legal arguments raised by Defendants in their reply brief.

Second, the Plaintiff is without fault in creating the crisis that requires *ex parte* relief. Defendants incorporated new legal arguments in their reply brief, as opposed to properly including those arguments in their opening brief, making it impossible for Plaintiff to address those arguments in its opposition papers.

Therefore, it is hereby:

ORDERED AND ADJUDGED that:

1.  Plaintiff's Ex Parte Application strike new arguments raised for the first time in Defendants' summary judgment reply brief is GRANTED.

2. Page 14, line 24 through page 16, line 20 of the Defendants' Reply Memorandum in Support of Defendants' Motion for Summary Judgment of Patent Invalidity is hereby stricken and shall not be considered in determining the merits of Defendants' Motion for Summary Judgment of Patent Invalidity.

DATED: _____   _____

Hon. Gary Allen Feess
U.S. District Court Judge

CHRISTIE, PARKER & HALE, LLP