SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
DANIEL N. YANNUZZI, Cal. Bar No. 196612
dyannuzzi@sheppardmullin.com
GRAHAM (GRAY) M. BUCCIGROSS, Cal. Bar No. 234558
gbuccigross@sheppardmullin.com
MATTHEW M. MUELLER. Cal. Bar No. 268486
mmueller@sheppardmullin.com
12275 El Camino Real, Suite 200
San Diego, California 92130-2006
Telephone: 858.720.8900
Facsimile: 858.509.3691

STEVEN M. HANLE, Cal. Bar No. 168876
shanle@sheppardmullin.com
650 Town Center Drive, 4th Fl.
Costa Mesa, CA 92626
Telephone: 714.513.5100
Facsimile: 714.513.5130

Attorneys for Performance Designed Products LLC, Energizer Holdings, Inc., and Eveready Battery Co., Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NYKO TECHNOLOGIES, INC. a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ENERGIZER HOLDINGS, INC. a Missouri Corporation, EVEREADY BATTERY CO., INC, a Delaware Corporation, and PERFORMANCE DESIGNED PRODUCTS LLC, a California Limited Liability Company,<br><br>Defendants. | Case No. CV12-03001-GAF-VBK<br><br>**DEFENDANTS' OPPOSITION TO NYKO'S EX PARTE APPLICATION TO STRIKE ALLEGEDLY "NEW ARGUMENTS"**<br><br>Date: September 23, 2013<br>Time: 9:30 a.m.<br><br>Complaint Filed: April 5, 2012<br>Discovery Cutoff: Oct. 14, 2013<br>Pretrial Conf.: Dec. 30, 2013<br>Trial Date: Jan. 28, 2014 |

Case No. CV12-03001

SMRH:410243367.1

## I. SUMMARY OF OPPOSITION

Plaintiff Nyko's Ex Parte Application to Strike ("Application") is a thinly disguised attempt to file sur-reply in violation of Local rule 7-10. The Application devotes about a page to its contention that "new arguments" were improperly introduced in Defendants' Reply Brief – which is incorrect for the reasons discussed below. In contrast, the bulk of Plaintiff's 8-page Application attempts to distinguish cases cited in Defendants' reply brief.

Defendants' Reply did not raise impermissible new argument. One of the central issues addressed by Defendants' Motion for Summary Judgment is whether the Asserted Claims are entitled to the priority of a provisional application filed October 24, 2007 (the "Provisional Application"). In their opening brief, Defendants relied on the general rule that, to obtain priority to an earlier application, the earlier application must <u>actually disclose</u> the limitations of the later claims (see, e.g., *Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565, 1572 (Fed. Cir. 1997), as well as the supporting principle that the new claims may not rely on "substantial changes and additions" in the later-filed application – i.e., new matter. (See Motion p. 19, citing *Anascape, Ltd. v. Nintendo of Am., Inc.*, 601 F.3d 1333, 1338 (Fed. Cir. 2010).[1]

In addition to this legal argument, Defendants specifically argued in the Motion that: "The '295 Application describes, <u>for the first time in any Navid patent application</u>, a charging system with 'DC ports on the base,' and not requiring a separate external adapter with a DC port to facilitate the connection between the controllers and the charge base." (Motion p. 9 (emphasis in original).) Again, this is the very definition of "new matter," i.e., material supporting claims in the later application that was not present in the earlier application to which priority is

---

[1] While Defendants' Motion does not use the specific term "new matter," the cited pages of *Anascape* do so repeatedly.

claimed. The Motion then devotes almost two full pages to describing the "<u>new embodiment</u> with the DC ports on the base" – i.e., the new matter – in the later '295 Application. (*Id*. pp. 9-10 (emphasis added).)

In its opposition, Plaintiff argued at length that the Asserted Claims were entitled to priority based on the Provisional Application. In particular, Plaintiff argued that "supported by the base" in Claim 13 was broad enough to include both USB ports directly on the base and USB ports on an adapter supported by the base. (Opp. pp. 12-14.) It was this argument by Plaintiff that further implicated the tenet that broader claims in a later application are not entitled to priority when they are based, in whole or in part, on new matter added to the later application – i.e., "substantial changes and additions" in the later-filed application. Thus, not only was the new matter principle substantively raised in the Motion, it was also entirely proper to address further in reply to arguments in Plaintiff's opposition.

