LINK: 168

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3001 GAF (VBKx) | Date | September 19, 2013 |
|---|---|---|---|
| Title | NYKO Technologies Inc v. Energizer Holdings Inc et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None | | None |

**Proceedings:**       (In Chambers)

### ORDER RE: EX PARTE APPLICATION TO STRIKE

   This application for ex parte relief is brought by Plaintiff NYKO Technologies, Inc. ("NYKO" or "Plaintiff") and relates to the motion for summary judgment currently before this Court.

   Defendants Energizer Holdings, Inc. ("Energizer"), Eveready Battery Company, Inc. ("Eveready"), and Performance Designed Products, LLC ("PDP") (collectively, "Defendants") filed a motion for summary judgment on August 20, 2013. (Docket No. 133-1, [Mot. for Summ. J. ("Mot.")].) Plaintiff filed its opposition to that motion on September 3, 2013. (Docket No. 135, [Opp. to Mot. for Summ. J. ("Opp.")].) Defendants filed their reply brief one week later, on September 10, 2013. (Docket No. 143, [Reply in Support of Mot. for Summ. J. ("Reply")].)

   Plaintiff claims that the reply improperly contains new arguments not raised in Defendants' initial motion. It therefore requests that the arguments "be stricken from their reply brief." (Docket No. 168, [Appl. to Strike] at 2) (quoting Wright v. Kaiser Found. Hosps., 2012 U.S. Dist. LEXIS 132459 at *6 (N.D. Cal. Sept. 17, 2012). The Court is now in receipt of Defendants' opposition to this request. (Docket No. 172, [Opp. to Pl. Appl. ("Opp.")].)

   Ex parte relief is appropriate where a party demonstrates (1) that it will be irreparably harmed but for ex parte relief; and (2) it is without fault in creating the need for ex parte relief. Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995). Additionally, an argument raised for the first time in a reply brief does not permit the moving party an opportunity to respond to it, and the Court should not consider the validity of such arguments. See United States v. Bohn, 956 F.2d 208, 209 (9th Cir. 1992) (noting that courts generally decline to consider arguments raised for the first time in a reply brief).

LINK: 168

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3001 GAF (VBKx) | Date | September 19, 2013 |
|---|---|---|---|
| Title | NYKO Technologies Inc v. Energizer Holdings Inc et al | | |

    Plaintiff has not demonstrated that it will be irreparably harmed absent ex parte relief, primarily because it has not demonstrated that the arguments raised in the reply brief were not also raised in the moving papers.

    Plaintiff's claim to irreparable harm rests on the proposition that it has not had an adequate opportunity to brief issues raised for the first time in Defendants' reply. However, this fails on two fronts. First, the proposed "new matter" was actually present in the initial motion, and therefore Plaintiff had the opportunity to address it. (Compare Reply at 14–18 with Mot. at 17–21.) The supposedly objectionable "new matter" -- that a provisional patent application does not entitle Plaintiff to an earlier priority date for its eventual patent, because the claims of the eventual patent contain new matter -- is in fact a fundamental component of Defendants' motion. (See Mot. at 20, "The disclosure of the earlier application must itself show that the inventor invented each feature that is included as a limitation of the asserted claims.") Second, Plaintiff already briefed this issue extensively in its opposition to the motion. (See Opp. at 8–13.) Indeed, Plaintiff's expert "squarely disputed Defendants' contentions that two elements [in the provisional application] are missing [from the final application] . . . concluding that they were in fact disclosed by the provisional application. (Opp. at 9.) The material Plaintiff asks this Court to strike was in fact present in the moving papers, and so Plaintiff cannot demonstrate irreparable harm.

    For these reasons the application to strike is **DENIED**.

    **IT IS SO ORDERED.**