SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
DANIEL N. YANNUZZI, Cal. Bar No. 196612
dyannuzzi@sheppardmullin.com
GRAHAM (GRAY) M. BUCCIGROSS, Cal. Bar No. 234558
gbuccigross@sheppardmullin.com
MATTHEW M. MUELLER. Cal. Bar No. 268486
mmueller@sheppardmullin.com
12275 El Camino Real, Suite 200
San Diego, California 92130-2006
Telephone: 858.720.8900
Facsimile: 858.509.3691

STEVEN M. HANLE, Cal. Bar No. 168876
shanle@sheppardmullin.com
650 Town Center Drive, 4th Fl.
Costa Mesa, CA 92626
Telephone: 714.513.5100
Facsimile: 714.513.5130

Attorneys for Performance Designed
Products LLC, Energizer Holdings, Inc.,
and Eveready Battery Co., Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NYKO TECHNOLOGIES, INC. a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ENERGIZER HOLDINGS, INC. a Missouri Corporation, EVEREADY BATTERY CO., INC., a Delaware Corporation, and PERFORMANCE DESIGNED PRODUCTS LLC, a California Limited Liability Company,<br><br>Defendants. | Case No. CV12-03001 GAF-VBK<br><br>**DECLARATION OF GRAHAM (GRAY) M. BUCCIGROSS IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEY FEES**<br><br>Date: December 16, 2013<br>Time: 9:30 a.m.<br><br>The Hon. Gary A. Feess<br><br>[Complaint Filed: April 5, 2012] |

I, Graham (Gray) M. Buccigross, declare as follows.

1. I am an attorney duly admitted to practice before this Court. I am an attorney with Sheppard, Mullin, Richter & Hampton, LLP, counsel for Defendants Performance Designed Products LLC ("PDP"), Eveready Battery Co. Inc., and Energizer Holdings, Inc., in the above-captioned action.

2. If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief.

3. Attached hereto as Exhibit A is a true and correct copy of excerpts from the deposition in this action of Amir Navid, who is the inventor and Nyko's Vice President of Product Development.

4. Attached hereto as Exhibit B is a true and correct copy of a sworn declaration that Navid filed during the prosecution of U.S. Patent Application No. 12/044,295, the application the led to the issuance of the patent-in-suit, in which he acknowledged his "duty to disclose information which is material to patentability as defined in 37 CFR § 1.56." This document is part of the prosecution history of the '295 Application.

5. Attached hereto as Exhibit C is a true and correct copy of excerpts from the October 23, 2008 deposition of Navid in *Nintendo of America, Inc. v. NYKO Technologies, Inc.*, Case No. 08-0907 (W.D. Wash.).

6. Performance Designed Products LLC's ("PDP") First Set of Interrogatories were propounded on July 16, 2012.

7. Attached hereto as Exhibit D is a true and correct copy of Nyko's September 7, 2012 Responses to PDP's First Set of Interrogatories.

8. Attached hereto as Exhibit E is a true and correct copy of Nyko's October 19, 2012 Supplemental Responses to Certain of PDP's First Set of Interrogatories.

9. Attached hereto as Exhibit F is a true and correct copy of a December 11, 2012 discovery meet-and-confer letter from Nyko to Defendants.

10. Attached hereto as Exhibit G is a true and correct copy of Nyko's December 20, 2012 Second Supplemental Responses to Certain of PDP's First Set of Interrogatories.

11. Given the documentary evidence of January 2007 sales that had come to light, and Nyko's refusals to explain its contentions, Defendant Eveready Battery Co., Inc. propounded follow-up interrogatories.

12. Attached hereto as Exhibit H is a true and correct copy of Nyko's March 8, 2013 Responses to Eveready's First Set of Interrogatories.

13. Attached hereto as Exhibit I is a true and correct copy of PDP's First Set of Requests for Production, which were served on July 16, 2012.

14. A number of requests in PDP's First Set of Requests for Production sought documents relating to the use and sales of Nyko's Charge Base prior to the critical date. Examples are Request for Production Nos. 6, 39, 66-68, and 70-73.

15. Attached hereto as Exhibit J is a true and correct copy of a December 5, 2012 letter from PDP to Nyko, in which PDP wrote Nyko demanding pre-critical date purchase orders, sales orders, invoices and communications relating thereto.

16. On December 7, 2012, the parties conducted a formal meet and confer on Defendants' planned summary judgment motion, and Defendants again demanded production of the Nyko sales documents.

17. Still not having received the documents, on December 20, 2012, PDP served its portion of a joint stipulation in support of a motion to compel.

18. On December 26, 2012, PDP agreed to withdraw the joint stipulation in reliance on Nyko's agreement to produce all documents by January 9, 2013. Attached hereto as Exhibit K is a true and correct copy of a December 26, 2012 email from PDP to Nyko evidencing this.

19. On January 9, 2013, Nyko wrote PDP claiming it was unable to produce all of the sales documents that day.

20. Nyko did not produce additional sales documents until January 30, 2013, in the middle of the Navid deposition. Even then, Nyko still did not produce all the sales documents.

21. Nyko did not produce a single purchase order or sales order pertaining to the pre-critical date sales to customers other than Amazon.

