**ART HASAN, CA Bar No. 167323**
art.hasan@cph.com
**G. WARREN BLEEKER, CA Bar No. 210834**
warren.bleeker@cph.com
**KATHERINE L. QUIGLEY, CA Bar No. 258212**
katherine.quigley@cph.com
**CHRISTIE, PARKER & HALE, LLP**
**655 N. Central Avenue, Suite 2300**
**Post Office Box 29001**
**Glendale, California 91209-9001**
**Telephone: (626) 795-9900**
**Facsimile: (626) 577-8800**

Attorneys for Plaintiff,
NYKO Technologies, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NYKO TECHNOLOGIES, INC., a California corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>ENERGIZER HOLDINGS, INC., a Missouri corporation, and PERFORMANCE DESIGNED PRODUCTS LLC, a California limited liability company,<br><br>        Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. CV 12-3001 GAF (VBKx)<br><br>**NYKO TECHNOLOGIES, INC.'S RESPONSES TO PERFORMANCE DESIGNED PRODUCTS LLC'S FIRST SET OF INTERROGATORIES**<br><br><br><br>**Hon. Gary Allen Feess** |

    NYKO TECHNOLOGIES, INC. ("NYKO") responds as follows to the First Set of Interrogatories propounded to it by PERFORMANCE DESIGNED PRODUCTS LLC ("PDP"):

-1-

CHRISTIE, PARKER & HALE, LLP

## **GENERAL OBJECTIONS**

1. NYKO objects to PDP's definitions, instructions and interrogatories to the extent that they are inconsistent with or purport to impose a duty of disclosure that is greater than or different from that required under the applicable Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California.

2. NYKO objects to PDP's definitions, instructions and interrogatories to the extent that they purport to require the disclosure of information that is protected by attorney-client privilege, work-product doctrine or other applicable privilege or protection from disclosure.

3. NYKO objects to PDP's definitions, instructions and interrogatories to the extent that they purport to require the disclosure of information that is not relevant to the claim or defense of any party, and to the extent they are not reasonably calculated to lead to the discovery of admissible evidence.

4. NYKO objects specifically to the definitions of "NYKO" as overly broad, harassing and oppressive, and as seeking to invade attorney-client privilege and attorney work product.   NYKO responds to each of the interrogatories for itself alone.

5. NYKO objects to PDP's definitions, instructions and interrogatories to the extent that they purport to require the disclosure of information that constitutes or contains trade secrets or other confidential research, development or commercial information.

6. NYKO objects to PDP's definitions, instructions and interrogatories to the extent that they purport to require the disclosure of information that does not exist or is not in NYKO's possession, custody or control.

7. NYKO objects to PDP's definitions, instructions and interrogatories to the extent that they purport to require the disclosure of information that has been lost, destroyed, deleted or otherwise transferred outside of NYKO's possession,

-2-

custody or control.

8. NYKO objects to PDP's definitions, instructions and interrogatories to the extent that they impose on NYKO an unreasonable burden or expense.

9. NYKO objects to that the interrogatories, including all non-discrete subparts, exceed the 25 written interrogatory limit in violation of Rule 33(a)(1) and are therefore invalid on their face and require no response.

10. NYKO objects that discovery is in its early stages and NYKO reserves the right to assert and seek a Court order that one or more interrogatories need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

Subject to and without waiving the foregoing objections, each of which is specifically incorporated into each individual response below, NYKO responds to PDP's First Set of Interrogatories as follows:

### RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1**:

Separately for each claim of the Patent-in-Suit, identify and describe the dates, location, circumstances, and corroborating evidence of the conception, any alleged actual reduction to practice, constructive reduction to practice, and any alleged diligence, including identifying all Persons with knowledge thereof and all Documents and Things evidencing or referring to Navid's and any other Person's activities during any alleged period of diligence.

**RESPONSE TO INTERROGATORY NO. 1**:

NYKO incorporates its General Objections.

NYKO objects that this interrogatory is compound.  NYKO objects that the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  NYKO objects that the term "activities" is not defined and is vague and ambiguous.  NYKO objects that the request seeks

-3-

CHRISTIE, PARKER & HALE, LLP

information that is confidential and to the extent NYKO produces or makes available for production any responsive information, it will be produced under a mutually agreeable protective order entered by the Court.

