

GLENDALE OFFICE

655 N. Central Avenue, Suite 2300
Glendale, CA 91203-1445

Post Office Box 29001
Glendale, CA 91209-9001

E-mail:  info@cph.com
Tel: (626) 795-9900 • Fax: (626) 577-8800

December 11, 2012

<u>VIA EMAIL ONLY</u>

Gray M. Buccigross
SHEPPARD MULLIN
12275 El Camino Real, Suite 200
San Diego, California  92130-2006

**Re:**   ***Nyko Technologies, Inc. v. Performance Designed Products, LLC, and Energizer Holdings, Inc.***
***CPH Ref. N220:100.4***

Dear Gray:

This letter is in response to your prior correspondence regarding NYKO's discovery responses. For convenience, I have included the text from your letter in blue font and NYKO's response is in black font.

> ROG No. 1: Conception, Diligence, and Reduction to Practice
>
> This Interrogatory requests that Nyko "describe the dates, location, circumstances, and corroborating evidence of the conception, any alleged actual reduction to practice, constructive reduction to practice, and any alleged diligence."
>
> Nyko agreed to provide its contended conception date or dates for all asserted claims of the '848 patent. PDP's understanding is that this will no longer be a placeholder date. In other words, Nyko will not use "at least as early as" or similar language.

NYKO agreed to identify its contended conception date(s).  PDP however does not get to dictate how NYKO words its response.

> Nyko agreed to describe in detail the steps in the invention process.

NYKO agreed to describe the steps in the invention process.

> You believed that no one other than Amir Navid was involved in the conception, diligence or reduction to practice of the subject matter claimed by the '848 patent, and said you would verify this, or would identify the other individuals involved.



Gray M. Buccigross
SHEPPARD MULLIN
December 11, 2012
Page 2


Yes.

> Nyko believes it has additional documents to identify, and that Nyko has not produced such documents. Nyko agreed to begin a rolling production. PDP made clear that the production of documents relating to conception and reduction to practice should be prioritized for production in light of PDP's intention to take Mr. Navid's deposition in early December.

As I have now explained multiple times, NYKO is reviewing more than 30 boxes of information, much of which is from Mr. Navid's files.  NYKO will produce responsive information.

> Nyko said it would consider identifying the claims practiced by the Charge Base 2, including claims involving an adapter.

To the extent that NYKO has not already identified the claims practiced by Charge Base 2 it will do so.

> Additionally, Nyko said it would consider supplementing to identify witnesses to conception, diligence, and reduction to practice. As we explained, PDP needs this identification in order to take third-party discovery.

To the extent there were any witnesses, NYKO will identify them.


> ROG No. 2: First Sale or Offer for Sale
>
> This interrogatory asks Nyko, for each product embodying a claim of the patent-in-suit, to "describe in detail all facts and circumstances relating to the first sale or offer for sale, including identifying participating Persons, other knowledgeable Persons, dates, Documents evidencing or referring thereto ..."
>
> Nyko's supplemental response provides, in relevant part:
>
> For the Charge Base that was announced in January 2007, based on NYKO's investigation to date, NYKO contends that the first sale and offer for sale occurred no earlier than June 20, 2007 as this was the date the product was first released for sale, and was not available for sale prior to that date. See Bates No. NT000861. ...
>
> Nyko's response identifies only a single, untitled, undated, one-page document (NT000861), which states only that the Charge Station release date is June 20,



Gray M. Buccigross
SHEPPARD MULLIN
December 11, 2012
Page 3

2007. Significantly, Nyko produced another document that lists dozens of Charge Station invoices dated as early as January 2007 and long before June 20, 2007. (NT001123-NT001139.) The production of these invoices, without explanation, demonstrates that reliance on Rule 33(d) is not appropriate and that Nyko must provide the facts related to these invoices. PDP also explained that it is entitled to know the basis for Nyko's contention that the first offer for sale occurred no earlier than June 20, 2007, and pointed out that the interrogatory seeks facts, not contentions. Nyko refused to supplement its response and stated, "We'll probably just have to agree to disagree." As such, this issue is ripe for a motion to compel.

NYKO has provided a full and complete response to the interrogatory as drafted.  If you wish to ask follow-up questions, serve a new interrogatory or ask those questions at a deposition.  A motion to compel is inappropriate and NYKO will seek all appropriate sanctions.

### ROG 3: First Disclosures

ROG 3 requires Nyko to describe in detail the first non-public disclosure, public disclosure, presentation, demonstration, and use of the claimed inventions, including identifying knowledgeable persons and documents referring thereto. Nyko states in its supplemental response that a prototype embodying the patent was shown privately to select individuals at a private hotel suite in Las Vegas during the timeframe that the Consumer Electronics Show was taking place in January 2007. ... After a reasonable search, NYKO has not yet identified the first public "use," "presentation" or "demonstration" of an actual working version of this product. NYKO does not recall any "non-public disclosure" of this product, which PDP has subsequently identified as a disclosure to a third party with a confidentiality agreement in place, although certain NYKO vendors have an obligation of confidentiality.

Nyko agreed to identify who the prototype was shown to if Nyko "can determine" who it was shown to. If Nyko cannot determine to whom the prototype was shown, Nyko agreed to supplement to so indicate. Also, if Nyko cannot identify to whom the prototype was shown, please provide a written representation that Nyko has conducted a reasonable and diligent inquiry.

NYKO will provide this information.

Nyko represented during the call that what was shown at the hotel suite was a prototype and not an actual working version of the product. We assume that Nyko will supplement its response to so state.



