ART HASAN, CA Bar No. 167323
art.hasan@cph.com
G. WARREN BLEEKER, CA Bar No. 210834
warren.bleeker@cph.com
KATHERINE L. QUIGLEY, CA Bar No. 258212
katherine.quigley@cph.com
CHRISTIE, PARKER & HALE, LLP
655 N. Central Avenue, Suite 2300
Glendale, California 91203
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

Attorneys for Plaintiff,
NYKO Technologies, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NYKO TECHNOLOGIES, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ENERGIZER HOLDINGS, INC., a Missouri corporation, and PERFORMANCE DESIGNED PRODUCTS LLC, a California limited liability company,<br><br>　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. CV 12-3001 GAF (VBKx)<br><br>**NYKO TECHNOLOGIES, INC.'S SECOND SUPPLEMENTAL RESPONSES TO CERTAIN OF PERFORMANCE DESIGNED PRODUCTS LLC'S FIRST SET OF INTERROGATORIES**<br><br><br>**Hon. Gary Allen Feess** |

NYKO TECHNOLOGIES, INC. ("NYKO") supplements its responses as follows to certain interrogatories from the First Set of Interrogatories propounded to it by PERFORMANCE DESIGNED PRODUCTS LLC ("PDP"):

CHRISTIE, PARKER & HALE, LLP

-1-

**GENERAL OBJECTIONS**

1. NYKO objects to PDP's definitions, instructions and interrogatories to the extent that they are inconsistent with or purport to impose a duty of disclosure that is greater than or different from that required under the applicable Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California.

2. NYKO objects to PDP's definitions, instructions and interrogatories to the extent that they purport to require the disclosure of information that is protected by attorney-client privilege, work-product doctrine or other applicable privilege or protection from disclosure.

3. NYKO objects to PDP's definitions, instructions and interrogatories to the extent that they purport to require the disclosure of information that is not relevant to the claim or defense of any party, and to the extent they are not reasonably calculated to lead to the discovery of admissible evidence.

4. NYKO objects specifically to the definitions of "NYKO" as overly broad, harassing and oppressive, and as seeking to invade attorney-client privilege and attorney work product. NYKO responds to each of the interrogatories for itself alone.

5. NYKO objects to PDP's definitions, instructions and interrogatories to the extent that they purport to require the disclosure of information that constitutes or contains trade secrets or other confidential research, development or commercial information.

6. NYKO objects to PDP's definitions, instructions and interrogatories to the extent that they purport to require the disclosure of information that does not exist or is not in NYKO's possession, custody or control.

7. NYKO objects to PDP's definitions, instructions and interrogatories to the extent that they purport to require the disclosure of information that has been lost, destroyed, deleted or otherwise transferred outside of NYKO's possession,

custody or control.

8. NYKO objects to PDP's definitions, instructions and interrogatories to the extent that they impose on NYKO an unreasonable burden or expense.

9. NYKO objects to that the interrogatories, including all non-discrete subparts, exceed the 25 written interrogatory limit in violation of Rule 33(a)(1) and are therefore invalid on their face and require no response.

10. NYKO objects that discovery is in its early stages and NYKO reserves the right to assert and seek a Court order that one or more interrogatories need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

Subject to and without waiving the foregoing objections, each of which is specifically incorporated into each individual response below, NYKO responds to PDP's First Set of Interrogatories as follows:

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1**:

Separately for each claim of the Patent-in-Suit, identify and describe the dates, location, circumstances, and corroborating evidence of the conception, any alleged actual reduction to practice, constructive reduction to practice, and any alleged diligence, including identifying all Persons with knowledge thereof and all Documents and Things evidencing or referring to Navid's and any other Person's activities during any alleged period of diligence.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1**:

NYKO hereby incorporates all of its prior objections. Subject to, and without waiving any objections, NYKO responds as follows:

Amir Navid is the inventor for all the claims of the patent-in-suit. Mr. Navid was solely responsible for the conception, diligence and reduction to practice of the subject matter claimed by the '848 Patent. He conceived of and reduced the invention to practice at his offices at NYKO. NYKO is not aware of

any witnesses to conception, diligence and reduction to practice, other than Mr. Navid.

