1   **ART HASAN, CA Bar No. 167323**
    art.hasan@cph.com
2   **G. WARREN BLEEKER, CA Bar No. 210834**
    warren.bleeker@cph.com
3   **KATHERINE L. QUIGLEY, CA Bar No. 258212**
    katherine.quigley@cph.com
4   **CHRISTIE, PARKER & HALE, LLP**
    **655 North Central Avenue, Suite 2300**
5   **Glendale, California 91203-1445**
    **Telephone: (626) 795-9900**
6   **Facsimile:   (626) 577-8800**

7   Attorneys for Plaintiff and Counterdefendant,
    NYKO Technologies, Inc.
8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12  | NYKO TECHNOLOGIES, INC., a | Case No. CV12-03001 GAF (VBKx) |
13  | California corporation, | |
    | | **NYKO TECHNOLOGIES, INC.'S** |
    | Plaintiff, | **RESPONSES TO EVEREADY** |
14  | | **BATTERY CO., INC.'S FIRST** |
    | vs. | **SET OF INTERROGATORIES** |
15  | | |
16  | ENERGIZER HOLDINGS, INC., a | |
    | Missouri corporation, EVEREADY | |
17  | BATTERY COMPANY, INC., a | |
    | Delaware corporation, and | |
18  | PERFORMANCE DESIGNED | |
    | PRODUCTS LLC, a California limited | **Hon. Gary Allen Feess** |
19  | liability company, | |
    | Defendants. | |
20  | | |
21  | AND RELATED COUNTERCLAIM. | |
22

23        NYKO TECHNOLOGIES, INC. ("NYKO") responds as follows to the

24  First Set of Interrogatories propounded to it by EVEREADY BATTERY CO.,

25  INC. ("EBC"):

26

27

28

CHRISTIE, PARKER & HALE, LLP

-1-

## **GENERAL OBJECTIONS**

1. NYKO objects to EBC's definitions, instructions and interrogatories to the extent that they are inconsistent with or purport to impose a duty of disclosure that is greater than or different from that required under the applicable Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California.

2. NYKO objects to EBC's definitions, instructions and interrogatories to the extent that they purport to require the disclosure of information that is protected by attorney-client privilege, work-product doctrine or other applicable privilege or protection from disclosure.

3. NYKO objects to EBC's definitions, instructions and interrogatories to the extent that they purport to require the disclosure of information that is not relevant to the claim or defense of any party, and to the extent they are not reasonably calculated to lead to the discovery of admissible evidence.

4. NYKO objects specifically to the definitions of "NYKO" as overly broad, harassing and oppressive, and as seeking to invade attorney-client privilege and attorney work product.   NYKO responds to each of the interrogatories for itself alone.

5. NYKO objects to EBC's definitions, instructions and interrogatories to the extent that they purport to require the disclosure of information that constitutes or contains trade secrets or other confidential research, development or commercial information.

6. NYKO objects to EBC's definitions, instructions and interrogatories to the extent that they purport to require the disclosure of information that does not exist or is not in NYKO's possession, custody or control.

7. NYKO objects to EBC's definitions, instructions and interrogatories to the extent that they purport to require the disclosure of information that has been lost, destroyed, deleted or otherwise transferred outside of NYKO's possession,

-2-

CHRISTIE, PARKER & HALE, LLP

1   custody or control.

2       8. NYKO objects to EBC's definitions, instructions and interrogatories to

3   the extent that they impose on NYKO an unreasonable burden or expense.

4       9. NYKO objects to that the interrogatories, including all non-discrete

5   subparts, exceed the 25 written interrogatory limit in violation of Rule 33(a)(1)

6   and are therefore invalid on their face and require no response.

7       10.  NYKO reserves the right to assert and seek a Court order that one or

8   more interrogatories need not be answered until designated discovery is complete,

9   or until a pretrial conference or some other time.

