SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
DANIEL N. YANNUZZI, Cal. Bar No. 196612
dyannuzzi@sheppardmullin.com
GRAHAM M. BUCCIGROSS, Cal. Bar No. 234558
gbuccigross@sheppardmullin.com
12275 El Camino Real, Suite 200
San Diego, California 92130-2006
Telephone: 858.720.8900
Facsimile: 858.509.3691

STEVEN M. HANLE, Cal. Bar No. 168876
shanle@sheppardmullin.com
650 Town Center Drive, 4th Fl.
Costa Mesa, CA 92626
Telephone: 714.513.5100
Facsimile: 714.513.5130

Attorneys for Performance Designed Products
LLC and Energizer Holdings, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NYKO TECHNOLOGIES, INC. a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ENERGIZER HOLDINGS, INC. a Missouri Corporation, and PERFORMANCE DESIGNED PRODUCTS LLC, a California Limited Liability Company,<br><br>Defendants. | Case No. CV12-03001<br><br>**PERFORMANCE DESIGNED PRODUCTS LLC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF NYKO TECHNOLOGIES, INC.**<br><br>The Hon. Gary A. Feess<br><br>[Complaint Filed: April 5, 2012] |

Defendant Performance Designed Products LLC ("PDP"), pursuant to Federal Rules of Civil Procedure 26 and 34, requests that Plaintiff Nyko Technologies, Inc. ("Nyko") produce the documents described herein, and pursuant to the definitions and instructions set forth herein, by mailing copies of the documents to the Defendants' attorneys of record at Sheppard Mullin Richter & Hampton LLP within

-1-

1  thirty (30) days after service.

## DEFINITIONS

1. "Nyko," "You," "Your," and "Plaintiff" mean and include: (a) Plaintiff Nyko Technologies, Inc.; (b) its current and former officers, directors, employees, agents, representatives, consultants, attorneys; and (c) any past or present business entity acting or purporting to act on behalf or under the control of Nyko Technologies, Inc..

2. "Energizer" means and includes: (a) Energizer Holdings, Inc.; (b) its current and former officers, directors, employees, agents, representatives, consultants, attorneys; and (c) any past or present business entity acting or purporting to act on behalf or under the control of Energizer Holdings, Inc..

3. "PDP" means and includes: (a) Performance Designed Products, LLC; (b) its current and former officers, directors, employees, agents, representatives, consultants, attorneys; and (c) any past or present business entity acting or purporting to act on behalf or under the control of Performance Designed Products, LLC.

4. "Walmart" means and includes: (a) Wal-Mart Stores, Inc.; (b) its current and former officers, directors, employees, agents, representatives, consultants, attorneys; and (c) any past or present business entity acting or purporting to act on behalf or under the control of Wal-Mart Stores, Inc..

5. "Sony" means and includes: (a) Sony Corporation, Sony Corporation of America; (b) their current and former officers, directors, employees, agents, representatives, consultants, attorneys; and (c) any past or present business entity acting or purporting to act on behalf or under the control of Sony Corporation.

6. "Microsoft" means and includes: (a) Microsoft Corporation; (b) its current and former officers, directors, employees, agents, representatives, consultants, attorneys; and (c) any past or present business entity acting or purporting to act on behalf or under the control of Microsoft Corporation.

7. "Best Buy" means and includes: (a) Best Buy Co., Inc.; (b) their current and former officers, directors, employees, agents, representatives, consultants, attorneys; and (c) any past or present business entity acting or purporting to act on behalf or under the control of Best Buy Co., Inc..

8. "Frys" means and includes: (a) Frys Electronics, Inc.; (b) their current and former officers, directors, employees, agents, representatives, consultants, attorneys; and (c) any past or present business entity acting or purporting to act on behalf or under the control of Frys Electronics, Inc.

9. "PS3" or "PlayStation 3" means any version of the Sony PlayStation 3" gaming console.

10. "Xbox 360" means any version of the Microsoft Xbox 360 gaming console.

11. "Person" means any natural person, individual, firm, association, corporation, partnership, foundation, proprietorship, joint venture, organization or entity, including all governmental entities, agencies, officers and departments, and its agents, representatives and employees.

