## Sarah Lewis

| | |
|---|---|
| **From:** | Steve Hanle |
| **Sent:** | Wednesday, December 26, 2012 5:03 PM |
| **To:** | Warren Bleeker; Gray Buccigross; Art Hasan; Katherine L. Quigley |
| **Cc:** | Stacey R. Dawson; Stacy Goodwin; LegalTm-PDP-Nyko |
| **Subject:** | RE: Nyko Techs., Inc. v. Performance Designed Products LLC et al., CV12-03001-GAF-VBK |

Warren,
In reliance on your agreement to produce all documents (identified in Gray's December 5 letter) located at NYKO's offices by this Friday, December 28, and to produce all other such documents located outside of NYKO's offices as soon as possible and no later than Wednesday, January 9, Defendant withdraws the joint stipulation served December 20, without prejudice to proceeding further if the documents are not produced as promised or the production is incomplete.  We understand that your production will include electronically stored information.

For the record, Gray never refused to grant an extension and the record in that regard speaks for itself.  Thank you and

Regards,

Steven M. Hanle
714.424.8293 | direct
714.428.5923 | direct fax
SHanle@sheppardmullin.com | Bio

**Sheppard**Mullin
Sheppard Mullin Richter & Hampton LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626
714.513.5100 | main
www.sheppardmullin.com

---

**From:** Warren Bleeker [mailto:warren.bleeker@cph.com]
**Sent:** Wednesday, December 26, 2012 4:09 PM
**To:** Steve Hanle; Gray Buccigross; Art Hasan; Katherine L. Quigley
**Cc:** Stacey R. Dawson; Stacy Goodwin; LegalTm-PDP-Nyko
**Subject:** RE: Nyko Techs., Inc. v. Performance Designed Products LLC et al., CV12-03001-GAF-VBK

Steve--

To be clear, NYKO has never refused to produce these documents.  NYKO agreed to produce them, and also agreed to prioritize these documents for production, at which point PDP served its Joint Stipulation.  NYKO then asked for a simple extension until Jan. 3 and in the alternative NYKO gave notice prior to seeking ex parte relief, which is required by the local rules.  Gray refused to consider that request for an extension.  We are proceeding accordingly.

As to the specific documents you requested regarding the orders you identified, NYKO has located responsive documents at its offices and we will produce those documents by this Friday.  NYKO believes there may be additional responsive documents at an off-site storage facility and is in the process of getting access to and reviewing those files.  NYKO will produce any additional responsive documents from the off-site storage facility within 14 days of today, and possibly sooner, depending on how long it takes to gain access to and search for the requested documents.

1

In your email of Dec. 21, you indicated that PDP would agree to withdraw the joint stipulation if NYKO provided a reasonable date when the documents would be produced.  Please advise immediately if PDP will now agree to withdraw the joint stipulation.

Best Regards,
Warren



G. Warren Bleeker | *Partner*
gwb@cph.com
Christie, Parker & Hale, LLP
655 North Central Avenue, Suite 2300, Glendale, CA 91203
PH: 626.683.4521 | FAX: 626.577.8800
-------------------------------------------------------------
The information in this communication and any attached documents contain information from the law firm of Christie, Parker and Hale, LLP that may be confidential and/or privileged. If you are not the intended recipient, or an agent responsible for delivering it to the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete all electronic copies and destroy any hard copies.

**From:** Steve Hanle [mailto:SHanle@sheppardmullin.com]
**Sent:** Friday, December 21, 2012 4:35 PM
**To:** Warren Bleeker; Gray Buccigross; Art Hasan; Katherine L. Quigley
**Cc:** Stacey R. Dawson; Stacy Goodwin; LegalTm-PDP-Nyko
**Subject:** RE: Nyko Techs., Inc. v. Performance Designed Products LLC et al., CV12-03001-GAF-VBK

Warren,
You state that "NYKO produced documents sufficient to identify its sales months ago".  What documents are you referring to?  I am aware of the attached document, which was the subject of our December 5, 2012 letter, and which lists a number of purchase orders and invoices dated before March 7, 2007.  Your statement suggests that these were in fact sales, but elsewhere, you have argued otherwise.  This is precisely why we need the documents which are the subject of our discovery motion.  Moreover, NYKO has known since the TRO briefing in May that PDP contended there were pre-critical date sales.  There is simply no excuse that documents relating to these sales were not gathered and produced months ago.  Your complaint that we are requesting documents "at NYKO's busiest time of the year" simply ignores this long history.

Your statement that Defendants refused to even consider NYKO's request for an extension of time is a fabrication.  Rather than simply requesting an extension and providing a reason, your first mail threatened an ex parte application and, without any basis whatsoever, suggested that we had violated the Civility Guidelines.  Gray simply asked for an explanation for your irresponsible accusation and the reasons for your requested extension.  If you needed an extension because of the Holidays, etc., you simply needed to ask for it (or can ask for it now) and provide a reasonable explanation.  Time off for the holidays is certainly reasonable in most cases.  Rather than respond to Gray's requests, you chose to write the email below.

