# Sarah Lewis

| | |
|---|---|
| **From:** | Gray Buccigross |
| **Sent:** | Monday, December 03, 2012 4:13 PM |
| **To:** | Warren Bleeker; Matthew Mueller; Art Hasan; Katherine L. Quigley |
| **Cc:** | LegalTm-PDP-Nyko; Stacey R. Dawson; Stacy Goodwin |
| **Subject:** | RE: Nyko Technologies v. PDP and Energizer Holdings (C.D.CA, No. 12-3001) - Navid deposition |

Warren,

PDP proposed that Nyko provide full and complete responses to PDP's Interrogatory Nos. 1, 2, 3, and 10.  We have discussed these interrogatories multiple times, have briefed a motion to compel Nyko to provide complete responses, and have memorialized the issues in letters.  In short, Nyko is well aware of what full and complete responses would entail, and is not offering to provide them.  Furthermore, we did not offer to postpone the deposition if Nyko agreed to supplement, but rather if we received the responses and they were complete.  Please confirm one of the December deposition dates for Mr. Navid immediately.

Nyko has prevented Defendants from filing a summary judgment motion by withholding information that is responsive to PDP's interrogatories and requests for production, and that is indisputably relevant.  Please provide dates when Nyko is available to meet and confer regarding the motion for summary judgment, pursuant to L.R. 7-3.

Thank you,
Gray

---

**From:** Warren Bleeker [mailto:warren.bleeker@cph.com]
**Sent:** Monday, December 03, 2012 3:30 PM
**To:** Gray Buccigross; Matthew Mueller; Art Hasan; Katherine L. Quigley
**Cc:** LegalTm-PDP-Nyko; Stacey R. Dawson; Stacy Goodwin
**Subject:** RE: Nyko Technologies v. PDP and Energizer Holdings (C.D.CA, No. 12-3001) - Navid deposition

Gray--

Nothing NYKO has done has prevented Defendants from filing a summary judgment motion.  Please note that LR 7-3 requires a conference of counsel before filing a motion and the parties have not yet held any conference.  We expect that you will comply with the local rules and that before filing, the parties can agree on a modified briefing schedule, given that summary judgment is involved and the holidays are upcoming.  Your suggestion that NYKO is attempting to "delay" to "maximize" the discovery costs makes no sense and is certainly false.  PDP is required to comply with its discovery obligations regardless if it has filed a motion for summary judgment.   Your implication that Defendants can simply stop participating in discovery once they file a motion for summary judgment is not supported by the law and NYKO will certainly seek relief from the Court should Defendants follow that path.

As to your proposal regarding supplemental interrogatory responses, I am continuing to draft a letter in response to your voluminous demands for supplemental interrogatory responses and documents and will send it later this week.  In the meantime, in order to resolve the deposition issue, NYKO will agree to supplement its interrogatory responses and provide at least the following information:

- Contended conception date for all asserted claims

- Identify the steps taken in the invention process
- Confirm no one else participated in the conception and reduction to practice
- Identify anyone who witnessed the conception, diligence and reduction to practice
- Identify the claims practiced by Charge Base 2
- Identify who saw the prototype at CES in Jan. 2007
- Confirm whether the prototype was or was not an actual working version of that charge base
- Identify individuals other that Mr. Navid who were involved in showing the prototype.
- Identify individuals other than Mr. Arbogast involved in the sales of the product.
- Identify secondary considerations of nonobviousness.

NYKO will agree to supplement to provide this information by Dec. 11.  This should obviate any immediate need for a deposition.  Please confirm you agree to these terms.

Best Regards,
Warren



G. Warren Bleeker | *Partner*
gwb@cph.com
Christie, Parker & Hale, LLP
655 North Central Avenue, Suite 2300, Glendale, CA 91203
PH: 626.683.4521 | FAX: 626.577.8800

---

The information in this communication and any attached documents contain information from the law firm of Christie, Parker and Hale, LLP that may be confidential and/or privileged. If you are not the intended recipient, or an agent responsible for delivering it to the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete all electronic copies and destroy any hard copies.

