**Sarah Lewis**

| | |
|---|---|
| **From:** | Steve Hanle |
| **Sent:** | Thursday, February 14, 2013 2:19 PM |
| **To:** | Warren Bleeker |
| **Cc:** | LegalTm-PDP-Nyko; Art Hasan; Katherine L. Quigley; Stacy Goodwin; Stacey R. Dawson |
| **Subject:** | RE: Arbogast Deposition |

Warren,
After focusing on other matters for the last couple of weeks, I am writing to correct a few of the inaccuracies in your email below.

1. Defendants are not rushing anything.  Nyko has consistently delayed complying with its discovery obligations in order to extend a case with no merit.  As I have suggested to Art, if Nyko is confident in its position on Defendants' invalidity defenses, let's put everything else on hold, and let the Court decide the priority issue.  If that issue is decided against Nyko, the patent will be deemed invalid and no more of the parties' resources need be spent.  The parties need not and should not delay having the Court address a dispositive issue that can be decided as a matter of law.
2. We have been more than civil in scheduling depositions.  We noticed depositions and asked you at the time of notice to provide alternative dates close to the noticed date if you or the witness was unavailable.  You have repeatedly and wantonly refused to provide such dates, and now propose dates two months after the date originally noticed.
3. Your contention that Defendants' witnesses failed to appear for deposition is baseless.  On December 16, shortly after you noticed the depositions, we told you that the witnesses are "not available on the recently noticed dates, the first falling the business day before Christmas Eve, the second falling two days after Christmas, and the third falling briefly after the New Year's holiday.  Please provide alternate dates."  You did not object to rescheduling and never proposed alternate dates.  When you finally asked us in January to propose new dates, we provided them promptly and have provided additional dates when you said you were unavailable on the earlier dates provided previously.
4. Your assertion that the asserted claims of the '848 patent are entitled to the priority of the provisional application is legally baseless. See, e.g., *New Railhead Mfg. L.L.C. v. Vermeer Mfg. Co.*, 298 F.3d 1290, 1294 (Fed. Cir. 2002).  If you have legal authority to the contrary, please advise immediately.
5. Pursuant to L.R. 7-3, the parties met and conferred on December 7, 2012 and discussed thoroughly, for almost an hour, the substance of our contemplated motion for summary judgment and any potential resolution.  We failed to reach any resolution regarding our anticipated motion.  As we explained, Defendants will move for summary judgment that the asserted claims of the '848 patent are invalid due to anticipation, obviousness, and the on-sale and public use barring provisions of 35 U.S.C. Section 102.  During the call, we explained in detail that Defendants' on-sale and public use defenses are based on Nyko's offers to sell, sales, public disclosure, and use of its Charge Base product on and around January 8, 2007, as evidenced by numerous press publications  and Nyko sales orders and invoices.  We further explained that the asserted claims of the patent-in-suit are not entitled to the priority date of the provisional application.  During the call we advised you that, in addition to Nyko's public use and offers for sale, we would be relying on the prior art cited in opposition to Nyko's ex parte application for a temporary restraining order, including the Cole references.  Your assertion that we have not completed the meet and confer is just another attempt to delay.  Nevertheless, if you believe further discussion regarding these references would narrow the issues to be decided by the Court, please let us know immediately.
6. Your allegation of copying of the patented invention is irresponsible and baseless.  I note that Nyko has not presented any evidence of copying, including in response to PDP's Interrogatory No. 10, which specifically requests such evidence.  We will seek to strike any evidence not provided in advance of our filing of our motion for summary judgment.

We reserve all rights with respect to any testimony offered in this case by Mr. Arbogast, however, we intend to proceed with his deposition on March 5 as previously agreed.

Regards,
Steven M. Hanle
714.424.8293 | direct
714.428.5923 | direct fax
SHanle@sheppardmullin.com | Bio

**Sheppard**Mullin

Sheppard Mullin Richter & Hampton LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626
714.513.5100 | main

www.sheppardmullin.com

---

**From:** Warren Bleeker [mailto:warren.bleeker@cph.com]
**Sent:** Tuesday, January 29, 2013 11:00 AM
**To:** Steve Hanle
**Cc:** LegalTm-PDP-Nyko; Art Hasan; Katherine L. Quigley; Stacy Goodwin; Stacey R. Dawson
**Subject:** RE: Arbogast Deposition

Steve--

You originally noticed Mr. Arbogast's deposition for mid-December 2012 after you already knew that NYKO would not be finished with its massive document production until at least mid-January. You threatened to depose Mr. Arbogast (and other NYKO witnesses) twice, yet provided no valid reason for rushing to take these depositions, other than to harass NYKO. As we've told you all along, it makes no sense to rush forward with these depositions until NYKO has had a chance to complete its massive document production, which required NYKO to review hundreds of thousands of documents that were gathered via an electronic word search and required many, many hours to complete. Again, the fact discovery cutoff is in October 2013.

On January 16, 2013, the parties agreed that Mr. Navid's deposition would take place on January 30, necessitating that NYKO's counsel meet with Mr. Navid in preparation for his deposition prior to January 30.

