# SheppardMullin

Sheppard, Mullin, Richter & Hampton LLP
12275 El Camino Real, Suite 200
San Diego, California 92130-2006
858.720.8900 main
858.509.3691 fax
www.sheppardmullin.com

Daniel N. Yannuzzi
858.720.7427 direct
dyannuzzi@sheppardmullin.com

October 12, 2012

File Number:  13RZ-168906

VIA E-MAIL

Art Hasan, Esq.
CHRISTIE, PARKER & HALE, LLP
655 North Central Avenue
Suite 2300
Glendale, CA 91203
E-mail:  art.hasan@cph.com

Re:  Nyko Technologies, Inc. v. Performance Designed Products LLC
and Energizer Holdings, Inc.
<u>United States District Court, Central District of California, Case No.  CV 12-03001</u>

Dear Art:

We write to urge NYKO Technologies, Inc. ("Nyko") to dismiss this lawsuit against Defendants Performance Designed Products LLC ("PDP") and Energizer Holdings, Inc. ("Energizer").  As explained below, Nyko cannot prevail in this litigation.  Its continued prosecution of this suit is without reasonable basis and is causing Defendants to incur unnecessary and substantial litigation costs.  As you are undoubtedly aware, these costs will rapidly escalate as Defendants engage in document collection and production and respond to Nyko's written discovery.  Defendants request that Nyko dismiss this lawsuit now, and avoid Defendants' recovery of their fees and costs.

<u>The Patent-in-Suit Is Invalid</u>

The Patent-in-Suit is invalid over a number of prior art references, including those explained in Defendants' Opposition to Nyko's Ex Parte Application for Temporary Restraining Order.  In its Order regarding Nyko's Ex Parte Application, the Court found that "PDP has raised a 'substantial issue' as to invalidity that has not been rebutted by Nyko."  (Order re:  Ex Parte Application for a Temporary Restraining Order, Docket No. 51 ("Order"), at 8.)  In particular, the Court found that:

> A person of ordinary skill in the video game and battery recharging arts would be familiar with the solutions contained in the Cole, Erickson, Kumar, Brake, Scholder, Kaji, and Huang arts, and would recognize the advantages that these offered in terms of charging the wireless controllers designed by Sony and Microsoft. Indeed, the differences between the '848 Patent and the prior art—particularly the Cole and Erickson Patents—are slight, and

**SheppardMullin**

Art Hasan, Esq.
October 12, 2012
Page 2

> consist of elements that are readily apparent from other prior art. There is also little objective evidence of nonobviousness in the current record.

(Order at 11.)

The Court further applied *KSR International Co. v. Teleflex Inc.*, 550 U.S. 398 (2007), noting "that Nyko's charge base consists of well-known elements found in numerous inventions in a crowded field and that those elements were combined in a way to yield predictable results." (Order at 12.)

Given the crowded field, the exceptionally strong prior art, little or no objective evidence of nonobviousness, and the Court's analysis, Nyko must realize that it cannot prevail in this litigation. Nyko's continued prosecution of this suit is thus without good faith basis.

If Nyko does not dismiss this suit immediately, then Defendants will file an early motion for summary judgment of invalidity based on at least anticipation and obviousness. Upon prevailing, Defendants intend to move for their fees and costs pursuant to 35 U.S.C. Section 285 and other applicable law. *See* 35 U.S.C. § 285 ("The court in exceptional cases may award reasonable attorney fees to the prevailing party."); *Hughes v. Novi Am., Inc.*, 724 F.2d 122, 124-25 (Fed. Cir. 1984) (granting fees under section 285 based on evidence of invalidity brought to light after case filed).

<u>Energizer Does Not Infringe By Merely Licensing Its Trademark and Providing Information on Its Website</u>

As we previously explained to you on several occasions, Energizer does not sell or offer any of the accused products for sale,[1] but simply licenses its trademarks to PDP.[2] Apart from licensing its trademarks, Energizer only posts certain limited information on its website regarding the PDP products, and merely provides a link to PDP's website. Nyko bears the burden of proving that Energizer infringes. We are unaware of any authority that such actions constitute offers for sale or sales. Nyko stated during the parties' July 30, 2012 Rule 26(f) Conference that it would provide any legal authority supporting its position that Energizer infringes. Having received nothing from Nyko, we followed up on September 12, 2012, but still have not heard back. Please provide details of any such legal authority immediately.

\*       \*       \*       \*       \*       \*       \*

For the foregoing reasons, we ask that Nyko promptly dismiss both defendants with prejudice.

---

[1] The only exception to this is that Energizer allowed its employees to purchase excess stock of the accused products at cost, and then donated all the proceeds to charity. It is Energizer's current understanding that its employees purchased no more than 50 units, which Energizer had previously purchased from PDP. Thus, to the extent any damages are due (none are), they would be due from PDP and not Energizer.

[2] A copy of the current licensing agreement is being produced herewith.

**SheppardMullin**

Art Hasan, Esq.
October 12, 2012
Page 3

Sincerely,

*/s/ Daniel N. Yannuzzi*

Daniel N. Yannuzzi
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


cc:    G. Warren Bleeker, Esq.
       pdp@sheppardmullin.com