ART HASAN, CA Bar No. 167323
art.hasan@cph.com
G. WARREN BLEEKER, CA Bar No. 210834
warren.bleeker@cph.com
CHRISTIE, PARKER & HALE, LLP
655 N. Central Avenue, Suite 2300
Post Office Box 29001
Glendale, California 91209-9001
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

Attorneys for Plaintiff,
NYKO Technologies, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NYKO TECHNOLOGIES, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ENERGIZER HOLDINGS, INC., a Missouri corporation, and PERFORMANCE DESIGNED PRODUCTS LLC, a California limited liability company,<br><br>Defendants. | Case No. CV 12-3001 GAF (VBKx)<br><br>**NYKO TECHNOLOGIES, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO ENERGIZER HOLDINGS, INC.**<br><br>**Hon. Gary Allen Feess** |
| AND RELATED COUNTERCLAIM. | |

NYKO TECHNOLOGIES, INC. ("NYKO") requests that ENERGIZER HOLDINGS, INC. ("Energizer") provide a written response and produce for inspection and copying each document and tangible thing in its possession, custody or control requested below, in accordance with Rule 34 of the Federal Rules of Civil Procedure. NYKO requests that the documents and things be made available for inspection and copying at the offices of Christie, Parker & Hale,

-1-

LLP, 655 N. Central Avenue, Suite 2300, Glendale, California 91203, 30 days after service of these requests or at another location mutually agreeable to the parties.

## INSTRUCTIONS

1. As required by Rule 34(b) of the Federal Rules of Civil Procedure, please produce all requested documents as they are kept in the usual course of business or organize and label them to correspond to the categories in this request.

2. As used in this request, "and" and "or" have both conjunctive and disjunctive meanings, so as to include documents and things that a stricter construction might exclude.

3. As used in this request, the singular includes the plural and the plural includes the singular, so as to include documents and things that a stricter construction might exclude.

4. As used in this request, the present tense includes the past tense and the past tense includes the present tense, so as to include documents and things that a stricter construction might exclude.

5. If Energizer withholds from production any of the requested documents or things on the grounds that it is privileged or subject to protection as trial preparation material, then, in accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure, please provide, within thirty days of service of this request, the following information as to each of the documents and things withheld.

   (1) the name and title or capacity of its author or originator;

   (2) the name and title of capacity of every person who received it;

   (3) the relationship between the author or originator and each person who received the withheld document or thing;

   (4) whether the primary purpose of the withheld document or thing or

any underlying communication was to seek or provide legal advice or services;

(5) the date of the withheld document or things;

(6) each subject matter addressed in it;

(7) whether the withheld document or thing was transmitted in confidence; and

(8) all privileges or other objections asserted as to the withheld document or thing.

6. No request for a particular item or category should be construed as a limitation on any other part of this request.

## DEFINITIONS

1. "PDP" shall mean Performance Designed Products LLC, and also includes without limitation each of PDP's parent companies, business units, subsidiaries, and divisions, as well as all past and present directors, officers, employees, agents, distributors, contractors, consultant, accountants, attorneys, salespersons, sales representatives, and all other persons acting or purporting to act on its or their behalf or under its or their control.

2. The term "ENERGIZER," "YOU" or "YOUR" means Energizer Holdings, Inc. and also includes without limitation each of ENERGIZER's parent companies, business units, subsidiaries, and divisions, as well as all past and present directors, officers, employees, agents, distributors, contractors, consultant, accountants, attorneys, salespersons, sales representatives, and all other persons acting or purporting to act on its or their behalf or under its or their control.

3. The term "NYKO" means the Plaintiff NYKO Technologies, Inc.

4. The term "DOCUMENTS" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34 of the Federal Rules of Civil Procedure including all electronically stored information. The term "document(s)" shall include, without limitation, the original (or, when the original is not in your possession, custody or control, a carbon or other identical copy) and

any non-identical copy (*e.g.,* different from the original because of attachments, notes or markings) of all written, printed, typed, recorded, or visually or aurally reproduced material of any kind, whether or not privileged, and includes, but is not limited to, letters, e-mail or other electronic communications, notes, memoranda, books, records, lists, profiles, summaries, minutes, bills, contracts, agreements, orders, receipts, drawings or sketches, advertisements or promotional literature, marketing materials, business plans, manuals, newsletters, telegrams, tapes, discs, computer tapes, hard drives, films or other recordings, test data and reports prepared by any person. This includes all electronically stored information.

5. The terms "PERSON" and "PERSONS" mean any legal entity, including but not limited to natural persons, corporations, partnerships, firms, and/or associations, and any parent, subsidiary, division, department or affiliate thereof.

6. References to any individual, entity, or party herein includes agents, attorneys, employees, officers, directors or other action on behalf of that individual, entity. or party.

7. The terms "CONCERNING" and "RELATING," in addition to their ordinary meanings, shall mean and include in the broadest possible sense: analyzing, assessing, concerning, constituting, describing, discussing, embodying, evidencing, memorializing, mentioning, referring to, reflecting, regarding, summarizing and/or stating.

