1  **ART HASAN, CA Bar No. 167323**
art.hasan@cph.com
2  **G. WARREN BLEEKER, CA Bar No. 210834**
warren.bleeker@cph.com
3  **KATHERINE L. QUIGLEY, CA Bar No. 258212**
katherine.quigley@cph.com
4  **CHRISTIE, PARKER & HALE, LLP**
**655 North Central Avenue, Suite 2300**
5  **Glendale, California 91203-1445**
**Telephone:  (626) 795-9900**
6  **Facsimile:   (626) 577-8800**

7  Attorneys for Plaintiff and Counterdefendant,
NYKO Technologies, Inc.
8

9

10                    UNITED STATES DISTRICT COURT

11                    CENTRAL DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| NYKO TECHNOLOGIES, INC., a California corporation, | Case No. CV 12-3001 GAF (VBKx) |
| Plaintiff, | **NYKO TECHNOLOGIES, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO ENERGIZER HOLDINGS, INC.** |
| vs. | |
| ENERGIZER HOLDINGS, INC., a Missouri corporation, and PERFORMANCE DESIGNED PRODUCTS LLC, a California limited liability company, | |
| Defendants. | **Hon. Gary Allen Feess** |
| AND RELATED COUNTERCLAIM. | |

        NYKO TECHNOLOGIES, INC. ("NYKO") requests that ENERGIZER
HOLDINGS, INC. ("Energizer") provide a written response and produce for
inspection and copying each document and tangible thing in its possession,
custody or control requested below, in accordance with Rule 34 of the Federal
Rules of Civil Procedure.  NYKO requests that the documents and things be made
available for inspection and copying at the offices of Christie, Parker & Hale,

CHRISTIE, PARKER & HALE, LLP

-1-

1    LLP, 655 N. Central Avenue, Suite 2300, Glendale, California 91203, 30 days

2    after service of these requests or at another location mutually agreeable to the

3    parties.

4                                      **INSTRUCTIONS**

5         1.    As required by Rule 34(b) of the Federal Rules of Civil Procedure,

6    please produce all requested documents as they are kept in the usual course of

7    business or organize and label them to correspond to the categories in this

8    request.

9         2.    As used in this request, "and" and "or" have both conjunctive and

10   disjunctive meanings, so as to include documents and things that a stricter

11   construction might exclude.

12        3.    As used in this request, the singular includes the plural and the plural

13   includes the singular, so as to include documents and things that a stricter

14   construction might exclude.

15        4.    As used in this request, the present tense includes the past tense and

16   the past tense includes the present tense, so as to include documents and things

17   that a stricter construction might exclude.

18        5.    If Energizer withholds from production any of the requested

19   documents or things on the grounds that it is privileged or subject to protection as

20   trial preparation material, then, in accordance with Rule 26(b)(5) of the Federal

21   Rules of Civil Procedure, please provide, within thirty days of service of this

22   request, the following information as to each of the documents and things

23   withheld.

24        (1)    the name and title or capacity of its author or originator;

25        (2)    the name and title of capacity of every person who received it;

26        (3)    the relationship between the author or originator and each person

27   who received the withheld document or thing;

28        (4)    whether the primary purpose of the withheld document or thing or

CHRISTIE, PARKER & HALE, LLP

-2-

1   any underlying communication was to seek or provide legal advice or services;

2       (5)    the date of the withheld document or things;

3       (6)    each subject matter addressed in it;

4       (7)    whether the withheld document or thing was transmitted in

5   confidence; and

6       (8)    all privileges or other objections asserted as to the withheld

7   document or thing.

8       6.    No request for a particular item or category should be construed as a

9   limitation on any other part of this request.

10      7.    Unless otherwise stated, responses to any of these Requests

11  including electronically stored information shall be produced on a CD or DVD.

12  All Documents shall be Bates numbered, with each page bearing a unique Bates

13  number.  Documents stored electronically (or scanned from hard copy form for

14  production) are to be produced in single-page, Group 4, black-and-white TIF

15  format, along with .dat and .opt load files.  Load files shall utilize Concordance

16  delimiters or carrot (^) and pipe (|) delimiters.  The .dat files shall also provide the

17  following fields (to the extent applicable): BEGDOC#, ENDDOC#,

18  BEGATTACH, ENDATTACH, PAGECOUNT, DESIGNATION, DOCEXT,

19  TEXT, and OCR.  All Microsoft Excel files shall be produced in native format,

20  rather than as TIFF images.  Any Document produced in native format should

21  contain a TIFF placeholder identifying the Bates number of the Document, and

22  referencing that the file has been produced in native.  CPH reserves the right to

23  seek other Documents in native format as necessary.  CPH additionally reserves

24  the right to seek metadata including but not limited to DATECREATED,

25  LASTMODDATE, LASTACCESSEDDATE, and LASTWRITTENDATE.

26                                    **DEFINITIONS**

27      1.    "PDP" shall mean Performance Designed Products LLC, and also

28  includes without limitation each of PDP's parent companies, business units,

-3-

CHRISTIE, PARKER & HALE, LLP

1   subsidiaries, and divisions, as well as all past and present directors, officers,

2   employees, agents, distributors, contractors, consultant, accountants, attorneys,

3   salespersons, sales representatives, and all other persons acting or purporting to

4   act on its or their behalf or under its or their control.

