ART HASAN, CA Bar No. 167323
art.hasan@cph.com
G. WARREN BLEEKER, CA Bar No. 210834
warren.bleeker@cph.com
KATHERINE L. QUIGLEY, CA Bar No. 258212
katherine.quigley@cph.com
CHRISTIE, PARKER & HALE, LLP
655 North Central Avenue, Suite 2300
Glendale, California 91203-1445
Telephone:  (626) 795-9900
Facsimile:   (626) 577-8800

Attorneys for Plaintiff and Counterdefendant,
NYKO Technologies, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NYKO TECHNOLOGIES, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ENERGIZER HOLDINGS, INC., a Missouri corporation, EVEREADY BATTERY COMPANY, INC., a Delaware corporation, and PERFORMANCE DESIGNED PRODUCTS LLC, a California limited liability company,<br><br>Defendants. | Case No. CV12-03001 GAF (VBKx)<br><br>**NYKO'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO EVEREADY BATTERY COMPANY, INC.**<br><br>Hon. Gary Allen Feess |
| AND RELATED COUNTERCLAIM. | |

NYKO Technologies, Inc. ("NYKO") requests that Eveready Battery Company, Inc. ("EBC") provide a written response and produce for inspection and copying each document and tangible thing in its possession, custody or control requested below, in accordance with Rule 34 of the Federal Rules of Civil Procedure.  NYKO requests that the documents and things be made available for

-1-

CHRISTIE, PARKER & HALE, LLP

inspection and copying at the offices of Christie, Parker & Hale, LLP, 655 N. Central Avenue, Suite 2300, Glendale, California 91203 within 30 days of service.

### **INSTRUCTIONS**

1. As required by Rule 34(b) of the Federal Rules of Civil Procedure, please produce all requested documents as they are kept in the usual course of business or organize and label them to correspond to the categories in this request.

2. As used in this request, "and" and "or" have both conjunctive and disjunctive meanings, so as to include documents and things that a stricter construction might exclude.

3. As used in this request, the singular includes the plural and the plural includes the singular, so as to include documents and things that a stricter construction might exclude.

4. As used in this request, the present tense includes the past tense and the past tense includes the present tense, so as to include documents and things that a stricter construction might exclude.

5. If Eveready withholds from production any of the requested documents or things on the grounds that it is privileged or subject to protection as trial preparation material, then, in accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure, please provide, within thirty days of service of this request, the following information as to each of the documents and things withheld.

(1) the name and title or capacity of its author or originator;

(2) the name and title of capacity of every person who received it;

(3) the relationship between the author or originator and each person who received the withheld document or thing;

(4) whether the primary purpose of the withheld document or thing or

any underlying communication was to seek or provide legal advice or services;

    (5)    the date of the withheld document or things;

    (6)    each subject matter addressed in it;

    (7)    whether the withheld document or thing was transmitted in confidence; and

    (8)    all privileges or other objections asserted as to the withheld document or thing.

    6.    No request for a particular item or category should be construed as a limitation on any other part of this request.

    7.    Unless otherwise stated, responses to any of these Requests including electronically stored information shall be produced on a CD or DVD. All Documents shall be Bates numbered, with each page bearing a unique Bates number. Documents stored electronically (or scanned from hard copy form for production) are to be produced in single-page, Group 4, black-and-white TIF format, along with .dat and .opt load files. Load files shall utilize Concordance delimiters or carrot (^) and pipe (|) delimiters. The .dat files shall also provide the following fields (to the extent applicable): BEGDOC#, ENDDOC#, BEGATTACH, ENDATTACH, PAGECOUNT, DESIGNATION, DOCEXT, TEXT, and OCR. All Microsoft Excel files shall be produced in native format, rather than as TIFF images. Any Document produced in native format should contain a TIFF placeholder identifying the Bates number of the Document, and referencing that the file has been produced in native. CPH reserves the right to seek other Documents in native format as necessary. CPH additionally reserves the right to seek metadata including but not limited to DATECREATED, LASTMODDATE, LASTACCESSEDDATE, and LASTWRITTENDATE.

## DEFINITIONS

1.    "EBC" "YOU" or "YOUR" shall mean Eveready Battery Company and also includes without limitation each of EBC's parent companies, business units,

-3-

subsidiaries, and divisions, as well as all past and present directors, officers, employees, agents, distributors, contractors, consultant, accountants, attorneys, salespersons, sales representatives, and all other persons acting or purporting to act on its or their behalf or under its or their control.

