ART HASAN, CA Bar No. 167323
art.hasan@cph.com
G. WARREN BLEEKER, CA Bar No. 210834
warren.bleeker@cph.com
KATHERINE L. QUIGLEY, CA Bar No. 258212
katherine.quigley@cph.com
CHRISTIE, PARKER & HALE, LLP
655 North Central Avenue, Suite 2300
Glendale, California 91203-1445
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

Attorneys for Plaintiff and Counterdefendant,
NYKO Technologies, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NYKO TECHNOLOGIES, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ENERGIZER HOLDINGS, INC., a Missouri corporation, EVEREADY BATTERY COMPANY, INC., a Delaware corporation, and PERFORMANCE DESIGNED PRODUCTS LLC, a California limited liability company,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. CV12-03001 GAF (VBKx)<br><br>**NYKO'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO EVEREADY BATTERY COMPANY, INC.**<br><br>Hon. Gary Allen Feess |

NYKO Technologies, Inc. ("NYKO") requests that Eveready Battery Company, Inc. ("EBC") provide a written response and produce for inspection and copying each document and tangible thing in its possession, custody or control requested below, in accordance with Rule 34 of the Federal Rules of Civil Procedure. NYKO requests that the documents and things be made available for

-1-

inspection and copying within 30 days of service.

**INSTRUCTIONS**

1. As required by Rule 34(b) of the Federal Rules of Civil Procedure, please produce all requested documents as they are kept in the usual course of business or organize and label them to correspond to the categories in this request.

2. As used in this request, "and" and "or" have both conjunctive and disjunctive meanings, so as to include documents and things that a stricter construction might exclude.

3. As used in this request, the singular includes the plural and the plural includes the singular, so as to include documents and things that a stricter construction might exclude.

4. As used in this request, the present tense includes the past tense and the past tense includes the present tense, so as to include documents and things that a stricter construction might exclude.

5. If EBC withholds from production any of the requested documents or things on the grounds that it is privileged or subject to protection as trial preparation material, then, in accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure, please provide, within thirty days of service of this request, the following information as to each of the documents and things withheld.

   (1) the name and title or capacity of its author or originator;

   (2) the name and title of capacity of every person who received it;

   (3) the relationship between the author or originator and each person who received the withheld document or thing;

   (4) whether the primary purpose of the withheld document or thing or any underlying communication was to seek or provide legal advice or services;

   (5) the date of the withheld document or things;

   (6) each subject matter addressed in it;

-2-

(7) whether the withheld document or thing was transmitted in confidence; and

(8) all privileges or other objections asserted as to the withheld document or thing.

6. No request for a particular item or category should be construed as a limitation on any other part of this request.

7. Unless otherwise stated, responses to any of these Requests including electronically stored information shall be produced on a CD or DVD. All Documents shall be Bates numbered, with each page bearing a unique Bates number. Documents stored electronically (or scanned from hard copy form for production) are to be produced in single-page, Group 4, black-and-white TIF format, along with .dat and .opt load files. Load files shall utilize Concordance delimiters or carrot (^) and pipe (|) delimiters. The .dat files shall also provide the following fields (to the extent applicable): BEGDOC#, ENDDOC#, BEGATTACH, ENDATTACH, PAGECOUNT, DESIGNATION, DOCEXT, TEXT, and OCR. All Microsoft Excel files shall be produced in native format, rather than as TIFF images. Any Document produced in native format should contain a TIFF placeholder identifying the Bates number of the Document, and referencing that the file has been produced in native. CPH reserves the right to seek other Documents in native format as necessary. CPH additionally reserves the right to seek metadata including but not limited to DATECREATED, LASTMODDATE, LASTACCESSEDDATE, and LASTWRITTENDATE.

## DEFINITIONS

1. "EBC" "YOU" or "YOUR" shall mean Eveready Battery Company and also includes without limitation each of EBC's parent companies, business units, subsidiaries, and divisions, as well as all past and present directors, officers, employees, agents, distributors, contractors, consultant, accountants, attorneys,

1 salespersons, sales representatives, and all other persons acting or purporting to act on its or their behalf or under its or their control.

2. "PDP" shall mean Performance Designed Products LLC, and also includes without limitation each of PDP's parent companies, business units, subsidiaries, and divisions, as well as all past and present directors, officers, employees, agents, distributors, contractors, consultant, accountants, attorneys, salespersons, sales representatives, and all other persons acting or purporting to act on its or their behalf or under its or their control.

