ART HASAN, CA Bar No. 167323
art.hasan@cph.com
G. WARREN BLEEKER, CA Bar No. 210834
warren.bleeker@cph.com
CHRISTIE, PARKER & HALE, LLP
655 N. Central Avenue, Suite 2300
Glendale, California 91203-1445
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

Attorneys for Plaintiff
NYKO Technologies, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NYKO TECHNOLOGIES, INC., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>ENERGIZER HOLDINGS, INC., a Missouri corporation, and PERFORMANCE DESIGNED PRODUCTS LLC, a California limited liability company,<br><br>Defendants. | Case No. CV 12-3001 GAF (VBKx)<br><br>**NYKO TECHNONLOGIES, INC.'S FIRST SET OF INTERROGATORIES TO ENERGIZER HOLDINGS, INC.**<br><br><br>**Hon. Gary Allen Feess** |

Plaintiff NYKO Technologies, Inc. ("NYKO") requests that Energizer Holdings, Inc. ("Energizer") provide answers to these interrogatories, in accordance with Rule 33 of the Federal Rules of Civil Procedure, within thirty days of this service.

**DEFINITIONS AND INSTRUCTIONS**

The following definitions and instructions shall apply to these interrogatories:

1. The term "ENERGIZER," "YOU" and "YOUR" means Energizer Holdings, Inc. and also includes without limitation each of ENERGIZER's parent

-1-

companies, business units, subsidiaries, and divisions, as well as all past and present directors, officers, employees, agents, distributors, contractors, consultant, accountants, attorneys, salespersons, sales representatives, and all other persons acting or purporting to act on its or their behalf or under its or their control.

2. These interrogatories call for all information (including any information contained in or on any document or writing as those terms are defined below) that is known or available to YOU, including all information in the possession of or available to YOUR attorneys, agents, or representatives, or any investigators or any other person acting on YOU behalf or under YOUR direction or control or that of YOUR attorneys or agents.

3. If YOU cannot answer any interrogatory fully and completely after exercising due diligence to make inquiry and secure the information necessary to the full extent possible, specify the portion of such interrogatory to the full extent possible, specify the portion of such interrogatory that YOU claim YOU are unable to answer fully and completely, state the facts upon which YOU rely to support YOUR contention that YOU are unable to answer that interrogatory fully and completely, and state what knowledge, information and belief that YOU have concerning the unanswered portion of each such interrogatory.

4. If YOU withhold information responsive, in whole or in part, to any interrogatory on the basis of privilege or immunity from discovery, please identify: (1) the privilege or immunity asserted; (2) all documents or things which contain or refer to the information; (3) all individuals having knowledge of the information; (4) the subject matter and general nature of the information; and (5) all facts which support the assertion of the privilege or immunity.

5. The terms "PERSON" and "PERSONS" mean any legal entity, including but not limited to natural persons, corporations, partnerships, firms, and/or associations, and any parent, subsidiary, division, department or affiliate thereof.

6. References to any individual, entity, or party herein includes agents, attorneys, employees, officers, directors or other action on behalf of that individual, entity. or party.

7. The terms "CONCERNING" and "RELATING," in addition to their ordinary meanings, shall mean and include in the broadest possible sense: analyzing, assessing, concerning, constituting, describing, discussing, embodying, evidencing, memorializing, mentioning, referring to, reflecting, regarding, summarizing and/or stating.

8. The term "IDENTIFY" when used in connection with any PERSON(S) means to state the PERSON's or PERSONS' full name; present or last known place, job title, and address of employment and telephone number; present or last known home address and telephone; all known email addresses; and all other known telephone numbers (including, but not limited to, cellular telephone, pager and personal digital assistant device numbers); and as to any non-natural person, "IDENTIFY" means to state the non-natural person's name, address and telephone number.

9. The terms "AND" and "OR" include both the conjunctive and disjunctive. The terms "ANY" and "ALL" also mean "each and every." The singular includes the plural and the plural includes the singular. The present tense includes the past tense and the past tense includes the present tense. All of the terms in this paragraph shall be interpreted in their broadest sense.

10. "PDP" shall mean Performance Designed Products LLC, and also includes without limitation each of PDP's parent companies, business units, subsidiaries, and divisions, as well as all past and present directors, officers, employees, agents, distributors, contractors, consultant, accountants, attorneys, salespersons, sales representatives, and all other persons acting or purporting to act on its or their behalf or under its or their control.

