**ART HASAN, CA Bar No. 167323**
art.hasan@cph.com
**G. WARREN BLEEKER, CA Bar No. 210834**
warren.bleeker@cph.com
**KATHERINE L. QUIGLEY, CA Bar No. 258212**
katherine.quigley@cph.com
**CHRISTIE, PARKER & HALE, LLP**
655 North Central Avenue, Suite 2300
Glendale, California 91203-1445
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

Attorneys for Plaintiff and Counterdefendant,
NYKO Technologies, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NYKO TECHNOLOGIES, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ENERGIZER HOLDINGS, INC., a Missouri corporation, EVEREADY BATTERY COMPANY, INC., a Delaware corporation, and PERFORMANCE DESIGNED PRODUCTS LLC, a California limited liability company,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. CV12-03001 GAF (VBKx)<br><br>**OBJECTIONS TO THE DECLARATION OF STEVEN M. HANLE IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES**<br><br>Hon. Gary Allen Feess |

Nyko objects to Mr. Hanle's declaration as follows:

1. Paragraph 5 - Lack of foundation and lack of personal knowledge (FRE 602); improper expert testimony by lay witness (FRE 701-02); hearsay without any exception (FRE 801-07); best evidence rule (FRE 1001-03).

2. Paragraph 7 - Relevance (FRE 401).

3. Exhibit A - Lack of foundation, relevance (FRE 401).

   4. Exhibit B - Lack of foundation, relevance (FRE 401).

These objections are supported by the following arguments:

## I. THE HANLE DECLARATION DOES NOT CONTAIN ADMISSIBLE EVIDENCE TO SHOW DEFENDANTS' FEES WERE REASONABLE

In support of their motion for attorneys' fees, Defendants have submitted the declaration of Steven M. Hanle, which contains redacted billings, some AIPLA surveys, and the assertion that "based on [his] experience . . ., the foregoing hourly rates are comparable to or lower than those charged for attorneys of similar experience by large law firms for patent litigation in the major metropolitan areas."  [Hanle Decl. ¶ 5, ECF 212-26.] This bare, unsupported statement is simply insufficient to determine the amount of "reasonable attorney fees" authorized under 35 U.S.C. § 285, and Defendant's motion should therefore be denied for that reason alone.  Moreover, the spreadsheet Defendant's counsel submitted of their billing records reveals that the fees themselves were not reasonably expended in relation to many of the tasks performed, so at the very least, any amount awarded to Defendants should be reduced.

The standard method for determining a reasonable fee under § 285 is the "lodestar" method that federal courts also apply under a host of other fee-shifting statutes. *Bywaters v. United States*, 670 F.3d 1221, 1228 (Fed. Cir. 2012) (*citing Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 1672 (2010)).  Under the lodestar method, the amount of attorneys' fees is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Maxwell v. Angel-Etts of Cal.*, 53 Fed. Appx. 561, 568 (Fed. Cir. 2002) (*citing Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  The court should then exclude from this initial fee calculation any hours that were not "reasonably expended on the litigation." *Hensley*, 461 U.S. at 435.

CHRISTIE, PARKER & HALE, LLP

The party seeking attorneys' fees has the burden of showing the reasonableness of its fees. *Electro-Mechanical Indus. v. Universal Support Sys.*, 359 Fed. Appx. 160, 167 (Fed. Cir. 2009). A motion for attorney fees must be supported by "satisfactory evidence – in addition to the attorney's own affidavits." *Willis v. United States Postal Serv.*, 245 F.3d 1333, 1340 (Fed. Cir. 2001) (*citing Blum v. Stenson*, 465 U.S. 886, 895 n.11, 104 S. Ct. at 1541, 1547 n.11, 79 L. Ed. 2d 891 (1984)). In addition to the reasonableness of the overall fee, in order to determine whether the attorneys' fees are reasonable, the Court must make findings on the reasonableness of both the billing rates and the hours expended. *Water Technologies Corp. v. Calco, Ltd.*, 850 F.2d 660, 674 (Fed. Cir. 1988). The amount of the award is assessed at the discretion of the district court. *Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1068 (Fed. Cir. 1983). In determining the reasonableness of the award, there must be evidence to support the reasonableness of **both** the billing rate charged and the number of hours expended. *Id*.