Most significantly, Plaintiff's arguments attempting to narrow or distinguish the preclusion against new matter are simply wrong. The new matter principle applies to all subject matter and is not limited to "cutting edge issues on the frontiers of unpredictable technology." (See Opp. p. 4.) Plaintiff also mischaracterizes the circumstances under which a patentee may be entitled to broader "genus" claims based only on the disclosure of a species. Finally, Plaintiff flatly mischaracterizes *Hamilton Beach Brands, Inc. v. Sunbeam Products, Inc.*, 2012 U.S. Dist. LEXIS 97923 (E.D. Va. 2012), which involved the precise issue here – the addition of new matter to support broader claims that arguably cover both the embodiment in the original application and an obvious variation added in the latter application. That case correctly held that such claims are not entitled to priority.

...

## II. THE REPLY ARGUMENTS RELATING TO NEW MATTER ARE NOT "NEW ARGUMENTS"

The law is clear that arguments and authority offered in a reply brief do not constitute "new arguments" when they (1) relate to a central issue raised in the opening brief and/or (2) reasonably respond to arguments made in an opposition. *See ACLU of Nev. v. City of Las Vegas*, 333 F.3d 1092, 1106, n. 14 (9th Cir. 2003) (denying motion to strike because "[t]he 'new' arguments raised in the City's reply brief were a reasonable response to points made in the ACLU's answering brief."); *Endurance Am. Specialty Ins. Co. v. WFP Sec. Corp.*, 2012 U.S. Dist. LEXIS 153864, *13 (S.D. Cal. Sept. 28, 2012) ("The arguments contained in the WFP parties' reply in support of their motion for partial summary judgment are not new arguments but instead respond to Endurance's arguments regarding rescission in the opposition.  Therefore, the motion to strike the arguments is DENIED."); *Ronald A. Katz Tech. Licensing L.P. v. Cont'l Airlines, Inc. (In re Katz Interactive Call Processing Patent Litig.)*, 2009 U.S. Dist. LEXIS 129933, *11 (C.D. Cal. July 2, 2009) ("Here, the central issue was raised in the opening brief and the reply brief merely responds to different arguments made in Katz's opposition. Accordingly, this Court DENIES Katz's motion to strike the Snider Reply Declaration."); *Lexington Ins. Co. v. Swanson*, 2007 U.S. Dist. LEXIS 37620, *18 (W.D. Wash. May 23, 2007) (Denying motion to strike "[b]ecause the at-issue arguments and evidence reply to arguments made in the response brief, and do not involve an entirely new argument raised for the first time by Swanson in her reply.")

Here, a central issue addressed at length in the Motion was whether the Asserted Claims are entitled to priority based on the Provisional Application.  (See Mot. pp. 6-11, 15-21.)   Specifically, the Motion addressed the Federal Circuit's holding and analysis in *Anascape, Ltd. v. Nintendo of Am., Inc.*, 601 F.3d 1333 (Fed. Cir. 2010). (See e.g., Mot. p. 19:7-10:  In denying priority, "[t]he Federal Circuit also relied on the fact that the specification for the later-filed application contained

1   substantial changes and additions supporting embodiments with more than a single
2   input member. *Id.* at **1338.**" (emphasis added.))  This emphasized language from
3   the Motion squarely addresses the preclusion against priority for claims based on
4   "new matter" in the later-filed application, even if it does not use that term.
5   Significantly, however, the cited pages of the *Anascape* decision repeatedly do use
6   the term.  For example:  "Anascape states that these changes in the '700
7   specification and claims are not 'new matter.' That position is untenable, for the
8   changes are extensive and substantive. … This is classical new matter." *Anascape*,
9   601 F.3d at 1338 (emphasis added).  *Anascape* goes on to hold that the broader
10  claims in the later application are not entitled priority because they are based on new
11  matter in the later application.  *Id.* at 1340.  This is precisely the rule of the new
12  matter cases addressed in Defendants' Reply.