22. Defendants first noticed the deposition of Navid on October 12, 2012 to take place on November 8.

23. Because Nyko had barely started its document production before the deposition went forward, Defendants were forced to re-notice the Navid deposition for December 5, 2012. Attached hereto as Exhibit L is a true and correct copy of a November 6, 2012 letter from PDP to Nyko evidencing this.

24. After being asked to confirm that Navid would appear, Nyko stated that he would not, that Nyko would not be finished with its document production, and proposed that the deposition be scheduled for mid January 2013. Attached hereto as Exhibit M is a true and correct copy of a November 27, 2012 letter from Nyko to PDP evidencing this.

25. Defendants responded that this delay was unacceptable in light of their intention to move for summary judgment, but proposed to delay the deposition if Nyko would agree to provide complete responses to the outstanding interrogatories. Nyko refused, yet Navid failed to appear for the deposition as noticed. Attached hereto as Exhibit N is a true and correct copy of December 3, 2012 correspondence between the parties evidencing this.

26. While refusing to produce Navid until mid January, Nyko noticed three depositions of Defendants' employees for December 21, December 27 and January 9.

27. On December 14, 2012, Defendants noticed the deposition of Christopher Arbogast, whom Nyko had identified as its most knowledgeable witness

1  regarding the public use and offers for sale of the Charge Base, to take place on
2  January 16, 2013.

3  28. Nyko had agreed to complete its document production regarding public use and offers for sale by January 9, 2013 (to allow the depositions of Navid and Arbogast to go forward on January 15 and 16), in exchange for Defendants' agreement to withdraw their motion to compel regarding sales documents.

29. Nyko did not keep its agreement. As a result, Defendants were not able to complete Navid's deposition until January 30, 2013, and even then, without a complete document production.

30. Nyko waited three weeks after the notice was served before telling Defendants that Arbogast was purportedly unavailable on January 16.

31. Defendants stated that they would change the deposition of Arbogast only if Nyko provided an alternative date between January 10 and 24. Defendants even agreed to take the deposition on a weekend. Attached hereto as Exhibit O is a true and correct copy of a January 3, 2013 email evidencing this. Nyko ignored this offer and Arbogast failed to appear for the properly noticed deposition.

32. Having received no alternative dates, Defendants re-noticed the Arbogast deposition for January 29, 2013.

33. Arbogast failed to appear for his January 29, 2013 deposition.

34. On January 29, Nyko finally proposed dates for the Arbogast deposition, but not until March 2013 – three months after Defendants noticed the deposition.

35. Throughout Defendants' attempts to get Nyko to produce Arbogast for his deposition, Defendants reminded Nyko that it had identified Arbogast as its most knowledgeable witness as to Nyko's public use and sales of the Charge Base, and that his deposition was necessary to allow Defendants to file their motion. Defendants also offered, on several occasions, to stay other aspects of the litigation to allow the Court to resolve the priority and Section 102 issues without unnecessary

expense.  Nyko consistently refused.  For example, Defendants offered on January 30, 2013 to stay other aspects of the litigation.  Defendants offered again on February 14, 2013.  Attached hereto as Exhibit P is a true and correct copy of a February 14, 2013 email from Defendants to Nyko, offering to stay other aspects of the litigation.

36. When Nyko finally produced Arbogast for deposition, Defendants learned that he was not, in fact, knowledgeable about Nyko's early 2007 sales activity, and lacked any familiarity with the documents regarding these sales.

37. Attached hereto as Exhibit Q is a true and correct of an October 12, 2012 letter from Defendants to Nyko, requesting that the case against Energizer Holdings be dismissed.

38. Attached hereto as Exhibit R is a true and correct copy of Nyko's August 10, 2012 First Set of Requests for Production to Energizer Holdings.

39. Attached hereto as Exhibit S is a true and correct copy of Nyko's July 3, 2013 Second Set of Requests for Production to Energizer Holdings.

40. Attached hereto as Exhibit T is a true and correct copy of Nyko's March 18, 2013 First Set of Requests for Production to Eveready Battery Company.

41. Attached hereto as Exhibit U is a true and correct copy of Nyko's June 12, 2013 Second Set of Requests for Production to Eveready Battery Co.

42. Attached hereto as Exhibit V is a true and correct copy of Nyko's July 3, 2013 Third Set of Requests for Production to Eveready Battery Co.

43. Attached hereto as Exhibit W is a true and correct copy of Nyko's August 10, 2012 First Set of Interrogatories to Energizer Holdings.

44. Nyko also deposed an Eveready employee, Danielle Kyriakos, and noticed the Rule 30(b)(6) depositions of Energizer and Eveready, as well as the deposition of an additional Eveready employee, Bob Horvath.

45. Attached hereto as Exhibit X is a true and correct copy of a November 30, 2012 email from PDP to Nyko.

1
2  Executed this 18th day of November, 2013 at San Diego, California.
3                          Respectfully submitted,
4
5  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
6           By          */s/ Gray M. Buccigross*
7                  GRAHAM (GRAY) M. BUCCIGROSS
8                  Attorney for Energizer Holdings, Inc.,
9                  Eveready Battery Company, Inc., and
                   Performance Designed Products LLC
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28