Subject to, and without waiving any objections, NYKO responds as follows:

Amir Navid has knowledge of the described topics.  Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, NYKO will specify documents containing responsive information and/or make the responsive documents available for examination pursuant to the mutually agreeable terms of a protective order entered by the Court.  NYKO reserves its right to supplement its response.

**INTERROGATORY NO. 2**:

Separately for each claim of the Patent-in-Suit, describe in detail all facts and circumstances relating to the first sale or offer for sale, including identifying participating Persons, other knowledgeable Persons, dates, Documents evidencing or referring thereto, and describe in detail what was sold or offered for sale.

**RESPONSE TO INTERROGATORY NO. 2**:

NYKO incorporates its General Objections.

NYKO objects that this interrogatory is compound.  NYKO objects that the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.   NYKO objects that the request is overbroad because it seeks information regarding patent claims not at issue in this case.  NYKO objects that the request is vague and ambiguous--first sale or offer for sale of what?  PDP fails to identify the subject of the purported sales and

-4-

CHRISTIE, PARKER & HALE, LLP

offers for sale.  PDP also fails to define sale or offer for sale and these terms are vague and ambiguous.  To the extent PDP is referring to more than one product, the interrogatory is compound and should be treated as multiple interrogatories. NYKO objects that the request seeks information that is confidential and to the extent NYKO produces or makes available for production any responsive information, it will be produced under a mutually agreeable protective order entered by the Court.

Subject to, and without waiving any objections, NYKO responds as follows:

NYKO is willing to meet and confer with counsel for PDP to reach a common understanding as to the scope of this request so that NYKO can respond to the request.  To the extent NYKO can decipher what exactly PDP is requesting, which is currently unclear, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, NYKO will specify documents containing responsive information and/or make the responsive documents available for examination pursuant to the mutually agreeable terms of a protective order entered by the Court.  NYKO reserves its right to supplement its response.

**INTERROGATORY NO. 3**:

Separately for each claim of the Patent-in-Suit, describe in detail all facts and circumstances relating to the first non-public disclosure, public disclosure, presentation, demonstration, and use, including identifying participating Persons, other knowledgeable Persons, dates, Documents evidencing or referring thereto, and describe in detail what was disclosed, demonstrated, and used.

-5-

CHRISTIE, PARKER & HALE, LLP

**RESPONSE TO INTERROGATORY NO. 3**:

NYKO incorporates its General Objections.

NYKO objects that this interrogatory is compound.  NYKO objects that the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  NYKO objects that the term "non-public disclosure" is not defined and is vague and ambiguous.  NYKO objects that the term "public disclosure" is not defined and is vague and ambiguous.  NYKO objects that the term "presentation" is not defined and is vague and ambiguous.  NYKO objects that the term "demonstration" is not defined and is vague and ambiguous.  NYKO objects that the term "use" is not defined and is vague and ambiguous.  NYKO objects that PDP fails to explain what specific product is the subject of this interrogatory.  To the extent PDP is referring to more than one product, the interrogatory is compound and should be treated as multiple interrogatories.  NYKO objects that the request seeks information that is confidential and to the extent NYKO produces or makes available for production any responsive information, it will be produced under a mutually agreeable protective order entered by the Court.

Subject to, and without waiving any objections, NYKO responds as follows:

NYKO is willing to meet and confer with counsel for PDP to reach a common understanding as to the scope of this request so that NYKO can respond to the request.  To the extent NYKO can decipher what exactly PDP is requesting, which is currently unclear, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, NYKO will specify documents containing responsive information

-6-

CHRISTIE, PARKER & HALE, LLP

and/or make the responsive documents available for examination pursuant to the mutually agreeable terms of a protective order entered by the Court.   NYKO reserves its right to supplement its response.

**INTERROGATORY NO. 4**:

Identify each Instrumentality developed at least in part by or on behalf of Nyko or Navid that practices, has ever practiced, or is contemplated for future practice of any of the Patent-in-Suit by name and trade designation, manufacturer, licensees, dates sold or otherwise provided, and places sold or otherwise provided, and specify in claim charts where each element of each claim is allegedly found within each such Instrumentality, and identify Persons with knowledge thereof and all Documents and Things evidencing or referring thereto.

**RESPONSE TO INTERROGATORY NO. 4**:

NYKO incorporates its General Objections.