Gray M. Buccigross
SHEPPARD MULLIN
December 11, 2012
Page 4


This supplement is not required, but NYKO will identify whether the prototype was an actual working version.

> Nyko contends that the showing at the suite was not a public disclosure, and will supplement its response to so state.

This supplement is not required, but NYKO will supplement its response.

> PDP requested that Nyko represent that it conducted a reasonable and diligent search regarding the circumstances of the first public "use," "presentation," and "demonstration" of the claimed inventions. Nyko indicated that it will provide this.

OK.

> PDP also requested that Nyko explain the differences between the prototype shown at the show and the claimed inventions since the interrogatory is seeking information regarding the "claimed inventions".

This interrogatory does not ask for such information.  PDP is free to propound additional interrogatories or inquire at depositions on this topic.


> ROG 6: The Patented Product Nyko Introduced in January 2007
>
> This interrogatory requires Nyko to describe in detail [t]he product Nyko introduced in January 2007 ... [including] when the product was ... first offered for sale, first sold (and to whom), ... who was involved in its design and development and when, all printed publications describing or depicting the product prior to March 8, 2007, and identifying all identify Persons with knowledge thereof.
>
> Nyko leaves unclear how the product that was introduced in January 2007 differs from the product that was supposedly not sold until June 2007.

PDP's statement is inaccurate.  NYKO has consistently explained that the Charge Base product was introduced in January 2007.  A prototype was shown at the trade show in January and a working version was first sold in June 2007.  NYKO has left nothing "unclear."



Gray M. Buccigross
SHEPPARD MULLIN
December 11, 2012
Page 5

> Nyko at times distinguishes the two and at other times equates the two. In its
> response to ROG 3, Nyko describes the item announced in January 2007 as a
> "prototype" that differed from the product later offered for sale in June 2007.
> ("The Charge Base announced in January 2007 was NYKO's prototype.... After a
> reasonable search, NYKO has not yet identified the first public 'use,'
> 'presentation' or 'demonstration' of an actual working version of this product.").
> Yet in response to ROG 6, Nyko equates the January 2007 prototype with the
> product sold in June 2007. ("NYKO's Charge Base was first publicly announced
> in January 2007. See NT000952-NT000943. As to the first offer for sale and sale,
> see NYKO's supplemental response to Interrogatory No. 2.")

Again, PDP has mischaracterized the facts.

> During the call, PDP attempted to clarify this issue. Nyko said that what was
> introduced in January 2007 was a prototype of what was later sold, and that it
> differed from what was later sold. However, Nyko refuses to provide a response
> that discloses the contended differences. This issue is ripe for a motion to compel.

PDP is attempting to abuse the meet and confer process to extract information from NYKO that
was never requested.  If PDP is interested in learning about "differences" it may propound an
interrogatory on that topic or follow-up at a deposition.

> Nyko will let us know whether it still has the prototype that was introduced in
> January 2007, and if so, Nyko will make it available for inspection.

I am checking on this and will get back to you.

> Nyko said it would consider identifying individuals other than Mr. Navid who
> witnessed or were involved with the disclosures, sales, design, or development of
> the product introduced in January 2007.

Mr. Navid was not involved with the "disclosures" or sales.  NYKO has already indicated that
Mr. Arbogast was involved in the promotion and sales.  To the extent anyone else was involved,
NYKO will identify those individuals.

> ROG 10: Validity Contentions
>
> ROG 10 requires:
>
> For each item and combination of Prior Art identified by PDP as
> invalidating any claim of the '848 Patent, describe in detail why
> each does not anticipate or render obvious any such claim,



Gray M. Buccigross
SHEPPARD MULLIN
December 11, 2012
Page 6

including: (a) providing a claim chart that describes in detail the differences between each item and combination of Prior Art and each limitation of each asserted claim; (b) describe any alleged "teaching away" by the Prior Art; (c) provide all bases for contentions with respect to secondary considerations of nonobviousness, identifying any nexus between the claimed features and any of those considerations; (e) identify all Documents relied on in preparing Your response to this Interrogatory; and (f) identify the Person most knowledgeable regarding the underlying facts.

Nyko refused to supplement its response to include its contentions for all prior art references disclosed in Defendants' Initial Invalidity Contentions. This issue is ripe for a motion to compel.

NYKO voluntarily agreed, subject to its objections, that NYKO would provide a response to PDP's invalidity contentions that PDP provided to NYKO. Under that agreement, PDP did identify certain references and NYKO did provide its responses. Now, after the fact, PDP is abusing the discovery process. PDP has since then produced a laundry list of purported additional invalidity contentions. NYKO never agreed to provide responses to additional contentions, nor does NYKO have any obligation to do so. As previously explained, each separate invalidity contention should be treated as a separate interrogatory and PDP has far exceeded its interrogatory limit. To the extent PDP now moves to compel, in violation of the agreement it reached, NYKO will seek all appropriate sanctions.

Nyko agreed to provide any contentions with respect to secondary considerations of nonobviousness, including identifying any nexus between the claimed features and any secondary considerations that Nyko contends are applicable. Nyko also agreed to identify the persons most knowledgeable regarding the underlying facts.

NYKO will supplement its response when PDP completes its document production on this topic.

ROG 13: Priority Contentions

ROG 13 requires that for "each claim" of the Patent-in-Suit, Nyko describe in detail its contentions regarding whether and why that claim is entitled to the priority date of U.S. Provisional Application No. 60/982,364, including "identifying all disclosures" Nyko contends support the priority for each claim limitation. In its response, Nyko only purported to "point out exemplary sections of the Provisional Application that support the '848 patent claims."