Mr. Navid is familiar with the video game industry and development of video game accessories.  Mr. Navid has 15 years of experience in designing and developing video game accessories.  Mr. Navid has designed various controllers and interfaces for every major video game console since 1997.

The first step in the invention process is looking for deficiencies in existing products, long felt need, teaching away, innovation, practicality, commercial success, potential acclaim, and brainstorming ideas for new products.  After Mr. Navid brainstormed ideas, he created basic hand sketches of the invention. This occurred in or before August 2006.  Mr. Navid then drew two-dimensional sketches and added details.  Mr. Navid then provided a two-dimensional color drawing along with detailed specifications, notes and instructions to a manufacturer which occurred in or about August 2006.  Based on the information provided by Mr. Navid, and subsequent communications between the manufacturer and Mr. Navid, the manufacturer created a three-dimensional color drawing on or about December 4, 2006 for approval by Mr. Navid.   In response, Mr. Navid instructed the manufacturer to make certain changes and modifications.  Based on instruction from Mr. Navid, the manufacturer began tooling the prototype referred to as a stereolithographic apparatus ("SLA") which was completed on or about December 26, 2007. Mr. Navid then performed testing and made any necessary modifications and provided further detailed specifications and instructions to the manufacturer during the first few months of 2007.  The Charge Base product was first released for sale on or about June 20, 2007.

Subject to further investigation and development of evidence, Mr. Navid conceived of the claimed invention at least in asserted claims 1-5, 7, 8, and 10-13 and 15-17 at least as early as September 1, 2006.   After a reasonable

-4-

1  investigation, NYKO has determined that Mr. Navid provided a two-dimensional
2  color drawing along with detailed specifications, notes and instructions to a
3  manufacturer which occurred on or about August of 2006.  This meeting is
4  reflected in an email dated September 1, 2006.  Thus, the conception date
5  occurred prior to this August meeting and is therefore at least as early as
6  September 1, 2006.

7  Subject to further investigation and development of evidence, the claimed
8  invention was reduced to practice in asserted claims 1-5, 7, 8, and 10-13 and 15-
9  17 on or after December 26, 2006.  An SLA prototype was completed on or about
10 December 26, 2006.  NYKO, however, has not yet determined a date when this
11 SLA was tested and a date when it was determined that the prototype worked for
12 its intended purpose.  Thus, the actual reduction to practice date was on or after
13 December 26, 2006.

14 Mr. Navid diligently filed a patent application including the underlying
15 concepts in the Provisional Application dated October 24, 2007.

16 Additional information regarding conception and reduction of practice is
17 located in at least Bates Nos.
18 NT001067-1122
19 NT002053-2055
20 NT002098-2106
21 NT002111-2120
22 NT002121-2130
23 NT002149-2155
24 NT002362-2371
25 NT002573-2379
26 NT002599-2604
27 NT002700-2703
28 NT002963-2965

-5-

CHRISTIE, PARKER & HALE, LLP

1  NT002970-2975

2  NT002976-2985

3  NT002986-3001

4  NT003002-3005

5  NT003010-3013

and in response to Interrogatory No. 4. As discovery is not yet complete, NYKO reserves its right to supplement its response. Further, NYKO's analysis of the documents is continuing and NYKO has not yet determined all the documents which might relate to this request. Once that analysis is completed, NYKO will supplement its response to identify any additional relevant documents.

Nyko expressly reserves its rights to further investigate and supplement its responses and to provide full and amended responses as discovery continues.