10       Subject to and without waiving the foregoing objections, each of which is

11   specifically incorporated into each individual response below, NYKO responds to

12   EBC's First Set of Interrogatories as follows:

13   **RESPONSES TO INTERROGATORIES**

14   **INTERROGATORY NO. 1**:

15       State whether You contend that EBC had knowledge of the Patent-in-Suit

16   or the applications therefore before you filed your Complaint in this Action, and

17   if so, all bases, including when you contend EBC became aware of the Patent-in-

18   Suit, all actions taken by You to notify EBC of the Patent-in-Suit or application

19   therefore, identifying Persons with knowledge of your contention, and identifying

20   all Documents and Things supporting your contention.

21   **RESPONSE TO INTERROGATORY NO. 1**:

22       NYKO incorporates its General Objections.

23       NYKO objects that this interrogatory is compound and should constitute at

24   least three separate interrogatories.  NYKO objects that the request is overbroad,

25   unduly burdensome and not reasonably calculated to lead to the discovery of

26   admissible evidence.  NYKO objects that the term "application therefore" is not

27   defined and is vague and ambiguous.

28       Subject to, and without waiving any objection, NYKO responds as follows:

-3-

CHRISTIE, PARKER & HALE, LLP

1  NYKO contends that EBC had knowledge of the Patent-In-Suit or the relevant
2  applications before NYKO filed its Complaint.  NYKO is not yet aware of all the
3  bases regarding when EBC and its parent company Energizer Holdings, Inc.
4  ("Energizer") became aware of the Patent-In-Suit.  That is information within the
5  possession, custody and control of EBC and Energizer.  EBC was first named as a
6  Defendant in this action on or about December 14, 2012.  Prior to that time, EBC
7  had direct knowledge of the Patent-in-Suit.  EBC is a wholly owned subsidiary of
8  Energizer.  Energizer (and therefore EBC) had personal knowledge of NYKO's
9  infringement claim regarding the Patent-In-Suit since at least April 2012 when
10  Energizer was sued for patent infringement for infringing the Patent-In-Suit.  In
11  November 2012, EBC was served with a subpoena identifying the Patent-In-Suit.
12  Prior to EBC being named as a Defendant, its representative and agent Danielle
13  Kyriakos was served with a deposition notice, effectively notifying her of the
14  Patent-In-Suit.  In addition, NYKO has sold its patented charger products since
15  August 2007.  Prior to the issuance of the Patent-In-Suit, NYKO's patented
16  charger products were clearly marked with notification that a patent was pending.

17      Individuals with knowledge of these facts include: Daniel Yannuzzi, Gray
18  Buccigross, Steven Hanle, Danielle Kyriakos, and most likely others not yet
19  known to NYKO.

20      NYKO reserves it right to supplement is response.

21

22  **INTERROGATORY NO. 2**:

23      Describe in detail all factual and legal bases for Your contention that PDP
24  acted or acts as an agent for Energizer Holdings, Inc. and EBC, and identify the
25  NYKO employee most knowledgeable (whether current or former), and all
26  Documents and Things supporting or refuting your contention.

27  **RESPONSE TO INTERROGATORY NO. 2**:

28      NYKO incorporates its General Objections.

-4-

1   NYKO objects that this interrogatory is compound and should constitute at
2   least three separate interrogatories.  NYKO objects that the request is overbroad,
3   unduly burdensome and not reasonably calculated to lead to the discovery of
4   admissible evidence.  NYKO objects that PDP impermissibly seeks information
5   regarding the legal bases for NYKO's contentions.  NYKO objects that the
6   request seeks attorney work product and attorney client communications.

7   Subject to, and without waiving any objection, NYKO responds as follows:

8   The information sought is information within the possession, custody and
9   control of EBC, Energizer and PDP.  Energizer and PDP, however, have admitted
10  they entered into a partnership to sell and promote the accused products.  Danielle
11  Kyriakos, Director of Global Marketing for Energizer, admitted that Energizer is
12  "[p]artnering with PDP."   John Moore, Vice President of Marketing for PDP
13  similarly admitted that PDP is partnering with Energizer.  PDP purports to sell the
14  accused products on behalf of Energizer.  Energizer further admits that PDP is in
15  fact a "division of Energizer."  Energizer further admits that PDP is the company
16  that "takes care of" Energizer's gaming devices.  Energizer further admits that the
17  PDP Customer Service department is part of the Energizer team.