12. The terms "'848 Patent" and "Patent-in-Suit" mean United States Patent No. 8,143,848, entitled "Video Game Controller Charging System Having a Docking Structure."

13. The term "'295 Application" means the application from which the '848 Patent issued, United States Patent Application No. 12/044,295.

14. The term "'137 Application" means United States Patent Application No. 11/581,137.

15. The term "'364 Application" means United States Provisional Patent Application No. 60/982,364.

16. "Navid" means Amir Navid, who is listed as the inventor of the '848 Patent, as well as his agents.

17. The terms "Action" and "this Litigation" mean the above-captioned

-3-

lawsuit, Case No. CV12-03001, in the U.S. District Court for the Central District of California.

18. "Instrumentality" means any product, apparatus, process, method or service.

19. "Parties to the Litigation" means past and current parties to this Litigation including Nyko Technologies, Inc., Energizer Holdings, Inc., and Performance Designed Products LLC.

20. "Nyko Instrumentality" means any Instrumentality used, sold, offered for sale, made, or otherwise developed by Navid or Nyko, or on their behalf.

21. The term "Nyko Patented Instrumentality" means any Nyko Instrumentality that Nyko contends has ever practiced any claim of the '848 Patent or the '295 application.

22. "Documents" is used in the broadest possible sense and includes everything encompassed by Fed. R. Civ. P. 34(a) and applicable case law, and any other "writings" and "records" as defined in Fed. R. Evid. 1001.

23. "Things" shall be synonymous in meaning and equal in scope to the use of that term in Fed. R. Civ. P. 34(a), and includes any tangible object other than a Document.

24. "Prior art" means all Documents, Things and activities (i.e., uses, sales, offers for sale, publications, displays) that constitute, describe or refer to the subject matter claimed in the '848 Patent or '295 application that were published or occurred prior to the filing date of the '295 application. By way of example, and without limitation, the term "Prior Art" includes the subject matter described in 35 U.S.C. §§ 102 and 103, including publications, patents, physical devices, prototypes, uses, public displays, sales and offers for sale, and any Document or Thing evidencing any of the foregoing, whether before or after any alleged reduction to practice date.

25. "Date" means the exact day, month and year, if ascertainable, or, if

not, the best approximation thereof.

26. "Communication" means any transmission, exchange or transfer of information by any means.

27. "And" and "or" as used herein shall be construed both conjunctively and disjunctively and each shall include the other whenever such construction will serve to bring within the scope of these Requests any Document or Thing that would otherwise not be brought within their scope.

28. "Include" and "including" mean including but not limited to.

29. "Any" and "each" should be understood to include and encompass "all."

30. The singular used herein shall include the plural and the masculine gender shall include the feminine and the gender neutral.

### INSTRUCTIONS

A. These Requests seek disclosure to the full extent of the Federal Rules of Civil Procedure and shall be interpreted as inclusive rather than exclusive. These Requests are of a continuing nature and Nyko is required to produce additional Documents and Things if it obtains further or different information after the date of its initial production and before this case is completed.

B. To the extent any definition or instruction herein conflicts with any other relevant definition or instruction, interpret the definition or instruction broadly, as necessary to bring within the scope of these Requests any Documents or Things that might otherwise be construed to be outside their scope.

C. If Nyko objects to any Request, set forth the basis for the objection, and produce Documents and Things in response to the Request to the extent that it is not objected to.

D. Unless otherwise stated herein, responses to any of these Requests including electronically stored information shall be produced on a CD or DVD. All Documents shall be Bates numbered, with each page bearing a unique Bates