Finally, I wish to point out that the preparation of the joint stipulation and your lengthy, blustering emails could have been avoided (and the preparation of NYKO's portion can still be avoided) if you had simply provided a reasonable date when these potentially case-dispositive documents – that should have been produced months ago -- would be produced.  Your <u>continued</u> refusal to provide this date or the documents, again demonstrates NYKO's motive to delay and obstruct getting to the merits of this case.

Regards,
Steven M. Hanle
714.424.8293 | direct

714.428.5923 | direct fax
SHanle@sheppardmullin.com | Bio

# SheppardMullin

Sheppard Mullin Richter & Hampton LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626
714.513.5100 | main
www.sheppardmullin.com

---

**From:** Warren Bleeker [mailto:warren.bleeker@cph.com]
**Sent:** Thursday, December 20, 2012 9:32 PM
**To:** Gray Buccigross; Art Hasan; Katherine L. Quigley
**Cc:** Stacey R. Dawson; Stacy Goodwin; LegalTm-PDP-Nyko; Warren Bleeker
**Subject:** RE: Nyko Techs., Inc. v. Performance Designed Products LLC et al., CV12-03001-GAF-VBK

Gray--

NYKO produced documents sufficient to identify its sales months ago.  Approximately two weeks ago, on December 5, Defendants asked for additional documents on specific sales.  On December 10, NYKO agreed to produce any such documents, to the extent they exist.  As I have explained to you on multiple occasions, December (and the beginning of January ) is NYKO's busiest time of year.  NYKO is attempting to search for these documents and will produce them in a reasonable time frame and on a priority basis.

Your premature service of a joint stipulation regarding a motion to compel information which NYKO already agreed to produce (for a second time) is frivolous, and worse yet, in direct violation of Magistrate Judge Kenton's prior discovery order in which he vacated the hearing date of Defendants' first discovery motion demanding information that NYKO had already agreed to produce.  Judge Kenton stated very clearly that any further motion filed under these circumstances "will result in sanctions being imposed against the offending party. The Court's resources are limited, and will not be expended adjudicating disputes which the parties have not seriously attempted to resolve themselves."  Defendants are once again moving to compel information which NYKO previously agreed to produce.  NYKO already agreed, multiple times, including earlier today literally minutes before you served your joint stipulation, that NYKO would produce any responsive information on a priority basis.  It is December 2012.  The fact discovery cut-off is October 2013.  NYKO already agreed to produce any responsive information on a priority basis.  The Court's limited resources are not required to adjudicate this non-dispute.  In opposing the motion,  NYKO will seek all appropriate sanctions, including attorneys' fees, and NYKO will request that going forward, the Court require Defendants to seek leave of Court prior to serving any joint stipulation in support of a motion to compel.

Given your refusal to even consider NYKO's request for an extension of time (in violation of the civility guidelines) on the ground that Defendants purportedly need a further explanation for NYKO's simple request for an extension, NYKO will serve its portion of the joint stipulation within seven days, despite the intervening Christmas holiday, and NYKO will let the Court know that in addition to serving a joint stipulation in violation of an existing discovery order, Defendants served that joint stipulation after 5 pm in the evening, only one business day before a 4-day Christmas holiday, leaving NYKO only three business days to respond, and that Defendants refused to even consider NYKO's simple request for a reasonable extension of time to respond.

--Warren



**G. Warren Bleeker** | *Partner*
gwb@cph.com
Christie, Parker & Hale, LLP
655 North Central Avenue, Suite 2300, Glendale, CA 91203
PH: 626.683.4521 | FAX: 626.577.8800
--------------------------------------------------------------

The information in this communication and any attached documents contain information from the law firm of Christie, Parker and Hale, LLP that may be confidential and/or privileged. If you are not the intended recipient, or an agent responsible for delivering it to the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete all electronic copies and destroy any hard copies.

---

**From:** Gray Buccigross [mailto:gbuccigross@sheppardmullin.com]
**Sent:** Thursday, December 20, 2012 5:26 PM
**To:** Art Hasan; Warren Bleeker; Katherine L. Quigley
**Cc:** Stacey R. Dawson; Stacy Goodwin; LegalTm-PDP-Nyko
**Subject:** Nyko Techs., Inc. v. Performance Designed Products LLC et al., CV12-03001-GAF-VBK

Counsel,

Attached are the Joint Stipulation on Defendant PDP's Motion to Compel Nyko to Timely Produce Documents, the Buccigross Declaration and exhibits in support thereof, and a Word version of the Joint Stipulation for your convenience.

Regards,
Gray


Gray M. Buccigross, Attorney
858.720.7427 | direct
858.847.4898 | direct fax
gbuccigross@sheppardmullin.com | Bio

**SheppardMullin**
Sheppard Mullin Richter & Hampton LLP
12275 El Camino Real, Suite 200
San Diego, CA 92130-2006
858.720.8900 | main
www.sheppardmullin.com

Circular 230 Notice: In accordance with Treasury Regulations we notify you that any tax advice given herein (or in any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of (i) avoiding tax penalties or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or in any attachments).

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.