---

**From:** Gray Buccigross [mailto:gbuccigross@sheppardmullin.com]
**Sent:** Friday, November 30, 2012 1:34 PM
**To:** Warren Bleeker; Matthew Mueller; Art Hasan; Katherine L. Quigley
**Cc:** LegalTm-PDP-Nyko; Stacey R. Dawson; Stacy Goodwin
**Subject:** RE: Nyko Technologies v. PDP and Energizer Holdings (C.D.CA, No. 12-3001) - Navid deposition

Warren,

Your assertion that PDP is attempting to depose Mr. Navid twice mischaracterizes the situation.  PDP seeks to take one complete deposition of Mr. Navid in his individual capacity.  Nyko completely ignored our request to explain why Nyko refuses to produce all of Mr. Navid's responsive documents prior to his December deposition.  As you and Steve discussed on November 28, most of the documents that PDP needs in order to meaningfully and completely depose Mr. Navid should be Mr. Navid's own documents.  Steve asked you why Nyko cannot prioritize producing documents from this single and critical custodian.  You did not provide an explanation, and still have not.  Please explain.

PDP has given further consideration to its preliminary proposal that PDP would consider accepting supplemental interrogatory responses.  Nyko must do more than merely provide a conception date, which it has already agreed to do.  PDP will consider deposing Mr. Navid at a later time if Nyko provides full and complete responses to PDP Interrogatory Nos. 1 (conception, diligence, and reduction to practice), 2 (first sale and offer for sale), 3 (first public disclosure), and 10 (validity contentions, including regarding the secondary considerations of nonobviousness).  This information is indisputably relevant and long overdue anyway.  As Steve explained on November 28, PDP believes it has compelling invalidity defenses based on anticipation, obviousness, and prior invalidating activities, and is still waiting for Nyko to produce the requested information so that PDP can move for summary judgment.   PDP intends to file its motion as soon as possible in order to minimize discovery expenses.  It appears that Nyko is trying to delay this in order to maximize PDP's discovery expenses.

If December 6 or 7 will not work, PDP is also available to depose Mr. Navid on December 10 or 11.  Please let us know by the end of the day today whether Mr. Navid is available on any of the proposed dates , or whether Nyko will accept our proposal that Nyko provide full and complete responses to the above-mentioned interrogatories in lieu of Mr. Navid's December deposition.  If Nyko accepts PDP's proposal, PDP will of course need to see Nyko's responses to verify they are full and complete, prior to withdrawing the deposition notice.

Thank you,
Gray

---

**From:** Warren Bleeker [mailto:warren.bleeker@cph.com]
**Sent:** Thursday, November 29, 2012 3:04 PM
**To:** Gray Buccigross; Matthew Mueller; Art Hasan; Katherine L. Quigley
**Cc:** LegalTm-PDP-Nyko; Stacey R. Dawson; Stacy Goodwin; Sarah Lewis
**Subject:** RE: Nyko Technologies v. PDP and Energizer Holdings (C.D.CA, No. 12-3001) - Navid deposition

Gray--

We will check on those dates and get back to you.

I spoke to Steve yesterday and he mentioned that Defendants would consider accepting a supplemental interrogatory response from NYKO indicating that the conception date is no earlier than "x" in lieu of Mr. Navid's deposition at this time, with the understanding that Defendants may depose Mr. Navid later on.   NYKO too is considering this proposal.

To the extent the parties are not able to reach some sort of amicable resolution short of Mr. Navid's deposition in the next week or so, NYKO disagrees that Defendants would be entitled to take Mr. Navid's deposition twice.  As to the document requests, NYKO has produced and has continues to produce responsive documents on a rolling basis and will continue to do so and will likely complete its production by mid-January.   As I have already explained to you on Nov. 16, NYKO performed a number of word searches to gather responsive information and must still review approximately 35-40 boxes worth of information.  Until all of it is actually reviewed, I don't believe it is possible to "identify categories of documents."  NYKO certainly has not "refused" to produce any category of documents prior to any deposition.

Your suggestion that NYKO did not "respond" regarding the status of its document production is just not true.  Again, on at least November 16, counsel for the parties (including you and me) had an hours-long meet and confer regarding the status of NYKO's document production.   You have been well-apprised of the status of NYKO's document production this entire time.

Thus, Defendants are not entitled to depose Mr. Navid twice and NYKO would seek relief from the Court to prevent such a maneuver and would ask for its fees.

Best Regards,
Warren


G. Warren Bleeker | *Partner*
gwb@cph.com
Christie, Parker & Hale, LLP
655 North Central Avenue, Suite 2300, Glendale, CA 91203
PH: 626.683.4521 | FAX: 626.577.8800
--------------------------------------------------------------
The information in this communication and any attached documents contain information from the law firm of Christie, Parker and Hale, LLP that may be confidential and/or privileged. If you are not the intended recipient, or an agent responsible for delivering it to the intended recipient, you may not read, copy, distribute or use this

information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete all electronic copies and destroy any hard copies.