Immediately after agreeing on this date, you rushed to serve an amended deposition notice for Mr. Arbogast's deposition to take place on January 29, the day before Mr. Navid's deposition, even though you knew that NYKO's counsel would not be available that day because they would be at the very least preparing Mr. Navid for deposition. In addition, even though the parties had already agreed that NYKO's witnesses would be deposed at CPH's Glendale office, you noticed Mr. Arbogast's deposition to take place in Orange County apparently to further inconvenience NYKO's counsel and Mr. Arbogast. As you know, NYKO is located in Westwood. On January 21, 2013, over a week before the noticed date for Mr. Arbogast's deposition, I informed you something you already likely knew--that we are not available on January 29 for Mr. Arbogast's deposition.

I later provided you with 13 open dates for Mr. Arbogast's deposition--March 5-8, 11-15, 19-22--all of these dates are at least six months prior to the discovery cutoff and will not delay your purported motion for summary judgment.

The Central District Civility Guidelines state that "[w]e will consult other counsel regarding scheduling matters in a good faith effort to avoid scheduling conflicts." Your acts of intentionally noticing a deposition on 10 days notice for a date

immediately before another agreed upon deposition, in a location that is inconvenient, and in violation of the parties' agreement on deposition locations violates the civility guidelines.

We have made Mr. Arbogast available for deposition on 13 dates which are more than six months before the discovery cutoff.  If Defendants voluntarily choose not to depose Mr. Arbogast, that is up to the Defendants, but there is absolutely no basis to exclude his testimony.   Please keep in mind that PDP witness Thomas Roberts failed to appear for deposition on 12/21, failed to seek a protective order, and failed to provide alternate dates ahead of time.  PDP witness Gerry Block failed to appear for deposition on 12/27, failed to seek a protective order, and failed to provide alternate dates ahead of time.  Energizer/Eveready witness Danielle Kyriakos failed to appear for deposition on 1/9, failed to seek a protective order, and failed to provide alternate dates ahead of time.  In each instance, we simply agreed on new dates, which is the reasonable and professional way to deal with scheduling depositions.

In addition, if you unilaterally hire a court reporter and incur costs for a deposition you know is not going forward, given that more than a week before the noticed date, NYKO's counsel informed you  they are not available on that date, those costs are on you.  NYKO should not be responsible for paying for such clearly avoidable costs.

Your tactic of waiting until you know opposing counsel is unavailable, serving a deposition notice on 10 days notice for a date you know counsel is not available, noticing the deposition for an inconvenient location in violation of a prior agreement, refusing to agree to another date after you were given 13 other choices, refusing to move the date you know is not available, and then threatening sanctions, is the opposite of reasonable and professional.

Moreover, if you were truly interested in filing a summary judgment motion, which is the only purported reason for rushing to take this deposition, at the very least, you would have to first complete the meet and confer in compliance with the local rules.  When we first spoke, you refused to commit that you had identified all the grounds for the motion.  It now appears that you plan to argue a completely different basis for summary judgment than we discussed.  There is absolutely no basis for such a motion.  The priority date of the provisional application clearly precedes any alleged sale or public use.  At the very least, there are numerous disputed issues of material fact which would doom any such motion.  PDP is evidently changing its argument to mask the very disturbing evidence of copying that exists that the Court and NYKO did not yet know about at the TRO hearing, and which you apparently chose not to disclose to the Court.   Moreover, when we first met regarding a motion for summary judgment, you refused to discuss a briefing schedule at all.  Until at least these two issues are discussed (grounds for the motion and briefing schedule), PDP has failed to comply with its pre-filing requirements and procedurally cannot file any summary judgment motion anyway.  Thus, the purported need to immediately file a summary judgment motion, therefore, is not a real basis to rush forward with Mr. Arbogast's deposition.

Please let us know which of the 13 open dates will work for you to depose Mr. Arbogast.

--Warren



G. Warren Bleeker | *Partner*
gwb@cph.com
Christie, Parker & Hale, LLP
655 North Central Avenue, Suite 2300, Glendale, CA 91203
PH: 626.683.4521 | FAX: 626.577.8800
---------------------------------------------------------------
The information in this communication and any attached documents contain information from the law firm of Christie, Parker and Hale, LLP that may be confidential and/or privileged. If you are not the intended recipient, or an agent responsible for delivering it to the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete all electronic copies and destroy any hard copies.

**From:** Steve Hanle [mailto:SHanle@sheppardmullin.com]
**Sent:** Sunday, January 27, 2013 5:00 PM
**To:** Warren Bleeker; Art Hasan

**Cc:** LegalTm-PDP-Nyko
**Subject:** Arbogast Deposition

Warren,

As advised repeatedly, we will proceed with Mr. Arbogast's deposition on January 29 absent a protective order or an agreed alternative date. You have designated him as the witness most knowledgeable about Nyko's public use and offers for sale of the claimed invention more than one year before the effective filing date of the patent in suit, which are the subject of our motion for summary judgment that we discussed extensively on December 10.