8. The term "IDENTIFY" when used in connection with any PERSON(S) means to state the PERSON's or PERSONS' full name; present or last known place, job title, and address of employment and telephone number; present or last known home address and telephone; all known email addresses; and all other known telephone numbers (including, but not limited to, cellular telephone, pager and personal digital assistant device numbers); and as to any

CHRISTIE, PARKER & HALE, LLP

non-natural person, "IDENTIFY" means to state the non-natural person's name, address and telephone number.

9. The terms "AND" and "OR" include both the conjunctive and disjunctive. The terms "ANY" and "ALL" also mean "each and every." The singular includes the plural and the plural includes the singular. The present tense includes the past tense and the past tense includes the present tense. All of the terms in this paragraph shall be interpreted in their broadest sense.

10. The term "'848 PATENT" means U.S. Patent No. 8,143,848.

11. The term ACCUSED PRODUCTS means the "Energizer® Power & Play" Charging System for XBOX 360 and the "Energizer® Power & Play" Charging System for PLAYSTATION 3 and any other products of PDP, regardless of version or model name, that are identical or similar to these "Power & Play" products.

12. The term "COLE" refers to U.S. Patent No. 7,942,747 (the "'747 Patent") including without limitation, any application on which the '747 Patent claims priority and any corresponding PCT application or application in a foreign country.

13. The term "ERICKSON" refers to U.S. Patent No. 8,143,850.

**REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS CONCERNING YOUR contention that PDP and/or ENERGIZER have never "infringed, either directly or indirectly, by inducement or contributorily, any claim of the Patent-in-suit [the '848 PATENT], either literally or under the doctrine of equivalents."

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS CONCERNING YOUR contention that "[e]ach of the asserted claims of the Patent-in-suit is invalid for failure to comply with the

-5-

requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112."

**REQUEST FOR PRODUCTION NO. 3**

All DOCUMENTS CONCERNING obviousness and/or any of the secondary considerations of nonobviousness as they relate to the '848 PATENT, including, but not limited to, long-felt but unmet need, failure of others, commercial success, industry acclaim, whether the prior art teaches away from the invention, commercial acquiescence via licensing, professional approval, copying by others, surprise or doubt as to whether the invention was possible, and unexpected results.

**REQUEST FOR PRODUCTION NO. 4**

All DOCUMENTS CONCERNING commercial success or failure, industry acclaim, professional approval, or copying by others CONCERNING any of the ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 5**:

All DOCUMENTS CONCERNING YOUR contention that the '848 PATENT is unenforceable.

**REQUEST FOR PRODUCTION NO. 6**:

All DOCUMENTS CONCERNING YOUR contention that "[a]ny claim for relief pled by the Complaint is barred by one or more of the equitable doctrines of unclean hands, waiver, and/or estoppel."

**REQUEST FOR PRODUCTION NO. 7**:

All DOCUMENTS CONCERNING YOUR contention that NYKO "is not entitled to injunctive relief because any alleged injury to Nyko is not immediate or irreparable, and Nyko would have an adequate remedy at law."

**REQUEST FOR PRODUCTION NO. 8**:

All DOCUMENTS CONCERNING YOUR contention that NYKO "is barred from recovering damages for any infringement occurring prior to the date on which it filed its Complaint, by 35 U.S.C. §§ 286, 287, and/or 288."

**REQUEST FOR PRODUCTION NO. 9**:

All DOCUMENTS CONCERNING actual or potential designs for charging system products for wireless video game controllers, whether or not the designs were actually reduced to practice.

**REQUEST FOR PRODUCTION NO. 10**:

All DOCUMENTS that refer to or relate to NYKO, including without limitation, its products, officers, employees or agents.

**REQUEST FOR PRODUCTION NO. 11**:

All DOCUMENTS CONCERNING charging systems manufactured or marketed by third parties, including without limitation any products that compete with the ACCUSED PRODUCTS in the marketplace.

**REQUEST FOR PRODUCTION NO. 12**:

All DOCUMENTS CONCERNING NYKO's charging system for wireless video game controllers, including without limitation, descriptions, analyses, studies, write-ups and reviews.

**REQUEST FOR PRODUCTION NO. 13**:

All DOCUMENTS CONCERNING correspondence between PDP and ENERGIZER regarding charging system products, including without limitation the ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 14**:

All DOCUMENTS CONCERNING correspondence between PDP and ENERGIZER regarding NYKO.

**REQUEST FOR PRODUCTION NO. 15**:

All DOCUMENTS CONCERNING agreements or understandings between ENERGIZER and PDP regarding the manufacture, marketing, licensing or sale of charging system products, including any trademark license agreements between ENERGIZER and PDP.

**REQUEST FOR PRODUCTION NO. 16**:

All DOCUMENTS CONCERNING payments and/or any other form of compensation between PDP and ENERGIZER (and/or vice versa) regarding any ACCUSED PRODUCT.

**REQUEST FOR PRODUCTION NO. 17**:

All DOCUMENTS CONCERNING advertisements, promotional material, marketing material, brochures, point of sale material or other advertisements concerning any ACCUSED PRODUCT.

**REQUEST FOR PRODUCTION NO. 18**:

Two physical specimens of each of the ACCUSED PRODUCTS including all product packaging.