5        2.     The term "ENERGIZER," "YOU" or "YOUR" means Energizer

6   Holdings, Inc. and also includes without limitation each of ENERGIZER's parent

7   companies, business units, subsidiaries, and divisions, as well as all past and

8   present directors, officers, employees, agents, distributors, contractors, consultant,

9   accountants, attorneys, salespersons, sales representatives, and all other persons

10  acting or purporting to act on its or their behalf or under its or their control.

11       3.     The term "NYKO" means the Plaintiff NYKO Technologies, Inc.

12       4.     The term "DOCUMENTS" is defined to be synonymous in meaning

13  and equal in scope to the usage of this term in Rule 34 of the Federal Rules of

14  Civil Procedure including all electronically stored information. The term

15  "document(s)" shall include, without limitation, the original (or, when the original

16  is not in your possession, custody or control, a carbon or other identical copy) and

17  any non-identical copy (*e.g.,* different from the original because of attachments,

18  notes or markings) of all written, printed, typed, recorded, or visually or aurally

19  reproduced material of any kind, whether or not privileged, and includes, but is

20  not limited to, letters, e-mail or other electronic communications, notes,

21  memoranda, books, records, lists, profiles, summaries, minutes, bills, contracts,

22  agreements, orders, receipts, drawings or sketches, advertisements or promotional

23  literature, marketing materials, business plans, manuals, newsletters, telegrams,

24  tapes, discs, computer tapes, hard drives, films or other recordings, test data and

25  reports prepared by any person. This includes all electronically stored

26  information.

27       5.     The terms "PERSON" and "PERSONS" mean any legal entity,

28  including but not limited to natural persons, corporations, partnerships, firms,

CHRISTIE, PARKER & HALE, LLP

-4-

1    and/or associations, and any parent, subsidiary, division, department or affiliate

2    thereof.

3         6.    References to any individual, entity, or party herein includes agents,

4    attorneys, employees, officers, directors or other action on behalf of that

5    individual, entity. or party.

6         7.    The terms "CONCERNING" and "RELATING," in addition to their

7    ordinary meanings, shall mean and include in the broadest possible sense:

8    analyzing, assessing, concerning, constituting, describing, discussing, embodying,

9    evidencing, memorializing, mentioning, referring to, reflecting, regarding,

10   summarizing and/or stating.

11        8.    The term "IDENTIFY" when used in connection with any

12   PERSON(S) means to state the PERSON's or PERSONS' full name; present or

13   last known place, job title, and address of employment and telephone number;

14   present or last known home address and telephone; all known email addresses;

15   and all other known telephone numbers (including, but not limited to, cellular

16   telephone, pager and personal digital assistant device numbers); and as to any

17   non-natural person, "IDENTIFY" means to state the non-natural person's name,

18   address and telephone number.

19        9.    The terms "AND" and "OR" include both the conjunctive and

20   disjunctive. The terms "ANY" and "ALL" also mean "each and every."  The

21   singular includes the plural and the plural includes the singular. The present tense

22   includes the past tense and the past tense includes the present tense. All of the

23   terms in this paragraph shall be interpreted in their broadest sense.

24        10.   The term "'848 PATENT" means U.S. Patent No. 8,143,848.

25        11.   The term ACCUSED PRODUCTS means the "Energizer® Power &

26   Play" Charging System for XBOX 360 and the "Energizer® Power & Play"

27   Charging System for PLAYSTATION 3 and any other products of PDP,

28   regardless of version or model name, that are identical or similar to these "Power

-5-

CHRISTIE, PARKER & HALE, LLP

1 | & Play" products.

2

3 | **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

4 | **REQUEST FOR PRODUCTION NO. 37**:

5 | All DOCUMENTS containing or referring to any estimate, projection or

6 | analysis of future sales of any ACCUSED PRODUCT.

7

8 | DATED: July 3, 2013                     CHRISTIE, PARKER & HALE, LLP

9

10 |                                         /s/ *G. Warren Bleeker*
                                            G. Warren Bleeker

11
                                            Attorneys for Plaintiff,
12 |                                         NYKO TECHNOLOGIES, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CHRISTIE, PARKER & HALE, LLP

-6-

1

2

3

**CERTIFICATE OF SERVICE**

I certify that on July 3, 2013, pursuant to Federal Rules of Civil Procedure, a true and correct copy of the foregoing document described as **NYKO'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO ENERGIZER HOLDINGS, INC.** was served on the parties in this action by E-Mail addressed as follows:

Steven M. Hanle, Esq.
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626
shanle@sheppardmullin.com
LegalTm-PDP@sheppardmullin.com

Daniel N. Yannuzzi, Esq.
Graham (Gray) M. Buccigross, Esq.
Matthew M. Mueller, Esq.
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
12275 El Camino Real, Suite 200
San Diego, California 92130-2006
dyannuzzi@sheppardmullin.com
mmueller@sheppardmullin.com
gbuccigross@sheppardmullin.com

Executed on July 3, 2013 at Glendale, California.

_/s/ Stacey Dawson_
Stacey Dawson

SRD PAS1244458.1-*-07/3/13 3:01 PM

CHRISTIE, PARKER & HALE, LLP

-7-