2. "PDP" shall mean Performance Designed Products LLC, and also includes without limitation each of PDP's parent companies, business units, subsidiaries, and divisions, as well as all past and present directors, officers, employees, agents, distributors, contractors, consultant, accountants, attorneys, salespersons, sales representatives, and all other persons acting or purporting to act on its or their behalf or under its or their control.

3. The term "ENERGIZER" means Energizer Holdings, Inc. and also includes without limitation each of ENERGIZER's parent companies, business units, subsidiaries, and divisions, as well as all past and present directors, officers, employees, agents, distributors, contractors, consultant, accountants, attorneys, salespersons, sales representatives, and all other persons acting or purporting to act on its or their behalf or under its or their control.

4. The term "NYKO" means the Plaintiff NYKO Technologies, Inc.

5. The term "DOCUMENTS" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34 of the Federal Rules of Civil Procedure including all electronically stored information. The term "document(s)" shall include, without limitation, the original (or, when the original is not in your possession, custody or control, a carbon or other identical copy) and any non-identical copy (*e.g.,* different from the original because of attachments, notes or markings) of all written, printed, typed, recorded, or visually or aurally reproduced material of any kind, whether or not privileged, and includes, but is not limited to, letters, e-mail or other electronic communications, notes, memoranda, books, records, lists, profiles, summaries, minutes, bills, contracts, agreements, orders, receipts, drawings or sketches, advertisements or promotional

literature, marketing materials, business plans, manuals, newsletters, telegrams, tapes, discs, computer tapes, hard drives, films or other recordings, test data and reports prepared by any person. This includes all electronically stored information.

6. References to any individual, entity, or party herein includes agents, attorneys, employees, officers, directors or other action on behalf of that individual, entity or party.

7. The terms "CONCERNING" and "RELATING," in addition to their ordinary meanings, shall mean and include in the broadest possible sense: analyzing, assessing, concerning, constituting, describing, discussing, embodying, evidencing, memorializing, mentioning, referring to, reflecting, regarding, summarizing and/or stating.

8. The terms "AND" and "OR" include both the conjunctive and disjunctive. The terms "ANY" and "ALL" also mean "each and every." The singular includes the plural and the plural includes the singular. The present tense includes the past tense and the past tense includes the present tense. All of the terms in this paragraph shall be interpreted in their broadest sense.

9. The term ACCUSED PRODUCTS means the "Energizer® Power & Play" Charging System for XBOX 360 and the "Energizer® Power & Play" Charging System for PLAYSTATION 3 and any other products of PDP, regardless of version or model name, that are identical or similar to these "Power & Play" products.

10. The term "'848 PATENT" means U.S. Patent No. 8,143,848.

11. The term "LICENSE AGREEMENT" means the License Agreement dated April 1, 2010 between Performance Designed Products, LLC and Eveready Battery Company.

**REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

**REQUEST FOR PRODUCTION NO. 1**:

All DOCUMENTS CONCERNING the LICENSE AGREEMENT and/or the negotiation of the LICENSE AGREEMENT.

**REQUEST FOR PRODUCTION NO. 2**:

All CORRESPONDENCE CONCERNING the LICENSE AGREEMENT and/or the negotiation of the LICENSE AGREEMENT.

**REQUEST FOR PRODUCTION NO. 3**:

All CORRESPONDENCE with ENERGIZER CONCERNING the LICENSE AGREEMENT and/or the negotiation of the LICENSE AGREEMENT.

**REQUEST FOR PRODUCTION NO. 4**:

All CORRESPONDENCE with PDP CONCERNING the LICENSE AGREEMENT and/or the negotiation of the LICENSE AGREEMENT.

**REQUEST FOR PRODUCTION NO. 5**:

All internal CORRESPONDENCE and internal memoranda CONCERNING the LICENSE AGREEMENT and/or the negotiation of the LICENSE AGREEMENT.

**REQUEST FOR PRODUCTION NO. 6**:

All DOCUMENTS including but not limited to CORRESPONDENCE with PDP, CORRESPONDENCE with ENERGIZER, CORRESPONDENCE with any third party, internal CORRESPONDENCE, and any internal DOCUMENTS, CONCERNING any royalty payment made or not made under the LICENSE AGREEMENT, any royalty payment obligation under the LICENSE AGREEMENT, and/or any dispute CONCERNING a royalty payment obligation under the LICENSE AGREEMENT.