3. The term "ENERGIZER" means Energizer Holdings, Inc. and also includes without limitation each of ENERGIZER's parent companies, business units, subsidiaries, and divisions, as well as all past and present directors, officers, employees, agents, distributors, contractors, consultant, accountants, attorneys, salespersons, sales representatives, and all other persons acting or purporting to act on its or their behalf or under its or their control.

4. The term "NYKO" means the Plaintiff NYKO Technologies, Inc.

5. The term "DOCUMENTS" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34 of the Federal Rules of Civil Procedure including all electronically stored information. The term "document(s)" shall include, without limitation, the original (or, when the original is not in your possession, custody or control, a carbon or other identical copy) and any non-identical copy (*e.g.,* different from the original because of attachments, notes or markings) of all written, printed, typed, recorded, or visually or aurally reproduced material of any kind, whether or not privileged, and includes, but is not limited to, letters, e-mail or other electronic communications, notes, memoranda, books, records, lists, profiles, summaries, minutes, bills, contracts, agreements, orders, receipts, drawings or sketches, advertisements or promotional literature, marketing materials, business plans, manuals, newsletters, telegrams, tapes, discs, computer tapes, hard drives, films or other recordings, test data and

CHRISTIE, PARKER & HALE, LLP

-4-

reports prepared by any person. This includes all electronically stored information.

6. References to any individual, entity, or party herein includes agents, attorneys, employees, officers, directors or other action on behalf of that individual, entity or party.

7. The terms "CONCERNING" and "RELATING," in addition to their ordinary meanings, shall mean and include in the broadest possible sense: analyzing, assessing, concerning, constituting, describing, discussing, embodying, evidencing, memorializing, mentioning, referring to, reflecting, regarding, summarizing and/or stating.

8. The terms "AND" and "OR" include both the conjunctive and disjunctive. The terms "ANY" and "ALL" also mean "each and every." The singular includes the plural and the plural includes the singular. The present tense includes the past tense and the past tense includes the present tense. All of the terms in this paragraph shall be interpreted in their broadest sense.

9. The term ACCUSED PRODUCTS means the "Energizer® Power & Play" Charging System for XBOX 360 and the "Energizer® Power & Play" Charging System for PLAYSTATION 3 and any other products of PDP, regardless of version or model name, that are identical or similar to these "Power & Play" products.

10. The term "'848 PATENT" means U.S. Patent No. 8,143,848.

11. The term "LICENSE AGREEMENT" means any license agreement entered into between PDP and EBC regarding any ACCUSED PRODUCT including any amendments.

12. The term "BRAND DRIVER DOCUMENT" means the document that EBC uses to describe what the Energizer brand is all about, a copy of which was produced in this matter as ENG 0000299.

13. The term "COMMUNICATION" means the transmittal of

information in the form of facts, ideas, inquiries or otherwise, in writing, orally, electronically or otherwise.

### REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST FOR PRODUCTION NO. 27**:

Any product review, product write-up, and/or product description of any ACCUSED PRODUCT.

**REQUEST FOR PRODUCTION NO. 28**:

Any DOCUMENT CONCERNING any product review, product write-up, and/or product description of any ACCUSED PRODUCT.

**REQUEST FOR PRODUCTION NO. 29**:

All COMMUNICATIONS with Blick & Staff CONCERNING any ACCUSED PRODUCT.

**REQUEST FOR PRODUCTION NO. 30**:

All DOCUMENTS CONCERNING Blick & Staff and any ACCUSED PRODUCT.

**REQUEST FOR PRODUCTION NO. 31**:

All DOCUMENTS CONCERNING the development and creation of the BRAND DRIVER DOCUMENT.

**REQUEST FOR PRODUCTION NO. 32**:

All DOCUMENTS CONCERNING EBC's direct sale of any ACCUSED PRODUCT to any individual, including but not limited to any employee.

**REQUEST FOR PRODUCTION NO. 33**:

All DOCUMENTS reviewed, read, and/or consulted by EBC in connection with EBC's response to any interrogatory propounded by NYKO in this case.

**REQUEST FOR PRODUCTION NO. 34**:

All DOCUMENTS CONCERNING any showing, presentation, promotion or advertising by EBC and/or anyone acting on behalf of EBC, of any ACCUSED PRODUCT at any trade show, in conjunction or connection with any trade show, at any promotional event and/or at any public relations event.