11. The term "'848 PATENT" means U.S. Patent No. 8,143,848.

-3-

CHRISTIE, PARKER & HALE, LLP

12. The term ACCUSED PRODUCTS means the "Energizer® Power & Play" Charging System for XBOX 360 and the "Energizer® Power & Play" Charging System for PLAYSTATION 3 and any other products of PDP, regardless of version or model name, that are identical or similar to these "Power & Play" products.

## INTERROGATORIES

**INTERROGATORY NO. 1**:

State with specificity all bases and facts for YOUR contention that PDP and/or ENERGIZER have never "infringed, either directly or indirectly, by inducement or contributorily, any claim of the Patent-in-suit [the '848 PATENT], either literally or under the doctrine of equivalents," including, but not limited to, in a claim chart format, identifying each limitation of each claim of the '848 PATENT which YOU claim is not infringed by the ACCUSED PRODUCT (either literally and under the doctrine of equivalents) and explain in full all reasons why.

**INTERROGATORY NO. 2**:

State with specificity all bases and facts for YOUR contention that "[e]ach of the asserted claims of the Patent-in-suit is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112," including, but not limited to identifying each legal ground for contending the claim is invalid, all prior art on which YOU intend to rely, any instance of alleged prior or pre-critical date public knowledge, use, sale or offer for sale upon which YOU intend to rely, for any contention of anticipation or obviousness, identifying in a claim chart format where each prior art reference on which YOU rely discloses each limitation of the relevant claim, and identifying any facts upon which YOU intend to rely in asserting these defenses.

**INTERROGATORY NO. 3**:

State with specificity all bases and facts for YOUR contention that the '848

CHRISTIE, PARKER & HALE, LLP

-4-

PATENT is unenforceable.

**INTERROGATORY NO. 4**:

State on a monthly and annual basis, all domestic sales and imports of each ACCUSED PRODUCT including number of units sold, imported, gross sales revenue, profit margin and profit, whether associated directly with the accused product or indirectly through advertising revenue or otherwise.

**INTERROGATORY NO. 5**:

Identify all PERSONS within the chain of distribution of the ACCUSED PRODUCTS, including but not limited to each manufacturer, supplier, exporter, importer, distributor, retailer, and customer.

**INTERROGATORY NO. 6**:

Identify the three natural persons having the most knowledge concerning the design, development, and structure for each ACCUSED PRODUCT.

**INTERROGATORY NO. 7**:

Identify all "statements made by the applicant during prosecution of the Patent-in-suit" that YOU contend estop NYKO "from asserting that PDP or Energizer infringe the Patent-in-suit."

**INTERROGATORY NO. 8**:

Identify all facts REGARDING YOUR contention that "[a]ny claim for relief pled by the Complaint is barred by one or more of the equitable doctrines of unclean hands, waiver, and/or estoppel."

**INTERROGATORY NO. 9**:

Identify with specificity the relationship between PDP and ENERGIZER, including, but not limited to, identifying all terms of any agreement involving PDP and ENERGIZER regarding any ACCUSED PRODUCT, the identity of all payments and/or any other form of compensation between PDP and ENERGIZER (and/or vice versa) regarding any ACCUSED PRODUCT.

| | | |
|---|---|---|
| 1 | DATED: August 10, 2012 | CHRISTIE, PARKER & HALE, LLP |
| 2 | | |
| 3 | | |
| 4 | | /s/ *G. Warren Bleeker* <br> G. Warren Bleeker |
| 5 | | Attorneys for Plaintiff <br> NYKO Technologies, Inc. |

3
4    /s/ *G. Warren Bleeker*
     G. Warren Bleeker

5    Attorneys for Plaintiff
6    NYKO Technologies, Inc.

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CHRISTIE, PARKER & HALE, LLP

-6-

## CERTIFICATE OF SERVICE

I certify that I have served a true copy of this document via e-mail (per agreement of the parties) to the individuals addressed as follows:

Steven M. Hanle, Esq.
Daniel N. Yannuzzi, Esq.
Gray M. Buccigross, Esq.
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626
shanle@sheppardmullin.com
dyannuzzi@sheppardmullin.com
gbuccigross@sheppardmullin.com

Counsel for Defendants

I am a member of the Bar of this Court.

Executed on August 10, 2012 at Glendale, California.

                                     /s/ *G. Warren Bleeker*
                                        G. Warren Bleeker

GWB PAS1186379.1-*-08/9/12 10:43 AM

CHRISTIE, PARKER & HALE, LLP