Defendants have failed to provide evidence that their attorneys' billing rates were reasonable, and as a result, Mr. Hanle's declaration should be disregarded even if the Court were to otherwise determine that this case is "exceptional" within the meaning of § 285.[1] Moreover, the billings themselves are excessive, so portions of the bills attached to the Hanle declaration should be disregarded as irrelevant.

### A. Lack of Foundation Concerning Reasonable Rates

A reasonable billing rate corresponds to the prevailing market rates in the

---

[1] Defendants cannot provide this evidence for the first time with its reply papers. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("[t]he district court need not consider arguments raised for the first time in a reply brief"). And allowing Defendants to do so would be prejudicial to Nyko given that Nyko would never have the opportunity to address Defendants' evidence and provide evidence of its own.

relevant community. *Blum v. Stenson*, 465 U.S. 886, 895, 104 S. Ct. 1541, 1547, 79 L. Ed. 2d 891 (1984). One of the best ways to show the reasonableness of billing rates is by survey evidence. *See Mathis v. Spears*, 857 F.2d 749, 755 (Fed. Cir. 1988). The Federal Circuit has stated that "the trial court should demand adequate proof from individuals familiar with the market of the community billing rate charged by attorneys of equivalent skill and experience performing services of similar complexity." *Raney v. Fed. Bureau of Prisons*, 222 F.3d 927, 938 (Fed. Cir. 2000) (en banc). In intellectual properties cases, federal courts routinely rely on the American Intellectual Property Law Association ("AIPLA") economic survey results published every other year. *See Mathis,* 857 F.2d at 755 (district court properly considered AIPLA survey of Los Angeles area patent lawyer billing rates in determining reasonableness of attorneys' fees); *Ulead Sys., Inc. v. Lex Computer & Mgmt. Corp.*, 151 F. Supp. 2d 1192, 1211-12 (C.D. Cal. 2001) (relying on AIPLA survey to determine reasonableness of hourly fees and hours expended).

Defendants have provided no evidence that their attorneys' billing rates are reasonable for patent litigation in the Los Angeles area. Instead, Mr. Hanle makes a bare statement that he knows such fees are reasonable. This is improper expert testimony by a lay witness, and is unsupported by AIPLA survey or similar documentary evidence. To the extent that Mr. Hanle asserts he consulted an AIPLA survey concerning attorneys' rates that are customarily charged, his statements would be hearsay and would be inadmissible because the surveys themselves should have been introduced as evidence as to what information they contain. As a result, Paragraph 5 should be stricken.

**B. Defendants' Purported Evidence That Their Fees Were Reasonable Is Inadmissible**

In paragraph 7 of his declaration, Mr. Hanle walks the Court through Exhibit B to his declaration, explaining why the fees charged by his firm were

purportedly reasonable. This paragraph should be stricken for the reasons explained below. Moreover, portions of Exhibit A should be disregarded as well as explained in detail below.

The party seeking attorneys' fees bears the burden on its application for fees of establishing that the number of hours it expended was reasonable. *Electro-Mechanical Indus.*, 359 Fed. Appx. at 167. Defendants have not done so.

Certain fees are not recoverable, even for successful litigants in exceptional cases. For instance, district courts have denied attorneys' fees for patent defenses that were not heard before the Court. *See Ulead Sys.*, 151 F. Supp. 2d at 1211 (denying any fees connected with the preparation and filing of summary judgments for non-infringement and lack of enablement because these motions were never heard nor considered by the Court in arriving at its judgment). In addition, the Federal Circuit has permitted recovery of attorneys' fees only to the extent those attorneys' fees are apportionable to the issue which is the basis of the exceptional case. *See Highmark, Inc. v. Allcare Health Mgmt. Sys.*, 687 F.3d 1300, 1319 (Fed. Cir. 2012), *cert granted*, 186 L. Ed. 2d 962 (2013) (remanding case in order for district court to determine the attorneys' fees apportionable only to the exceptional case based on the frivolous case of infringement where the district court's finding of an exceptional case for other reasons was reversed).