13       Further, the arguments in Defendants' Reply are in full accord with the
14  Federal Circuit's allocation of the burdens of production and proof in connection
15  with a claim of priority to an earlier application.  In *PowerOasis, Inc. v. T-Mobile*
16  *USA, Inc.*, 522 F.3d 1299, 1305-06 (Fed. Cir. 2008), the Federal Circuit held that,
17  once the defendant presented evidence of § 102(b) prior art to the asserted claims,
18  the burden was on the patentee to come forward with evidence to the contrary,
19  including evidence of entitlement to priority based on an earlier application.  Upon
20  the patentee's presentation of such evidence, the defendant is naturally entitled reply
21  with arguments that the asserted claims are not entitled to priority.

22       Here, Defendants' Motion presented a prima facie case of invalidity based on
23  the law and the undisputed facts, including a prima facie case that the Asserted
24  Claims are not entitled to priority based on the Provisional.  In opposition, Plaintiff
25  submitted a 103-paragraph expert declaration to support its argument that it was
26  entitled to priority because the Provisional allegedly disclosed (1) DC ports "on the
27  base" and (2) male mini-USB ports "supported by the base." Specifically, Plaintiff
28  argued that "supported by the base" in Claim 13 was broad enough to include both

1  USB ports directly on the base and USB ports on an adapter supported by the base.
2  (Opp. pp. 12-14.)  As pointed out in the Reply, this argument squarely implicates the
3  new matter principle because the later '295 Application included extensive new
4  matter, not present in the Provisional, disclosing DC ports directly on the base.
5  (Dkt. No. 133-4, e.g., FIGS. 11-15.)  In other words, even assuming the limitation
6  "male mini-USB ports supported by the base" is supported by the adapter
7  embodiment disclosed in the Provisional Application, the limitation is also
8  supported by the entirely new embodiment in the later '295 Application with DC
9  ports directly on the base.  Under both the Federal Circuit's burden-shifting
10 approach and the general authority cited above, it was more than appropriate for
11 Defendants to address this priority argument in further detail in their Reply.
12      In sum, the arguments addressing the new matter principle in the Reply were
13 both substantively raised in the Motion and properly responsive to arguments raised
14 in Plaintiff's Opposition.

### III. PLAINTIFF'S ARGUMENTS ARE INCORRECT ON THE MERITS

17      Under the veil of "new arguments" and "prejudice," Plaintiff's Application
18 seeks to obscure the new matter principle that clearly applies in this case.  Plaintiff's
19 arguments attempting to narrow or distinguish the preclusion against new matter are
20 simply wrong.  First, the principle applies to all subject matters and is not limited to
21 "cutting edge issues on the frontiers of unpredictable technology."  (See Opp. p. 4.)
22 In *Chiron v. Genentech*, 363 F.3d 1247 (Fed. Cir. 2004), the later filed claims were
23 deemed to include both monoclonal antibodies produced by the hybridoma method
24 and "chimeric and humanized antibodies" necessarily produced by genetic
25 engineering.  While the earlier application did not include a narrow definition of
26 antibodies, the later application specifically defined antibodies broadly to include
27 those produced by both methods.  While the court noted that chimeric and
28 humanized antibodies were not known at the time of the earlier application, the

holding was based on the basic new matter principle -- the broader definition in the later application was new matter, and claims supported by that new matter were not entitled to priority. "Otherwise applicants could add new matter to their disclosures and date them back to their original filing date, thus defeating an accurate accounting of the priority of invention. See 35 U.S.C. § 132." *Chiron*, 363 F.3d at 1255.

This is the same rule applicable in lower tech cases. See, e.g., *Anascape*, (earlier application required one input (e.g., a joystick) operable in six degrees of freedom; new matter in later application allowed one <u>or more</u> inputs collectively operable in six degrees of freedom); *Tech. Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1331 (Fed. Cir. 2008) (later claim allowing coupling of a video signal through a capacitor <u>or other circuit</u> not entitled to priority of an earlier application because support for the "or other circuit" limitation was based on new matter); *Hamilton Beach,* 2012 U.S. Dist. LEXIS 97923 at *26 (latching mechanisms on a slow cooker).