NYKO objects that this interrogatory is compound.  NYKO objects that the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  NYKO objects that the request seeks information that is confidential and to the extent NYKO produces or makes available for production any responsive information, it will be produced under a mutually agreeable protective order entered by the Court.

Subject to and without waiving any objections, NYKO responds as follows:

Products developed by NYKO that practice one or more claims of the '848 patent include the NYKO Charge Base (Item No. 83017), the NYKO Charge

CHRISTIE, PARKER & HALE, LLP

-7-

Base 2 (Item No. 83053) and the NYKO Charge Base 3 (Item No. 83100).

In addition, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, NYKO will specify documents containing responsive information and/or make the responsive documents available for examination pursuant to the mutually agreeable terms of a protective order entered by the Court.

NYKO reserves its right to supplement its response.

**INTERROGATORY NO. 5**:

Separately for each Instrumentality identified in response to Interrogatory No. 4, state on a monthly, quarterly and annual basis Nyko's United States sales (including, but not limited to, unit sales, gross dollar sales and net dollar sales), gross margin and operating profit (or contribution), and all costs included in calculating gross margin and operating profit, since each Instrumentality was first sold to the present.

**RESPONSE TO INTERROGATORY NO. 5**:

NYKO incorporates its General Objections.

NYKO objects that this interrogatory is compound.  NYKO objects that the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  NYKO objects that the request seeks information that is confidential and to the extent NYKO produces or makes available for production any responsive information, it will be produced under a mutually agreeable protective order entered by the Court.

Subject to, and without waiving any objections, NYKO responds as follows:

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, NYKO will

-8-

CHRISTIE, PARKER & HALE, LLP

specify documents containing responsive information and/or make the responsive documents available for examination pursuant to the mutually agreeable terms of a protective order entered by the Court.  NYKO reserves its right to supplement its response.

**INTERROGATORY NO. 6**:

Describe in detail "[t]he product Nyko introduced in January 2007 [that] includes each and every feature of the claimed invention," as referenced in Docket No. 44 [Third Declaration of Amir Navid in Support of Plaintiffs Ex Parte Application for (1) Temporary Restraining Order and (2) Order to Show Cause re: Preliminary Injunction), ¶ 17. This includes stating when the product was first publicly announced, first offered for sale, first sold (and to whom), the product name and number, the SKU number, who was involved in its design and development and when, all printed publications describing or depicting the product prior to March 8, 28 2007, and identifying all identify Persons with knowledge thereof and all Documents and Things evidencing or referring thereto.

**RESPONSE TO INTERROGATORY NO. 6**:

NYKO incorporates its General Objections.

NYKO objects that this interrogatory is compound.  NYKO objects that the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  NYKO objects that the request seeks information that is confidential and to the extent NYKO produces or makes available for production any responsive information, it will be produced under a mutually agreeable protective order entered by the Court.

-9-

CHRISTIE, PARKER & HALE, LLP

Subject to, and without waiving any objections, NYKO responds as follows:

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, NYKO will specify documents containing responsive information and/or make the responsive documents available for examination pursuant to the mutually agreeable terms of a protective order entered by the Court.  NYKO reserves its right to supplement its response.

**INTERROGATORY NO. 7**:

Describe in detail your contentions regarding why Navid purportedly did not commit inequitable conduct or have unclean hands during the prosecution of the Patent-in-Suit, as alleged in any of Defendants' Answers and Counterclaims, including: (a) when Navid became aware of each barring event; (b) whether you contend the on-sale status and publications of the barring events were material or not, and if not, why not; (c) why Navid did not disclose each barring event to the U.S. Patent and Trademark Office; (d) if you contend that Navid did not intend to deceive the U.S. Patent and Trademark Office, why not; and (e) identify all Documents and Things that you and Navid intend to rely on to support your contentions.

**RESPONSE TO INTERROGATORY NO. 7**:

NYKO incorporates its General Objections.

NYKO objects that this interrogatory is compound.  NYKO objects that the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.   NYKO objects that the request seeks

-10-

information that is confidential and to the extent NYKO produces or makes available for production any responsive information, it will be produced under a mutually agreeable protective order entered by the Court.  NYKO objects that the interrogatory is improper because it purports to require NYKO to respond to PDP's invalidity contentions before PDP has served its invalidity contentions. NYKO objects that the term "barring event" is not defined and is vague and ambiguous.