Gray M. Buccigross
SHEPPARD MULLIN
December 11, 2012
Page 7

> Nyko stated that it has provided all information that it has. Please supplement with this representation, since as Nyko's response to ROG 13 currently reads, Nyko is only providing examples.

No supplement is required.

> PDP reiterated its request that Nyko provide the information regarding all claims since inequitable conduct regarding any claim could render all claims unenforceable. Nyko refuses to provide the information on each claim and instead stated, "We'll let the magistrate judge decide that." This issue is ripe for a motion to compel.

NYKO has no obligation to provide its contentions for the priority date for claims NYKO is not asserting.  Tellingly, PDP has failed to provide any legal authority to support its position.  PDP bears the burden of proof on inequitable conduct.  If PDP files a motion on this topic, NYKO will seek all appropriate sanctions.

> PDP's RFP Nos. 1 and 2

> These requests seek all agreements regarding the '848 patent or '295 application, including acquisition and settlement agreements, and the negotiations thereof. Nyko stated that there are no such agreements, but there may be correspondence regarding potential agreements. Nyko will either produce all such documents or will confirm in writing that none exist.

Yes.

> PDP's RFP No. 3 and 4

> These requests seek all communications with Sony and Microsoft regarding Nyko's chargers for the PS3 and Xbox 360, the '848 patent, and a number of related patent applications. Nyko does not believe that any such documents exist. Nyko will either confirm in writing that none exist, or will produce all responsive documents.

Yes.

> PDP's RFP Nos. 5, 6, and 7



Gray M. Buccigross
SHEPPARD MULLIN
December 11, 2012
Page 8

RFP Nos. 5 and 6 seek all communications with Walmart, Best Buy, Target, Fry's, or other retailers regarding Nyko's chargers for the PlayStation 3 ("PS3") and Xbox 360. Nyko preliminarily agreed to produce all responsive documents. If there is a category of documents that Nyko intends to withhold, Nyko will immediately inform PDP in writing, and explain why it intends to withhold the documents.

Yes.

RFP No. 7 seeks all communications between Nyko and Walmart referenced in the May 29, 2012 Hearing Transcript. Nyko will produce all responsive documents.

Yes.

PDP's RFP Nos. 8, 15, 16, and 19

These requests seek marketing presentations and materials regarding Nyko's chargers for the PS3 and Xbox 360.

RFP No. 8 seeks all documents referring to sales or marketing of Nyko video game controller charger products. Nyko agreed to produce: (a) documents sufficient to identify all sales of the patented products; and (b) marketing documents and documents referencing marketing documents for the patented products.

Yes.

Nyko initially refused to produce documents pertaining to the sales or marketing of its other video game controller charger products, but then agreed to consider producing such documents. PDP explained that it is only seeking one copy of each advertising piece.

NYKO is unclear what you mean by "each advertising piece."  Please explain.

PDP further explained that information regarding marketing and sales for other products is reasonably calculated to lead to the discovery of admissible evidence regarding, at minimum, whether there is a nexus between any commercial success of the patented products and the claimed inventions.

This argument is entirely specious.  Other NYKO products not at issue are not relevant.



Gray M. Buccigross
SHEPPARD MULLIN
December 11, 2012
Page 9

> For example, if Nyko is touting features of chargers other than patented features, this cuts against the existence of any nexus.

How NYKO advertises other products is irrelevant to this issue.

> Similarly, if Nyko's other video game controller chargers are commercially successful, this tends to show that any commercial success of the patented chargers is not due to the patented features.

This argument is nonsensical.  These are different products.  Whether a completely separate product was successful and was patented has nothing to do with whether the patented product at issue was successful or not.

> RFP No. 15 seeks all marketing plans referring to any Nyko patented instrumentality. Nyko will produce all responsive documents or confirm in writing that none exist.

Yes.

> RFP No. 16 seeks all documents evidencing or referencing Nyko's marketing strategy for video game controller chargers. Nyko agreed to produce such documents for its patented chargers. Nyko will consider whether to produce such documents for its other video game controller chargers. As PDP explained, such documents are reasonably calculated to lead to the discovery of admissible evidence regarding the secondary considerations of nonobviousness. For example, they are reasonably calculated to lead to the discovery of admissible evidence regarding there is a nexus between any commercial success of the patented products and the patented features.

NYKO will produce responsive documents for the products covered by at least one claim of the patent in suit.  PDP's purported "nexus" argument as to completely different products is nonsensical.

> RFP No. 19 seeks all documents evidencing studies or analyses regarding Nyko's reputation or goodwill. Nyko will produce all studies or confirm that none exist. PDP compromised by agreeing that Nyko need not produce documents containing mere passing references to Nyko's reputation. To the extent that there are documents that address any alleged harm or lack of harm to Nyko's reputation or goodwill caused by defendants, these should be produced.

OK.



Gray M. Buccigross
SHEPPARD MULLIN
December 11, 2012
Page 10

      PDP's RFP Nos. 9, 10, and 11

These requests seek marketing and other analyses of PDP products, Energizer products, and other charger products for the PS3 and Xbox 360.

RFP No. 9 seeks all documents or communications constituting or referring to marketing analysis, competitive strategy, or competitive analysis regarding PDP or its products. PDP compromised by agreeing to limit this request to video game controller charging products. Nyko is considering PDP's proposal.

NYKO will produce responsive documents concerning the accused products.

RFP No. 10 seeks all documents or communications constituting or referring to marketing analysis, competitive strategy, or competitive analysis regarding Energizer or its products. PDP compromised by agreeing to limit this request to video game controller charging products. Nyko is considering PDP's proposal.

NYKO will produce responsive documents concerning the accused products.