**INTERROGATORY NO. 3**:

Separately for each claim of the Patent-in-Suit, describe in detail all facts and circumstances relating to the first non-public disclosure, public disclosure, presentation, demonstration, and use, including identifying participating Persons, other knowledgeable Persons, dates, Documents evidencing or referring thereto, and describe in detail what was disclosed, demonstrated, and used.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3**:

NYKO hereby incorporates all of its prior objections. Subject to, and without waiving any objections, NYKO responds as follows:

As a further supplement to this interrogatory, NYKO is conducting a reasonable and diligent search and has not yet identified individuals who were shown the prototype which was shown privately to select individuals at a private hotel suite in Las Vegas during the timeframe that the Consumer Electronics Show was taking place in January 2007.

Following a reasonable and diligent search, NYKO does not have

CHRISTIE, PARKER & HALE, LLP

-6-

1 possession, custody or control of the prototype shown privately to select
2 individuals at a private hotel suite in Las Vegas during the timeframe that the
3 Consumer Electronics Show was taking place in January 2007 and NYKO does
4 not know if that prototype was an actual working version.  Further, NYKO does
5 not contend that showing this prototype privately to select individuals at a private
6 hotel suite constitutes a public disclosure of the claimed invention.

NYKO is conducting a reasonable and diligent search and has not uncovered facts sufficient to identify the first public "use," "presentation," and "demonstration" of the claimed invention.

As discovery is ongoing, NYKO reserves its right to supplement its response. Further, NYKO's analysis of the documents is continuing and NYKO has not yet determined all the documents which might relate to this request.

**INTERROGATORY NO. 6**:

Describe in detail "[t]he product Nyko introduced in January 2007 [that) includes each and every feature of the claimed invention," as referenced in Docket No. 44 [Third Declaration of Amir Navid in Support of Plaintiffs Ex Parte Application for (1) Temporary Restraining Order and (2) Order to Show Cause re: Preliminary Injunction), ¶ 17. This includes stating when the product was first publicly announced, first offered for sale, first sold (and to whom), the product name and number, the SKU number, who was involved in its design and development and when, all printed publications describing or depicting the product prior to March 8, 2007, and identifying all identify Persons with knowledge thereof and all Documents and Things evidencing or referring thereto.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6**:

NYKO hereby incorporates all of its prior objections.  Subject to, and without waiving any objections, NYKO responds as follows:

As a further supplement to this interrogatory, following a reasonable and

-7-

CHRISTIE, PARKER & HALE, LLP

1 diligent search, NYKO does not have possession, custody or control of the
2 prototype shown privately to select individuals at a private hotel suite in Las
3 Vegas during the timeframe that the Consumer Electronics Show was taking
4 place in January 2007.
5     In addition to Mr. Arbogast, Michael Quiroz, NYKO marketing associate,
6 was involved in the promotion and sales of NYKO's Charge Base product which
7 was first publicly announced in January 2007.

9 DATED: December 20, 2012        Respectfully submitted,

10                                        CHRISTIE, PARKER & HALE, LLP

12                                        By */s/ G. Warren Bleeker*
13                                            Art Hasan
                                           G. Warren Bleeker
14                                            Katherine L. Quigley

15                                        Attorneys for Plaintiff,
                                       NYKO TECHNOLOGIES, INC.

CHRISTIE, PARKER & HALE, LLP

## CERTIFICATE OF SERVICE

I certify that on December 20, 2012, I have served a true copy of this document via e-mail (per agreement of the parties) to the individuals addressed as follows:

Steven M. Hanle, Esq.
Daniel N. Yannuzzi, Esq.
Gray M. Buccigross, Esq.
Matthew Mueller, Esq.
SHEPPARD MULLIN RICHTER & HAMPTON LLP
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626
shanle@sheppardmullin.com
dyannuzzi@sheppardmullin.com
gbuccigross@sheppardmullin.com
mmueller@sheppardmullin.com
Counsel for Defendants

I am a member of the Bar of this Court.

Executed on December 20, 2012 at Glendale, California.

*/s/ G. Warren Bleeker*
G. Warren Bleeker

GWB PAS1209544.1-*-12/20/12 5:05 PM

CHRISTIE, PARKER & HALE, LLP

-9-