18  No NYKO employee is "most knowledgeable" on this topic.

19  Responsive documents include: July 7, 2008 article by Gerry Block titled
20  "PDP and Energizer Announce Partnership" and the REVIEW & RATINGS tab
21  and the PRODUCT Q & A tabs on Energizer's website.   *See, e.g.,*
22  http://www.energizer.com/portable-power/gaming/charging/Pages/energizer-
23  power-play-for-ps3-charging-system.aspx;   PDP0004577,   PDP0004598-4602,
24  PDP0009249-9253, PDP021725-21731, PDP024035-24039, ENG0000017-20,
25  ENG0000044, ENG0000071, ENG0000093-103, ENG0000275, ENG0000401,
26  ENG0000442-461.

27  **INTERROGATORY NO. 3**:

28  Describe in detail all factual and legal bases for Your contention that the

-5-

information related to the accused Instrumentalities on the website www.energizer.com, including providing a link to PDP's website, constitutes an offer for sale of accused Instrumentalities.

**RESPONSE TO INTERROGATORY NO. 3**:

NYKO incorporates its General Objections.

NYKO objects that this interrogatory is compound.  NYKO objects that the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  NYKO objects that PDP impermissibly seeks information regarding the legal bases for NYKO's contentions.  NYKO objects that the request seeks attorney work product and attorney client communications.

Subject to, and without waiving any objection, NYKO responds as follows: Outside counsel for Energizer, during the parties' Rule 26(f) conference, and during numerous phone conferences regarding discovery issues, admitted that Energizer directly sold the accused product to numerous individuals.  Energizer also admits that it provided a direct link on its website to permit a user who visits the Energizer website to purchase the accused product.  This constitutes an offer for sale.  35 U.S.C. § 271.

NYKO reserves the right to supplement its response.

**INTERROGATORY NO. 4**:

Describe in detail any limitation, restriction, or obligation of confidentiality that NYKO imposed or attempted to impose on any third party who saw the Charge Base prototype at NYKO's 2007 Consumer Electronic Show hotel suite in January 2007, including stating whether any limitation, restriction, or obligation was imposed, the details thereof, who they were imposed on and not imposed on, identifying the current NYKO employee and former NYKO employee most knowledgeable regarding the foregoing, and identifying all evidence supporting or refuting Your contentions.

CHRISTIE, PARKER & HALE, LLP

-6-

**RESPONSE TO INTERROGATORY NO. 4**:

NYKO incorporates its General Objections.

NYKO objects that this interrogatory is compound and should count as at least three separate interrogatories.  NYKO objects that the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving any objection, NYKO responds as follows:

See NYKO's response to PDP Interrogatory Nos. 3 and 6.

**INTERROGATORY NO. 5**:

Identify all persons who attended NYKO's 2007 Consumer Electronics Show hotel suite in January 2007, documents evidencing which persons attended NYKO's hotel suite, and the NYKO employee most knowledgeable (whether current or former) about the foregoing.

**RESPONSE TO INTERROGATORY NO. 5**:

NYKO incorporates its General Objections.

NYKO objects that this interrogatory is compound and should count for at least three separate interrogatories.  NYKO objects that the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving any objection, NYKO responds as follows:

See NYKO's response to PDP Interrogatory Nos. 3 and 6.

**INTERROGATORY NO. 6**:

Describe in detail all factual and legal bases for Your denials of Paragraph Nos. 249 and 270 of Defendants' Counterclaim [Docket No. 93], and describe in detail all investigations and inquiries by NYKO in response to Paragraph Nos. 250 and 270.

**RESPONSE TO INTERROGATORY NO. 6**:

NYKO incorporates its General Objections.

-7-

CHRISTIE, PARKER & HALE, LLP

NYKO objects that this interrogatory is compound and should constitute at least four separate interrogatories.  NYKO objects that the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  NYKO objects that that request impermissibly seeks the legal bases for NYKO's position.  PDP's request regarding investigation and inquiries regarding paragraph no. 270 is ambiguous and unintelligible.