number. Documents stored electronically (or scanned from hard copy form for production) are to be produced in single-page, Group 4, black-and-white TIF format, along with .dat and .opt load files. Load files shall utilize Concordance delimiters or carrot (^) and pipe (|) delimiters. The .dat files shall also provide the following fields (to the extent applicable): BEGDOC#, ENDDOC#, BEGATTACH, ENDATTACH, PAGECOUNT, DESIGNATION, DOCEXT, TEXT, and OCR. All Microsoft Excel files shall be produced in native format, rather than as TIFF images. Any Document produced in native format should contain a TIFF placeholder identifying the Bates number of the Document, and referencing that the file has been produced in native. PDP reserves the right to seek other Documents in native format, as necessary. PDP additionally reserves the right to seek metadata, including but not limited to DATECREATED, LASTMODDATE, LASTACCESSEDDATE, and LASTWRITTENDATE.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All agreements regarding the '848 Patent or '295 Application, including any settlement agreement, licensing agreement, covenant not to sue, patent acquisition agreement, or setoff agreement, and drafts thereof.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents evidencing or referring to negotiations regarding agreements requested in Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents evidencing or referring to Communications between Nyko and Sony or Microsoft referencing the '848 Patent, '295 Application, '364 Application, '137 Application, Nyko Patented Instrumentalities, or the accused products, including any settlement agreement, licensing agreement, covenant not to sue, patent acquisition agreement, or setoff agreement, and drafts thereof.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents evidencing or referring to negotiations regarding agreements requested in Request for Production No. 3.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents evidencing or referring to Communications between Nyko on the one hand, and Walmart, Best Buy, Target, or Frys, on the other hand, regarding any Nyko Patented Instrumentality, including Communications regarding the purchase, sale, evaluation, negotiation of terms, pricing, discontinuation of purchase, or discontinuation of sale of such Instrumentality.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents evidencing or referring to Communications between Nyko and any retailer regarding any Nyko Patented Instrumentality, including Communications regarding the purchase, sale, evaluation, negotiation of terms, pricing, discontinuation of purchase, or discontinuation of sale of such Instrumentality.

**REQUEST FOR PRODUCTION NO. 7:**

All Communications between Nyko and Walmart referenced in the May 29, 2012 Hearing Transcript at 13:8-12, 13:24-25.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents referring to sales or marketing of the Nyko Charge Base S, Charge Base 360, other Nyko video game controller charger products, or Nyko Patented Instrumentalities, including any Documents that reference competitive strategies or perceived advantages or differences between the Nyko Instrumentality and other competing Instrumentalities.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents or Communications constituting or referring to marketing analysis, competitive strategy, or competitive analysis regarding PDP or its products.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents or Communications constituting or referring to marketing analysis, competitive strategy, or competitive analysis regarding Energizer or its products.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents or Communications constituting or referring to marketing analysis, competitive strategy, or competitive analysis regarding video game controller charger products for the PS3 or Xbox 360.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents referring to sales data for any Nyko Patented Instrumentalities, including any specific data indicating sales trends over time, numbers of units sold, revenue, and operating margins by store and model number, or any other sales data that might be used to indicate any changes in Nyko's relative market share over time.

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to show, for each retailer that Nyko has sold the Nyko Patented Instrumentalities to, the percentage of sales that take place in physical stores versus on the internet.

**REQUEST FOR PRODUCTION NO. 14:**

Documents sufficient to show, separately for each Nyko Patented Instrumentality, the costs that Nyko incurred in researching, designing, and developing it.

**REQUEST FOR PRODUCTION NO. 15:**

All marketing plans referring to any Nyko Patented Instrumentality.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents evidencing or referencing Nyko's marketing strategy for video game controller chargers, including the marketing of the Charge Base S, the Charge Base 360, and any other Nyko Patented Instrumentality.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents evidencing any feedback, including complaints, regarding any Nyko chargers for wireless game controllers.

**REQUEST FOR PRODUCTION NO. 18:**

Transcripts of depositions of Nyko and Nyko employees and experts from *Nintendo Corporation of America Inc. v. Nyko Technologies Inc.*, Case No. 2:2008cv00907 (W.D. Wash.).

**REQUEST FOR PRODUCTION NO. 19:**

All Documents evidencing studies or analyses regarding Nyko's reputation or goodwill.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents and Things evidencing the ownership, title, transfer, or assignment of rights to the '848 Patent, '295 Application, '137 Application, or '364 Application, including security interests and liens, and Communications regarding the foregoing.

**REQUEST FOR PRODUCTION NO. 21:**

All trademark and copyright applications for any Nyko Patented Instrumentality.