---

**From:** Gray Buccigross [mailto:gbuccigross@sheppardmullin.com]
**Sent:** Wednesday, November 28, 2012 9:54 AM
**To:** Warren Bleeker; Matthew Mueller; Art Hasan; Katherine L. Quigley
**Cc:** LegalTm-PDP-Nyko; Stacey R. Dawson; Stacy Goodwin; Sarah Lewis
**Subject:** RE: Nyko Technologies v. PDP and Energizer Holdings (C.D.CA, No. 12-3001) - Navid deposition

Warren,

We are also available to depose Mr. Navid on December 6 and 7. Please confirm immediately or propose alternate dates the following week.

PDP's requests for production were served well over four months ago, on July 16, 2012. We previously noticed Mr. Navid's deposition for November 8, 2012, but had to push that back due to Nyko's refusal to timely produce documents and supplement its interrogatory responses, as we explained in our November 6, 2011 letter to you. In that letter, informed you that PDP would re-notice Mr. Navid's deposition for the last week of November or first week of December. We further explained that Nyko must produce all responsive documents, supplement its interrogatory responses, and provide a privilege log in advance of the deposition. We asked you to let us know immediately if Nyko did not intend to do so. Nyko did not respond. We have already informed you that, if necessary, we will seek to re-open Mr. Navid's deposition at Nyko's expense.

Nyko has represented that Mr. Navid, the sole named inventor of the patent-in-suit, was the _only_ person involved in the conception and reduction to practice of the patented inventions. Please explain why Nyko refuses to produce all of his responsive documents prior to his December deposition. Certainly it is possible for Nyko to collect and produce a single person's documents in the nearly five months that Nyko has had.

Further, please identify the categories of documents that Nyko will and will not produce prior to Mr. Navid's December deposition.

Thank you,
Gray

---

**From:** Warren Bleeker [mailto:warren.bleeker@cph.com]
**Sent:** Tuesday, November 27, 2012 1:01 PM
**To:** Matthew Mueller; Art Hasan; Katherine L. Quigley
**Cc:** LegalTm-PDP-Nyko; Stacey R. Dawson; Stacy Goodwin; Sarah Lewis
**Subject:** RE: Nyko Technologies v. PDP and Energizer Holdings (C.D.CA, No. 12-3001)

Dear Counsel--

Counsel for NYKO has previous commitments on December 5, so Mr. Navid's deposition cannot take place on that date. Please provide us additional dates. In doing so, please be aware that NYKO will likely not have completed its document production by December 5. We suggest scheduling the deposition for mid-January. NYKO's document production will likely be complete by then. Mr. Navid will only be made available once for deposition. To the extent that Defendants insist on deposing Mr. Navid prior to NYKO completing its document production, Defendants will not have another opportunity to depose him.

Best Regards,
Warren



**G. Warren Bleeker** | *Partner*
gwb@cph.com
Christie, Parker & Hale, LLP
655 North Central Avenue, Suite 2300, Glendale, CA 91203
PH: 626.683.4521 | FAX: 626.577.8800

---------------------------------------------------------------

The information in this communication and any attached documents contain information from the law firm of Christie, Parker and Hale, LLP that may be confidential and/or privileged. If you are not the intended recipient, or an agent responsible for delivering it to the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete all electronic copies and destroy any hard copies.

**From:** Matthew Mueller [mailto:mmueller@sheppardmullin.com]
**Sent:** Wednesday, November 21, 2012 5:06 PM
**To:** Warren Bleeker; Art Hasan; Katherine L. Quigley
**Cc:** LegalTm-PDP-Nyko; Stacey R. Dawson; Stacy Goodwin; Sarah Lewis
**Subject:** Nyko Technologies v. PDP and Energizer Holdings (C.D.CA, No. 12-3001)

Please see the attached notice of deposition.

Matt

Matthew M. Mueller
858.720.7408 | direct
858.847.4884 | direct fax
mmueller@sheppardmullin.com | Bio

**SheppardMullin**
Sheppard Mullin Richter & Hampton LLP
12275 El Camino Real, Suite 200
San Diego, CA 92130-2006
858.720.8900 | main
www.sheppardmullin.com


Circular 230 Notice: In accordance with Treasury Regulations we notify you that any tax advice given herein (or in any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of (i) avoiding tax penalties or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or in any attachments).

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.