We noticed Mr. Arbogast's deposition on December 14, 2012 to occur on January 16, 2013, and asked you to provide alternate dates if he was unavailable. You waited 3 weeks before telling us he was unavailable, failing to provide us with alternate dates. We told you the deposition would proceed as scheduled unless you provided and we agreed upon alternate dates. You never provided alternate dates, then Mr. Arbogast failed to appear for the deposition without any agreement that it be continued. We re-noticed the deposition for January 29, again advising you that the deposition would proceed on that date unless you provided acceptable alternate dates close to January 29 so that his testimony could be used, as appropriate, in connection with our imminent motion for summary judgment. You advised us that Nyko intends to move for a protective order and requested that we meet and confer. We agreed and I told you that I would be prepared to discuss all issues related to deposition scheduling. I called you for the scheduled meet and confer on January 23 and you did not answer or return my call.

The law is clear that Mr. Arbogast must appear for his deposition as noticed absent a protective order. See *Pioche Mines Consolidated, Inc. v. Dolman*, 333 F2d 257, 269 (9th Cir. 1964); *F.A.A. v. Landy,* 705 F.2d 624, 634 (2nd Cir. 1983); *Anderson v. Air West, Inc*., 542 F.2d 1090 (9th Cir. 1976); *Fausto v. Credigy Services Corp.*, 251 F.R.D. 427, 429 n. 2 (N.D. Cal. 2008) (unless a deponent "has obtained a court order that postpones or dispenses with his duty to appear, that duty remains. … Under the Rules, it is for the court, not the deponent or his counsel, to relieve him of the duty to appear.") Please advise whether Nyko still intends to file a motion for protective order.

Obviously, the dates you have provided in March are unacceptable, and will lead to unnecessary expenditures in a case where the patent is almost certainly invalid based on the on sale bar and an indisputable public use.

If Mr. Arbogast fails to appear without an agreement or protective order, we will seek at the appropriate time, without limitation, the following relief: (1) an order striking any testimony offered by Mr. Arbogast in opposition to our motion for summary judgment, or any testimony by any other witness on the subjects as to which Nyko's interrogatory responses identified Mr. Arbogast as being knowledgeable; (2) an order precluding Mr. Arbogast from testifying in this case in any fashion; and (3) monetary sanctions for the time and expense associated with seeking to enforce the deposition notices.

This can all be avoided by simply providing acceptable dates in the next 2 to 3 weeks for Mr. Arbogast's deposition. In any event, please advise immediately whether Mr. Arbogast will appear for his deposition on January 29. Given your past communications, I will assume that he will not appear unless I hear from you in writing by 12:00 noon on January 28. If he will not appear, I may opt to record his non-appearance at my office, which is the location specified in the notice absent an agreed-upon alternate location, in order to avoid unnecessary travel expense. Of course, if you confirm by January 28 at 12:00 noon that Mr. Arbogast will appear on January 29 or another agreed-upon date, we will be willing to take his deposition at your Glendale office.

On a related note, Nyko has again failed to produce the remainder of the documents identified in our December 5 letter relating to Nyko's pre-critical date sales, despite your first written promise to produce them by January 9, and a second written promise to produce them by January 23. If the documents are not produced by 12 noon on Tuesday, January 29, we reserve the right to seek, at the appropriate time, without limitation, an order precluding Nyko from relying on such documents.

Please advise how you intend to proceed.

Regards,

Steven M. Hanle
714.424.8293 | direct
714.428.5923 | direct fax
SHanle@sheppardmullin.com | Bio

## SheppardMullin

Sheppard Mullin Richter & Hampton LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626
714.513.5100 | main
www.sheppardmullin.com

---

**From:** Warren Bleeker [mailto:warren.bleeker@cph.com]
**Sent:** Wednesday, January 23, 2013 4:28 PM
**To:** Steve Hanle
**Cc:** LegalTm-PDP-Nyko; Stacy Goodwin; Stacey R. Dawson; Art Hasan; Katherine L. Quigley
**Subject:** NYKO v. PDP et al: deposition dates

Steve--

We are available to take Mr. Block's deposition on Feb. 15.  We are available to take Mr. Roberts' deposition on Feb. 27.  This is contingent on getting Defendants' documents and other information well in advance of the depositions.  We will serve amended deposition notices shortly.  We are not available to take Ms. Kyriakos' deposition on Feb. 12 or 13 in St. Louis.  Please provide alternative dates for her, preferably in March.

As I previously informed you, we are not available for Mr. Arbogast's deposition on Jan. 29.  He is available for deposition on March 5-8, 11-15, 19-22.  Please let us know which of these dates works for you.

--Warren



G. Warren Bleeker | *Partner*
gwb@cph.com
Christie, Parker & Hale, LLP
655 North Central Avenue, Suite 2300, Glendale, CA 91203
PH: 626.683.4521 | FAX: 626.577.8800

---

The information in this communication and any attached documents contain information from the law firm of Christie, Parker and Hale, LLP that may be confidential and/or privileged. If you are not the intended recipient, or an agent responsible for delivering it to the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete all electronic copies and destroy any hard copies.


Circular 230 Notice: In accordance with Treasury Regulations we notify you that any tax advice given herein (or in any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of (i) avoiding tax penalties or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or in any attachments).

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.