**REQUEST FOR PRODUCTION NO. 19**:

All DOCUMENTS CONCERNING actual and potential customers of the ACCUSED PRODUCTS, including without limitation customer lists.

**REQUEST FOR PRODUCTION NO. 20**:

All DOCUMENTS CONCERNING reviews, publications, or third party write-ups regarding any ACCUSED PRODUCT.

**REQUEST FOR PRODUCTION NO. 21**:

All DOCUMENTS CONCERNING the '848 PATENT.

**REQUEST FOR PRODUCTION NO. 22**:

DOCUMENTS sufficient to identify the number of ACCUSED PRODUCTS that have been sold, offered for sale and/or imported into the U.S., on an annual, quarterly, and monthly basis, by model number, product number or other identification means, and DOCUMENTS identifying the number of units sold and imported, gross sales revenue, profit margin and profit, whether associated directly with the accused product or indirectly through advertising revenue or otherwise.

**REQUEST FOR PRODUCTION NO. 23**:

DOCUMENTS sufficient to IDENTIFY all PERSONS within the chain of distribution of the ACCUSED PRODUCT, including but not limited to all suppliers and manufacturers of the ACCUSED PRODUCTS, including the suppliers and manufactures of any parts used in the manufacture of the ACCUSED PRODUCTS, and all distributors, importers, exporters, retailers, and customers.

**REQUEST FOR PRODUCTION NO. 24**:

All DOCUMENTS CONCERNING any trade show attended by ENERGIZER within the last ten years.

**REQUEST FOR PRODUCTION NO. 25**:

All prior art to the '848 PATENT, whether or not relied upon by PDP or ENERGIZER, that supports or refutes the patentability of the inventions claimed therein, including without limitation all DOCUMENTS relating to COLE and ERICKSON.

**REQUEST FOR PRODUCTION NO. 26**:

All DOCUMENTS CONCERNING COLE.

**REQUEST FOR PRODUCTION NO. 27**:

All DOCUMENTS CONCERNING ERICKSON.

**REQUEST FOR PRODUCTION NO. 28**:

All prototypes and DOCUMENTS CONCERNING any prototypes of any chargers designed or developed by PDP or for PDP CONCERNING charging stations for wireless video game controllers.

**REQUEST FOR PRODUCTION NO. 29**:

All correspondence between YOU and any customers CONCERNING the ACCUSED PRODUCTS, including without limitation, Walmart and Target.

**REQUEST FOR PRODUCTION NO. 30**:

All DOCUMENTS CONCERNING licensing or attempted licensing of any

CHRISTIE, PARKER & HALE, LLP

of the ACCUSED PRODUCTS or other charging system products sold by or developed by or for PDP.

**REQUEST FOR PRODUCTION NO. 31**:

All DOCUMENTS CONCERNING the patentability of the ACCUSED PRODUCTS, including, but not limited to, any patent application anywhere in the world, including any abandoned or expired application anywhere in the world, and any analysis of patentability.

**REQUEST FOR PRODUCTION NO. 32**:

All DOCUMENTS CONCERNING patents or patent applications CONCERNING charging systems for video game controllers.

**REQUEST FOR PRODUCTION NO. 33**:

All DOCUMENTS CONCERNING YOUR policy and procedures for record management, document retention or document destruction.

**REQUEST FOR PRODUCTION NO. 34**:

All DOCUMENTS CONCERNING communications with any manufacturer or manufacturers of any ACCUSED PRODUCT.

**REQUEST FOR PRODUCTION NO. 35**:

All DOCUMENTS CONCERNING the features of the ACCUSED PRODUCTS including the advantages and disadvantages of such features.

**REQUEST FOR PRODUCTION NO. 36**:

All DOCUMENTS CONCERNING the conception, design and/or reduction to practice of each ACCUSED PRODUCT and any prototype for any ACCUSED PRODUCT.

DATED: August 10, 2012      CHRISTIE, PARKER & HALE, LLP

　　　　　　　　　　　　　　　　/s/ *G. Warren Bleeker*
　　　　　　　　　　　　　　　　G. Warren Bleeker

　　　　　　　　　　　　　　　Attorneys for Plaintiff,
　　　　　　　　　　　　　　　NYKO TECHNOLOGIES, INC.

-10-

## **CERTIFICATE OF SERVICE**

I certify that I have served a true copy of this document via e-mail (per agreement of the parties) to the individuals addressed as follows:

Steven M. Hanle, Esq.
Daniel N. Yannuzzi, Esq.
Gray M. Buccigross, Esq.
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626
shanle@sheppardmullin.com
dyannuzzi@sheppardmullin.com
gbuccigross@sheppardmullin.com

Counsel for Defendants

I am a member of the Bar of this Court.

Executed on August 10, 2012 at Glendale, California.

　　　　　　　　　　　　　　　　　　　／s/ *G. Warren Bleeker*
　　　　　　　　　　　　　　　　　　　　　　G. Warren Bleeker

SRD PAS1186403.1-*-08/7/12 12:46 PM

CHRISTIE, PARKER & HALE, LLP

-11-