**REQUEST FOR PRODUCTION NO. 7**:

DOCUMENTS sufficient to identify any relationships between PDP and EBC.

**REQUEST FOR PRODUCTION NO. 8**:

DOCUMENTS sufficient to identify any relationships between ENERGIZER and EBC.

**REQUEST FOR PRODUCTION NO. 9**:

DOCUMENTS sufficient to identify all sales of the ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 10**:

DOCUMENTS sufficient to identify all payments and/or any other form of compensation between at least EBC and PDP (and/or vice versa) regarding any ACCUSED PRODUCT.

**REQUEST FOR PRODUCTION NO. 11**:

All internal correspondence CONCERNING the ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 12**:

All DOCUMENTS CONCERNING the design, import, manufacture, marketing and/or licensing of the ACCUSED PRODUCTS, including but not limited to DOCUMENTS sufficient to identify the manufacturer of the ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 13**:

All DOCUMENTS CONCERNING the '848 PATENT or this lawsuit

**REQUEST FOR PRODUCTION NO. 14**:

Organizational charts for EBC for the past three years.

**REQUEST FOR PRODUCTION NO. 15**:

All correspondence between ENERGIZER and EBC CONCERNING the ACCUSED PRODUCTS.

CHRISTIE, PARKER & HALE, LLP

-7-

**REQUEST FOR PRODUCTION NO. 16**:

DOCUMENTS sufficient to identify which person(s) or entity(ies) control, operate and maintain the website energizer.com.

**REQUEST FOR PRODUCTION NO. 17**:

All DOCUMENTS CONCERNING YOUR quality control efforts and/or actions CONCERNING the ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 18**:

All DOCUMENTS CONCERNING ENERGIZER'S quality control efforts and/or actions CONCERNING the ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 19**:

All DOCUMENTS CONCERNING PDP'S quality control efforts and/or actions CONCERNING the ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 20**:

All DOCUMENTS CONCERNING or evidencing YOUR KNOWLEDGE of any quality control efforts and/or actions CONCERNING the ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 21**:

DOCUMENTS sufficient to IDENTIFY the employer(s) of Danielle Kyriakos for the past 7 years.

**REQUEST FOR PRODUCTION NO. 22**:

All DOCUMENTS CONCERNING or mentioning NYKO.

**REQUEST FOR PRODUCTION NO. 23**:

All DOCUMENTS CONCERNING or mentioning any NYKO charge base product.

**REQUEST FOR PRODUCTION NO. 24**:

All DOCUMENTS CONCERNING or mentioning any risk of liability or risk of legal claim in connection with the ACCUSED PRODUCTS or the LICENSE AGREEMENT.

**REQUEST FOR PRODUCTION NO. 25**:

All DOCUMENTS CONCERNING or mentioning any risk of liability or risk of legal claim for patent infringement in connection with the ACCUSED PRODUCTS or the LICENSE AGREEMENT.

**REQUEST FOR PRODUCTION NO. 26**:

All DOCUMENTS CONCERNING or mentioning any risk of liability or risk of legal claim asserted by NYKO in connection with the ACCUSED PRODUCTS or the LICENSE AGREEMENT.

DATED: March 18, 2013

Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP

By */s/ G. Warren Bleeker*
G. Warren Bleeker

Attorneys for Plaintiff and Counterdefendant,
NYKO Technologies, Inc.

CHRISTIE, PARKER & HALE, LLP

-9-

## CERTIFICATE OF SERVICE

I certify that on March 18, 2013, I have served a true copy of this document via e-mail (per agreement of the parties) to the individuals addressed as follows:

Steven M. Hanle, Esq.
Daniel N. Yannuzzi, Esq.
Gray M. Buccigross, Esq.
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626
shanle@sheppardmullin.com
dyannuzzi@sheppardmullin.com
gbuccigross@sheppardmullin.com
Counsel for Defendants

I am a member of the Bar of this Court.

Executed on March 18, 2013 at Glendale, California.

*/s/ G. Warren Bleeker*
G. Warren Bleeker

GWB PAS1216069.1-*-03/18/13 11:23 AM

CHRISTIE, PARKER & HALE, LLP