**REQUEST FOR PRODUCTION NO. 35**:

All photographs, images, and digital content (including videos and any links to online videos) depicting any showing, presentation, promotion or advertising by EBC and/or anyone acting on behalf of EBC, of any ACCUSED PRODUCT at any trade show, in conjunction or connection with any trade show, at any promotional event and/or at any public relations event.

**REQUEST FOR PRODUCTION NO. 36**:

All DOCUMENTS CONCERNING any promotion or mention of any ACCUSED PRODUCT on any Facebook page controlled, maintained and/or managed by or for EBC.

**REQUEST FOR PRODUCTION NO. 37**:

All DOCUMENTS CONCERNING any customer complaints received by EBC and/or ENERGIZER and/or a third party contracted by EBC and/or ENERGIZER CONCERNING any ACCUSED PRODUCT.

**REQUEST FOR PRODUCTION NO. 38**:

All DOCUMENTS CONCERNING any LICENSE AGREEMENT and/or the negotiation of any LICENSE AGREEMENT.

**REQUEST FOR PRODUCTION NO. 39**:

All COMMUNICATIONS CONCERNING any LICENSE AGREEMENT and/or the negotiation of any LICENSE AGREEMENT.

**REQUEST FOR PRODUCTION NO. 40**:

All COMMUNICATIONS with ENERGIZER CONCERNING any LICENSE AGREEMENT and/or the negotiation of any LICENSE

-7-

AGREEMENT.

**REQUEST FOR PRODUCTION NO. 41**:

All COMMUNICATIONS with PDP CONCERNING any LICENSE AGREEMENT and/or the negotiation of any LICENSE AGREEMENT.

**REQUEST FOR PRODUCTION NO. 42**:

All internal COMMUNICATIONS and internal memoranda CONCERNING any LICENSE AGREEMENT and/or the negotiation of any LICENSE AGREEMENT.

**REQUEST FOR PRODUCTION NO. 43**:

All DOCUMENTS including but not limited to COMMUNICATIONS with PDP, COMMUNICATIONS with ENERGIZER, COMMUNICATIONS with any third party, internal COMMUNICATIONS, and any internal DOCUMENTS, CONCERNING any royalty payment made or not made under any LICENSE AGREEMENT, any royalty payment obligation under any LICENSE AGREEMENT, and/or any dispute CONCERNING a royalty payment obligation under any LICENSE AGREEMENT.

**REQUEST FOR PRODUCTION NO. 44**:

Any DOCUMENT in which there is a comparison of any NYKO and any ENERGIZER branded products.

**REQUEST FOR PRODUCTION NO. 45**:

Any DOCUMENT in which there is a comparison of any NYKO product and any PDP product.

**REQUEST FOR PRODUCTION NO. 46**:

Any DOCUMENT CONCERNING any warranty from PDP that any ACCUSED PRODUCT does not violate or infringe any third party patent.

DATED: June 12, 2013

Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP

By */s/ G. Warren Bleeker*
    G. Warren Bleeker

Attorneys for Plaintiff and Counterdefendant,
NYKO Technologies, Inc.

CHRISTIE, PARKER & HALE, LLP

-9-

# CERTIFICATE OF SERVICE

I certify that on June 12, 2013, pursuant to Federal Rules of Civil Procedure, a true and correct copy of the foregoing document described as **NYKO'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO EVEREADY BATTERY COMPANY, INC.** was served on the parties in this action by E-Mail addressed as follows:

Steven M. Hanle, Esq.
SHEPPARD MULLIN RICHTER & HAMPTON LLP
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626
shanle@sheppardmullin.com

Daniel N. Yannuzzi, Esq.
Graham (Gray) M. Buccigross, Esq.
Matthew M. Mueller, Esq.
SHEPPARD MULLIN RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 200
San Diego, California 92130-2006
dyannuzzi@sheppardmullin.com
mmueller@sheppardmullin.com
gbuccigross@sheppardmullin.com

I declare that I am employed by a member of the bar of this Court, at whose direction this service was made.

Executed on June 12, 2013 at Glendale, California.

　　　　　　　　　　　　　　　　　　*/s/ Stacey Dawson*
　　　　　　　　　　　　　　　　　　Stacey Dawson

SRD PAS1239969.1-*-06/12/13 4:39 PM

CHRISTIE, PARKER & HALE, LLP

-10-