Next, "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989). Similarly, "[i]t simply is not reasonable for a lawyer to bill, at her regular hourly rate, for tasks that a non-attorney employed by her could perform at a much lower cost." *Davis v. City of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992).

In addition to the lodestar standard, district courts in the Central District

CHRISTIE, PARKER & HALE, LLP

have adjusted that lodestar fee based on the factors laid out by the Ninth Circuit in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). The *Kerr* factors are: The time and labor required; the novelty and difficulty of the questions; the skill requisite to perform the legal services properly; the preclusion of other employment due to acceptance of the case; the customary fee; the contingent or fixed nature of the fee; the limitations imposed by the client or the case; the amount involved and the results obtained; the experience, reputation, and ability of the attorneys; the undesirability of the case; the nature of the professional relationship with the client; awards in similar cases. *Kerr*, 526 F.2d at 70. *See Jepson, Inc. v. Makita USA, Inc.*, 1994 U.S. Dist. LEXIS 21622, 27-28 (C.D. Cal. May 27, 1994) (applying *Kerr* factors); *Ulead Sys.*, 151 F. Supp. 2d at 1209 (applying *Kerr* factors). Defendants have essentially failed to address any of these factors even though it has the burden of proof.

The only evidence Defendants submit to justify their fees is an AIPLA survey showing the typical costs of patent infringement cases at various stages. [*See* Hanle Decl. Ex. B, ECF 212-28.] While Nyko agrees that the use of AIPLA survey evidence is appropriate, Defendants are relying on incorrect figures from the survey. Defendants rely on the chart on page I-131 of the survey called "Litigation-Patent Infringement, All Varieties $1-$25 million End of Discovery" to assert that the average amount of fees expended in cases such as this one is $1,680,000. This is wrong for two reasons:

First, the figure cited by Defendants is the "total" mean, which includes more expensive markets like New York and San Francisco. The mean total fees for a case in Los Angeles is $1,575,000, meaning that the fees expended are higher by $240,000 dollars than the average in supposedly similar litigation.

Second, Defendants have relied on the wrong chart in the AIPLA survey. Throughout this litigation, Defendants have asserted that damages would be less

CHRISTIE, PARKER & HALE, LLP

than $10 million. [Quigley Decl., Exh. X.][2]  It is unjust for Defendants to assert that recoverable damages are less than $10 million during litigation and then turn around and say they might be as high as $25 million when it comes time to file a motion for fees.  As page I-129 of the survey shows, the average cost of patent litigation to this stage in Los Angeles is $971,000, almost **half** of what is being requested by Defendants, and Defendants have provided no explanation with respect to the *Kerr* figures as to why the fees in this case should be so much higher.  [*See* Hanle Decl. Ex. B., ECF 212-28]

Indeed, an examination of the spreadsheet of fees submitted shows that many fees were unreasonably expended and should therefore be disregarded by the Court.  For instance, on April 30, 2012, Mr. Buccigross, an attorney with nine years of experience, researched the basic effects a Rule 12(b)(6) motion would have on extending the time to answer, a task far more appropriate for a junior associate who bills at a lower rate.  Indeed, the spreadsheet also shows that Mr. Buccigross billed for many low level tasks, that there appears to be a duplication of labor in many instances, and that paralegals performed secretarial duties for which their fees are not recoverable.

DATED:  November 25, 2013

Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP

By */s/ Katherine L. Quigley*
     Katherine L. Quigley

Attorneys for Plaintiff and Counterdefendant,
NYKO Technologies, Inc.

---

[2] Even Nyko's own damages expert opined that damages would be less than $10 million. [Quigley Decl., Exh.Y.]

-7-