In attempting to distinguish the *Hamilton Beach* case, Plaintiff simply mischaracterizes it. The case involved a "clip" and "catch" mechanism on a slow cooker container and lid. Contrary to Plaintiff's argument at 6:10-11 of the Application, the earlier application disclosed both the clip <u>and the catch</u> referenced in the claims of the later application. *Id.* However, in the earlier application, the clip was on the sidewall of the cooker and the catch was on the lid of the cooker. *Id.* To cover a competitor's reverse configuration, the patentee wrote claims in a later application broad enough to cover a clip on the lid and a catch on the cooker. *Id.* at *27. To support the broader claims, the patentee added to the written description a new definition of the "clip" as <u>including</u> the catch. *Id.* The court held that broader definition was new matter, and the broader claims were not entitled to the priority of the earlier application. *Id.* at *35. Similarly here, Plaintiff wrote broader claims to cover both USB ports indirectly "supported by the base" and USB ports directly on

-6-

the base.  In support of the broader claims, the later '295 Application included extensive new matter disclosing DC ports directly on the base.  This is classic new matter which defeats Nyko's claim to priority.

Finally, Plaintiff's ex parte Application mischaracterizes the circumstances under which a patentee may be entitled to broader "genus" claims based only on the non-limiting disclosure of species. In essence, claims to a genus require sufficient disclosure of species that collectively disclose the common features of the genus. "A patentee is not deemed to disclaim every variant that it does not mention. However, neither is a patentee presumed to support variants that are not described." *Anascape*, 601 F.3d at 1339; *Hamilton Beach, supra* at *33-34 ("Acceptance of Sunbeam's new matter argument does not limit the '831 patent to a single embodiment, but rather only to what it in fact disclosed; a rejection of Sunbeam's argument, by contrast, would expand the '831 disclosure to embodiments that were not even suggested or contemplated.")  Here, while the Provisional may disclose multiple "species" -- e.g., adapters with ridges or grooves, adapters with angled edges, drop-fit adapters, push-fit adapters (Dkt. No. 133-5 pp. 10 and 11 of 30) – <u>every</u> species in the Provisional includes adapters to establish the connection between the controller and the charger base.  Thus, even if the Provisional does not expressly limit the invention to the disclosed embodiments, it does <u>not</u> support a variant <u>without an adapter</u> that was never even suggested, much less described.

## IV.  CONCLUSION

Defendants' argument that the Asserted Claims are based on new matter was substantively and extensively addressed in the Motion.  Defendants' Reply arguments regarding new matter are fairly raised in response to arguments raised in Plaintiff's Opposition.  And Plaintiff's attempts to distinguish those cases in their sur-reply masquerading as an Application to Strike are misleading at best.

1  Plaintiff's Ex Parte Application should be denied in its entirety and Defendants'
2  Reply considered in total.

3  Dated:  September 19, 2013

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By        */s/ Steven M. Hanle*
         DANIEL N. YANNUZZI
         STEVEN M. HANLE
         GRAHAM (GRAY) M. BUCCIGROSS

Attorneys for Performance Designed Products, LLC, Energizer Holdings, Inc., and Eveready Battery Co, Inc.

# CERTIFICATE OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I am employed in the County of San Diego; I am over the age of eighteen years and not a party to the within entitled action; my business address is 12275 El Camino Real, Suite 200, San Diego, California 92130.

On September 19, 2013 I electronically filed the following document(s) described as

**DEFENDANTS' OPPOSITION TO NYKO'S EX PARTE APPLICATION TO STRIKE ALLEGEDLY "NEW ARGUMENTS"**

with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the interested parties who have consented to electronic service via the CM/ECF system.

S. Art Hasan
G. Warren Bleeker
Katherine Quigley
Christie Parker and Hale LLP
655 North Central Avenue Suite 2300
Glendale, CA 91203-1445
Art.hasan@cph.com
Warren.bleeker@cph.com
Katherine.Quigley@cph.com

I declare that I am employed by a member of the bar of this Court, at whose direction this service was made.

Executed on September 19, 2013 at San Diego, California.

/s/ Sarah Lewis
Sarah Lewis