Subject to, and without waiving any objections, NYKO responds as follows:

United States Patent No. 8,143,848 is valid and enforceable.  There are no "barring events."  There are no factual or legal bases for any claim of inequitable conduct in view of *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F. 3d 1276, 1287-88 (Fed. Cir. 2011).  There are no factual or legal bases for any claim of "unclean hands."  NYKO reserves all rights to supplement its response.


**INTERROGATORY NO. 8**:

Describe in detail all of Nyko's efforts to determine whether any PDP Instrumentalities infringe any claim of the '848 Patent and/or read on any claim in the '295 Application, including: identify all PDP Instrumentalities acquired or analyzed; state the dates when Nyko first became aware of the PDP Instrumentalities; identify all Documents analyzed in such determination; describe the investigation of PDP's products and business; state why Nyko decided to conduct or commission the investigation; identify who requested, performed, and learned of any review, investigation or testing; describe when and

-11-

CHRISTIE, PARKER & HALE, LLP

where such activities took place; describe the results; and state the dates when Nyko first believed that any PDP Instrumentality infringed and/or read on any claim.

**RESPONSE TO INTERROGATORY NO. 8**:

NYKO incorporates its General Objections.

NYKO objects that this interrogatory is compound.  NYKO objects that the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  NYKO objects that the request seeks information that is subject to the attorney-client privilege and attorney work product doctrine.  NYKO reserves all rights to supplement its response.

**INTERROGATORY NO. 9**:

For all damages that You contend PDP is liable for in this case: (a) state whether the basis for Your contention is a theory of lost profits and/or reasonable royalty; (b) state in detail the amount and basis of the lost profits or reasonable royalty by product name and number, including any data, assumptions, or calculations that support Your stated amount and the method by which You calculated that amount; (c) identify all evidence and Documents on which You intend to rely to support Your calculations and the Persons who have knowledge upon which Your calculations are based; and (d) identify each Person who contributed information used in preparing Your Answer to this Interrogatory and the Person most knowledgeable about the underlying facts.

**RESPONSE TO INTERROGATORY NO. 9**:

NYKO incorporates its General Objections.

-12-

CHRISTIE, PARKER & HALE, LLP

NYKO objects that this interrogatory is compound.  NYKO objects that the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  NYKO objects that the request seeks information that is subject to the attorney-client privilege and attorney work product doctrine.  NYKO objects that the request seeks information that is confidential and to the extent NYKO produces or makes available for production any responsive information, it will be produced under a mutually agreeable protective order entered by the Court.  NYKO objects that this requests seeks expert discovery in violation of the Court's Scheduling Order.

Subject to, and without waiving any objection, NYKO responds as follows:

NYKO has not yet determined the range of its damages.  Much of the information needed to determine the range of NYKO's damages is in the possession of the Defendants and Defendants have not yet produced that information.  NYKO at a minimum seeks lost profits and no less than a reasonable royalty based on the accused products.  NYKO further contends that this is an exceptional case entitling NYKO to its attorneys' fees and costs. NYKO reserves all rights to supplement its response.

**<u>INTERROGATORY NO. 10</u>**:

For each item and combination of Prior Art identified by PDP as invalidating any claim of the '848 Patent, describe in detail why each does not anticipate or render obvious any such claim, including: (a) providing a claim chart that describes in detail the differences between each item and combination of Prior Art and each limitation of each asserted claim; (b) describe any alleged "teaching away" by the Prior Art; (c) provide all bases for contentions with respect to secondary considerations of non obviousness, identifying any nexus

-13-

CHRISTIE, PARKER & HALE, LLP

between the claimed features and any of those considerations; (e) identify all Documents relied on in preparing Your response to this Interrogatory; and (I) identify the Person most knowledgeable regarding the underlying facts.

**RESPONSE TO INTERROGATORY NO. 10**:

NYKO incorporates its General Objections.

NYKO objects that this interrogatory is compound.  NYKO objects that the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  NYKO objects that the request seeks information that is subject to the attorney-client privilege and attorney work product doctrine.  NYKO objects that this request is premature because PDP has not yet served its invalidity contentions.  NYKO objects that PDP has failed to identify what specifically it contends is "Prior Art" and NYKO therefore cannot respond until PDP identifies what it contends is "Prior Art."  NYKO objects that the request seeks information that is confidential and to the extent NYKO produces or makes available for production any responsive information, it will be produced under a mutually agreeable protective order entered by the Court. NYKO reserves all rights to supplement its response.