RFP No. 11 seeks all documents or communications constituting or referring to marketing analysis, competitive strategy, or competitive analysis regarding video game controller charger products for the PS3 or Xbox 360. Nyko will produce responsive documents or confirm in writing that none exist. If for some reason Nyko encounters a large number of responsive documents that do not appear to be reasonably calculated to lead to the discovery of admissible evidence, Nyko will immediately inform PDP in writing.

OK.

      PDP's RFP No. 13

This request seeks sales data for Nyko's chargers for the PS3 and Xbox 360, broken down by internet versus in-store sales. You said that you did not think that Nyko has documents that break down sales in this manner. Rather, Nyko's documents merely break down sales by customer. PDP pointed out that during briefing and argument on Nyko's application for a temporary restraining order, Nyko stated that some of its products were being taken out of Walmart stores, but admitted that they were still being sold by Walmart online. Nyko was unsure how this information was compiled. Regardless, Nyko will produce any responsive documents.



Gray M. Buccigross
SHEPPARD MULLIN
December 11, 2012
Page 11


Yes.

> ### PDP's RFP No. 14
>
> *This request seeks the costs for Nyko's chargers for the PS3 and Xbox 360, broken down by research, design, and development. Nyko will produce documents sufficient to identify such costs.*

NYKO will produce responsive information for its products which meet at least one claim limitation of the patent in suit.

> ### PDP's RFP No. 17
> *This request seeks any complaints regarding Nyko's chargers for the PS3 and Xbox 360. Nyko proposed limiting this request to Nyko's patented chargers. PDP conditionally accepted this proposal. PDP reserves the right to move to compel production of all responsive documents.*

NYKO will produce responsive information for its products which meet at least one claim limitation of the patent in suit.

> ### PDP's RFP No. 18
>
> *This request seeks transcripts from depositions in the Nintendo v. Nyko case. Nyko is going through the transcripts to confirm that they do not contain Nintendo information designated under the protective order from that litigation as "Attorneys' Eyes Only." To the extent there is any such information, Nyko will ask Nintendo for permission to produce the information. If applicable, please confirm that Nyko requested permission, and provide the date that Nyko did so.*
>
> *Nyko confirmed that Amir Navid's deposition was taken in the Nintendo case. PDP explained that it needs Mr. Navid's deposition transcript prior to taking his deposition in this case on December 5, 2012. Nyko must produce Mr. Navid's deposition transcript by November 28, 2012. If it contains any information designated by Nintendo for confidentiality and Nyko does not receive permission from Nintendo to produce by November 28, Nyko can initially redact all such information that pertains to Nintendo. If the entirety of the transcript is designated for confidentiality, then Nyko can initially redact all confidential information that pertains to Nintendo.*

NYKO is reviewing the transcripts and will provide a further response once that review is complete.



Gray M. Buccigross
SHEPPARD MULLIN
December 11, 2012
Page 12

PDP's RFP No. 22

This request seeks any evidence of marking of Nyko's chargers for the PS3 and Xbox 360. Nyko confirmed that responsive documents exist and that Nyko will produce them without limitation.

NYKO will produce responsive information for its products which meet at least one claim limitation of the patent in suit.

PDP's RFP Nos. 23 and 47

These requests seek any evidence of the design, development, changes to, and operation of any Nyko product that practices the '848 patent and other related applications.

RFP No. 23 seeks all documents evidencing the design, development, and operation of any Nyko instrumentality that Nyko contends practices or would have practiced at least one claim of the '848 patent, '295 application, '137 application, or '364 application. Nyko agreed to produce such documents for the '848 patent and '295 application. Nyko is considering whether to produce such documents for the '137 application and '364 application. Such documents are reasonably calculated to lead to the discovery of admissible evidence regarding, *inter alia*, invalidating prior activities, unenforceability, and obviousness.

NYKO will produce responsive information for its products which meet at least one claim limitation of the patent in suit.

RFP No. 47 seeks documents sufficient to show, separately for each Nyko patented instrumentality, all changes made to it, when such changes were made, and why such changes were made. Nyko will produce responsive documents, including documents regarding changes prior to the first sale of the products.

NYKO will produce responsive information for its products which meet at least one claim limitation of the patent in suit.

PDP's RFP Nos. 24, 30, and 31



Gray M. Buccigross
SHEPPARD MULLIN
December 11, 2012
Page 13

These requests seek all documents referring to PDP or Energizer or Power and Play chargers, including communications with third parties.

RFP No. 24 seeks all documents referring to any PDP or Energizer instrumentalities for charging wireless video game controllers. PDP compromised by allowing Nyko to withhold documents that pertain solely to non-accused products. However, Nyko must produce documents that generally pertain to charging systems for video game controllers. Nyko is considering this compromise solution.

NYKO will produce responsive information related to the accused products.  PDP has provided no good faith basis for seeking additional information on products not accused of infringement.

RFP No. 30 seeks all documents referring to Power & Play chargers. PDP compromised by allowing Nyko to withhold documents that pertain solely to non-accused products. However, Nyko must produce documents that generally pertain to charging systems for video game controllers. Nyko is considering this compromise solution.

NYKO will produce responsive information related to the accused products.  PDP has provided no good faith basis for seeking additional information on products not accused of infringement.

RFP No. 31 seeks all communications with third parties regarding Energizer, PDP, or any of their instrumentalities. PDP compromised by allowing Nyko to withhold documents that pertain solely to non-accused products. However, Nyko must produce documents that generally pertain to charging systems for video game controllers. Nyko is considering this compromise solution.