Subject to, and without waiving any objection, NYKO responds as follows:

As to paragraph nos. 249 and 270, NYKO did not disclose the claimed invention.  As to any investigations and inquiries regarding paragraph no. 250, NYKO performed a reasonable search including a detailed ESI key word search. The legal bases for NYKO's responses are found in Rule 8(b) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 7**:

Describe in detail all factual and legal bases for Your response to Paragraph Nos. 250 and 271 of Defendants' Counterclaim [Docket No. 93], and describe in detail all investigations and inquiries by NYKO in response to Paragraph Nos. 250 and 271.

NYKO reserves its right to supplement its response.

**RESPONSE TO INTERROGATORY NO. 7**:

NYKO incorporates its General Objections.

NYKO objects that this interrogatory is compound and should constitute at least four separate interrogatories.  NYKO objects that the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  NYKO objects that that request impermissibly seeks the legal bases for NYKO's position.

Subject to, and without waiving any objection, NYKO responds as follows:

Following a reasonable investigation which included a detailed ESI key word search, NYKO lacks knowledge or information sufficient to form a belief

-8-

CHRISTIE, PARKER & HALE, LLP

about the truth to the allegations of paragraphs 250 and 271, pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

NYKO reserves its right to supplement its response.

**INTERROGATORY NO. 8**:

Identify the date(s) that NYKO first anticipated litigation against each of PDP, Energizer Holdings, Inc., and EBC, and state all factual and legal bases for Your contention.

**RESPONSE TO INTERROGATORY NO. 8**:

NYKO incorporates its General Objections.

NYKO objects that this interrogatory is compound and should constitute at least three separate interrogatories.  NYKO objects that the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  NYKO objects that that request impermissibly seeks the legal bases for NYKO's position.  NYKO objects that the phrase "first anticipated litigation" is vague and ambiguous.  NYKO objects that the request seeks disclosure of attorney work product and/or attorney client communications.

NYKO reserves its right to supplement its response.

**INTERROGATORY NO. 9**:

Describe in detail all factual and legal bases supporting your contention that NYKO did not sell or offer to sell any of its Charge Base products prior to March 7, 2007, including identifying the NYKO employee (whether current or former) most knowledgeable regarding the foregoing, and identifying all Documents and Things supporting or refuting the foregoing. This includes, but is not limited to addressing NYKO Sales Order Numbers 97145-97148, 97595, 97596, 98010, 98081, 98103, 98107, 98190-8193, 98233, 99007, 99014, 99117, 99161, 99499, NYKO Invoice Numbers 103430, 101146-101149, 101622, 101623, 102052-102055, 102057, 102086, 102087, 102102, 102535-102538, 102575-102580, 103172-103175, 103180, 103188, 103190, 103221, 103222,

-9-

CHRISTIE, PARKER & HALE, LLP

103225, 103529, 103611, 113979, 113980, 113982, and Amazon Purchase Order Numbers L3470035, R9850313, R8351981, and N2198145, as well as communications regarding the foregoing and shipments of NYKO's Charge Base products regarding the foregoing.

**RESPONSE TO INTERROGATORY NO. 9**:

NYKO incorporates its General Objections.

NYKO objects that this interrogatory is compound and should constitute at least sixty-five separate interrogatories.  NYKO objects that the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  NYKO objects that that request impermissibly seeks the legal bases for NYKO's position.

Subject to, and without waiving any objection, NYKO responds as follows:

Subject to further investigation and analysis, NYKO contends that there was no firm sale or offer for sale of the accused product prior to June 2007, when the pricing for the Charge Base product was fixed, the requests for the products were invoiced, and the products were actually shipped to vendors.