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to show Nyko's marking activities, or the marking activities of any licensee with respect to the '848 Patent, including Documents showing the Date when marking began for each Instrumentality, the manner in which the marking was applied to each Instrumentality, identification of the actual marking applied to each Instrumentality, identification of all patents included in the marking, and the Date such marking was terminated (if applicable).

**REQUEST FOR PRODUCTION NO. 23:**

All Documents evidencing the design, development, and operation of any Nyko Instrumentality that You contend practices or would have practiced at least

one claim of the '848 Patent, '295 Application, '137 Application, or '364 Application, including Documents sufficient to show all Persons involved in any of the above (other than clerical staff).

**REQUEST FOR PRODUCTION NO. 24:**

All Documents referring to any PDP or Energizer Instrumentalities for charging wireless video game controllers.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Things evidencing or referring to when Nyko or Navid first formed the belief that any Person, whether a Party to this Action or not, infringed the '848 Patent.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Things evidencing or referring to when Nyko or Navid first formed the belief that PDP and Energizer infringed the '848 Patent, or that any claim of the '295 Application read on any PDP or Energizer Instrumentality.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents and Things that You contend support, or that tend to refute, Your contention that Energizer or PDP infringe the '848 Patent (whether directly or indirectly).

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Things evidencing or referring to any evaluation, analysis, review, or inspection of Energizer and PDP's Instrumentalities, and the results of such evaluation, analysis, review or inspection.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents evidencing or referring to any investigation by Nyko or Navid of an Instrumentality that at one time was suspected by Nyko or Navid of being within the claim scope of at least one of the claims of the '848 Patent or '295 Application, but which ultimately was believed not to be within the claim scope.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents referring to Power & Play chargers, including all Documents containing the terms "Power and Play," or "Power & Play."

**REQUEST FOR PRODUCTION NO. 31:**

All Communications with third parties regarding Energizer, PDP, or any of their Instrumentalities.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents evidencing or referring to plans, suggestions, or contemplated actions regarding the bringing of this or any Action against Energizer or PDP, including all corporate minutes and all other Documents memorializing or referring to meetings of the Board of Directors, Executive Committee or Committees, stockholders, of any Nyko's corporate boards, committees or sub-committees.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and Things evidencing or referring to Navid's or Nyko's purchase, use, investigation, review, or study of any PDP or Energizer Instrumentality.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents referring to the '848 Patent, '295 Application, '137 Application, or '364 Application.

**REQUEST FOR PRODUCTION NO. 35:**

All patent applications and patents (United States or foreign) that list Navid as an inventor, as well as file histories therefore.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents referring to references cited in the '848 Patent.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents referring to references cited or otherwise made of record during the prosecution of the '295 Application, '137 Application, or '364 Application.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents constituting or referring to any actual or purported Prior Art to the '848 Patent identified by Persons or entities with whom You have engaged in litigation, negotiations, licensing, or discussions with respect to the '848 Patent, '295 Application, '137 Application, or '364 Application.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents that You contend support, or that would tend to refute, Your contention that the '848 Patent is not invalid or unenforceable.

**REQUEST FOR PRODUCTION NO. 40:**

All Prior Art or purported Prior Art to the '848 Patent disclosed to Navid or otherwise in Navid's possession.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents evidencing or referring to Communications with Navid regarding Prior Art to the '848 Patent.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents evidencing or referring to Prior Art to the '848 Patent that discloses chargers for wireless video game controllers.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents evidencing or referring to Prior Art to the '848 Patent that discloses chargers for wireless consumer electronics devices.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents and Things evidencing or referring to the conception of the subject matter claimed in the '848 Patent or '295 Application, including models, prototypes, mock-ups, specifications, schematics, simulations, notes, notebooks, manuals, memoranda, correspondence, calendars, and Communications.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents and Things evidencing or referring to Navid's first disclosure of any part of the subject matter claimed in the '848 Patent or '295 Application to

any third party.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents and Things evidencing or referring to Navid's first disclosure of any part of the subject matter claimed in the '848 Patent or '295 Application to any Person.

**REQUEST FOR PRODUCTION NO. 47:**

Documents sufficient to show, separately for each Nyko Patented Instrumentality, all changes made to it, when such changes were made, and why such changes were made.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents discussing the use of adapters for charging wireless game controllers.