**INTERROGATORY NO. 11**:

Describe in detail the level of ordinary skill in the art pertaining to the subject matter of the '848 Patent that Nyko contends is applicable under 35 U.S.C. §§ 101 *et seq.* (including the date at which Nyko contends the level of ordinary skill in the art is measured), and identify all Documents and all Persons with relevant knowledge relied on in preparing Your response to this Interrogatory.

-14-

**RESPONSE TO INTERROGATORY NO. 11**:

NYKO incorporates its General Objections.

NYKO objects that this interrogatory is compound.  NYKO objects that the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving any objections, NYKO responds as follows:  The level of ordinary skill in the art pertaining to the subject matter of the '848 Patent is a B.S. in engineering or other technical training in electromechanical product design or equivalent work experience in product development in the video game accessory arts.

**INTERROGATORY NO. 12**:

State all facts regarding any Person's assertion or communication that the Patent-in-Suit (or any claim thereof) may be invalid or unenforceable, and any disclosure of purported Prior Art, including identifying each Person, identifying all purported Prior Art, describing in detail and identifying each of the bases for each assertion or communication that the claims are invalid or unenforceable, all responses, and identifying the Persons most knowledgeable about such factual circumstances and all Documents and Things evidencing or referring thereto.

**RESPONSE TO INTERROGATORY NO. 12**:

NYKO incorporates its General Objections.

NYKO objects that this interrogatory is compound.  NYKO objects that the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.   NYKO objects that the request seeks

-15-

information that is subject to the attorney-client privilege and attorney work product doctrine.

Subject to, and without waiving any objections, NYKO responds as follows:

NYKO is not aware of any assertion or communication from any third party (other than Defendants) that the '848 Patent may be invalid or unenforceable. NYKO reserves all rights to supplement its response.

**INTERROGATORY NO. 13**:

For each claim of the Patent-in-Suit, describe in detail Your contentions on a claim-by-claim and limitation-by-limitation basis, regarding whether and why that claim is entitled to the priority date of U.S. Provisional Application No. 60/982,364, including identifying all disclosures You contend support the priority for each claim limitation, describing in detail Your contentions regarding why priority was properly claimed, and identifying all Documents that You intend to rely on to support Your contentions.

**RESPONSE TO INTERROGATORY NO. 13**:

NYKO incorporates its General Objections.

NYKO objects that this interrogatory is compound. NYKO objects that the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. NYKO objects that the request seeks information that is subject to the attorney-client privilege and attorney work product doctrine.

Subject to, and without waiving any objections, NYKO responds as

-16-

follows:

The claims of the patent-in-suit are entitled to the priority of U.S. Provisional Application No. 60/982,364 ("Provisional Application").   One of ordinary skill in the art would recognize that the claims of the '848 patent are supported by the disclosure of the Provisional Application. *See Tronzo v. Biomet, Inc.*, 156 F. 3d 1154, 1159 (Fed. Cir. 1998); *TurboCare Div. of Demag Delaval Turbomachinery Corp. v. GE*, 264 F.3d 1111, 1118-20 (Fed. Cir. 2001).   The following paragraphs point out exemplary sections of the Provisional Application that support the '848 patent claims.   These sections referenced below are purely illustrative and not exclusive of other sections of the Provisional Application.

The Provisional Application discloses the video game controller charging system for charging a plurality of video game controllers using externally supplied power according to Claim 1. [*See e.g.* Prov. App. ¶¶ 0001, lines 6-8, 0005, lines 7-14, 0016, lines 15-25, 0017, lines 26-27, 0021, lines 9-11, 0022, lines 14-27, 0024, lines 16-25, 0028, lines 3-8, Claim 1 and Figs. 1-8].  The video game controller charging system includes a base [*See e.g.* Prov. App. ¶¶ 0005, lines 7-12, 0017, line 26-27, 0024, line 21, 0025, line 26, Abstract, lines 6-9, Claim 1 and Figs. 1, 2, 3, 5, & 7] and at least one structure on the base for providing physical support to the plurality of video game controllers, while the plurality of video game controllers are being charged. [*See e.g.* Prov. App. at docking bays 12, 14 at ¶¶ 0016, lines 18-25, 0017, lines 26-4, 0018, lines 8-10, 0019, lines 18-24, Figs. 1-3; adapters 16 at ¶¶ 0005, lines 12-15, 0016, lines 20-25, 0018, lines 8-15, 0019, lines 18-24, 0020, lines 25-7, 0021, lines 8-13, 0022, lines 14-25, 0023, lines 5-15, 0025, lines 26-3, 0028, lines 4-8 and Figs. 2-4C;