NYKO will produce responsive information related to the accused products.  PDP has provided no good faith basis for seeking additional information on products not accused of infringement.

<u>PDP's RFP Nos. 25, 26, and 32</u>

These requests seek documents regarding Nyko's first belief that any person or entity, including PDP and Energizer, infringed the '848 patent, and any plans to bring an action on that belief. Nyko contends that all responsive documents are privileged. If so, Nyko will confirm in writing and log all documents that it is withholding on a privilege log.



Gray M. Buccigross
SHEPPARD MULLIN
December 11, 2012
Page 14

NYKO will confirm that documents regarding NYKO's first belief of infringement are privileged and will log those documents on a privilege log.

> PDP's RFP Nos. 27, 28, 29, and 33
>
> These requests seek documents regarding Nyko's analysis of the accused products, including evidence of Nyko's investigation of any product made by any entity.
>
> RFP No. 27 seeks all documents and things that Nyko contends support, or that tend to refute, its contention that Energizer or PDP infringe the '848 patent. Nyko will produce all responsive, non-privileged documents.

OK.

> RFP No. 28 seeks all documents and things evidencing or referring to any evaluation, analysis, review, or inspection of Energizer and PDP's instrumentalities, including the results. Nyko will produce all non-privileged documents and all things, and will log all responsive documents that Nyko contends are privileged.

NYKO has not agreed to create a log for all such documents.  NYKO does not believe it is required to log such documents created in anticipation for this litigation.

> RFP No. 29 seeks all documents evidencing or referring to any investigation by Nyko or Navid of an instrumentality that at one time was suspected of being within the claim scope of the '848 patent, but which ultimately was believed not to be. Nyko will produce all non-privileged documents and log all responsive documents that Nyko contends are privileged. If there are no responsive documents, Nyko will confirm in writing. Nyko must produce all responsive documents regarding any investigation by Mr. Navid well in advance of Mr. Navid's deposition.

To the extent any such responsive, non-privileged documents exist, NYKO will produce them. If PDP demands to take Mr. Navid's deposition before NYKO's production is complete, then PDP will waive any right to ask Mr. Navid about such documents.



Gray M. Buccigross
SHEPPARD MULLIN
December 11, 2012
Page 15

> RFP No. 33 seeks all documents and things evidencing or referring to Navid's or Nyko's purchase, use, investigation, review, or study of any PDP or Energizer instrumentality. Nyko will produce all non-privileged documents and things and will log all privileged documents. If there are no responsive documents or things, Nyko will confirm in writing. Nyko must produce all responsive documents regarding Mr. Navid well in advance of Mr. Navid's deposition.

NYKO will produce responsive information related to the accused products.  PDP has provided no good faith basis for seeking additional information on products not accused of infringement. If PDP demands to take Mr. Navid's deposition before NYKO's production is complete, then PDP will waive any right to ask Mr. Navid about such documents.   NYKO has not agreed to such a broad privilege log.

> PDP's RFP Nos. 34, 36, 37, and 52

> These requests seek documents regarding the '848 patent and certain patent applications, all references cited in those patents or applications, and all documents generated in preparing and prosecuting those applications.

> RFP No. 34 seeks all documents referring to the '848 patent, '295 application, '137 application, or '364 application. RFP No. 36 seeks all documents referring to references cited in the '848 patent. RFP No. 37 seeks all documents referring to references cited or otherwise made of record during the prosecution of the '295 application, '137 application, or '364 application. PDP clarified that these requests encompass documents in Christie Parker & Hale's possession, custody, or control. PDP further clarified that it is not expecting Nyko to log post-filing communications with litigation counsel on a privilege log, but is expecting Nyko to log all communications with patent prosecution counsel. Nyko stated that it intends to look into whether courts have required patentees to log all communications with prosecution counsel, and that Nyko will get back to PDP regarding Nyko's responses to these requests.

NYKO intends to limit its response to '848 Patent and '295 Application.  NYKO will provide a privilege log for communications between prosecution counsel and NYKO regarding prosecution issues.

> RFP No. 52 seeks all documents and things generated in connection with the prosecution of the '295 application, '137 application, and '364 application. Nyko intends to produce non-privileged documents and things with respect to the '848 patent and '295 application. PDP explained that many of the requested documents, including but not limited to inventor files, diaries, and notebooks,



Gray M. Buccigross
SHEPPARD MULLIN
December 11, 2012
Page 16

would clearly not be privileged. In fact, the request specifically identifies various non-privileged documents, including inventor notebooks, technical files, diaries, appointment calendars, trip reports, and diagrams. As to the '137 and '364 applications, Nyko will consider producing such documents, once Nyko determines what the applications were for. Please confirm that Nyko will produce all responsive, non-privileged documents and all things, and will log the all documents that Nyko contends are privileged.

NYKO will agree to produce any inventor notebooks, technical files, diaries, appointment calendars, trip reports, and diagrams related to the '848 Patent and '295 Application.  To the extent that PDP identifies other specific documents it is looking for, NYKO will consider producing those too.  If any of these specified documents are withheld on privilege grounds, NYKO will provide a privilege log.

PDP's RFP Nos. 38, 39, 40, 41, 42, 43, 49, and 74

These requests seek documents and communications regarding purported prior art to or invalidity of the '848 patent and certain patent applications, including trade journals published before the filing of the '295 application.

RFP Nos. 38, 40, 41, 42, and 43 seek prior art and documents referring to prior art. As PDP explained in detail, PDP contends that the asserted claims of the '848 patent are not entitled to the priority date of its provisional application because that application only disclosed a connection between the charger and the game controller through an adapter. However, Nyko unilaterally defines prior art as only that art predating the provisional application, and refuses to provide art not predating the provisional application. Nyko cannot withhold prior art merely because it disagrees with PDP's contention. This issue is ripe for a motion to compel.