The price for the Charge Base product was not fixed and was subject to change through May 2007.  A mock up of the Charge Base product was received in or about the last week of December 2006.  The mock up was being tested through January 2007 and into May of 2007.  There is no clear and convincing evidence that the mock up itself was a working prototype that worked for its intended purpose.  A further prototype was received by NYKO in or about January 18, 2007, which was subject to further testing.  Additional changes were made to the product between January 18, 2007 and May 2007, when final consumer products were received.  The final products were not shipped until June 2007.

It is common in the industry for products to be announced.  There is no fixed price for the products.  Depending on the cost to manufacture the product,

-10-

1  which can only be ascertained after the final design is completed and the
2  materials and parts are confirmed and sourced, the final price is set.  In cases
3  where the demand for the announced product is weak, or the cost to manufacture
4  the product is too high to support a reasonable manufacturer's suggested retail
5  price, the product is never released.

6       Here, the Charge Base was a new product that was announced and an SLA
7  mock-up was displayed at the 2007 Consumer Electronics Show in Las Vegas.
8  The design was not finalized, the demand was not ascertained and the cost of the
9  product was not fixed.  The price of the product was not fixed and was subject to
10  change per the dealer price sheets.  As such, any requests made by vendors for the
11  product were in the category of pre-orders that would only be fulfilled in the
12  event NYKO deemed that the design could be finalized and the product could be
13  manufactured in a cost effective manner.   This is supported by the fact that
14  NYKO shipped no product for any of the initial requests prior to June 2007, and
15  re-invoiced the requests under new invoices for payment and shipment in June
16  2007, only after NYKO had finalized the product in terms of pricing and
17  commercial design.

18       Based on the foregoing, NYKO's announcement of the products and
19  acceptance of requests for products, which requests were conditioned upon the
20  product actually being finalized and manufactured in a cost effective manner and
21  released at a firm price point do not constitute a "sale" or "offer for sale" of the
22  patented product prior to June 2007.

23       Further, there was no offer for sale by NYKO prior to the critical date.  For
24  example, the foregoing documents do not represent offers for sale because NYKO
25  did not manifest any willingness to enter into a bargain so made as to justify
26  another person in understanding that assent to that bargain is invited and would
27  conclude it. *See Linear Technology Corp. v. Micrel, Inc.*, 275 F.3d 1040, 1050
28  (Fed. Cir. 2001).

-11-

CHRISTIE, PARKER & HALE, LLP

As discovery is not yet complete, NYKO reserves its right to supplement its response.  Further, NYKO's analysis of the documents is continuing and NYKO has not yet determined all the documents which may relate to this request.  Once that analysis is completed, NYKO will supplement its response.

The NYKO employees most knowledgeable regarding the foregoing is Christopher Arbogast and C.C. Swiney.

Responsive documents include: NT001074-79, NT001098-1107, NT001116-1124, NT002053-2056, NT002098-2102, NT002698-2703, NT002742-2743, NT077835-846, NT077855-901, NT077938-939, NT077973-4, NT077983-89, and NT078005-8223.

**INTERROGATORY NO. 10**:

Describe in detail all factual and legal bases supporting your contention that NYKO's Charge Base was not in public use prior to March 7, 2007, including identifying the NYKO employee (whether current or former) most knowledgeable regarding the foregoing, and identifying all Documents and Things supporting or refuting the foregoing. This includes, but is not limited to addressing why NYKO's showing and demonstration of its Charge Base prototype at its hotel suite during the 2007 Consumer Electronics Show did not constitute a public use.

**RESPONSE TO INTERROGATORY NO. 10**:

NYKO incorporates its General Objections.

NYKO objects that this interrogatory is compound and should constitute at least four separate interrogatories.  NYKO objects that the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  NYKO objects that that request impermissibly seeks the legal bases for NYKO's position. NYKO objects that the interrogatory is duplicative.

Subject to, and without waiving any objection, NYKO responds as follows: See NYKO's response to PDP Interrogatory Nos. 3 and 6.