**REQUEST FOR PRODUCTION NO. 49:**

All pre-suit Communications regarding any of the Prior Art that PDP or Energizer raise as invalidating, or contributing to the invalidation of, the '848 Patent.

**REQUEST FOR PRODUCTION NO. 50:**

All patent applications claiming a method, system, or apparatus for charging wireless video game controllers, including file histories therefore.

**REQUEST FOR PRODUCTION NO. 51:**

File histories, including annotated file histories, for the '848 Patent and any foreign counterpart patents and applications.

**REQUEST FOR PRODUCTION NO. 52:**

All Documents and Things generated in connection with the preparation and prosecution of the '295 Application, '137 Application, and '364 Application including all inventor notebooks, technical files, diaries, appointment calendars, trip reports, draft specifications and applications, diagrams, and the files and Communications of any Person involved with its prosecution, including Documents

-13-

in the possession of the Christie, Parker & Hale, LLP law firm, and any other attorneys or patent agents involved with the preparation or prosecution of the '295 Application, '137 Application, or '364 Application.

**REQUEST FOR PRODUCTION NO. 53:**

All Documents and Things that You intend to rely on to show the level of knowledge, schooling, experience, expertise, and relevant technical skill of a person having ordinary skill in what You contend is the relevant art pertaining to the '848 Patent, at the times the level of ordinary skill in the art is measured for purposes of invalidity and the doctrine of equivalents.

**REQUEST FOR PRODUCTION NO. 54:**

Documents sufficient to identify any arbitration, administrative proceeding, or judicial proceeding involving the '848 Patent, '295 Application, '137 Application, or '364 Application, or any of their foreign counterparts, other than this Action.

**REQUEST FOR PRODUCTION NO. 55:**

All Documents and Things evidencing or referring to Navid's work, study, or experimentation on any of the subject matter claimed in the '848 Patent, '295 Application, '137 Application, or '364 Application, including models, prototypes, mock-ups, specifications, schematics, simulations, test results, notes, notebooks, manuals, memoranda, and correspondence.

**REQUEST FOR PRODUCTION NO. 56:**

All Documents constituting or referring to publications, abstracts, papers, presentations, speeches, or other disclosures authored, provided, or made, in whole or in part, by Navid.

**REQUEST FOR PRODUCTION NO. 57:**

All Documents evidencing of referring to any comparison of induction charging for wireless game controller to the use of DC ports for charging wireless game controllers.

-14-

W02-WEST:6GMB1\405584131.5    PDP'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Exhibit I
Page I-14

**REQUEST FOR PRODUCTION NO. 58:**

Documents sufficient to show any internal or project names for Nyko Patented Instrumentalities or any Nyko Charge Base product for the Playstation 3 or Xbox 360.

**REQUEST FOR PRODUCTION NO. 59:**

All Documents discussing the physical orientation of game controllers in any game wireless game controller charger.

**REQUEST FOR PRODUCTION NO. 60:**

All submissions made to any governmental or regulatory body that refer to the '848 Patent, '295 Application, '137 Application, '364 Application or the subject matter claimed therein.

**REQUEST FOR PRODUCTION NO. 61:**

All declarations, affidavits, oaths, deposition, and trial testimony by Navid in connection with any administrative, judicial, or arbitration action or proceeding, whether in the United States or abroad.

**REQUEST FOR PRODUCTION NO. 62:**

All Documents and Things evidencing or referring to the reduction to practice and diligence (or lack thereof) in the reduction to practice of the subject matter claimed in the '848 Patent or '295 Application, including models, prototypes, mock-ups, specifications, schematics, simulations, notes, laboratory notebooks, manuals, memoranda, draft patent application(s) and patent applications (whether U.S. or foreign), correspondence, calendars, and Communications.

**REQUEST FOR PRODUCTION NO. 63:**

All prototypes, mock-ups, or models of any Nyko Patented Instrumentality or any charger for the PlayStation 3 or Xbox 360 wireless game controllers.

**REQUEST FOR PRODUCTION NO. 64:**

All Documents and Things evidencing Navid's research, study, and work regarding wireless video game controller chargers, regardless of whether such

-15-

research, study, or other work was conducted alone or with others.