-17-

and partition 28 at ¶¶ 0017, line 3 and Fig. 1 & 3].

The Provisional Application discloses a plurality of male DC ports on the base, each of which is configured to couple to and provide DC power to a power input port of a respective one of the plurality of video game controllers. [*See e.g.* Prov. App. ¶¶ 0003, lines 20-26, 0005, lines 9-14, 0016, lines 22-25, 0021, lines 9-13, 0022, lines 14-17, 0024, lines 18-25, 0028, lines 4-6, 0029, lines 10-13, Abstract 6-12, Claim 1 and Figs. 2, 3, 5 & 6].   For example, the application discloses a base with a recess [*See e.g.* Prov. App. ¶ 0005, line 10 and Abstract, line 7] into which a male DC port bearing structure called an "adapter" is fitted or attached [*See e.g.* Prov. App. ¶ 0018, line 10-15].   The adapter may be placed into the docking bay by a push-fit, press-fit, snap-fit or attachment with prongs. [*See e.g.* Prov. App. ¶ 0023, lines 9-15].   As the DC port is integrally disposed within the adapter [*See e.g.* Prov. App. ¶ 0022, line 14], the DC port is on the base when the adapter is placed within the recess. [*See e.g.* Prov. App. Fig. 3].   This is clearly shown in Figure 3:



[Prov. App. at Fig. 3 (blue text and arrows added)].

-18-

CHRISTIE, PARKER & HALE, LLP

The Provisional Application further discloses at least one structure on the base which includes a plurality of docking bays open in a first direction and each configured to receive a respective one of the plurality of video game controllers from the first direction. [*See e.g.* Prov. App. ¶¶ 0016, lines 18-25, 0017, lines 26-4, 0018, lines 8-10, 0019, lines 18-24, 0023, lines 7-10 and Figs. 1-3, 5 & 6].  The base also includes at least one structure which comprises a plurality of pairs of opposite surfaces, each pair of surfaces defining a respective docking bay of the plurality of docking bays. [*See e.g.* Prov. App. ¶¶ 0016, lines 18-25, 0017, lines 26-4, 0018, lines 8-10, 0019, lines 18-24, 0023, lines 7-10 and Figs. 1-3, 5, & 6]. When the adapter with the integral DC port is fitted or attached within the respective docking bay [*See e.g.* Prov. App. ¶ 0023, lines 9-10], the male DC port integrally disposed on the adapter is on the base between a respective one of the pairs of surfaces of the docking bays. [*See e.g.* Prov. App. ¶¶ 0016, lines 18-25, 0017, lines 26-4, 0018, lines 8-15, 0019, lines 18-24, 0022, line 14, 0023, lines 7-10 and Figs. 1-3, 5 & 6].

In sum, the Provisional Application discloses all the elements of Claim 1 as described above.

Regarding Claim 2, the Provisional Application also discloses a plurality of DC ports which are a plurality of male mini-USB connectors. [*See e.g.* Prov. App. ¶ 0021, lines 11-14, Claim 6 and Fig. 2, 3, & 4A].

Regarding Claim 3, the Provisional Application also discloses a current detector that is electrically coupled to the plurality of DC ports and an indicator which is electrically coupled to the current detector and that is configured to indicate a charging status of the video game controller charging system. [*See e.g.*

-19-

CHRISTIE, PARKER & HALE, LLP

Prov. App. ¶¶ 0026-27, lines 6-26, 00030-31, lines 14-27, Claim 2 and Fig. 8].

Regarding Claim 4, the Provisional Application also discloses an indicator that includes at least one LED. [*See e.g.* Prov. App. ¶¶ 0026-27, lines 6-26, 00030-31, lines 14-27, Claim 3 and Fig. 8].