NYKO proposes that PDP provide a list of prior art search terms and NYKO will consider performing searches with those terms.

RFP No. 39 seeks all documents that Nyko contends support, or that would tend to refute, its contention that the '848 patent is not invalid or unenforceable. Nyko will produce all responsive, non-privileged documents.

OK.



Gray M. Buccigross
SHEPPARD MULLIN
December 11, 2012
Page 17

> RFP No. 49 seeks all pre-suit communications regarding any of the prior art that PDP or Energizer raise as invalidating, or contributing to the invalidation of, the '848 patent. PDP stated that, as a compromise, it will consider agreeing that Nyko need not log pre-suit communications with litigation counsel on a privilege log. Nyko is considering its response to this request.

NYKO proposes that PDP provide a list of prior art search terms and NYKO will consider performing searches with those terms.

> RFP No. 74 seeks all trade journals published prior to the filing date of the '295 Application that reference any charger for any wireless game controller. Nyko will produce all responsive documents.

NYKO will produce or make available for inspection.

> PDP's RFP Nos. 44, 45, 46, 62, and 63

> These requests seek documents regarding conception, disclosure, and reduction to practice of the '848 patent and its subject matter, including prototypes and mock-ups thereof. RFP No. 44 seeks all documents and things evidencing or referring to the conception of the subject matter claimed in the '848 patent or '295 application. Nyko will produce all responsive, non-privileged documents and all things. PDP explained that Nyko must prioritize producing documents and things in response to this Request, given Mr. Navid's upcoming deposition.

NYKO will produce responsive, non-privileged documents in a reasonable manner.

> RFP No. 45 seeks all documents and things evidencing or referring to Navid's first disclosure of any part of the subject matter claimed in the '848 Patent or '295 Application to any third party. Nyko will produce all responsive documents and things. Again, Nyko must produce these well in advance of Mr. Navid's deposition.

NYKO will produce responsive, non-privileged documents in a reasonable manner. If PDP demands to take Mr. Navid's deposition before NYKO's production is complete, then PDP will waive any right to ask Mr. Navid about such documents.

> RFP No. 46 seeks all documents and things evidencing or referring to Navid's first disclosure of any part of the subject matter claimed in the '848 patent or '295 application to any person. PDP explained that such documents and things are reasonably calculated to lead to the discovery of admissible evidence regarding



Gray M. Buccigross
SHEPPARD MULLIN
December 11, 2012
Page 18

> corroboration of Nyko's contentions regarding the conception, diligence, and reduction to practice of the claimed inventions. Nyko is considering whether to produce all responsive documents and things. Nyko must produce them well in advance of Mr. Navid's deposition.

NYKO will produce responsive, non-privileged documents sufficient to identify any first disclosure in a reasonable manner.  If PDP demands to take Mr. Navid's deposition before NYKO's production is complete, then PDP will waive any right to ask Mr. Navid about such documents.

> RFP No. 62 seeks all documents and things evidencing or referring to the reduction to practice and diligence (or lack thereof) in the reduction to practice of the subject matter claimed in the '848 patent or '295 application. Nyko will produce all responsive documents and things, except for draft patent applications. Nyko is considering whether draft patent applications are privileged. PDP explained that if Nyko contends draft applications are privileged, Nyko will need to log all drafts that it is withholding. Nyko must produce all responsive, non-privileged documents, all things, and provide a privilege log well in advance of Mr. Navid's deposition.

NYKO will produce responsive, non-privileged documents in a reasonable manner.  NYKO is reviewing whether such a log is required.  If PDP demands to take Mr. Navid's deposition before NYKO's production is complete, then PDP will waive any right to ask Mr. Navid about such documents.

> RFP No. 63 seeks all prototypes, mock-ups, or models of any Nyko patented instrumentality or any charger for the PS3 or Xbox 360 wireless game controllers. Nyko will produce prototypes and mock-ups for models of Charge Bases, if they have not already been destroyed. Nyko will further determine whether any prototypes, mock-ups or models exist for any PS3 or Xbox controller chargers other than Charge Bases. If any do exist, Nyko will state in writing whether it is withholding them. PDP explained that any such things that existed since 2004 are reasonably calculated to lead to the discovery of admissible evidence regarding at least diligence in reduction to practice and obviousness. Nyko must produce all responsive things well in advance of Mr. Navid's deposition.

I am still investigating and will provide a further response once I have additional information.  If PDP demands to take Mr. Navid's deposition before NYKO's production is complete, then PDP will waive any right to ask Mr. Navid about such documents.

> PDP's RFP Nos. 48, 57, and 59



Gray M. Buccigross
SHEPPARD MULLIN
December 11, 2012
Page 19

These requests seek documents regarding the use of adapters for charging wireless video game controllers, including comparing the use of induction and DC ports in such devices and discussing the orientation of controllers in a charger.

RFP No. 48 seeks all documents discussing the use of adapters for charging wireless game controllers. Nyko requested that PDP define what an "adapter" is. This is unnecessary, given Nyko used this exact term in various patent applications and patents, including the '848 patent. In the spirit of good faith, however, PDP will provide a definition. As used in this request, an adapter is a device with at least one electrical lead that connects directly or through a cable to a game controller and at least one electrical lead that connects directly or through a cable to a charging station for the game controller. PDP does not admit that this definition applies for general purposes in this case, including to determine invalidity or noninfringement.

NYKO will produce responsive, non-privileged documents discussing the use of adapters as you have defined them.