-12-

CHRISTIE, PARKER & HALE, LLP

1    Further, in order for there to be a "public use" under 35 U.S.C. Section

2    102(b), the product must have been operable for its intended purpose.  Here, an

3    SLA mock-up of the Charge Base product was displayed and shown at the 2007

4    Consumer Electronics Show in Las Vegas.  However, there is no clear and

5    convincing evidence that the product actually operated to charge wireless

6    controllers.  The mock-up had LED indicator lights, but absent testing, it was

7    unclear whether the mock up could actually charge wireless controllers.  Further,

8    a prototype was built and sent to NYKO on or about January 2007, after the show

9    had ended.

10   Under § 102(b), a "public use" means any use of the claimed invention by a

11   person other than the inventor who is under no limitations, restrictions or

12   obligation of secrecy to the inventor.  Because there is no clear and convincing

13   evidence the prototype actually charged a wireless controller, the disclosures did

14   not amount to "public use" because these disclosures only visually displayed the

15   charger design without putting it into use, *i.e.*, without disclosure of the

16   prototype's ability to actually charge wireless controllers.  *See Motionless

17   Keyboard Co. v. Microsoft Corp.*, 486 F.3d 1376 (Fed. Cir. 2007); *See also

18   Browning Mfg. Co. v. Bros, Inc.,* 134 U.S.P.Q. 231 (D. Minn. 1962), *affd,* 317

19   F.2d 413 (8th Cir. 1963) (where a roller compactor for use in the building of

20   roads was displayed publicly but not actually operated the machine was not in

21   public use.)

22   Here, there is no clear and convincing evidence that the SLA mock-up

23   shown and displayed at the 2007 CES show actually worked for its intended

24   purpose.  Although the mock-up was called Charge Base and included each and

25   every feature of the claimed invention, there is no clear and convincing evidence

26   that the prototype was functional to charge wireless controllers, and therefore the

27   invention was not in public use under 35 U.S.C. Section 102(b).

28   Further, regardless of the use, the access to the NYKO suite was not

-13-

CHRISTIE, PARKER & HALE, LLP

"public" in the sense that access to the suite was restricted to invited guests with appointments.

NYKO reserves the right to supplement its response.

**INTERROGATORY NO. 11**:

Identify all "others" who "copied the concepts embodied in NYKO's product and introduced products of their own to compete with NYKO" as alleged in paragraph 9 of Your Amended Complaint [Docket No. 85], and identify and describe in detail all communications with those "others" regarding the '848 Patent.

**RESPONSE TO INTERROGATORY NO. 11**:

NYKO incorporates its General Objections.

NYKO objects that this interrogatory is compound and should constitute at least two separate interrogatories.  NYKO objects that the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving any objection, NYKO responds as follows:

Without limitation, PDP, Energizer, BD&A doing business as Power A and Sony have copied or implemented the concepts embodied in NYKO's product during at least one point in the past.  NYKO has contacted at least BD&A and Sony with respect to the same.

NYKO reserves the right to supplement its response.


**INTERROGATORY NO. 12**:

Describe in detail all factual and legal bases for Your allegation that "Energizer's infringement, EBC's infringement and PDP's infringement of the '848 Patent are willful and NYKO is entitled to enhanced damages against Energizer, EBC and PDP, and each of them" in paragraph 20 of Your Amended Complaint [Docket No. 85], including identifying the current NYKO employee

-14-

most knowledgeable regarding the foregoing, and all Documents and Things supporting or refuting the foregoing.

**RESPONSE TO INTERROGATORY NO. 12**:

NYKO incorporates its General Objections.

NYKO objects that this interrogatory is compound and should constitute at least three separate interrogatories.  NYKO objects that the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  NYKO objects that that request impermissibly seeks the legal bases for NYKO's position.   NYKO

Subject to, and without waiving any objection, NYKO responds as follows:

The information sought is information within the possession, custody and control of EBC, Energizer and PDP.  NYKO contends that Energizer, EBC and PDP knew of NYKO's patent rights and/or pending patent rights and continued to infringe.  Moreover, there is evidence that PDP copied NYKO's patented charger product in 2007.  In fact, PDP apparently sourced a circuit for its infringing product from one of NYKO's suppliers.  In addition, NYKO has sold its patented charger products since August 2007.  Prior to the issuance of the Patent-In-Suit, NYKO's patented charger products were clearly marked with notification that a patent was pending.  PDP knew of NYKO's product in 2007 and therefore knew that a patent was pending.  Once the Patent-in-Suit issued, PDP, Energizer and EBC continued to knowingly sell and offer for sale the infringing products.  In fact, PDP, Energizer and EBC continue to this day to sell and offer for sale the infringing products, now almost a year after being sued for infringement.  See also NYKO's response to EBC's Interrogatory 1.