**REQUEST FOR PRODUCTION NO. 65:**

Calendars (whether kept electronically or in hard copy) for Navid from January 2006 through March 2008.

**REQUEST FOR PRODUCTION NO. 66:**

All Documents and Things evidencing or referencing Nyko's preparation, participation, and general involvement in the Consumer Electronics Show (CES) industry trade show in January 2007, including attendee lists, published and non-published advertisements, invoices, exhibit diagrams, attendee badges, packing slips, photographs, videos, invitations to events, planning Documents, and other internal Communications.

**REQUEST FOR PRODUCTION NO. 67:**

All Documents evidencing any technical or industry conference, symposium, trade show, standards committee(s), or industry or professional association meeting, from 2005 through the present, regarding the subject matter disclosed in the '848 Patent, '295 Application, '137 Application, or '364 Application, including all Documents showing the attendance by Navid, notes by Navid, and Documents received or provided by Navid at the event.

**REQUEST FOR PRODUCTION NO. 68:**

All Documents evidencing or referring Navid's involvement, awareness, or participation in the Consumer Electronics Show (CES) industry trade show in January, 2007, including any Communications between Navid and any other Person referring to the CES trade show, planned activities at the show, or any marketing or display of Nyko chargers for wireless video game controllers at the show.

**REQUEST FOR PRODUCTION NO. 69:**

All Documents evidencing or discussing the initial decision by Nyko or Navid to design, develop, use, manufacture, sell, or distribute each Nyko Patented Instrumentality.

-16-

W02-WEST:6GMB1\405584131.5     PDP'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Exhibit I
Page I-16

**REQUEST FOR PRODUCTION NO. 70:**

All Communications between Nyko or Navid on the one hand, and any other Person on the other hand, regarding any purported use by Nyko or Navid of the subject matter claimed in the '848 Patent, '295 Application, '137 Application, or '364 Application, prior to the filing of the '295 Application.

**REQUEST FOR PRODUCTION NO. 71:**

All Documents and Things evidencing or referring to any offer for sale of any Nyko charger for wireless game controllers prior to the filing of the '295 Application.

**REQUEST FOR PRODUCTION NO. 72:**

All Documents and Things evidencing or referring to any sale of any Nyko charger for wireless game controllers prior to the filing of the '295 Application.

**REQUEST FOR PRODUCTION NO. 73:**

All Documents and Things evidencing or referring to any publication of any Nyko charger for wireless game controllers prior to the filing of the '295 Application.

**REQUEST FOR PRODUCTION NO. 74:**

All trade journals published prior to the filing date of the '295 Application that reference any charger for any wireless game controller.

**REQUEST FOR PRODUCTION NO. 75:**

Organizational charts sufficient to show all employees (other than clerical) involved with the research, design, development, sales, manufacturing, and marketing of the Nyko Patented Instrumentalities or any other charger for Playstation 3 or Xbox 360 wireless game controllers.

///
///
///

Dated: July 16, 2012

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By 
Daniel N. Yannuzzi
Attorneys for Performance Designed Products
LLC and Energizer Holdings, Inc.

-18-

W02-WEST:6GMB1\405584131.5

PDP'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Exhibit I
Page I-18

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Diego, State of California. My business address is 12275 El Camino Real, Suite 200, San Diego, CA 92130-2006.

On July 16, 2012, I served true copies of the following document(s) described as **PERFORMANCE DESIGNED PRODUCTS LLC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF NYKO TECHNOLOGIES, INC.** on the interested parties in this action as follows:

| | |
|---|---|
| S. Art Hasan<br>Christie Parker and Hale LLP<br>655 North Central Avenue Suite 2300<br>Glendale CA 91203-1445<br>Art.hasan@cph.com | G. Warren Bleeker<br>Christie Parker and Hale LLP<br>655 North Central Avenue Suite 2300<br>Glendale CA 91203-1445<br>Warren.bleeker@cph.com |

**BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 16, 2012, at San Diego, California.

*Kristina V. Grauer*
Kristina V. Grauer

SMRH:405885907.1

-i-

Proof of Service:
PDP's Request for Production of Documents and Things to Plaintiff

Exhibit I
Page I-19