Regarding Claim 5, the Provisional Application also discloses pairs of opposite surfaces that are configured to align respective ones of the plurality of video game controllers such that the power input ports of the respective ones of the plurality of video game controllers couple to respective ones of the plurality of DC ports. [*See e.g.* Prov. App. ¶¶ 0016, lines 18-25, 0017, lines 26-4, 0018, lines 8-15, 0019, lines 18-24, 0021, lines 9-11, 0022, line 14-17, 0023, lines 7-10 and Figs. 1-3, 5, & 6].

Regarding Claim 7, the Provisional Application also discloses a plurality of DC ports that are configured to concurrently couple to and provide DC power to the plurality of video game controllers. [*See e.g.* Prov. App. ¶ 0024, lines 16-25 and Figs. 2, 3, 5 & 6].

Regarding Claim 8, the Provisional Application also discloses an AC-to-DC converter that is adapted to convert the externally supplied power to DC power which is provided to the power input ports of the respective video game controllers. [*See e.g.* Prov. App. ¶¶ 0005, lines 9-14, 0016, lines 19-25, 0022, lines 14-2, 0024, lines 17-25, 0029, lines 9-12, Abstract 7-12 and Fig. 7].

Regarding Claim 10, the Provisional Application also discloses an AC-to-DC converter that is external to the base. [*See e.g.* Prov. App. ¶¶ 0024, lines 17-25, 0029, lines 9-12].

Regarding Claim 11, the Provisional Application also discloses an AC-to-

-20-

DC converter that is adapted to convert an AC voltage in the range of 100V to 240V corresponding to the externally supplied power into a DC voltage corresponding to the DC power. [*See e.g.* Prov. App. ¶ 0028, lines 6-8 and Fig 7]. One of ordinary skill in the art would recognize that this element was disclosed. *See Tronzo v. Biomet, Inc.*, 156 F. 3d 1154, 1159 (Fed. Cir. 1998); *TurboCare Div. of Demag Delaval Turbomachinery Corp. v. GE*, 264 F.3d 1111, 1118-20 (Fed. Cir. 2001). Electrical outlets throughout in the world typically output between 100V and 240V and hence a large majority of AC-to-DC converters allow for an input of this range in order to accommodate usage in various countries.

Regarding Claim 12, the Provisional Application also discloses a DC voltage of 5V. [*See e.g.* Prov. App. Fig. 8] Figure 8 discloses an input voltage of 5.0V DC Power (VCC) being supplied to the USB ports USB1 and USB2. [*See e.g.* Prov. App. ¶ 0022, lines 9-13 and Figs. 2,3, & 4A].

Regarding Claim 13, the Provisional Application discloses a charging system for charging a plurality of video game controllers, each having a power input port. [*See e.g.* Prov. App. ¶¶ 0001, lines 6-8, 0005, lines 7-14, 0016, lines 15-25, 0017, lines 26-27, 0021, lines 9-11, 0022, lines 14-27, 0024, lines 16-25, 0028, lines 3-8 and Figs. 1-8]. The charging system includes a base [*See e.g.* Prov. App. ¶¶ 0005, lines 7-12, 0017, line 26-27, 0024, line 21, 0025, line 26, Abstract, lines 6-9 and Figs. 1, 2, 3, 5, & 7] and a plurality of male mini-USB connectors supported by the base and each adapted to provide DC power to a respective one of the plurality of video game controllers. [*See e.g.* Prov. App. ¶¶ 0005, lines 12-14, 0021, lines 9-14, 0022, 14-15, 0024, lines 17-25, 0029, lines 9-

-21-

CHRISTIE, PARKER & HALE, LLP

12, Abstract 9-11 and Fig. 2, 3, 4A, 5, 6 & 7].