RFP No. 57 seeks all documents evidencing or referring to any comparison of induction charging for wireless game controllers to the use of DC ports for charging wireless game controllers. Nyko preliminarily agreed to produce all responsive documents. To the extent Nyko intends to withhold any responsive documents, or if no response documents exist, Nyko will inform PDP in writing. PDP explained that such documents are reasonably calculated to lead to the discovery of admissible evidence because in the '848 patent specification, during prosecution of the '848 patent, and in briefing and argument regarding Nyko's application for a temporary restraining order, Nyko distinguished prior art that disclosed induction charging from art that disclosed charging through DC ports.

OK.

RFP No. 59 seeks all documents discussing the physical orientation of game controllers in any wireless game controller charger. Nyko preliminarily agreed to produce all responsive, nonprivileged documents. If any issues come up such that Nyko seeks to withhold documents, Nyko will immediately inform PDP in writing. Further, Nyko will inform PDP in writing if no responsive documents exist.

OK.



Gray M. Buccigross
SHEPPARD MULLIN
December 11, 2012
Page 20

PDP's RFP No. 53

This request seeks all documents showing the level of ordinary skill in the art of the '848 patent. Nyko is only relying on the '848 patent and its file history at this time, and will inform PDP in writing if Nyko intends to rely on other documents. PDP reserves its right to move to strike if Nyko relies on any other documents at a later point.

NYKO is relying at least on the '848 Patent and its file history and may rely on additional documents.

PDP's RFP No. 54

This request seeks all documents evidencing any proceedings involving the '848 patent. At this time, Nyko does not believe there are any responsive documents. Nyko will either confirm in writing that none exist or will produce all responsive documents.

OK.

PDP's RFP Nos. 55, 56, 61, 64, and 65

These requests seek all documents showing Navid's work in the field of the '848 patent or wireless video game controller chargers, publications and speeches by Navid, declarations and testimony by Navid in any proceeding, and Navid's calendars.

RFP No. 55 seeks all documents and things evidencing or referring to Navid's work, study, or experimentation on any of the subject matter claimed in the '848 patent, '295 application, '137 application, or '364 application. Nyko agreed to produce all responsive, non-privileged documents and all things. If Nyko believes it would be unduly burdensome to produce certain responsive documents, Nyko will immediately inform PDP in writing. Nyko must produce all responsive, non-privileged documents and all things, as well as a privilege log, well in advance of Mr. Navid's deposition.

NYKO will limit its response to the '848 Patent and '295 Application.  If PDP demands to take Mr. Navid's deposition before NYKO's production is complete, then PDP will waive any right to ask Mr. Navid about such documents.



Gray M. Buccigross
SHEPPARD MULLIN
December 11, 2012
Page 21

RFP No. 56 seeks all documents constituting or referring to publications, abstracts, papers, presentations, speeches, or other disclosures authored, provided, or made, in whole or in part, by Navid. As a compromise, PDP agreed that this Request can be limited to the subject matter described or claimed in the '848 patent or the application therefore. PDP's understanding is that Nyko will produce all responsive, non-privileged documents. Nyko must do so, and provide a privilege log if applicable, well in advance of Mr. Navid's deposition.

NYKO will limit its response to the '848 Patent and '295 Application.  If PDP demands to take Mr. Navid's deposition before NYKO's production is complete, then PDP will waive any right to ask Mr. Navid about such documents.

RFP No. 61 seeks all declarations, affidavits, oaths, deposition, and trial testimony by Navid in connection with any administrative, judicial, or arbitration action or proceeding. Nyko would like to limit this to the subject matter disclosed or claimed in the '848 patent. PDP explained that this is improper, as any of the requested documents are relevant to Mr. Navid's credibility. Nyko will determine what responsive documents it has and will provide its position in writing. Nyko must produce all responsive documents well in advance of Mr. Navid's deposition.

I am continuing to look into this and will provide a further response once the investigation is complete.

RFP No. 64 seeks all documents and things evidencing Navid's research, study, and work regarding wireless video game controller chargers. Nyko proposed limiting this request to the subject matter disclosed or claimed in the '848 patent. PDP explained that such a limitation would be improper. The requested documents and things are reasonably calculated to lead to the discovery of admissible evidence regarding invalidity and unenforceability. As a compromise, PDP proposed a time limitation such that Nyko would only produce documents or things created prior to January 1, 2009. Nyko is considering this proposal. Nyko must produce all responsive, non-privileged documents, all things, and provide a privilege log well in advance of Mr. Navid's deposition.

I am continuing to look into this and will provide a further response once the investigation is complete.



Gray M. Buccigross
SHEPPARD MULLIN
December 11, 2012
Page 22

> RFP No. 65 seeks Mr. Navid's calendars from January 2006 through March 2008. Nyko agreed to produce all responsive calendars or provide a written representation that none exist. Nyko must do so well in advance of Mr. Navid's deposition.

NYKO does not believe there are any responsive documents.

> PDP's RFP No. 58
>
> This request seeks documents sufficient to show internal project names for Nyko's chargers for the PS3 and Xbox 360. Nyko agreed to produce sufficient responsive, non-privileged documents.

OK.

> PDP's RFP No. 60
>
> This request seeks all submissions to government or regulatory bodies regarding the '848 patent or Nyko's chargers for PS3 and Xbox 360. PDP offered to compromise by narrowing this Request to submissions regarding the '848 patent, '295 application, '137 application, or '364 application. Nyko agreed to produce all responsive documents.

Please clarify that submissions to the PTO are excluded from this request.