Relevant documents include documents of NYKO's patented product marked "patent pending," PDP 2608 and PDP 4157.

NYKO reserves the right to supplement its response.

-15-

CHRISTIE, PARKER & HALE, LLP

**INTERROGATORY NO. 13**:

Identify whether any (a) NYKO Charge Base products sold have been or are marked with the numbers of the '848 patent or any application that led to the '848 patent, or "patent pending;" (b) when marking of each product began; (c) when distribution of each product identified in response to (a) in marked form began; (d) when distribution of each product identified in response to (a) in marked form ended; (e) when distribution of each product identified in response to ( a) in marked form became "substantially consistent and continuous;" (f) what steps, if any, that NYKO took to ensure that substantially all of each product identified in response to (a) was distributed in marked form; and (g) what steps, if any, that NYKO took to ensure that each product identified in response to ( a) was continuously distributed in marked form.

**RESPONSE TO INTERROGATORY NO. 13**:

NYKO incorporates its General Objections.

NYKO objects that this interrogatory is compound and should constitute at least fifteen separate interrogatories.  NYKO objects that the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  NYKO objects that the request impermissibly seeks a legal conclusion.

Subject to, and without waiving any objection, NYKO responds as follows:

NYKO marked the Charge Base products with the designation "patent pending" and then marked the product with the patent number once the patent-in-suit issued.  NYKO altered its packaging to reflect the patent number once the patent issued and place the patent number on new packaging on a systematic and continuous basis once the patent issued.

NYKO reserves the right to supplement its response.

-16-

CHRISTIE, PARKER & HALE, LLP

**INTERROGATORY NO. 14**:

Identify all payments provided by Hip Hing Cable or Ever Sparkle to Amir Navid by date and amount, explain in detail all reasons that each payment was provided to Amir Navid, and identify all Documents evidencing the foregoing and all communications regarding the foregoing.

**RESPONSE TO INTERROGATORY NO. 14**:

NYKO incorporates its General Objections.

NYKO objects that this interrogatory is compound and should constitute at least two separate interrogatories.  NYKO objects that the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  NYKO objects that any purported payments to Mr. Navid are not reasonably calculated to lead to the discovery of admissible evidence in this matter.  EBC has failed to make any sort of showing how or why this request has anything at all to do with any claim or defense asserted in this action.

Subject to, and without waiving any objection, NYKO responds as follows:

NYKO is willing to meet and confer with EBC in an effort to ascertain why EBC seeks this information and how any responsive information is in any way relevant to any issue, claim or defense in this action.

NYKO reserves the right to supplement its response.

DATED:  March 8, 2013                       Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP


By */s/ G. Warren Bleeker*
    G. Warren Bleeker

Attorneys for Plaintiff and
Counterdefendant,
NYKO Technologies, Inc.

CHRISTIE, PARKER & HALE, LLP

-17-

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on March 8, 2013, I have served a true copy of this document via e-mail (per agreement of the parties) to the individuals addressed as follows:

Steven M. Hanle, Esq.
Daniel N. Yannuzzi, Esq.
Gray M. Buccigross, Esq.
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626
shanle@sheppardmullin.com
dyannuzzi@sheppardmullin.com
gbuccigross@sheppardmullin.com
Counsel for Defendants

I am a member of the Bar of this Court.

Executed on March 8, 2013 at Altadena, California.

*/s/ G. Warren Bleeker*
G. Warren Bleeker

GWB PAS1222796.1-*-03/8/13 4:42 PM

-18-

CHRISTIE, PARKER & HALE, LLP