The Provisional Application also discloses the charging system as including at least one docking structure defining a plurality of docking bays open in a first direction and configured to receive from the first direction and align respective ones of the plurality of video game controllers to couple to respective ones of the plurality of male mini-USB connectors. [*See e.g.* Prov. App. ¶¶ 0016, lines 18-25, 0017, lines 26-4, 0018, lines 8-10, 0019, lines 18-24, 0021, lines 11-14, 0023, lines 7-10 and Figs. 1-3, 4A, 5 & 6].  The charging system further includes a power input for connecting to a power supply in which the power input is electrically coupled to the plurality of male mini-USB connectors [*See e.g.* Prov. App. ¶¶ 0021, lines 11-14, 0022, lines 26-27, 0024, lines 17-25, 0029, lines 9-12 and Fig. 2, 3, 4A & 7] and at least one docking structure that includes a plurality of pairs of substantially parallel opposite planar surfaces, each pair of surfaces defining a respective docking bay of the plurality of docking bays, each of the docking bays being open on opposite sides between the respective pairs of surfaces. [*See e.g.* Prov. App. ¶¶ 0016, lines 18-25, 0017, lines 26-4, 0018, lines 8-10, 0019, lines 18-24, 0023, lines 7-10 and Figs. 1-3, 5, & 6].

In sum, the Provisional Application discloses all the elements of Claim 13 as described above.

Regarding Claim 15, the Provisional Application also discloses a charging system that includes an AC-to-DC converter external to the base and electrically coupled to the power input. [*See e.g.* Prov. App. ¶¶ 0005, 10-12, 0022, lines 25-26, 0024, lines 17-25, 0029, lines 9-12, and Abstract, lines 7-9].

Regarding Claim 16, the Provisional Application also discloses a current

-22-

CHRISTIE, PARKER & HALE, LLP

detector that is electrically coupled to the plurality of male mini-USB connectors; and an indicator that is electrically coupled to the current detector, the indicator configured to indicate a charging status of the charging system. [*See e.g.* Prov. App. ¶¶ 0026-27, lines 6-26, 00030-31, lines 14-27 and Fig. 8].

Regarding Claim 17, the Provisional Application also discloses an indicator that includes at least one LED. [*See e.g.* Prov. App. ¶¶ 0026-27, lines 6-26, 00030-31, lines 14-27 and Fig. 8].

NYKO reserves all rights to supplement its response.

**INTERROGATORY NO. 14**:

Identity all Persons that Nyko has contacted, been contacted by, or negotiated with in an effort for that Person to obtain a license, covenant not to sue, or other right to the '848 Patent or '295 Application, and describe such contacts or negotiations, including whether that Person obtained a license, covenant not to sue, or other right, and for each such license, covenant not to sue, or other right granted or offered, the identity of the Person or company who entered into or negotiated the agreement with Nyko, the date of such agreement, the terms of such agreement or proposed agreement, the date that negotiations on the agreement or proposed agreement began, and the outcome of any negotiations relating to the agreement or proposed agreement.

**RESPONSE TO INTERROGATORY NO. 14**:

NYKO incorporates its General Objections.

NYKO objects that this interrogatory is compound.  NYKO objects that the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  NYKO objects that the request seeks

-23-

CHRISTIE, PARKER & HALE, LLP

information that is subject to the attorney-client privilege and attorney work product doctrine.   NYKO objects that the request seeks information that is confidential and to the extent NYKO produces or makes available for production any responsive information, it will be produced under a mutually agreeable protective order entered by the Court.

Subject to, and without waiving any objections, NYKO responds as follows:

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, NYKO will specify documents containing responsive information and/or make the responsive documents available for examination pursuant to the mutually agreeable terms of a protective order entered by the Court.  NYKO reserves its right to supplement its response.

DATED:  September 7, 2012                    Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP


By /s/ G. Warren Bleeker
     Art Hasan
     G. Warren Bleeker
     Katherine L. Quigley

Attorneys for Plaintiff,
NYKO TECHNOLOGIES, INC.

CHRISTIE, PARKER & HALE, LLP

-24-

## CERTIFICATE OF SERVICE

I certify that on September 7, 2012 I have served a true copy of this document via e-mail (per agreement of the parties) to the individuals addressed as follows:

Steven M. Hanle, Esq.
Daniel N. Yannuzzi, Esq.
Gray M. Buccigross, Esq.
SHEPPARD MULLIN RICHTER & HAMPTON LLP
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626
shanle@sheppardmullin.com
dyannuzzi@sheppardmullin.com
gbuccigross@sheppardmullin.com
Counsel for Defendants

I am a member of the Bar of this Court.

Executed on September 7, 2012 at Altadena, California.

*/s/ G. Warren Bleeker*
G. Warren Bleeker

SRD PAS1188870.1-*-08/24/12 6:21 PM

-25-

CHRISTIE, PARKER & HALE, LLP