> PDP's RFP Nos. 66, 67, and 68
>
> These requests seek all documents referencing Nyko and Navid's preparation for and participation in any trade show or activities in conjunction with a trade show since 2005, including the 2007 Consumer Electronics Show.
>
> RFP No. 66 seeks all documents and things evidencing or referencing Nyko's preparation, participation, and general involvement in the Consumer Electronics Show industry trade show in January 2007. Nyko preliminarily agreed to produce all responsive, non-privileged documents and all things. If Nyko discovers any issues that would make any responsive documents unduly burdensome to produce, Nyko will immediately inform PDP in writing.

OK.



Gray M. Buccigross
SHEPPARD MULLIN
December 11, 2012
Page 23

> RFP No. 67 seeks all documents evidencing any technical or industry conference, symposium, trade show, standards committee(s), or industry or professional association meeting from 2005 through the present, regarding the subject matter disclosed in the '848 patent, '295 application, '137 application, or '364 application. This request is narrowly tailored to the subject matter disclosed in the '848 patent, the application therefore, and related applications pertaining to video game controller chargers. PDP explained that this request seeks documents that are reasonably calculated to lead to the discovery of admissible evidence regarding, *inter alia*, the *Georgia-Pacific* factors. For example, the requested documents may bear on the commercial success of the patented inventions, and may evidence the effect of the patented products' sales on sales of other products. Moreover, such documents may reveal prior art or invalidating disclosures. Nyko stated that it is inclined to refuse to respond to this request, but that it will take its response under consideration.

Without waiving any objections, NYKO is unsure how to perform such a search for the subject matter of the patent and stated applications.  Please provide proposed search terms and NYKO will take that under consideration.

> RFP No. 68 seeks all documents evidencing or referring to Navid's involvement, awareness, or participation in the Consumer Electronics Show industry trade show in January 2007. Nyko agreed to produce all responsive, non-privileged documents. Nyko must do so well in advance of Mr. Navid's deposition.

If PDP demands to take Mr. Navid's deposition before NYKO's production is complete, then PDP will waive any right to ask Mr. Navid about such documents.

> PDP's RFP No. 69
>
> This request seeks all documents discussing Nyko's decision to develop and sell each of its chargers for PS3 and Xbox 360. Nyko agreed to produce all responsive, non-privileged documents, or confirm in writing that none exist.

NYKO will produce responsive information for its products which meet at least one claim limitation of the patent in suit.

> PDP's RFP Nos. 70, 71, 72, and 73
>
> These requests seek all documents regarding any purported use, offer for sale, sale, or publication of a Nyko charger for wireless game controllers prior to the filing of the '295 application.



Gray M. Buccigross
SHEPPARD MULLIN
December 11, 2012
Page 24

> RFP No. 70 seeks all communications between Nyko or Navid on the one hand, and any other person on the other hand, regarding any purported use by Nyko or Navid of the subject matter claimed in the '848 patent, '295 application, '137 application, or '364 application, prior to the filing of the '295 application. Nyko sought to withhold documents regarding the '137 application, communications with counsel, and what it considers to be internal communications within Nyko. PDP explained that this would improperly narrow the request. The '137 application closely overlaps with the '848 patent. At one point, Nyko treated the subject matter disclosed in the '137 application as the same invention as that disclosed in the '848 patent. As for communications with counsel, pre-suit communications must be logged on a privilege log. Furthermore, Nyko cannot shield invalidating public uses merely by disclosing them to counsel. As to communications that Nyko contends are internal, Nyko must disclose those so that PDP can determine through the discovery process whether they were internal or public, and seek evidence corroborating conception and reduction to practice. This issue is ripe for a motion to compel. Nyko is prejudicing PDP's ability to depose Mr. Navid by withholding the requested documents. Nyko did indicate it would produce documents other than those regarding the '137 application, communications with counsel, and what it considers to be internal communications within Nyko.

I'm not aware of any public use more than a year before the filing of the '295 application.  To the extent this is correct, NYKO will supplement its response to so state.

> RFP Nos. 71 and 72 seek all documents and things evidencing or referring to any offer for sale or sale of any Nyko charger for wireless game controllers prior to the filing of the '295 application. Nyko proposed to limit these requests to products that it asserts practice one or more claims of the '848 Patent. PDP offered to compromise by limiting these requests to documents sufficient to identify offers for sale and publications prior to Nyko filing the '295 application. As PDP explained, the requested documents and things are reasonably calculated to lead to the discovery of admissible evidence regarding not just invalidating prior offers to sell and sales, but obviousness as well. Nyko is considering PDP's compromise solution. All responsive documents and things must be produced well in advance of Mr. Navid's deposition.

I'm not aware of any offer for sale or sale of a product which meets at least one claim of the '848 Patent more than a year before the filing of the '295 application.  To the extent this is correct, NYKO will supplement its response to so state.



Gray M. Buccigross
SHEPPARD MULLIN
December 11, 2012
Page 25

> RFP No. 73 seeks all documents and things evidencing or referring to any publication of any Nyko charger for wireless game controllers prior to the filing of the '295 application. Nyko will determine what is responsive and will then seek any desired limitations in writing. Nyko must produce all responsive documents and things well in advance of Mr. Navid's deposition.

NYKO will limit its response to any publication of a product which meets at least one claim of the '848 Patent more than a year before the filing of the '295 application.

> **PDP's RFP No. 75**
>
> This request seeks organizational charts showing Nyko's employees. Nyko will produce sufficient responsive documents or inform PDP in writing if none exist.

OK.

Sincerely,

G. Warren Bleeker

GWB/ses

GWB PAS1207755.1-*-12/11/12 3:03 AM

