**ART HASAN, CA Bar No. 167323**
art.hasan@cph.com
**G. WARREN BLEEKER, CA Bar No. 210834**
warren.bleeker@cph.com
**KATHERINE L. QUIGLEY, CA Bar No. 258212**
katherine.quigley@cph.com
**CHRISTIE, PARKER & HALE, LLP**
**655 North Central Avenue, Suite 2300**
**Glendale, California 91203-1445**
**Telephone: (626) 795-9900**
**Facsimile:   (626) 577-8800**

Attorneys for Plaintiff and Counterdefendant,
Nyko Technologies, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NYKO TECHNOLOGIES, INC., a California corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>ENERGIZER HOLDINGS, INC., a Missouri corporation, EVEREADY BATTERY COMPANY, INC., a Delaware corporation, and PERFORMANCE DESIGNED PRODUCTS LLC, a California limited liability company,<br><br>          Defendants. | Case No. CV12-03001 GAF (VBKx)<br><br>**DECLARATION OF G. WARREN BLEEKER IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY FEES**<br><br>**DATE:        December 16, 2013**<br>**TIME:         9:30 A.M.**<br>**CTRM:        740**<br><br>Hon. Gary Allen Feess |
| AND RELATED COUNTERCLAIM. | |

CHRISTIE, PARKER & HALE, LLP

I, G. Warren Bleeker, declare:

1. I am a Partner with Christie, Parker & Hale, LLP, counsel of record for Plaintiff and Counter-Defendant Nyko Technologies, Inc. ("Nyko"). I make this declaration of my personal knowledge, except where noted and if called as a witness could testify competently to each of the following facts.

2. On October 19 and 30, 2012, Nyko produced documents sufficient to identify its sales of products covered by the patent-in-suit. The production was made as part of a 1229 page initial document production by Nyko shortly after the Protective Order was entered in this suit on October 5, 2012.

3. Nyko supplemented its discovery responses as allowed by Rule 26 at various times in this litigation. On November 2, 2012, Magistrate Judge Kenton vacated the hearing on Defendants' motion to compel additional interrogatory responses filed by Defendants. In his Order, Magistrate Judge Kenton noted that Nyko had supplemented its responses. In fact, Nyko had agreed to supplement its responses *before* Defendants' even served their portion of the joint stipulation. Magistrate Judge Kenton went on to admonish Defendants that the case was in the "beginning stages of discovery," that Defendants had "failed to conduct serious meet and confer efforts," that the Court "would not resolve a discovery dispute absent serious meet and confer efforts," that "this sort of discovery practice [would] not under any circumstances be repeated in this case," and that "sanctions would be imposed against the offending party." A true and correct copy of Magistrate Judge Kenton's Order vacating the hearing for Defendants' motion to compel is attached as Exhibit A.

4. Following Nyko's production of documents identifying its sales of products covered by the patent-in-suit, counsel for Defendants made follow-up demands for specific back-up documentation on certain transactions. The parties met and conferred, and on December 11, 2012, Steve Hanle, counsel for Defendants sent a confirming email stating: "[t]his confirms our telephone

conversation yesterday wherein [counsel for Nyko] Art [Hasan] agreed that Nyko would produce the documents . . . regarding possible sales and/or offers to sell products embodying the claimed invention more than one year before the filing of the application for the '848 patent."  Attached as Exhibit B is a copy of this email.

5.     On November 27, 2012, I sent an email to Matthew Mueller, counsel for Defendants, discussing the scheduling of the deposition of Amir Navid so that it would occur after Nyko completed its forthcoming supplemental production.  A true and correct copy of this email is attached as Exhibit C.

6.     On December 27, 2012, Nyko produced the invoices requested by Defendants.

7.     Attached as Exhibit D is a copy of an email communication I had with Defendants counsel regarding Nyko's efforts to produce additional responsive documents.

8.     On January 13, 2013, Nyko produced price sheets requested by Defendants.

9.     Representatives from Nyko conducted an electronic search for responsive information and also conducted a search for hard copies of responsive documents that were not kept on Nyko's premises.  Nyko determined that additional responsive documents might be located at off-site storage facilities.  Nyko representatives diligently searched those facilities.

10.     Nyko produced all of its sales information and back-up records and made Mr. Navid available for deposition, all by the end of January 2013—*nine months* prior to the fact discovery cutoff in this case.

11.     Nyko issued notices of deposition for three of Defendants' witnesses in December 2012.   None of the Defendants' witnesses appeared for their deposition on the noticed dates nor did Defendants' counsel provide new alternate dates prior to the noticed dates.  Attached as Exhibits E, F and G are true and correct copies of Notices of Deposition that were issued for each of Defendants'

-3-

CHRISTIE, PARKER & HALE, LLP

witnesses.

12.    Attached as Exhibit H is a copy of an email communication I had with Defendants' counsel regarding scheduling depositions of witnesses for both parties, including Mr. Chris Arbogast, at mutually convenient times.

13.    Similarly, Nyko produced its responsive information regarding the 2007 CES show and made Mr. Arbogast available for deposition all by March 2013 —more than *six months* prior to the discovery cutoff in this case.

14.    Nyko therefore completed its search and produced all responsive documents regarding these alleged sales and offers for sale ten months ago.

15.    Beyond just sales documents, counsel for Nyko carefully reviewed each discovery request provided by Defendants in this case with officers and employees of Nyko and gathered all responsive documents provided by Nyko. Counsel for Nyko did not withhold production of responsive documents it received except on grounds of privilege.  Nyko provided a full privilege log to Defendants of all documents withheld on grounds of privilege.

16.    Nyko has produced 82,453 pages of documents in response to Defendants' document requests in this suit.

17.    Nyko's initial responses were not limited solely to objections.  Nyko made responses and in certain responses, stated that it would produce responsive documents under Rule 33(d) once the Protective Order was entered.  Both parties conducted a rolling production of documents and prepared supplemental interrogatory responses and Rule 26 disclosures.

18.    Defendant PDP's initial document production in this matter consisted of one document totaling 40 pages.  Nyko served document requests on Defendant Energizer Holdings Co. in August 2012, but Energizer did not provide any responsive documents until January 24, 2013, nearly five months later. Defendants continued to produce documents in this suit into August and September 2013, even after initial expert reports were exchanged.

-4-

19.     Attached as Exhibit I is a letter I sent to Defendants' counsel providing evidence that Defendant Energizer Holdings Co. was actually selling the accused infringing Plug and Play Charge Stations on its website.

20.     Nyko first requested documents substantiating sales by Defendant Energizer Holding Co., Inc. in document requests dated August 10, 2012. Despite the passage of over one year in this litigation, Defendant Energizer had not provided underlying sales documents for Energizer.  On September 10, 2013, Nyko brought a motion to compel the sales information from Energizer. Magistrate Judge Kenton granted Nyko's motion to compel after Defendants finally agreed to produce responsive information under threat of motion to compel, and did not oppose the motion.  A true and correct copy of Magistrate Judge Kenton's Order (Doc. 187) is attached as Exhibit J.

21.     As late as September 2013, one year after Nyko provided its initial discovery requests, Defendants both voluntarily and under threat of motion to compel, continued to produce documents requested by Nyko.

22.     On December 4, 2012, Nyko noticed the deposition of Mr. Gerry Block, Defendant PDP's National Account Manager, to occur on December 27, 2012.  (See  Exhibit E) Mr. Block did not appear for his deposition.  Nyko renoticed the deposition to occur on February 15, 2013 pursuant to mutual agreement of the parties, and took the deposition on that date.  On February 20, 2013, after Nyko took Mr. Block's deposition, Defendants produced over 20,000 pages of additional documents, affecting Nyko's ability to examine the witness on relevant documents produced after his deposition.  Attached as Exhibits E and K are the initial and amended deposition notices.

23.     On December 4, 2012, Nyko noticed the deposition of Mr. Thomas Roberts, Defendant PDP's Chief Technical Officer, Senior Executive Vice President, to occur on December 21, 2012. (See Exhibit G).  Mr. Roberts failed to appear for his deposition.  Nyko served its amended deposition notice for Mr.

CHRISTIE, PARKER & HALE, LLP

Robert's deposition to occur on February 27, 2013.  PDP produced 24,909 pages of documents on February 20, 2013, which necessitated Nyko to renotice the deposition of Mr. Roberts a second time to occur on March 26, 2013.  Attached as Exhibits O and P are the Amended and Second Amended deposition notices of Mr. Roberts. On December 14, 2012, Nyko served its original deposition notice for the deposition of Danielle Kayriakos, the former Director of Global Licensing for Eveready Battery Company to occur on January 9, 2013 (See Exhibit F). Nyko amended its deposition notice as Energizer (which had agreed to produce documents for itself and its subsidiary Eveready Battery Co.) failed to make its first document production until January 24, 2013.  On March 5, 2013, Nyko served an amended deposition notice for the deposition to occur May 3, 2013. Energizer/Eveready made a second document production (including documents specifically relating to Ms. Kyriakos) on March 9, 2013, which necessitated Nyko to further postpone the deposition to occur on May 16, 2013. Attached as Exhibits Q and R are the Amended and Second Amended Deposition Notices to Ms. Kyriakos.  Energizer did not provide the underlying sales documents, and Nyko was forced to take Ms. Kyriakos's deposition without those documents.

24.    On January 28, 2013, Defendant PDP listed Simon Huang, its product designer who allegedly came up with designs for Defendants' charge stations as a witness Defendants intended to rely on at trial regarding the development of PDP's accused products.  On March 15, 2013, Nyko noticed Simon Huang's deposition for April 17, 2013.   The deposition did not go forward on that date.  Five days later, PDP produced over 30,000 pages of documents, and over 90 percent of that production related to Simon Huang.  Nyko renoticed the deposition for July 19 in anticipation of upcoming expert reports, but Mr. Huang failed to appear for his deposition.

25.    During a four month period from April 2013 and August 2013, Nyko's counsel communicated repeatedly with Defendants counsel to schedule

-6-

the deposition of Mr. Huang.    Defendants' counsel made numerous representations during this time that lead Nyko to believe that Mr. Huang remained employed by PDP and represented by Defendants' counsel, including moving available dates for Mr. Huang's deposition.    Unbeknownst to Nyko, however, Defendant PDP had fired Mr. Huang in April 2013.    Nyko learned about Mr. Huang's status and the fact that Defendants' counsel did not represent him for the first time in August 2013, when Defendants' counsel stated "it could not accept any subpoenas for Mr. Huang."   Defendants never updated their Rule 26 disclosure to reflect Mr. Huang's change of status at any time, and never informed Nyko until August that it did not represent him.

26.    Defendants' conduct was particularly concerning because Mr. Huang had provided a declaration dated April 2013 (right before he was fired) regarding his development that was relied upon by Defendants' validity expert.  Defendants never produced the declaration to Nyko before it was attached as an exhibit to Defendants' August 2013 expert report.

27.    A true and correct copy of an e-mail communication I had with Defendants' counsel concerning the foregoing matter concerning Mr. Huang is attached as Exhibit L.

28.    After learning for the first time in August 2013 that Defendant's counsel did not represent Mr. Huang, Nyko's counsel informed Defendant's counsel that it would be contacting Mr. Huang directly, as his testimony was critical for Nyko's rebuttal report that was due weeks later.  In response to Nyko's statement that it would be contacting Mr. Huang directly, Defendants threatened to sue Nyko for breach of an alleged non-disclosure agreement.

29.    Defendants took actions that caused Nyko to prepare several motions to compel.   For example, Defendants initially refused to provide responsive documents concerning the design and development of the accused products in this case.  Defendants only agreed to produce the requested information after Nyko

CHRISTIE, PARKER & HALE, LLP

1    prepared and served its portion of a joint statement in support of a motion to

2    compel.

3         30.    Defendants listed nineteen separate fact witnesses, not including

4    witnesses relating to Nyko or its counsel, and not including experts, in its

5    Supplemental Rule 26 statements, but failed to identify which of the fact

6    witnesses they actually intended to rely upon for trial.  Defendants refused to

7    allow the possibility of allowing more than 10 witnesses including experts to be

8    deposed, placing Nyko in the untenable position of having to take depositions

9    based upon guesses of which witnesses Defendants actually intended to rely

10   upon.  Defendants initially refused to provide an identification of witnesses and

11   available dates for witnesses responsive to Nyko's 30(b)(6) notice of deposition.

12   Nyko prepared a joint statement in support of a motion to compel the same,

13   including for an order allowing it to take the depositions of more than 10

14   witnesses if necessary.  Defendants only agreed to identify the witnesses, to allow

15   over 10 witnesses to be deposed and finally produced a privilege log only after

16   Nyko prepared and served its portion of the joint statement in support of the

17   motions to compel.

18        31.    Nyko propounded document requests on Defendants PDP and

19   Energizer on August 10, 2012 specifically requesting documents concerning

20   actual and potential designs and prototypes for charging system products,

21   regardless of whether the designs were actually reduced to practice, including the

22   following:

23        **REQUEST FOR PRODUCTION NO. 9**:

24        All  DOCUMENTS  CONCERNING  actual  or  potential

25   designs  for  charging  system  products  for  wireless  video  game

26   controllers,  whether  or  not  the  designs  were  actually  reduced  to

27   practice.

28        **REQUEST FOR PRODUCTION NO. 28**:

1       All prototypes and DOCUMENTS CONCERNING any
2       prototypes of any chargers designed or developed by PDP or for
3       PDP CONCERNING charging stations for wireless video game
4       controllers.

5 Copies of the document requests propounded to Defendants PDP and Energizer

6 Holdings which include requests 9 and 28 are attached as Exhibits M and N.

7       32.    Despite the foregoing requests squarely requesting the same,

8 Defendants never produced any responsive information whatsoever concerning its

9 charging station for the new generation of Sony Corp. and Microsoft Corp.

10 gaming consoles, known as Sony PlayStation 4 and Xbox One.

11

12       I declare under penalty of perjury under the laws of the United States of

13 America that the foregoing is true and correct, and that this declaration is

14 executed on November 25, 2013, in Vienna, Austria.

15

16                            _G. Warren Bleeker_

17                               G. Warren Bleeker

18

19 SRD PAS1269635.1-*-11/25/13 1:52 PM

20

21

22

23

24

25

26

27

28

CHRISTIE, PARKER & HALE, LLP

# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-03001-GAF (VBKx) | Date | November 2, 2012 |
|---|---|---|---|
| Title | NYKO Technologies, Inc. v. Energizer Holdings, Inc., et al. | | |

| Present: The Honorable | Victor B. Kenton, United States Magistrate Judge |
|---|---|

| Roxanne Horan | | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**   **DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES: ORDER VACATING HEARING**

The Court has read and reviewed the following documents: "Notice of Defendant PDP's Motion to Compel Discovery Responses;" "Joint Stipulation on Defendant PDP's Motion to Compel Discovery Responses ["JS"];" "Declaration of Graham M. Buccigross in Support of Joint Stipulation on Defendant PDP's Motion to Compel Discovery Responses;" "Declaration of G. Warren Bleeker in Support of NYCO's Opposition to PDP's Motion to Compel;" "Notice of Lodging of Proposed Order;" "[Proposed] Order Granting Defendant PDP's Motion to Compel Discovery Responses;" "Defendant Performance Designed Products LLC's Supplemental Memorandum in Support of its Motion to Compel Discovery Responses;" NYKO's Supplemental Memorandum in Opposition to PDP's Motion to Compel Responses to PDP's First Set of Interrogatories;" "Defendant PDP's Application to File Under Seal Exhibit E to the Supplemental Buccigross Declaration;" "Order Granting Defendant PDP's Application to File Under Seal Exhibit E to the Supplemental Buccigross Declaration;" and "Exhibit E to Supplemental Declaration of Graham M. Buccigross in Support of Defendant PDP's Motion to Compel Discovery Responses."

This Court is here for a reason: to resolve actual discovery disputes which the parties cannot resolve despite serious meet and confer efforts. All of this is encompassed within Local Rule 37. This is not such a motion.

Defendant filed this motion after being informed by Plaintiff that Plaintiff would supplement its discovery responses by October 19, 2012, two weeks after the Court entered a Stipulated Protective Order, on October 5, 2012. Consequently, much of the documentation provided by Defendant in the JS, and accompanying it, are not pertinent to the current status of discovery. Indeed, Plaintiff did supplement its responses, which then resulted in supplemental memoranda submitted to the Court by both sides. That is not the way it works. The additional discovery provided by Plaintiff is and will be subject to meet and confer efforts if Defendant believes that the supplemental discovery is inadequate or insufficient or unresponsive to the discovery requests. That has not occurred. The Court will not resolve a discovery dispute in the absence of serious meet and confer efforts.

This case is in its beginning stages with regard to discovery. The Court advises the parties, through this Order, that this sort of discovery practice will not under any circumstances be repeated in this case, or if it

**Exhibit A**
**Page 10**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-03001-GAF (VBKx) | Date | November 2, 2012 |
|----------|------------------------|------|------------------|
| Title | NYKO Technologies, Inc. v. Energizer Holdings, Inc., et al. | | |

is, will result in sanctions being imposed against the offending party. The Court's resources are limited, and will not be expended adjudicating disputes which the parties have not seriously attempted to resolve themselves.

Based on the foregoing, the Motion hearing is **HEREBY VACATED**.

**IT IS SO ORDERED**.

_____  :  _____

Initials of Preparer                   RH

# EXHIBIT B

| From: | Steve Hanle <SHanle@sheppardmullin.com> |
|---|---|
| Sent: | Tuesday, December 11, 2012 3:27 PM |
| To: | Warren Bleeker; Art Hasan |
| Cc: | Gray Buccigross; Katherine L. Quigley; Stacey R. Dawson; Stacy Goodwin; LegalTm-PDP-Nyko |
| Subject: | RE: Nyko v. PDP et al., C.D. Cal., Case No. CV 12-03001 |
| Attachments: | 2012.12.05 Ltr to Nyko re Purchase Orders.pdf.pdf |

Warren and Art,
This confirms our telephone conversation yesterday wherein Art agreed that NYKO would produce the documents requested in the attached letter regarding possible sales and/or offers to sell products embodying the claimed invention more than one year before the filing of the application for the '848 patent.  As I mentioned during the call, we believe the sales orders and invoices themselves can be produced without delay since no further analysis is required.

When can NYKO produce the sales orders and invoices?  And when can NYKO produce any additional documents relating to the transactions referenced in these sales orders and invoices?  Thank you and

Regards,
Steven M. Hanle
714.424.8293 | direct
714.428.5923 | direct fax
SHanle@sheppardmullin.com | Bio

## SheppardMullin

Sheppard Mullin Richter & Hampton LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626
714.513.5100 | main
www.sheppardmullin.com


**From:** Steve Hanle
**Sent:** Friday, December 07, 2012 2:24 PM
**To:** Gray Buccigross; Warren Bleeker
**Cc:** Art Hasan; Katherine L. Quigley; Stacey R. Dawson; Stacy Goodwin; LegalTm-PDP-Nyko
**Subject:** RE: Nyko v. PDP et al., C.D. Cal., Case No. CV 12-03001

Warren,
I agree that the meet and confer must take place before December 17.  I do not agree that it needs to wait that long.  And I do not agree that there is any need to review the referenced invoices or sales orders to advise us whether NYKO will produce the requested documents.  They are plainly relevant to sales and/or offers to sell products embodying the claimed invention more than one year before the filing of the application for the '848 patent.  I do not believe the Court would condone any resistance to producing such documents.

**Exhibit B**
**Page 12**

There is a protective order in place to protect any sensitive customer information.  The documents must be produced, and it should not require NYKO beyond December 10 to let us know its position, since we will be conferring on related topics in any event.


Regards,

Steven M. Hanle
714.424.8293 | direct
714.428.5923 | direct fax
SHanle@sheppardmullin.com | Bio


**Sheppard**Mullin
Sheppard Mullin Richter & Hampton LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626
714.513.5100 | main
www.sheppardmullin.com

---

**From:** Gray Buccigross
**Sent:** Friday, December 07, 2012 2:10 PM
**To:** Warren Bleeker
**Cc:** Art Hasan; Katherine L. Quigley; Stacey R. Dawson; Stacy Goodwin; LegalTm-PDP-Nyko
**Subject:** RE: Nyko v. PDP et al., C.D. Cal., Case No. CV 12-03001


Warren,

Agreed on the 17th.  I had not checked my calendar.


Take care,
Gray

---

**From:** Warren Bleeker [mailto:warren.bleeker@cph.com]
**Sent:** Friday, December 07, 2012 2:08 PM
**To:** Gray Buccigross
**Cc:** Art Hasan; Katherine L. Quigley; Stacey R. Dawson; Stacy Goodwin; LegalTm-PDP-Nyko
**Subject:** RE: Nyko v. PDP et al., C.D. Cal., Case No. CV 12-03001


Gray--

Again, I need to review the numerous invoices first.  We may agree to produce the documents you have requested, or we may need to meet and confer.  I don't know the answer yet.  Regardless, the local rules do not require us to meet and confer on a Saturday.  The deadline is 12/17.


Best Regards,
Warren

---



**G. Warren Bleeker** | *Partner*
gwb@cph.com
Christie, Parker & Hale, LLP
655 North Central Avenue, Suite 2300, Glendale, CA 91203
PH: 626.683.4521 | FAX: 626.577.8800
------------------------------------------------------------
The information in this communication and any attached documents contain information from the law firm of Christie, Parker and Hale, LLP that may be confidential and/or privileged. If you are not the intended recipient, or an agent responsible for delivering it to the intended recipient, you may not read, copy, distribute or use this

information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete all electronic copies and destroy any hard copies.

---

**From:** Gray Buccigross [mailto:gbuccigross@sheppardmullin.com]
**Sent:** Friday, December 07, 2012 2:04 PM
**To:** Warren Bleeker
**Cc:** Art Hasan; Katherine L. Quigley; Stacey R. Dawson; Stacy Goodwin; LegalTm-PDP-Nyko
**Subject:** RE: Nyko v. PDP et al., C.D. Cal., Case No. CV 12-03001

Warren,

We sent the letter on December 5 and made clear that it constituted our L.R. 37-1 request to meet and confer to the extent that Nyko will not produce the documents as requested.  Nyko must meet and confer by December 15 at the latest.

Take care,
Gray

---

**From:** Warren Bleeker [mailto:warren.bleeker@cph.com]
**Sent:** Friday, December 07, 2012 2:00 PM
**To:** Gray Buccigross
**Cc:** Art Hasan; Katherine L. Quigley; Stacey R. Dawson; Stacy Goodwin; LegalTm-PDP-Nyko
**Subject:** RE: Nyko v. PDP et al., C.D. Cal., Case No. CV 12-03001

Gray--

I haven't had a chance to review all the specific invoice numbers that are identified in the Dec. 5 correspondence.  I need to look into that issue further before discussing it with you.  Your demand that we immediately produce documents within three business days is not reasonable.  I will provide a written response to the Dec. 5 letter in due course and if you believe a further discussion is necessary, you can let us know and we will comply with our duties pursuant to the local rules of meeting and conferring by Dec. 17.

Best Regards,
Warren

 **G. Warren Bleeker** | *Partner*
gwb@cph.com
Christie, Parker and Hale, LLP
655 North Central Avenue, Suite 2300, Glendale, CA 91203
PH: 626.683.4521 | FAX: 626.577.8800
-----------------------------------------------------------------
The information in this communication and any attached documents contain information from the law firm of Christie, Parker and Hale, LLP that may be confidential and/or privileged. If you are not the intended recipient, or an agent responsible for delivering it to the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete all electronic copies and destroy any hard copies.

---

**From:** Gray Buccigross [mailto:gbuccigross@sheppardmullin.com]
**Sent:** Friday, December 07, 2012 1:52 PM
**To:** Warren Bleeker
**Cc:** Art Hasan; Katherine L. Quigley; Stacey R. Dawson; Stacy Goodwin; LegalTm-PDP-Nyko
**Subject:** RE: Nyko v. PDP et al., C.D. Cal., Case No. CV 12-03001

Warren,

The request that Nyko produce a narrowly focused set of highly relevant and responsive documents was entirely reasonable.  The parties are going to meet and confer on Monday regarding PDP's forthcoming motion for summary judgment and claim construction scheduling.  If Nyko is not agreeing to produce the documents by Monday as requested, then please be ready to meet and confer regarding this issue on Monday's call.


Thank you,
Gray

**From:** Warren Bleeker [mailto:warren.bleeker@cph.com]
**Sent:** Friday, December 07, 2012 1:44 PM
**To:** Gray Buccigross
**Cc:** Art Hasan; Katherine L. Quigley; Stacey R. Dawson; Stacy Goodwin; LegalTm-PDP-Nyko
**Subject:** RE: Nyko v. PDP et al., C.D. Cal., Case No. CV 12-03001


Gray--

The mere fact that Defendants send a letter at 8:09 pm on Wednesday night does not mean that by 1:34 pm on Friday, if NYKO has not yet responded, that NYKO somehow agrees to whatever demands (no matter how unreasonable) that were made after hours on Wednesday evening.  We will respond to the Dec. 5 letter in due course.

Please note that as a general rule in this case, from its inception and going forward, we will attempt to respond in a reasonable manner, and if NYKO does not "immediately" respond, NYKO is in no way is agreeing to any demand.


Best Regards,
Warren



**G. Warren Bleeker** | *Partner*
gwb@cph.com
Christie, Parker & Hale, LLP
655 North Central Avenue, Suite 2300, Glendale, CA 91203
PH: 626.683.4521 | FAX: 626.577.8800
--------------------------------------------------------------
The information in this communication and any attached documents contain information from the law firm of Christie, Parker and Hale, LLP that may be confidential and/or privileged. If you are not the intended recipient, or an agent responsible for delivering it to the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete all electronic copies and destroy any hard copies.

**From:** Gray Buccigross [mailto:gbuccigross@sheppardmullin.com]
**Sent:** Friday, December 07, 2012 1:34 PM
**To:** Warren Bleeker
**Cc:** Art Hasan; Katherine L. Quigley; Stacey R. Dawson; Stacy Goodwin; LegalTm-PDP-Nyko
**Subject:** FW: Nyko v. PDP et al., C.D. Cal., Case No. CV 12-03001


Warren,

Because Nyko did not immediately inform us otherwise, we assume that Nyko will produce all documents requested in the attached letter by December 10, 2012.  Thank you for your cooperation.


Take care,
Gray

**From:** Matthew Mueller
**Sent:** Wednesday, December 05, 2012 8:09 PM
**To:** Warren Bleeker (warren.bleeker@cph.com) (warren.bleeker@cph.com)

4

**Exhibit B**
**Page 15**

**Cc:** Art Hasan (Art.Hasan@cph.com) (Art.Hasan@cph.com); Katherine L. Quigley (Katherine.Quigley@cph.com); Stacey R. Dawson (Stacey.Dawson@cph.com); Stacy Goodwin (stacy.goodwin@cph.com); LegalTm-PDP-Nyko
**Subject:** Nyko v. PDP et al., C.D. Cal., Case No. CV 12-03001

Warren,

Please see the attached correspondence.

Matt

Matthew M. Mueller
858.720.7408 | direct
858.847.4884 | direct fax
mmueller@sheppardmullin.com | Bio

**Sheppard**Mullin
Sheppard Mullin Richter & Hampton LLP
12275 El Camino Real, Suite 200
San Diego, CA 92130-2006
858.720.8900 | main
www.sheppardmullin.com

Circular 230 Notice: In accordance with Treasury Regulations we notify you that any tax advice given herein (or in any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of (i) avoiding tax penalties or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or in any attachments).

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

# SheppardMullin

Sheppard, Mullin, Richter & Hampton LLP
12275 El Camino Real, Suite 200
San Diego, California 92130-2006
858.720.8900 main
858.509.3691 fax
www.sheppardmullin.com

Gray M. Buccigross
858.720.7427 direct
gbuccigross@sheppardmullin.com

File Number:  13RZ-168906

December 5, 2012

VIA E-MAIL

G. Warren Bleeker, Esq.
CHRISTIE, PARKER & HALE, LLP
655 North Central Avenue
Suite 2300
Glendale, CA 91203
E-mail:  warren.bleeker@cph.com

Re:     *Nyko Technologies, Inc. v. Performance Designed Products LLC
        and Energizer Holdings, Inc.*
        <u>C.D. Cal., Case No.  CV 12-03001</u>

Dear Warren:

We write regarding additional deficiencies in Nyko's document production.  In particular, Nyko must produce all documents referring or relating to the following Nyko purchase/sales orders and invoices, including without limitation purchase orders, sales orders, invoices, shipping documents, and all communications regarding such orders and invoices:

SO Numbers:  97145-97148, 97595, 97596, 98010, 98081, 98103, 98107, 98190-98193, 98233, 99007, 99014, 99117, 99161, 99499.

Invoice Numbers:  103430, 101146-101149, 101622, 101623, 102052-102055, 102057, 102086, 102087, 102102, 102535-102538, 102575-102580, 103172-103175, 103180, 103188, 103190, 103221, 103222, 103225, 103529, 103611, 113979, 113980, 113982.

Such documents are encompassed by at least the following requests for production, which were propounded on July 16, 2012:

- RFP No. 72 ("All Documents and Things evidencing or referring to any sale of any Nyko charger for wireless game controllers prior to the filing of the '295 Application.")
- RFP No. 6 ("All Documents evidencing or referring to Communications between Nyko and any retailer regarding any Nyko Patented Instrumentality, including Communications regarding the purchase, sale, evaluation, negotiation of terms, pricing, discontinuation of purchase, or discontinuation of sale of such Instrumentality.")
- RFP No. 39 ("All Documents that You contend support, or that would tend to refute, Your contention that the '848 Patent is not invalid or unenforceable.")

**Sheppard**Mullin

G. Warren Bleeker, Esq.
December 5, 2012
Page 2

- RFP No. 71 ("All Documents and Things evidencing or referring to any offer for sale of any Nyko charger for wireless game controllers prior to the filing of the '295 Application.")
- RFP No. 73 ("All Documents and Things evidencing or referring to any publication of any Nyko charger for wireless game controllers prior to the filing of the '295 Application.")

Please produce all such documents by December 10, 2012.  If Nyko will not produce these documents by that date, please inform us immediately, and this letter will constitute PDP's formal written request for a conference of counsel pursuant to L.R. 37-1.  If need be, PDP will move to compel.  PDP will rely on at least Rules 26 and 34 of the Federal Rules of Civil Procedure.  PDP will seek an order compelling Nyko to produce the requested documents, and PDP will seek to recover its costs, including attorneys' fees incurred.

Sincerely,

*/s/ Gray M. Buccigross*

Gray M. Buccigross
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

SMRH:407652324.1

cc:     Art Hasan, Esq.
        Katherine Quigley, Esq.
        pdp@sheppardmullin.com

# EXHIBIT C

**Stacey R. Dawson**

| | |
|---|---|
| **From:** | Warren Bleeker |
| **Sent:** | Tuesday, November 27, 2012 1:01 PM |
| **To:** | 'Matthew Mueller'; Art Hasan; Katherine L. Quigley |
| **Cc:** | LegalTm-PDP-Nyko; Stacey R. Dawson; Stacy Goodwin; Sarah Lewis |
| **Subject:** | RE: Nyko Technologies v. PDP and Energizer Holdings (C.D.CA, No. 12-3001) |

Dear Counsel--

Counsel for NYKO has previous commitments on December 5, so Mr. Navid's deposition cannot take place on that date.  Please provide us additional dates.  In doing so, please be aware that NYKO will likely not have completed its document production by December 5.  We suggest scheduling the deposition for mid-January.  NYKO's document production will likely be complete by then.  Mr. Navid will only be made available once for deposition.  To the extent that Defendants insist on deposing Mr. Navid prior to NYKO completing its document production, Defendants will not have another opportunity to depose him.

Best Regards,
Warren



**G. Warren Bleeker** | *Partner*
gwb@cph.com
Christie, Parker & Hale, LLP
655 North Central Avenue, Suite 2300, Glendale, CA 91203
PH: 626.683.4521 | FAX: 626.577.8800
--------------------------------------------------------------

The information in this communication and any attached documents contain information from the law firm of Christie, Parker and Hale, LLP that may be confidential and/or privileged. If you are not the intended recipient, or an agent responsible for delivering it to the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete all electronic copies and destroy any hard copies.

**From:** Matthew Mueller [mailto:mmueller@sheppardmullin.com]
**Sent:** Wednesday, November 21, 2012 5:06 PM
**To:** Warren Bleeker; Art Hasan; Katherine L. Quigley
**Cc:** LegalTm-PDP-Nyko; Stacey R. Dawson; Stacy Goodwin; Sarah Lewis
**Subject:** Nyko Technologies v. PDP and Energizer Holdings (C.D.CA, No. 12-3001)

Please see the attached notice of deposition.

Matt

Matthew M. Mueller
858.720.7408 | direct
858.847.4884 | direct fax
mmueller@sheppardmullin.com | Bio

**Sheppard**Mullin
Sheppard Mullin Richter & Hampton LLP
12275 El Camino Real, Suite 200
San Diego, CA 92130-2006
858.720.8900 | main
www.sheppardmullin.com

1

**Exhibit C**
**Page 19**

Circular 230 Notice: In accordance with Treasury Regulations we notify you that any tax advice given herein (or in any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of (i) avoiding tax penalties or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or in any attachments).

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

# EXHIBIT D

**Stacey R. Dawson**

| | |
|---|---|
| **From:** | Warren Bleeker |
| **Sent:** | Friday, January 04, 2013 10:10 AM |
| **To:** | 'Gray Buccigross' |
| **Cc:** | Art Hasan; Katherine L. Quigley; Stacey R. Dawson; Stacy Goodwin; LegalTm-PDP-Nyko |
| **Subject:** | RE: Nyko v. PDP:  Letter re Disclosures Prior to March 7, 2007 |

Gray--

NYKO is not withholding the requested documents.

Best Regards,
Warren

**cph**

**G. Warren Bleeker** | *Partner*
gwb@cph.com
Christie, Parker & Hale, LLP
655 North Central Avenue, Suite 2300, Glendale, CA 91203
PH: 626.683.4521 | FAX: 626.577.8800
-------------------------------------------------------------------
The information in this communication and any attached documents contain information from the law firm of Christie, Parker and Hale, LLP that may be confidential and/or privileged. If you are not the intended recipient, or an agent responsible for delivering it to the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete all electronic copies and destroy any hard copies.

**From:** Gray Buccigross [mailto:gbuccigross@sheppardmullin.com]
**Sent:** Thursday, January 03, 2013 5:16 PM
**To:** Warren Bleeker
**Cc:** Art Hasan; Katherine L. Quigley; Stacey R. Dawson; Stacy Goodwin; LegalTm-PDP-Nyko
**Subject:** RE: Nyko v. PDP: Letter re Disclosures Prior to March 7, 2007

Warren,

Is Nyko withholding any of the requested documents or not?

Regards,
Gray

**From:** Warren Bleeker [mailto:warren.bleeker@cph.com]
**Sent:** Thursday, January 03, 2013 4:52 PM
**To:** Gray Buccigross
**Cc:** Art Hasan; Katherine L. Quigley; Stacey R. Dawson; Stacy Goodwin; LegalTm-PDP-Nyko
**Subject:** RE: Nyko v. PDP: Letter re Disclosures Prior to March 7, 2007

Gray--

I responded back on Dec. 21 to the specific bullet points you identified in your letter.   NYKO has already produced thousands of documents which encompass many of the responsive documents referenced in your letter.  We are working on another production which will go out next week.  These productions should encompass the documents responsive to the requests identified in your letter.  If, after reviewing NYKO's productions, you believe there are additional documents that appear to be missing and need to be produced, please identify those and I will follow up with the client.

**Exhibit D**
**Page 21**

Best Regards,
Warren

 **G. Warren Bleeker** | *Partner*
gwb@cph.com
Christie, Parker & Hale, LLP
655 North Central Avenue, Suite 2300, Glendale, CA 91203
PH: 626.683.4521 | FAX: 626.577.8800
-------------------------------------------------------------------
The information in this communication and any attached documents contain information from the law firm of Christie, Parker and Hale, LLP that may be confidential and/or privileged. If you are not the intended recipient, or an agent responsible for delivering it to the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete all electronic copies and destroy any hard copies.

---

**From:** Gray Buccigross [mailto:gbuccigross@sheppardmullin.com]
**Sent:** Wednesday, January 02, 2013 3:27 PM
**To:** Warren Bleeker
**Cc:** Art Hasan; Katherine L. Quigley; Stacey R. Dawson; Stacy Goodwin; LegalTm-PDP-Nyko
**Subject:** RE: Nyko v. PDP: Letter re Disclosures Prior to March 7, 2007

Warren,

Our request was not limited to the specific documents and things that you refer to below.  As requested, Nyko must produce all documents and things evidencing, referring, or relating to the showing and announcing of Nyko's Charge Base product/prototype for the PlayStation 3 and/or Xbox 360 to anyone other than a Nyko employee prior to March 7, 2007.  Please confirm that Nyko will produce all such documents and things by no later than one week prior to Mr. Navid's deposition.  If Nyko will not confirm this, please provide times tomorrow when you are available to meet and confer.

Regards,
Gray

---

**From:** Warren Bleeker [mailto:warren.bleeker@cph.com]
**Sent:** Friday, December 21, 2012 4:05 PM
**To:** Steve Hanle
**Subject:** FW: Nyko v. PDP: Letter re Disclosures Prior to March 7, 2007

---

**From:** Warren Bleeker
**Sent:** Friday, December 21, 2012 4:00 PM
**To:** 'Gray Buccigross'
**Cc:** Art Hasan; Katherine L. Quigley; Stacey R. Dawson; Stacy Goodwin; LegalTm-PDP-Nyko
**Subject:** RE: Nyko v. PDP: Letter re Disclosures Prior to March 7, 2007

Gray--

In response to your Dec. 18 correspondence referenced below, after a reasonable search, NYKO no longer has the prototype Charge Base shown in January 2007.  NYKO has already produced its press kits, press releases and marketing materials for the Charge Base.  NYKO is still searching for a list of individuals who were invited to this private event and any communications, and if such documents exist, NYKO will produce or confirm that it uncovered none.

If you would still like to meet and confer, let me know.

Best Regards,
Warren



**G. Warren Bleeker** | *Partner*
gwb@cph.com
Christie, Parker & Hale, LLP
655 North Central Avenue, Suite 2300, Glendale, CA 91203
PH: 626.683.4521 | FAX: 626.577.8800
--------------------------------------------------------------------

*The information in this communication and any attached documents contain information from the law firm of Christie, Parker and Hale, LLP that may be confidential and/or privileged. If you are not the intended recipient, or an agent responsible for delivering it to the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete all electronic copies and destroy any hard copies.*

**From:** Gray Buccigross [mailto:gbuccigross@sheppardmullin.com]
**Sent:** Tuesday, December 18, 2012 12:54 PM
**To:** Warren Bleeker
**Cc:** Art Hasan; Katherine L. Quigley; Stacey R. Dawson; Stacy Goodwin; LegalTm-PDP-Nyko
**Subject:** Nyko v. PDP: Letter re Disclosures Prior to March 7, 2007

Warren,

Please see attached.

Regards,
Gray

Gray M. Buccigross, Attorney
858.720.7427 | direct
858.847.4898 | direct fax
gbuccigross@sheppardmullin.com | Bio

**Sheppard**Mullin
Sheppard Mullin Richter & Hampton LLP
12275 El Camino Real, Suite 200
San Diego, CA 92130-2006
858.720.8900 | main
www.sheppardmullin.com

Circular 230 Notice: In accordance with Treasury Regulations we notify you that any tax advice given herein (or in any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of (i) avoiding tax penalties or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or in any attachments).

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

# EXHIBIT E

1  **ART HASAN, CA Bar No. 167323**
   art.hasan@cph.com
2  **G. WARREN BLEEKER, CA Bar No. 210834**
   warren.bleeker@cph.com
3  **KATHERINE L. QUIGLEY, CA Bar No. 258212**
   katherine.quigley@cph.com
4  **CHRISTIE, PARKER & HALE, LLP**
   **655 North Central Avenue, Suite 2300**
5  **Glendale, California 91203-1445**
   **Telephone: (626) 795-9900**
6  **Facsimile:   (626) 577-8800**

7  Attorneys for Plaintiff,
   NYKO Technologies, Inc.

8

9                  UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11

12 | NYKO TECHNOLOGIES, INC., a | Case No. CV12-03001 GAF (VBKx)
   | California corporation,
13 |
   |                           |
14 |         Plaintiff,        | **NOTICE OF VIDEOTAPED**
   |                           | **DEPOSITION OF GERRY**
   |   vs.                     | **BLOCK**
15 |                           |
16 | ENERGIZER HOLDINGS, INC., a | **DATE:     December 27, 2012**
   | Missouri corporation, and   | **TIME:     9:30 a.m.**
17 | PERFORMANCE DESIGNED         | **PLACE:  Christie, Parker & Hale,**
   | PRODUCTS LLC, a California limited | **LLP**
   | liability company,          | **655 N. Central Ave., Suite 2300**
18 |                           | **Glendale, California 91203**
   |         Defendants.       |
19

20

21  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

22      **PLEASE TAKE NOTICE** that, under Rule 30 of the Federal Rules of

23  Civil Procedure, NYKO TECHNOLOGIES, INC. will take the deposition upon

24  oral examination of GERRY BLOCK commencing on December 27, 2012 at 9:30

25  a.m. at Christie, Parker & Hale, LLP, 655 N. Central Ave., Suite 2300, Glendale,

26  California 91203, (626) 795-9900 or at another time and place mutually agreed

27  upon by counsel for the parties and the deponent.

28      The deposition will be taken before an officer authorized to administer

-1-

CHRISTIE, PARKER & HALE, LLP

1   oaths by the laws of the United States.   The deposition will be recorded

2   stenographically via the use of real-time reporting and by sound and visual

3   means.

4

5   DATED:  December 4, 2012             Respectfully submitted,

6                                        CHRISTIE, PARKER & HALE, LLP

7

8                                        By /s/ G. Warren Bleeker
                                            G. Warren Bleeker
9
                                         Attorneys for Plaintiff,
10                                       NYKO Technologies, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CHRISTIE, PARKER & HALE, LLP

-2-

1

**CERTIFICATE OF SERVICE**

2

3          I certify that on December 4, 2012, pursuant to Federal Rules of Civil

4   Procedure, a true and correct copy of the foregoing document described as

5   **NOTICE OF VIDEOTAPED DEPOSITION OF GERRY BLOCK** was

6   served on the parties in this action by E-Mail and U.S. Mail addressed as follows:

7   Steven M. Hanle, Esq.                    Daniel N. Yannuzzi, Esq.
    SHEPPARD MULLIN RICHTER &               Graham (Gray) M. Buccigross, Esq.
8   HAMPTON LLP                              Matthew M. Mueller, Esq.
    650 Town Center Drive, 4th Floor         SHEPPARD MULLIN RICHTER &
9   Costa Mesa, California 92626             HAMPTON LLP
    shanle@sheppardmullin.com                12275 El Camino Real, Suite 200
10                                           San Diego, California 92130-2006
                                             dyannuzzi@sheppardmullin.com
11                                           mmueller@sheppardmullin.com
                                             gbuccigross@sheppardmullin.com
12

13

14          I declare that I am employed by a member of the bar of this Court, at

15   whose direction this service was made.

            Executed on December 4, 2012 at Glendale, California.
16

17

18                                      _____/s/ Stacey Dawson_____
                                              Stacey Dawson
19

20

21

22

23

24

25

26

27

28

CHRISTIE, PARKER & HALE, LLP

-3-

# EXHIBIT F

1   **ART HASAN, CA Bar No. 167323**
    art.hasan@cph.com
2   **G. WARREN BLEEKER, CA Bar No. 210834**
    warren.bleeker@cph.com
3   **KATHERINE L. QUIGLEY, CA Bar No. 258212**
    katherine.quigley@cph.com
4   **CHRISTIE, PARKER & HALE, LLP**
    **655 North Central Avenue, Suite 2300**
5   **Glendale, California 91203-1445**
    **Telephone: (626) 795-9900**
6   **Facsimile:  (626) 577-8800**

7   Attorneys for Plaintiff,
    NYKO Technologies, Inc.
8

9                  UNITED STATES DISTRICT COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11

12  NYKO TECHNOLOGIES, INC., a        Case No. CV12-03001 GAF (VBKx)
    California corporation,
13
            Plaintiff,                **NOTICE OF VIDEOTAPED**
14                                    **DEPOSITION OF DANIELLE**
        vs.                           **KYRIAKOS**
15
    ENERGIZER HOLDINGS, INC., a       **DATE: January 9, 2013**
16  Missouri corporation, and         **TIME: 9:30 a.m.**
    PERFORMANCE DESIGNED              **PLACE: Christie, Parker & Hale,**
17  PRODUCTS LLC, a California limited **LLP**
    liability company,                **655 N. Central Ave., Suite 2300**
18                                    **Glendale, California 91203**
            Defendants.
19

20

21

22

23  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

24          **PLEASE TAKE NOTICE** that, under Rule 30 of the Federal Rules of

25  Civil Procedure, NYKO TECHNOLOGIES, INC. will take the deposition upon

26  oral examination of DANIELLE KYRIAKOS commencing on January 9, 2013 at

27  9:30 a.m. at CHRISTIE, PARKER & HALE, LLP, 655 N. Central Ave., Suite

28  2300, Glendale, California 91203, (626) 795-9900 or at another time and place

                                    -1-

CHRISTIE, PARKER & HALE, LLP

1    mutually agreed upon by counsel for the parties and the deponent.

2         The deposition will be taken before an officer authorized to administer

3    oaths by the laws of the United States.  The deposition will be recorded

4    stenographically via the use of real-time reporting and by sound and visual

5    means.

6

7    DATED:  December 4, 2012       Respectfully submitted,

8                      CHRISTIE, PARKER & HALE, LLP

9

10                     By */s/ G. Warren Bleeker*
                     G. Warren Bleeker

11

12                     Attorneys for Plaintiff,
                  NYKO Technologies, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

1

**CERTIFICATE OF SERVICE**

2

3      I certify that on December 4, 2012, pursuant to Federal Rules of Civil

4   Procedure, a true and correct copy of the foregoing document described as

5   **NOTICE OF VIDEOTAPED DEPOSITION OF DANIELLE KYRIAKOS**

6   was served on the parties in this action by E-Mail and U.S. Mail addressed as

7   follows:

8   Steven M. Hanle, Esq.                    Daniel N. Yannuzzi, Esq.
    SHEPPARD MULLIN RICHTER &                Graham (Gray) M. Buccigross, Esq.
9   HAMPTON LLP                              Matthew M. Mueller, Esq.
    650 Town Center Drive, 4th Floor         SHEPPARD MULLIN RICHTER &
10  Costa Mesa, California 92626             HAMPTON LLP
    shanle@sheppardmullin.com                12275 El Camino Real, Suite 200
11                                           San Diego, California 92130-2006
                                             dyannuzzi@sheppardmullin.com
12                                           mmueller@sheppardmullin.com
                                             gbuccigross@sheppardmullin.com
13

14

15      I declare that I am employed by a member of the bar of this Court, at

    whose direction this service was made.
16
        Executed on December 4, 2012 at Glendale, California.
17

18
                                    _____/s/ Stacey Dawson_____
19                                          Stacey Dawson

20

21

22

23

24

25

26

27

28

CHRISTIE, PARKER & HALE, LLP

-3-

# EXHIBIT G

1    **ART HASAN, CA Bar No. 167323**
art.hasan@cph.com
2    **G. WARREN BLEEKER, CA Bar No. 210834**
warren.bleeker@cph.com
3    **KATHERINE L. QUIGLEY, CA Bar No. 258212**
katherine.quigley@cph.com
4    **CHRISTIE, PARKER & HALE, LLP**
**655 North Central Avenue, Suite 2300**
5    **Glendale, California 91203-1445**
**Telephone: (626) 795-9900**
6    **Facsimile:   (626) 577-8800**

7    Attorneys for Plaintiff,
NYKO Technologies, Inc.
8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

12   NYKO TECHNOLOGIES, INC., a          Case No. CV12-03001 GAF (VBKx)
     California corporation,
13                                        **NOTICE OF VIDEOTAPED**
                   Plaintiff,             **DEPOSITION OF THOMAS**
14                                        **ROBERTS**
           vs.
15                                        **DATE:    December 21, 2012**
     ENERGIZER HOLDINGS, INC., a          **TIME:    9:00 a.m.**
16   Missouri corporation, and            **PLACE:  Christie, Parker & Hale,**
     PERFORMANCE DESIGNED                 **LLP**
17   PRODUCTS LLC, a California limited   **655 N. Central Ave., Suite 2300**
     liability company,                   **Glendale, California 91203**
18
                   Defendants.
19

20

21   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

22          **PLEASE TAKE NOTICE** that, under Rule 30 of the Federal Rules of

23   Civil Procedure, NYKO TECHNOLOGIES, INC. will take the deposition upon

24   oral examination of THOMAS ROBERTS commencing on December 21, 2012 at

25   9:00 a.m. at Christie, Parker & Hale, LLP, 655 N. Central Ave., Suite 2300,

26   Glendale, California 91203, (626) 795-9900 or at another time and place mutually

27   agreed upon by counsel for the parties and the deponent.

28          The deposition will be taken before an officer authorized to administer

                                    -1-

CHRISTIE, PARKER & HALE, LLP

oaths by the laws of the United States.   The deposition will be recorded stenographically via the use of real-time reporting and by sound and visual means.

DATED:  December 4, 2012          Respectfully submitted,

                                        CHRISTIE, PARKER & HALE, LLP

                                        By */s/ G. Warren Bleeker*
                                            G. Warren Bleeker

                                      Attorneys for Plaintiff,
                                      NYKO Technologies, Inc.

CHRISTIE, PARKER & HALE, LLP

-2-

1

**CERTIFICATE OF SERVICE**

2

3          I certify that on December 4, 2012, pursuant to Federal Rules of Civil

4   Procedure, a true and correct copy of the foregoing document described as

5   **NOTICE OF VIDEOTAPED DEPOSITION OF THOMAS ROBERTS** was

6   served on the parties in this action by E-Mail and U.S. Mail addressed as follows:

7   Steven M. Hanle, Esq.               Daniel N. Yannuzzi, Esq.
    SHEPPARD MULLIN RICHTER &           Graham (Gray) M. Buccigross, Esq.
8   HAMPTON LLP                         Matthew M. Mueller, Esq.
    650 Town Center Drive, 4th Floor    SHEPPARD MULLIN RICHTER &
9   Costa Mesa, California 92626        HAMPTON LLP
    shanle@sheppardmullin.com           12275 El Camino Real, Suite 200
10                                      San Diego, California 92130-2006
                                        dyannuzzi@sheppardmullin.com
11                                      mmueller@sheppardmullin.com
                                        gbuccigross@sheppardmullin.com
12

13

14          I declare that I am employed by a member of the bar of this Court, at

15   whose direction this service was made.

16          Executed on December 4, 2012 at Glendale, California.

17
                                        _____/s/ Stacey Dawson_____
18                                           Stacey Dawson

19

20

21

22

23

24

25

26

27

28

CHRISTIE, PARKER & HALE, LLP

-3-

# EXHIBIT H

**Stacey R. Dawson**

| | |
|---|---|
| **From:** | Warren Bleeker |
| **Sent:** | Thursday, December 20, 2012 10:07 AM |
| **To:** | 'Steve Hanle'; Gray Buccigross |
| **Cc:** | Art Hasan; Katherine L. Quigley; Stacey R. Dawson; Stacy Goodwin; LegalTm-PDP-Nyko |
| **Subject:** | RE: Nyko v. PDP:  Chris Arbogast Deposition Notice |

Steve--

I had not yet responded to Gray because I am still waiting to get available dates from Mr. Arbogast.  However, it now appears that Defendants' position is that the defending party must provide and confirm dates, which is fine, so long as that policy is reciprocal.  Given that we served our three outstanding deposition notices of Defendants' witnesses before you served the notice for Mr. Arbogast,  we await to confirm your available dates for Thomas Roberts, Gerry Block and Danielle Kyriakos, and once those dates are set, we will set the Arbogast date.  That maintains the priority and is only fair.

Best Regards,
Warren

 **G. Warren Bleeker** | *Partner*
gwb@cph.com
Christie, Parker & Hale, LLP
655 North Central Avenue, Suite 2300, Glendale, CA 91203
PH: 626.683.4521 | FAX: 626.577.8800
-----------------------------------------------------------
The information in this communication and any attached documents contain information from the law firm of Christie, Parker and Hale, LLP that may be confidential and/or privileged. If you are not the intended recipient, or an agent responsible for delivering it to the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete all electronic copies and destroy any hard copies.

**From:** Steve Hanle [mailto:SHanle@sheppardmullin.com]
**Sent:** Thursday, December 20, 2012 9:55 AM
**To:** Warren Bleeker; Gray Buccigross
**Cc:** Art Hasan; Katherine L. Quigley; Stacey R. Dawson; Stacy Goodwin; LegalTm-PDP-Nyko
**Subject:** RE: Nyko v. PDP: Chris Arbogast Deposition Notice

Warren,
Gray asked you for alternative dates for those witnesses.  You have not responded.  You have our position on the Arbogast deposition.

Steve

**From:** Warren Bleeker [mailto:warren.bleeker@cph.com]
**Sent:** Thursday, December 20, 2012 9:53 AM
**To:** Steve Hanle; Gray Buccigross
**Cc:** Art Hasan; Katherine L. Quigley; Stacey R. Dawson; Stacy Goodwin; LegalTm-PDP-Nyko
**Subject:** RE: Nyko v. PDP: Chris Arbogast Deposition Notice

Steve--

Again, you must first provide available dates for Thomas Roberts, Gerry Block and Danielle Kyriakos.

**Exhibit H**
**Page 33**

Best Regards,
Warren



**G. Warren Bleeker** | *Partner*
gwb@cph.com
Christie, Parker and Hale, LLP
655 North Central Avenue, Suite 2300, Glendale, CA 91203
PH: 626.683.4521 | FAX: 626.577.8800

-------------------------------------------------------------------
The information in this communication and any attached documents contain information from the law firm of
Christie, Parker and Hale, LLP that may be confidential and/or privileged. If you are not the intended recipient, or
an agent responsible for delivering it to the intended recipient, you may not read, copy, distribute or use this
information. If you have received this transmission in error, please notify the sender immediately by reply e-mail
and then delete all electronic copies and destroy any hard copies.

**From:** Steve Hanle [mailto:SHanle@sheppardmullin.com]
**Sent:** Thursday, December 20, 2012 9:51 AM
**To:** Warren Bleeker; Gray Buccigross
**Cc:** Art Hasan; Katherine L. Quigley; Stacey R. Dawson; Stacy Goodwin; LegalTm-PDP-Nyko
**Subject:** RE: Nyko v. PDP: Chris Arbogast Deposition Notice

We will proceed with the deposition on January 16 unless we have a confirmed mutually acceptable date before or
shortly after the noticed date.

Regards,
Steven M. Hanle
714.424.8293 | direct
714.428.5923 | direct fax
SHanle@sheppardmullin.com | Bio

**Sheppard**Mullin
Sheppard Mullin Richter & Hampton LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626
714.513.5100 | main
www.sheppardmullin.com

**From:** Warren Bleeker [mailto:warren.bleeker@cph.com]
**Sent:** Thursday, December 20, 2012 9:50 AM
**To:** Steve Hanle; Gray Buccigross
**Cc:** Art Hasan; Katherine L. Quigley; Stacey R. Dawson; Stacy Goodwin; LegalTm-PDP-Nyko
**Subject:** RE: Nyko v. PDP: Chris Arbogast Deposition Notice

Steve--

We will provide available dates for Mr. Arbogast after you provide available dates for Thomas Roberts, Gerry Block and
Danielle Kyriakos, who were noticed for deposition prior to Mr. Arbogast.

Best Regards,
Warren

**G. Warren Bleeker** | *Partner*
gwb@cph.com
Christie, Parker & Hale, LLP
655 North Central Avenue, Suite 2300, Glendale, CA 91203
PH: 626.683.4521 | FAX: 626.577.8800

-----------------------------------------------------------------

The information in this communication and any attached documents contain information from the law firm of
Christie, Parker and Hale, LLP that may be confidential and/or privileged. If you are not the intended recipient, or
an agent responsible for delivering it to the intended recipient, you may not read, copy, distribute or use this
information. If you have received this transmission in error, please notify the sender immediately by reply e-mail
and then delete all electronic copies and destroy any hard copies.

**From:** Steve Hanle [mailto:SHanle@sheppardmullin.com]
**Sent:** Thursday, December 20, 2012 9:35 AM
**To:** Gray Buccigross; Warren Bleeker
**Cc:** Art Hasan; Katherine L. Quigley; Stacey R. Dawson; Stacy Goodwin; LegalTm-PDP-Nyko
**Subject:** RE: Nyko v. PDP: Chris Arbogast Deposition Notice

However, note that we will not agree to continue the deposition without a confirmed, mutually acceptable date before
or shortly after the noticed date.

Regards,
Steven M. Hanle
714.424.8293 | direct
714.428.5923 | direct fax
SHanle@sheppardmullin.com | Bio

**Sheppard**Mullin
Sheppard Mullin Richter & Hampton LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626
714.513.5100 | main
www.sheppardmullin.com

**From:** Gray Buccigross
**Sent:** Thursday, December 20, 2012 9:33 AM
**To:** Warren Bleeker (warren.bleeker@cph.com)
**Cc:** Art Hasan (Art.Hasan@cph.com); Katherine L. Quigley (Katherine.Quigley@cph.com); Stacey R. Dawson
(Stacey.Dawson@cph.com); Stacy Goodwin (stacy.goodwin@cph.com); LegalTm-PDP-Nyko
**Subject:** FW: Nyko v. PDP: Chris Arbogast Deposition Notice

Warren,

Please confirm that Mr. Arbogast is available on the noticed date.

Regards,
Gray

**From:** Gray Buccigross
**Sent:** Friday, December 14, 2012 4:58 PM
**To:** Warren Bleeker (warren.bleeker@cph.com)
**Cc:** Art Hasan (Art.Hasan@cph.com); Katherine L. Quigley (Katherine.Quigley@cph.com); Stacey R. Dawson

([Stacey.Dawson@cph.com](mailto:Stacey.Dawson@cph.com)); Stacy Goodwin ([stacy.goodwin@cph.com](mailto:stacy.goodwin@cph.com)); LegalTm-PDP-Nyko
**Subject:** Nyko v. PDP: Chris Arbogast Deposition Notice

Warren,

Please see attached, and confirm by December 19, 2012 that Mr. Arbogast is available on the noticed date.

Regards,
Gray

**Gray M. Buccigross, Attorney**
858.720.7427 | direct
858.847.4898 | direct fax
gbuccigross@sheppardmullin.com | Bio

**Sheppard**Mullin
Sheppard Mullin Richter & Hampton LLP
12275 El Camino Real, Suite 200
San Diego, CA 92130-2006
858.720.8900 | main
www.sheppardmullin.com

Circular 230 Notice: In accordance with Treasury Regulations we notify you that any tax advice given herein (or in any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of (i) avoiding tax penalties or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or in any attachments).

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

# EXHIBIT I



**CHRISTIE | PARKER | HALE** LLP
Leaders in Intellectual Property Law

GLENDALE OFFICE
G. Warren Bleeker, Partner
655 N. Central Avenue, Suite 2300
Glendale, CA 91203-1445
E-mail: gwb@cph.com
Tel: (626) 795-9900 • Fax: (626) 577-8800

November 5, 2012

**Via Email Only**
gbuccigross@sheppardmullin.com

Gray Buccigross
SHEPPARD MULLIN
gbuccigross@sheppardmullin.com

Re:   *NYKO Technologies, Inc. v. PDP, et al.*
      CPH Ref. N220:100.4

Dear Gray:

This letter is in follow-up to our Rule 7-3 Conference held last Friday, November 2, 2012.

First, let me reiterate NYKO's position that whether or not Energizer Holdings, Inc. was properly named in the first instance has nothing to do with whether NYKO's proposed amendment adding Eveready Battery Company (EBC) is appropriate. During our conference on Friday, you failed to articulate any legitimate reason for refusing to stipulate to add EBC as a defendant to the case. Thus, we expect that you will stipulate to the filing of the proposed amended complaint without further delay.

As to the patent infringement claim asserted against Energizer Holdings, Inc. *in the original complaint*, there is a very strong factual basis for that claim simply based on the statements made by Energizer Holdings, Inc. On the Energizer.com website—the same website that provides a direct link to purchase the accused products—when a visitor selects the "About Energizer" link, the visitor is directed to a page identifying Energizer Holdings, Inc. as the "Energizer" referred to on the Energizer.com website. This "About Energizer" page states that Energizer Holdings, Inc. "is a consumer goods company" which currently offers "solutions in portable power." Thus, the Site Map at Energizer.com directs a visitor wanting more information "About Energizer" to an entire page dedicated to Energizer Holdings, Inc. This same Site Map on Energizer.com also directly links visitors to the accused products which are "consumer goods" sold by Energizer Holdings, Inc.

Energizer Holdings, Inc. further admits on this same website that the accused products are "*our* gaming devices" (emphasis added) and that PDP is a "division of Energizer." Copies of the relevant pages from the Energizer.com website are enclosed.

**CHRISTIE | PARKER | HALE** LLP
Leaders in Intellectual Property Law

**Exhibit I**
**Page 37**

Gray Buccigross
SHEPPARD MULLIN
November 5, 2012
Page 2

Thus, Energizer Holdings, Inc. affirmatively represents that the Energizer.com website is the website for and representing the corporate entity of Energizer Holdings, Inc., that the accused products are products of Energizer Holdings, Inc., and that PDP is a division of Energizer Holdings, Inc. This is a sufficient basis to prove infringement against Energizer Holdings, Inc. under 35 U.S.C. § 271. The PDP division of Energizer is also apparently involved in the offer for sale and sale of the accused products. "[O]ne may infringe a patent if he employ[s] an agent for that purpose or [has] the offending articles manufactured for him by a[n] independent contractor." *Crowell v. Baker Oil Tools*, 143 F.2d 1003 (9th Cir. 1944); *Pellegrini v. Analog Devices, Inc.*, 375 F.3d 1113, 1118 (Fed. Cir. 2004).

During our Rule 7-3 conference on Friday, you stated that Energizer Holdings, Inc. is not responsible for the Energizer.com website, yet you refused to identify the entity which is purportedly responsible or what the purported connection is to Energizer Holdings, Inc. Given the absence of any evidence to support this attorney argument, coupled with Energizer Holdings, Inc.'s own statements confirming that the accused products are the products of Energizer Holdings, Inc., NYKO is not inclined to dismiss Energizer Holdings, Inc. as a Defendant at this time.

NYKO will certainly review any purported evidence on this issue and reserves its right to test your new claims—claims which contradict the plain statements of Energizer Holdings, Inc.—through discovery, including depositions of the proper representatives from Energizer Holdings, Inc., EBC, PDP, and the mystery entity which you now claim is behind the Energizer.com website. After discovery is taken, NYKO will be in a better position to re-evaluate which entity or entities are legally responsible for the infringing sales. However, as it currently stands, NYKO has a strong factual basis for naming at least Energizer Holdings, Inc., PDP and EBC as Defendants.

Sincerely,

G. Warren Bleeker

GWB/gwb
Enclosures

GWB PAS1202404.1-*-11/5/12 12:28 PM



**Exhibit I**
**Page 38**

Power & Play® Charging System for PlayStation® 3 | Energizer



# Power & Play® Charging System for PlayStation® 3

Home > Portable Power > Gaming > Charging > Power & Play® Charging System for PlayStation® 3

**Gaming**

Charging

Power & Play® Charging System for Xbox 360®

Power & Play® Charging System for PlayStation® Move

**Power & Play® Charging System for PlayStation® 3**

Power & Play® Charging Armor for the Nintendo® 3DS™

Power & Play® Wireless Charging System for Wii™

Power & Play© Charging System for Wii™

Power & Play© Home, Car & USB Charger for Nintendo & Sony Portable Gaming Systems

Power & Play© Charge Cable for PlayStation® 3

Video Cables

Average Rating

Read All Reviews >   Write a Review >

Charge up to 2 controllers and your headset simultaneously in less than three hours with the *Energizer*® Power & Play® Charging System for PS3™. The charge base offers a sleek and unique design that is impressive and functional. The station lets you know when it's charging via the connection by appearing in red light (charging) and green (fully charged). It is powered by the included UL-approved AC power cord.

## Product Specs

- Charges 2 PS3™ controllers and your headset simultaneously
- 2.5 hour charge time
- Glowing controller ports indicate charge status
- UL-approved AC power cord
- Model: PL-6328

More information

For customer support, please contact PDP Customer Service via phone at 1-800-331-3844 Monday-Friday 7 AM -5 PM PT or online 24/7.

PlayStation® 3 controllers and headsets not included

PlayStation and PS3 are either registered trademarks or trademarks of Sony Computer Entertainment, Inc. in the United States and/or other countries. This product is not designed, manufactured, sponsored or endorsed by Sony Computer Entertainment, Inc.



| REVIEWS & RATINGS | PRODUCT Q&A |

### Q&A for Power & Play Charging System for PlayStation 3    (4 questions : 4 answers)

Search this category                                          Sort by          [-] All

▼ **Q:** **Will continuous charge damage PS3 Dualshock controller**                1 answer

Just bought this charger from our local Best Buy. Wondering if the PS3 controller has to be removed from the charging station immediately when the light turns green (fully charged) to avoid damage to the controller. Do not want to leave it on charing station if that will damage controller or reduce battery life.

3 months, 2 weeks ago   by AlexB   Minnesota                        Answer this Question >

*A:* Leaving the controllers plugged into the charger will not damage them or reduce their battery life. The charger stops supplying power once the controllers are fully charged.

STAFF          Was this helpful?
1 👍   0 👎

3 months, 1 week ago   by EnergizerNick

**Exhibit I**
**Page 39**

Power & Play® Charging System for PlayStation® 3 | Energizer



▼ **Q:** Where can I get a new AC power cord for this charger? or do you have the specs for the cord?

1 answer

2 months, 3 weeks ago  by greg11

[Answer this Question >]

**A:** I will have our support team contact you to discuss a replacement.

2 months, 3 weeks ago  by EnergizerNick

STAFF

Was this helpful?

[0 👍] [2 👎]

▼ **Q:** Could this product work that was bought in the states work in 200-240v countries?

1 answer

1 month, 1 week ago  by mahathyr  Singapore

[Answer this Question >]

**A:** Thank you for your inquiry. Please review the label on the AC adapter - if the input voltage ranges from 100-240VAC it will work fine. Please note, you may need an Adapter to connect for AC to DC depending on the plug.

1 month ago  by EnergizerCasey  Saint Louis, MO - ENR HQ

STAFF

Was this helpful?

[0 👍] [0 👎]

▼ **Q:** I also have lost the power cable. can you tell me the specs for the power source or arrange for a replacement please?

1 answer

1 week, 1 day ago  by Arman  London

[Answer this Question >]

**A:** Hi Arman, thank you for this great question, I would be happy to assist you. Regarding this product, this is handled through a separate division of Energizer called PDP (Performance Design Products) I have provided their toll free number for further assistance.
However, I do see you are located in London; I have also provided contact information for our United Kingdom office in case PDP can not assist you due to your location.

PDP: 1-800-331-3844
UK e-mail address: HWCustService@energizer.com

Please feel free to contact us with any additional questions or concerns at 1-800-383-7323

1 week ago  by EnergizerBridget  Freeport ME

STAFF

Was this helpful?

[0 👍] [0 👎]

1 of 1

[Ask a New Question >]

About Energizer  |  Technical Info  |  Media Center  |  Career Center  |  Site Map  |  Privacy Policy  |  Legal  |  Contact Us
© 2000-2012 Energizer      Energizer, Energizer Bunny design and other marks are trademarks of Energizer.
All other trademarks are trademarks of their respective owners

[Sign Up For Our Newsletter >]



Power & Play® Charging System for Xbox 360® | Energizer

A: Thank you for your inquiry.

If the lights are flashing, with or without any controllers or batteries placed on the charger, this is an indication that the charger has ceased operation.

Depending on how long you've been using the same batteries and/or how long it's been since you've used the controller/charger batteries, it may be necessary to update the batteries.

Our batteries are sealed (Ni-MH) Nickel-Metal Hydride rechargeable batteries. To maintain their life expectancy stored batteries should be charged periodically (every couple of months). The expected life of the batteries will vary depending on use, and designed for 300 – 500 charge cycles. If the batteries are less than 2 years old and have been used less than 500 cycles, please contact Performance Designed Products for replacements. All we need is your name and address.

You can contact our PDP Customer Service team at 1-800-331-3844 Monday-Friday 7am-5pm pacific standard time; or online at http://support.pdp.com/ics/support/...

3 weeks, 4 days ago  by EnergizerNick

 STAFF

Was this helpful?

---

▼ **Q:  Can I buy more battery packs?**
If so where and how much?

2 weeks, 5 days ago  by Leinahtan

1 answer

Answer this Question  >

A: Thank you for your great question. I would like to refer you to PDP. They specialize in gaming devices and should be able to further assist you. Their direct number is 1.800.331.3844 Hope this helps. Any additional questions, let us know here or give us a call at 1.800.383.7323

2 weeks, 3 days ago  by EnergizerTim   Freeport, ME

  STAFF

Was this helpful?

---

▼ **Q:  Is there an adapter to charge the Xbox bluetooth headset?**

2 weeks, 2 days ago  by Wherekyle   Cincinnati

1 answer

Answer this Question  >

A: Thank you for your great question. I would like to refer you PDP. They are the company that takes care of our gaming devices. The number for PDP is 1.800.331.3844 Hope this helps. Any additional questions, let us know here or give us a call at 1.800.383.7323

2 weeks, 2 days ago  by EnergizerTim   Freeport, ME

  STAFF

Was this helpful?

---

▼ **Q:  Official Microsoft Battery Packs**
Is this charger compatible with the official Microsoft branded controller battery packs?

1 week, 4 days ago  by Ganoran

1 answer

Answer this Question  >

A: Thank you for this great question. I would be happy to assist. This particular device is handled through a separate division of Energizer called PDP (Performance Designed Products) below you will find their toll free number. They will be happy to provide the information you are looking for.

 STAFF

Was this helpful?

Power & Play® Charging System for Xbox 360® | Energizer



1-800-331-3844

Please feel free to contact us with any additional questions or concerns.

1 week, 3 days ago  by EnergizerBridget   Freeport ME

▼ Q:  I wanna buy one but when is done charging it turns green and then turns off or does it stay in green??     0 answers

5 days ago  by walter   florida     Answer this Question  >

▼ Q:  My xbox controllers are docked on recharger but are not charging. What do I do?     0 answers

2 days ago  by savedbygrace186   jacksonville, texas     Answer this Question  >

1 of 1     Ask a New Question  >

About Energizer  |  Technical Info  |  Media Center  |  Career Center  |  Site Map  |  Privacy Policy  |  Legal  |  Contact Us

© 2000-2012 Energizer     Energizer, Energizer Bunny design and other marks are trademarks of Energizer.
All other trademarks are trademarks of their respective owners.



Sign Up For Our Newsletter  >

Energizer Holdings, Inc. (ENR) - About Energizer Holdings



Home > About Energizer

## About Energizer Holdings Inc.

Energizer® Holdings, Inc (ENR) is a consumer goods company operating globally in the broad categories of household and personal care products. We currently offer solutions in portable power, lighting, wet shave and personal grooming, skin care, feminine care and infant care.

**About Energizer**

Energizer Holdings, Inc.
Company History
Locations
Leadership
Customer Notifications
Contractor Compliance
Sustainability
Investor Relations
Careers

### Our Mission
Through innovation, we simplify and enhance the lives of customers and consumers better than anyone else.

### About Us
**Batteries are just the beginning.**

We love our Energizer Bunny® and Mr. Energizer®. Who doesn't? Their endless energy is adored by millions and they couldn't be better representatives of our Energizer® brand. But Energizer Holdings is much more than batteries. In fact, we're made up of 30 established consumer brands the world over, from Schick® and Wilkinson Sword® shaving systems to Banana Boat® sunscreens. So while you likely knew us first for batteries, we invite you to be like the Energizer Bunny® -- Keep Going® -- and see how much larger Energizer Holdings really is.

### 160 countries and counting.

Pick a country. Any country. Chances are, you'll find our products there. That's because Energizer Holdings has operations in 50 countries and distribution in more than 160 countries. OK, not Antarctica. But we like the way you think.

### We love a challenge.

While many of our brands are stars in their fields, we're always looking for new ways to improve. You see, there's something of a challenger spirit here. We think it is best expressed by the phrase, "Keep Challenging, Keep Growing." Part motivational mantra, part way of life, "Keep Challenging, Keep Growing" represents our shared belief in constantly challenging ourselves to find better, smarter, more innovative ways to do things. No matter the brand, no matter the location, you'll find us upending traditional thinking on everything from product features to marketing ideas, conservation, even strategies in company sporting events. It's kind of a thing around here. In a good way.

About Energizer  |  Technical Info  |  Media Center  |  Career Center  |  Site Map  |  Privacy Policy  |  Legal  |  Contact Us

© 2000–2012 Energizer    Energizer, Energizer Bunny design and other marks are trademarks of Energizer. All other trademarks are trademarks of their respective owners.



**Exhibit I**
**Page 44**

Energizer.com Site Map. Energizer.com



Home

## Site Map

Get an overview of how our offerings are organized and jump quickly to any section from here.

**About Energizer**

- Energizer Holdings, Inc.
- Company History
- Locations
- Leadership
- Contractor Compliance
- Sustainability
- Investor Relations
- Careers

**Batteries**

- Everyday Use Alkaline
- Hearing Aid
- Miniature Alkaline
- Performance Lithium
  - Ultimate Lithium
  - Advanced Lithium
- Rechargeable Batteries
- Rechargeable Battery Chargers
- Specialty Lithium Photo
- Watch & Electronic

**Bunny Center**

- Hot Hare Balloon

**Extras**

- Cables
  - Auxiliary
  - HDMI
- Mobile
  - Bluetooth Headsets
- Surge Protectors

**Flashlights & Lighting**

- Flashlights
  - Caplight
  - Flashlight
  - Headlight
  - Keychain
  - Kids
  - Lantern/Area
- Household
  - Desk
  - Flameless Wax Candles
  - Nightlight
  - Path
  - Table
  - Under Cabinet

**Search**

**Battery Sizes**

**Learning Center**

- Battery Care
  - FAQs
- Science Center

**Media Center**

- Press Releases

**Portable Power**

- USB Chargers
  - Auto USB Chargers
  - Wall USB Chargers
  - USB Charging Cables and Other
- Wireless Chargers
  - Qi Wireless
  - Wii Wireless Charger
- Portable Chargers
  - Charging Cases for iPhone®
  - Smartphone Chargers
  - Universal Multi-port Charger
- Gaming
  - Charging
  - Video Cables

**Special Promotions**

**Exhibit I**
**Page 45**

Energizer.com Site Map. Energizer.com

About Energizer   |   Technical Info   |   Media Center   |   Career Center   |   Site Map   |   Privacy Policy   |   Legal   |   Contact Us

© 2000-2012 Energizer      Energizer, Energizer Bunny design and other marks are trademarks of Energizer.
All other trademarks are trademarks of their respective owners.



Sign Up For Our Newsletter.   >

**Exhibit I**
**Page 46**

# EXHIBIT J

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-03001-GAF (VBKx) | Date | September 25, 2013 |
|---|---|---|---|
| Title | NYKO Technologies, Inc. v. Energizer Holdings, Inc., et al. | | |

| Present: The Honorable | Victor B. Kenton, United States Magistrate Judge |
|---|---|

| Roxanne Horan | | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**   **PLAINTIFF'S MOTION TO COMPEL INFORMATION FROM EVEREADY BATTERY CO INC. RE SALES OF ACCUSED PRODUCTS & RECOVERY OF COSTS**

The Court has read and reviewed the following documents: "Notice of Motion and Motion to Compel Information from Eveready Battery Co., Inc. Regarding Sales of Accused Products and Recovery of Costs;" "Joint Stipulation re NYKO Technologies, Inc.'s Motion to Compel Information from Eveready Battery Co., Inc. Regarding Sales of Accused Products;" "Declaration of G. Warren Bleeker in Support of NYKO Technologies, Inc.'s Motion to Compel Information from Eveready Battery Co., Inc. Regarding Sales of Accused Products;" "[Proposed] Order Granting Plaintiff NYKO Technologies, Inc.'s Motion to Compel Information from Eveready Battery Co., Inc. Regarding Sales of the Accused Products and Recovery of Costs;" "NYKO Technologies, Inc.'s Application for Leave to File Under Seal Documents Regarding NYKO's Motion to Compel Information from Eveready Battery Co., Inc.;" "Declaration of Danielle Kyriakos in Support of Application to File Under Seal;" "NYKO's Supplemental Memorandum in Support of Its Motion to Compel Information from Eveready Battery Co., Inc. Regarding Sales of the Accused Products and Recovery of Costs;" "Supplemental Declaration of G. Warren Bleeker in Support of NYKO Technology, Inc.'s Motion to Compel Information from Eveready Battery Co., Inc. Regarding Sales of the Accused Products and Recovery of Costs;" Exhibits B & C of Declaration of G. Warren Bleeker in Support of NYKO Technologies, Inc.'s Motion to Compel Information from Eveready Battery Co., Inc. Regarding Sales of Accused Products;" "EBC's Supplemental Memorandum in Opposition to NYKO's Motion to Compel EBC Sales Information and for Fees;" "Declaration of G. Warren Bleeker in Support of NYKO Technologies, Inc.'s Motion to Compel Information from Eveready Battery Co., Inc. Regarding Sales of Accused Products;" "NKYO Technologies Inc.'s Renewed Application for Leave to File Under Seal Documents Regarding NYKO's Motion to Compel Information from Eveready Battery Co. Inc.;" "Order Granting Plaintiff NYKO Technologies, Inc. Renewed Leave to File Confidential Document Under Seal" and "Exhibit A of Declaration of G. Warren Bleeker in Support of NYKO Technologies, Inc.'s Motion to Compel Information from Eveready Battery Co., Inc. Regarding Sales of the Accused Products."

This Motion concerns Plaintiff's ("NYKO") Interrogatory No. 1 and Request for Production ("RFP") No. 32. In the Joint Stipulation ("JS"), Defendant Energizer ("EBC") indicates that "EBC has decided to avoid

**Exhibit J**
**Page 47**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-03001-GAF (VBKx) | Date | September 25, 2013 |
|----------|------------------------|------|--------------------|
| Title | NYKO Technologies, Inc. v. Energizer Holdings, Inc., et al. | | |

further litigation costs by not opposing NYKO's motion." (JS at 4.) EBC indicates that it reserves its Objections regarding privilege.

NYKO indicates that during the meet and confer process, it agreed "that if EBC provided the requested information subject to an objection that it does not consider these 'sales' under the patent laws, that NYKO would agree that EBC's response to the requests, by itself, would not be deemed as admission that the transactions were 'sales.'" (JS at 4.)

It appears to the Court that EBC does not, subject to any privilege reservations it may have, oppose providing to NYKO the information sought in this discovery, pursuant to the limitations offered by NYKO.

Under these assumptions, the Court finds that EBC is not opposing the Motion, and therefore **GRANTS** NKYO's Motion. The Court declines to award attorney's fees or costs to NYKO, or to order any sanctions against EBC.

The Motion hearing calendared for October 1, 2013 at 10:00 a.m. is **VACATED**.

**IT IS SO ORDERED**.

|  | : |  |
|--|---|--|
| Initials of Preparer | RH | |

**Exhibit J**
**Page 48**

# EXHIBIT K

1  **ART HASAN, CA Bar No. 167323**
   art.hasan@cph.com
2  **G. WARREN BLEEKER, CA Bar No. 210834**
   warren.bleeker@cph.com
3  **KATHERINE L. QUIGLEY, CA Bar No. 258212**
   katherine.quigley@cph.com
4  **CHRISTIE, PARKER & HALE, LLP**
   **655 North Central Avenue, Suite 2300**
5  **Glendale, California 91203-1445**
   **Telephone: (626) 795-9900**
6  **Facsimile:  (626) 577-8800**

7  Attorneys for Plaintiff,
   NYKO Technologies, Inc.
8

9                UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11

12  NYKO TECHNOLOGIES, INC., a          Case No. CV12-03001 GAF (VBKx)
    California corporation,
13
            Plaintiff,                   **AMENDED NOTICE OF**
14                                       **VIDEOTAPED DEPOSITION OF**
        vs.                              **GERRY BLOCK**
15
    ENERGIZER HOLDINGS, INC., a          **DATE:    February 15, 2013**
16  Missouri corporation, and            **TIME:    9:30 a.m.**
    PERFORMANCE DESIGNED                 **PLACE:  Sheppard, Mullin,**
17  PRODUCTS LLC, a California limited    **Richter & Hampton, LLP**
    liability company,                   **333 S. Hope Street, 43rd Floor**
18                                       **Los Angeles, CA 90071**
            Defendants.
19

20

21  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

22         **PLEASE TAKE NOTICE** that, under Rule 30 of the Federal Rules of

23  Civil Procedure, NYKO TECHNOLOGIES, INC. will take the deposition upon

24  oral examination of GERRY BLOCK commencing on February 15, 2013 at 9:30

25  a.m. at Sheppard, Mullin, Richter & Hampton, LLP, 333 S. Hope Street, 43rd

26  Floor, Los Angeles, CA 90071, (213) 620-1780 or at another time and place

27  mutually agreed upon by counsel for the parties and the deponent.

28         The deposition will be taken before an officer authorized to administer

-1-

CHRISTIE, PARKER & HALE, LLP

1   oaths by the laws of the United States.   The deposition will be recorded

2   stenographically via the use of real-time reporting and by sound and visual

3   means.

4

5   DATED:  February 5, 2013             Respectfully submitted,

6                                       CHRISTIE, PARKER & HALE, LLP

7

8                                       By /s/ G. Warren Bleeker
                                            G. Warren Bleeker
9
                                        Attorneys for Plaintiff,
10                                      NYKO Technologies, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CHRISTIE, PARKER & HALE, LLP

-2-

**CERTIFICATE OF SERVICE**

I certify that on February 5, 2013, pursuant to Federal Rules of Civil Procedure, a true and correct copy of the foregoing document described as **AMENDED NOTICE OF VIDEOTAPED DEPOSITION OF GERRY BLOCK** was served on the parties in this action by E-Mail as follows:

Steven M. Hanle, Esq.
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626
shanle@sheppardmullin.com

Daniel N. Yannuzzi, Esq.
Graham (Gray) M. Buccigross, Esq.
Matthew M. Mueller, Esq.
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
12275 El Camino Real, Suite 200
San Diego, California 92130-2006
dyannuzzi@sheppardmullin.com
mmueller@sheppardmullin.com
gbuccigross@sheppardmullin.com

I declare that I am employed by a member of the bar of this Court. Executed on February 5, 2013 at Glendale, California.

/s/ G. Warren Bleeker
G. Warren Bleeker

CHRISTIE, PARKER & HALE, LLP

-3-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GWB PAS1214610.1-*-02/5/13 11:14 AM

CHRISTIE, PARKER & HALE, LLP

-4-

# EXHIBIT L

| | |
|---|---|
| **From:** | Warren Bleeker |
| **Sent:** | Wednesday, August 14, 2013 1:45 PM |
| **To:** | 'Gray Buccigross' |
| **Cc:** | LegalTm-PDP-Nyko; Art Hasan; Katherine L. Quigley; Stacey R. Dawson; Stacy Goodwin |
| **Subject:** | RE: NYKO v. PDP:   Simon Huang |

Please provide the non-disclosure agreements.

--Warren

 **G. Warren Bleeker** | *Partner*
gwb@cph.com
Christie, Parker & Hale, LLP
655 North Central Avenue, Suite 2300, Glendale, CA 91203
☎ 626.683.4521  📠 626.577.8800 🅂📞 warren.bleeker

------------------------------------------------------------------
The information in this communication and any attached documents contain information from the law firm of
Christie, Parker and Hale, LLP that may be confidential and/or privileged. If you are not the intended recipient, or
an agent responsible for delivering it to the intended recipient, you may not read, copy, distribute or use this
information. If you have received this transmission in error, please notify the sender immediately by reply e-mail
and then delete all electronic copies and destroy any hard copies.

**From:** Gray Buccigross [mailto:gbuccigross@sheppardmullin.com]
**Sent:** Tuesday, August 13, 2013 12:32 PM
**To:** Warren Bleeker
**Cc:** LegalTm-PDP-Nyko; Art Hasan; Katherine L. Quigley; Stacey R. Dawson; Stacy Goodwin
**Subject:** RE: NYKO v. PDP: Simon Huang

Warren,

Your accusations of foul play are completely wrong and way over the top.  Messrs. Huang and Jennings have been
difficult to contact.  They understandably do not want to get involved in this frivolous lawsuit.  We provided you with
their contact information earlier today, and will produce the non-disclosure agreements today as well.

Regards,
Gray

**Gray Buccigross**
Del Mar Heights | (858) 720-7427
**Sheppard**Mullin

**From:** Warren Bleeker [mailto:warren.bleeker@cph.com]
**Sent:** Monday, August 12, 2013 9:35 PM
**To:** Gray Buccigross
**Cc:** LegalTm-PDP-Nyko; Art Hasan; Katherine L. Quigley; Stacey R. Dawson; Stacy Goodwin
**Subject:** NYKO v. PDP: Simon Huang

Gray--

On January 28, 2013, PDP listed Simon Huang as a witness PDP intends to rely on at trial regarding specifications and
development of PDP's accused products.  On March 15, 2013, NYKO noticed Simon Huang's deposition for April 17,

1

**Exhibit L**
**Page 53**

2013.  The deposition did not go forward on that date.  Five days later, PDP produced over 30,000 pages of documents, and apparently 93% of that production related to Simon Huang.  Apparently, on April 26, 2013, unbeknownst to NYKO, Simon Huang signed a declaration that was relied upon by Defendants' expert Mr. Bristow.  PDP, however, failed to produce this secret declaration until last Saturday, August 10.  NYKO has now learned that Mr. Huang left PDP sometime in April 2013, but counsel for PDP never informed NYKO of declaration, that Mr. Huang had left PDP, or that Sheppard Mullin no longer represented Mr. Huang.  PDP's counsel failed to timely supplement PDP's disclosures to provide last known contact information for Mr. Huang.

On July 9, NYKO re-noticed Mr. Huang's deposition for July 19.  Counsel for PDP did not disclose that Mr. Huang no longer worked for PDP.  Instead, on July 15, you stated in an email "[w]e are working on determining available dates" and that "it does not appear as if July 19 will work for Mr. Huang's deposition."  In your July 15 email, you concealed the fact that Mr. Huang was no longer with PDP and you concealed the fact that you no longer represented him and that a subpoena would be required to depose him.  Your email, however, certainly suggests that you continued to represent Mr. Huang when you apparently did not.  Mr. Huang failed to appear for his deposition on July 19.

On July 31, 2013, counsel for NYKO sent you a request to meet and confer regarding a motion to compel the deposition of Simon Huang.  You failed to respond to that letter causing further delay.

On August 7, counsel for NYKO sent a follow-up email.  In response, you stated "we are determining availability for Messrs. Huang and Jennings."  Again, you concealed the fact that Mr. Huang no longer worked for PDP and that you no longer represented Mr. Huang.  Your email again suggests that you represent him when you did not, and you still refused to reveal that a subpoena would be required in order to depose him in this case.

On August 9, the deadline for expert disclosures, for the very first time, you informed NYKO that Mr. Huang is no longer employed by PDP.  However, you again failed to reveal that Mr. Huang had in fact left the company back in April.  You also informed us for the first time on August 9, more than a month after receiving the updated deposition notice, that "we cannot accept service of subpoenas" on behalf of Mr. Huang.   You still refused to provide any contact information for Mr. Huang.

Throughout all of this, PDP and its expert were planning to rely on a secret declaration from Mr. Huang.  The very next day after revealing you no longer represented him, on Saturday, August 10, NYKO for the first time received Mr. Huang's April 26 declaration, attached to your expert's report (served a day late).  Thus, it is now clear that PDP's counsel intentionally strung NYKO along for many, many weeks, cultivating the appearance that you continued to represent Mr. Huang the entire time, yet failing to timely supplement your disclosures to indicate that you no longer were the appropriate contact person, as required under the Federal Rules.  Time and again, you failed to inform us he no longer worked at PDP, you no longer represented him, and that a subpoena would be required to depose him.  You still have failed to identify his last known contact information.  Your scheme was apparently in place to prevent or at least delay any deposition.  Your scheme also prevented NYKO from contacting him directly to interview him or schedule a deposition directly with him.  Moreover, after finally revealing you no longer represented him, incredibly, you then threatened counsel for NYKO that Mr. Huang had signed a non-disclosure agreement and that NYKO is not to solicit "confidential information" from Mr. Huang.  At the same time, you continue to refuse to provide NYKO a copy of the purported non-disclosure agreement, so NYKO has no idea if it actually exists, what the terms are, or if this is simply another diversion and stalling tactic.  And again, as of today, you have refused to provide us his last known contact information.

This is unfortunately not the first instance of your "hide the ball" gamesmanship, but it is nonetheless very, very disappointing.  Your deceitful actions have prejudiced NYKO.  To the extent NYKO is not able to contact and/or fully depose Mr. Huang in sufficient time for NYKO's rebuttal expert to analyze his testimony in this matter, NYKO will move to exclude Mr. Bristow's report and will move to prevent PDP from relying on the testimony of Mr. Huang and will ask for evidentiary and monetary sanctions.  Further, NYKO is researching the relevant witness tampering rules and based on its further investigation, reserves the right to seek additional relief.

Finally, please produce the purported "non-disclosure" agreement by noon tomorrow.

--Warren



**G. Warren Bleeker** | *Partner*
gwb@cph.com
Christie, Parker & Hale, LLP
655 North Central Avenue, Suite 2300, Glendale, CA 91203
☎ 626.683.4521  626.577.8800  warren.bleeker

-----------------------------------------------------------------------
The information in this communication and any attached documents contain information from the law firm of Christie, Parker and Hale, LLP that may be confidential and/or privileged. If you are not the intended recipient, or an agent responsible for delivering it to the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete all electronic copies and destroy any hard copies.


Circular 230 Notice: In accordance with Treasury Regulations we notify you that any tax advice given herein (or in any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of (i) avoiding tax penalties or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or in any attachments).


Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

# EXHIBIT M

1   **ART HASAN, CA Bar No. 167323**
    art.hasan@cph.com
2   **G. WARREN BLEEKER, CA Bar No. 210834**
    warren.bleeker@cph.com
3   **CHRISTIE, PARKER & HALE, LLP**
    **655 N. Central Avenue, Suite 2300**
4   **Post Office Box 29001**
    **Glendale, California 91209-9001**
5   **Telephone: (626) 795-9900**
    **Facsimile: (626) 577-8800**
6
    Attorneys for Plaintiff,
7   NYKO Technologies, Inc.

8

9                     UNITED STATES DISTRICT COURT

10                    CENTRAL DISTRICT OF CALIFORNIA

11

12  NYKO TECHNOLOGIES, INC., a          Case No. CV 12-3001 GAF (VBKx)
    California corporation,
13                                      **NYKO TECHNOLOGIES, INC.'S**
                  Plaintiff,            **FIRST SET OF REQUESTS FOR**
14                                      **PRODUCTION OF DOCUMENTS**
                  vs.                   **AND THINGS TO**
15                                      **PERFORMANCE DESIGNED**
    ENERGIZER HOLDINGS, INC., a         **PRODUCTS LLC**
16  Missouri corporation, and
    PERFORMANCE DESIGNED
17  PRODUCTS LLC, a California limited
    liability company,
18                                      **Hon. Gary Allen Feess**
                  Defendants.
19

20  AND RELATED COUNTERCLAIM.

21

22        NYKO    TECHNOLOGIES,    INC.    ("NYKO")    requests    that

23  PERFORMANCE DESIGNED PRODUCTS LLC provide a written response and

24  produce for inspection and copying each document and tangible thing in its

25  possession, custody or control requested below, in accordance with Rule 34 of the

26  Federal Rules of Civil Procedure.  NYKO requests that the documents and things

27  be made available for inspection and copying at the offices of Christie, Parker &

28

                                   -1-

CHRISTIE, PARKER & HALE, LLP

non-natural person, "IDENTIFY" means to state the non-natural person's name, address and telephone number.

9.      The terms "AND" and "OR" include both the conjunctive and disjunctive. The terms "ANY" and "ALL" also mean "each and every."  The singular includes the plural and the plural includes the singular. The present tense includes the past tense and the past tense includes the present tense. All of the terms in this paragraph shall be interpreted in their broadest sense.

10.     The term "'848 PATENT" means U.S. Patent No. 8,143,848.

11.     The term ACCUSED PRODUCTS means the "Energizer® Power & Play" Charging System for XBOX 360 and the "Energizer® Power & Play" Charging System for PLAYSTATION 3 and any other products of PDP, regardless of version or model name, that are identical or similar to these "Power & Play" products.

12.     The term "COLE" refers to U.S. Patent No. 7,942,747 (the "'747 Patent") including without limitation, any application on which the '747 Patent claims priority and any corresponding PCT application or application in a foreign country.

13.     The term "ERICKSON" refers to U.S. Patent No. 8,143,850.

**REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**
**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS CONCERNING YOUR contention that PDP and/or ENERGIZER have never "infringed, either directly or indirectly, by inducement or contributorily, any claim of the Patent-in-suit [the '848 PATENT], either literally or under the doctrine of equivalents."

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS CONCERNING YOUR contention that "[e]ach of the asserted claims of the Patent-in-suit is invalid for failure to comply with the

-5-

1    **REQUEST FOR PRODUCTION NO. 9**:

2    All DOCUMENTS CONCERNING actual or potential designs for

3    charging system products for wireless video game controllers, whether or not the

4    designs were actually reduced to practice.

5    **REQUEST FOR PRODUCTION NO. 10**:

6    All DOCUMENTS that refer to or relate to NYKO, including without

7    limitation, its products, officers, employees or agents.

8    **REQUEST FOR PRODUCTION NO. 11**:

9    All DOCUMENTS CONCERNING charging systems manufactured or

10   marketed by third parties, including without limitation any products that compete

11   with the ACCUSED PRODUCTS in the marketplace.

12   **REQUEST FOR PRODUCTION NO. 12**:

13   All DOCUMENTS CONCERNING NYKO's charging system for wireless

14   video game controllers, including without limitation, descriptions, analyses,

15   studies, write-ups and reviews.

16   **REQUEST FOR PRODUCTION NO. 13**:

17   All DOCUMENTS CONCERNING correspondence between PDP and

18   ENERGIZER regarding charging system products, including without limitation

19   the ACCUSED PRODUCTS.

20   **REQUEST FOR PRODUCTION NO. 14**:

21   All DOCUMENTS CONCERNING correspondence between PDP and

22   ENERGIZER regarding NYKO.

23   **REQUEST FOR PRODUCTION NO. 15**:

24   All DOCUMENTS CONCERNING agreements or understandings between

25   ENERGIZER and PDP regarding the manufacture, marketing, licensing or sale of

26   charging system products, including any trademark license agreements between

27   ENERGIZER and PDP.

28

-7-

**Exhibit M**
**Page 58**

**REQUEST FOR PRODUCTION NO. 16**:

All DOCUMENTS CONCERNING payments and/or any other form of compensation between PDP and ENERGIZER (and/or vice versa) regarding any ACCUSED PRODUCT.

**REQUEST FOR PRODUCTION NO. 17**:

All DOCUMENTS CONCERNING advertisements, promotional material, marketing material, brochures, point of sale material or other advertisements concerning any ACCUSED PRODUCT.

**REQUEST FOR PRODUCTION NO. 18**:

Two physical specimens of each of the ACCUSED PRODUCTS including all product packaging.

**REQUEST FOR PRODUCTION NO. 19**:

All DOCUMENTS CONCERNING actual and potential customers of the ACCUSED PRODUCTS, including without limitation customer lists.

**REQUEST FOR PRODUCTION NO. 20**:

All DOCUMENTS CONCERNING reviews, publications, or third party write-ups regarding any ACCUSED PRODUCT.

**REQUEST FOR PRODUCTION NO. 21**:

All DOCUMENTS CONCERNING the '848 PATENT.

**REQUEST FOR PRODUCTION NO. 22**:

DOCUMENTS sufficient to identify the number of ACCUSED PRODUCTS that have been sold, offered for sale and/or imported into the U.S., on an annual, quarterly, and monthly basis, by model number, product number or other identification means, and DOCUMENTS identifying the number of units sold and imported, gross sales revenue, profit margin and profit, whether associated directly with the accused product or indirectly through advertising revenue or otherwise.

CHRISTIE, PARKER & HALE, LLP

-8-

**REQUEST FOR PRODUCTION NO. 23**:

DOCUMENTS sufficient to IDENTIFY all PERSONS within the chain of distribution of the ACCUSED PRODUCT, including but not limited to all suppliers and manufacturers of the ACCUSED PRODUCTS, including the suppliers and manufactures of any parts used in the manufacture of the ACCUSED PRODUCTS, and all distributors, importers, exporters, retailers, and customers.

**REQUEST FOR PRODUCTION NO. 24**:

All DOCUMENTS CONCERNING any trade show attended by PDP within the last ten years.

**REQUEST FOR PRODUCTION NO. 25**:

All prior art to the '848 PATENT, whether or not relied upon by PDP or ENERGIZER, that supports or refutes the patentability of the inventions claimed therein, including without limitation all DOCUMENTS relating to COLE and ERICKSON.

**REQUEST FOR PRODUCTION NO. 26**:

All DOCUMENTS CONCERNING COLE.

**REQUEST FOR PRODUCTION NO. 27**:

All DOCUMENTS CONCERNING ERICKSON.

**REQUEST FOR PRODUCTION NO. 28**:

All prototypes and DOCUMENTS CONCERNING any prototypes of any chargers designed or developed by PDP or for PDP CONCERNING charging stations for wireless video game controllers.

**REQUEST FOR PRODUCTION NO. 29**:

All correspondence between PDP and any customers CONCERNING the ACCUSED PRODUCTS, including without limitation, Walmart and Target.

**REQUEST FOR PRODUCTION NO. 30**:

All DOCUMENTS CONCERNING licensing or attempted licensing of any

-9-

CHRISTIE, PARKER & HALE, LLP

1  of the ACCUSED PRODUCTS or other charging system products sold by or

2  developed by or for PDP.

3  **REQUEST FOR PRODUCTION NO. 31:**

4      All DOCUMENTS CONCERNING the patentability of the ACCUSED

5  PRODUCTS, including, but not limited to, any patent application anywhere in the

6  world, including any abandoned or expired application anywhere in the world,

7  and any analysis of patentability.

8  **REQUEST FOR PRODUCTION NO. 32:**

9      All DOCUMENTS CONCERNING patents or patent applications

10  CONCERNING charging systems for video game controllers.

11  **REQUEST FOR PRODUCTION NO. 33:**

12      All DOCUMENTS CONCERNING YOUR policy and procedures for

13  record management, document retention or document destruction.

14  **REQUEST FOR PRODUCTION NO. 34:**

15      All DOCUMENTS CONCERNING communications with any

16  manufacturer or manufacturers of any ACCUSED PRODUCT.

17  **REQUEST FOR PRODUCTION NO. 35:**

18      All DOCUMENTS CONCERNING the features of the ACCUSED

19  PRODUCTS including the advantages and disadvantages of such features.

20  **REQUEST FOR PRODUCTION NO. 36:**

21      All DOCUMENTS CONCERNING the conception, design and/or

22  reduction to practice of each ACCUSED PRODUCT and any prototype for any

23  ACCUSED PRODUCT.

24  DATED:  August 10, 2012        CHRISTIE, PARKER & HALE, LLP

25

26                      _/s/ *G. Warren Bleeker*_
                     G. Warren Bleeker

27                    Attorneys for Plaintiff,

28                    NYKO TECHNOLOGIES, INC.

                        -10-

## CERTIFICATE OF SERVICE

I certify that I have served a true copy of this document via e-mail (per agreement of the parties) to the individuals addressed as follows:

Steven M. Hanle, Esq.
Daniel N. Yannuzzi, Esq.
Gray M. Buccigross, Esq.
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626
shanle@sheppardmullin.com
dyannuzzi@sheppardmullin.com
gbuccigross@sheppardmullin.com

Counsel for Defendants


I am a member of the Bar of this Court.

Executed on August 10, 2012 at Glendale, California.


/s/ *G. Warren Bleeker*
G. Warren Bleeker

SRD PAS1186403.1-*-08/7/12 12:46 PM

-11-

CHRISTIE, PARKER & HALE, LLP

# EXHIBIT N

1    **ART HASAN, CA Bar No. 167323**
     art.hasan@cph.com
2    **G. WARREN BLEEKER, CA Bar No. 210834**
     warren.bleeker@cph.com
3    **CHRISTIE, PARKER & HALE, LLP**
     **655 N. Central Avenue, Suite 2300**
4    **Post Office Box 29001**
     **Glendale, California 91209-9001**
5    **Telephone: (626) 795-9900**
     **Facsimile: (626) 577-8800**
6
     Attorneys for Plaintiff,
7    NYKO Technologies, Inc.

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

12   NYKO TECHNOLOGIES, INC., a          Case No. CV 12-3001 GAF (VBKx)
     California corporation,
13                                        **NYKO TECHNOLOGIES, INC.'S**
                 Plaintiff,               **FIRST SET OF REQUESTS FOR**
14                                        **PRODUCTION OF DOCUMENTS**
            vs.                           **AND THINGS TO ENERGIZER**
15                                        **HOLDINGS, INC.**
     ENERGIZER HOLDINGS, INC., a
16   Missouri corporation, and
     PERFORMANCE DESIGNED
17   PRODUCTS LLC, a California limited
     liability company,                   **Hon. Gary Allen Feess**
18
                 Defendants.
19
20   AND RELATED COUNTERCLAIM.
21

22         NYKO TECHNOLOGIES, INC. ("NYKO") requests that ENERGIZER

23   HOLDINGS, INC. ("Energizer") provide a written response and produce for

24   inspection and copying each document and tangible thing in its possession,

25   custody or control requested below, in accordance with Rule 34 of the Federal

26   Rules of Civil Procedure.  NYKO requests that the documents and things be made

27   available for inspection and copying at the offices of Christie, Parker & Hale,

28

                                      -1-

CHRISTIE, PARKER & HALE, LLP

non-natural person, "IDENTIFY" means to state the non-natural person's name, address and telephone number.

9.     The terms "AND" and "OR" include both the conjunctive and disjunctive. The terms "ANY" and "ALL" also mean "each and every."  The singular includes the plural and the plural includes the singular. The present tense includes the past tense and the past tense includes the present tense. All of the terms in this paragraph shall be interpreted in their broadest sense.

10.     The term "'848 PATENT" means U.S. Patent No. 8,143,848.

11.     The term ACCUSED PRODUCTS means the "Energizer® Power & Play" Charging System for XBOX 360 and the "Energizer® Power & Play" Charging System for PLAYSTATION 3 and any other products of PDP, regardless of version or model name, that are identical or similar to these "Power & Play" products.

12.     The term "COLE" refers to U.S. Patent No. 7,942,747 (the "'747 Patent") including without limitation, any application on which the '747 Patent claims priority and any corresponding PCT application or application in a foreign country.

13.     The term "ERICKSON" refers to U.S. Patent No. 8,143,850.

**REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**
**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS CONCERNING YOUR contention that PDP and/or ENERGIZER have never "infringed, either directly or indirectly, by inducement or contributorily, any claim of the Patent-in-suit [the '848 PATENT], either literally or under the doctrine of equivalents."

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS CONCERNING YOUR contention that "[e]ach of the asserted claims of the Patent-in-suit is invalid for failure to comply with the

-5-

CHRISTIE, PARKER & HALE, LLP

**REQUEST FOR PRODUCTION NO. 9**:

All DOCUMENTS CONCERNING actual or potential designs for charging system products for wireless video game controllers, whether or not the designs were actually reduced to practice.

**REQUEST FOR PRODUCTION NO. 10**:

All DOCUMENTS that refer to or relate to NYKO, including without limitation, its products, officers, employees or agents.

**REQUEST FOR PRODUCTION NO. 11**:

All DOCUMENTS CONCERNING charging systems manufactured or marketed by third parties, including without limitation any products that compete with the ACCUSED PRODUCTS in the marketplace.

**REQUEST FOR PRODUCTION NO. 12**:

All DOCUMENTS CONCERNING NYKO's charging system for wireless video game controllers, including without limitation, descriptions, analyses, studies, write-ups and reviews.

**REQUEST FOR PRODUCTION NO. 13**:

All DOCUMENTS CONCERNING correspondence between PDP and ENERGIZER regarding charging system products, including without limitation the ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 14**:

All DOCUMENTS CONCERNING correspondence between PDP and ENERGIZER regarding NYKO.

**REQUEST FOR PRODUCTION NO. 15**:

All DOCUMENTS CONCERNING agreements or understandings between ENERGIZER and PDP regarding the manufacture, marketing, licensing or sale of charging system products, including any trademark license agreements between ENERGIZER and PDP.

CHRISTIE, PARKER & HALE, LLP

-7-

**REQUEST FOR PRODUCTION NO. 16**:

All DOCUMENTS CONCERNING payments and/or any other form of compensation between PDP and ENERGIZER (and/or vice versa) regarding any ACCUSED PRODUCT.

**REQUEST FOR PRODUCTION NO. 17**:

All DOCUMENTS CONCERNING advertisements, promotional material, marketing material, brochures, point of sale material or other advertisements concerning any ACCUSED PRODUCT.

**REQUEST FOR PRODUCTION NO. 18**:

Two physical specimens of each of the ACCUSED PRODUCTS including all product packaging.

**REQUEST FOR PRODUCTION NO. 19**:

All DOCUMENTS CONCERNING actual and potential customers of the ACCUSED PRODUCTS, including without limitation customer lists.

**REQUEST FOR PRODUCTION NO. 20**:

All DOCUMENTS CONCERNING reviews, publications, or third party write-ups regarding any ACCUSED PRODUCT.

**REQUEST FOR PRODUCTION NO. 21**:

All DOCUMENTS CONCERNING the '848 PATENT.

**REQUEST FOR PRODUCTION NO. 22**:

DOCUMENTS sufficient to identify the number of ACCUSED PRODUCTS that have been sold, offered for sale and/or imported into the U.S., on an annual, quarterly, and monthly basis, by model number, product number or other identification means, and DOCUMENTS identifying the number of units sold and imported, gross sales revenue, profit margin and profit, whether associated directly with the accused product or indirectly through advertising revenue or otherwise.

CHRISTIE, PARKER & HALE, LLP

-8-

**REQUEST FOR PRODUCTION NO. 23**:

DOCUMENTS sufficient to IDENTIFY all PERSONS within the chain of distribution of the ACCUSED PRODUCT, including but not limited to all suppliers and manufacturers of the ACCUSED PRODUCTS, including the suppliers and manufactures of any parts used in the manufacture of the ACCUSED PRODUCTS, and all distributors, importers, exporters, retailers, and customers.

**REQUEST FOR PRODUCTION NO. 24**:

All DOCUMENTS CONCERNING any trade show attended by ENERGIZER within the last ten years.

**REQUEST FOR PRODUCTION NO. 25**:

All prior art to the '848 PATENT, whether or not relied upon by PDP or ENERGIZER, that supports or refutes the patentability of the inventions claimed therein, including without limitation all DOCUMENTS relating to COLE and ERICKSON.

**REQUEST FOR PRODUCTION NO. 26**:

All DOCUMENTS CONCERNING COLE.

**REQUEST FOR PRODUCTION NO. 27**:

All DOCUMENTS CONCERNING ERICKSON.

**REQUEST FOR PRODUCTION NO. 28**:

All prototypes and DOCUMENTS CONCERNING any prototypes of any chargers designed or developed by PDP or for PDP CONCERNING charging stations for wireless video game controllers.

**REQUEST FOR PRODUCTION NO. 29**:

All correspondence between YOU and any customers CONCERNING the ACCUSED PRODUCTS, including without limitation, Walmart and Target.

**REQUEST FOR PRODUCTION NO. 30**:

All DOCUMENTS CONCERNING licensing or attempted licensing of any

-9-

CHRISTIE, PARKER & HALE, LLP

of the ACCUSED PRODUCTS or other charging system products sold by or developed by or for PDP.

**REQUEST FOR PRODUCTION NO. 31**:

All DOCUMENTS CONCERNING the patentability of the ACCUSED PRODUCTS, including, but not limited to, any patent application anywhere in the world, including any abandoned or expired application anywhere in the world, and any analysis of patentability.

**REQUEST FOR PRODUCTION NO. 32**:

All DOCUMENTS CONCERNING patents or patent applications CONCERNING charging systems for video game controllers.

**REQUEST FOR PRODUCTION NO. 33**:

All DOCUMENTS CONCERNING YOUR policy and procedures for record management, document retention or document destruction.

**REQUEST FOR PRODUCTION NO. 34**:

All DOCUMENTS CONCERNING communications with any manufacturer or manufacturers of any ACCUSED PRODUCT.

**REQUEST FOR PRODUCTION NO. 35**:

All DOCUMENTS CONCERNING the features of the ACCUSED PRODUCTS including the advantages and disadvantages of such features.

**REQUEST FOR PRODUCTION NO. 36**:

All DOCUMENTS CONCERNING the conception, design and/or reduction to practice of each ACCUSED PRODUCT and any prototype for any ACCUSED PRODUCT.

DATED:  August 10, 2012          CHRISTIE, PARKER & HALE, LLP


_____/s/ G. Warren Bleeker_____
G. Warren Bleeker

Attorneys for Plaintiff,
NYKO TECHNOLOGIES, INC.

-10-

CHRISTIE, PARKER & HALE, LLP

1

## <u>CERTIFICATE OF SERVICE</u>

2       I certify that I have served a true copy of this document via e-mail (per

3   agreement of the parties) to the individuals addressed as follows:

4   Steven M. Hanle, Esq.
    Daniel N. Yannuzzi, Esq.
5   Gray M. Buccigross, Esq.
    SHEPPARD MULLIN RICHTER &
6   HAMPTON LLP
    650 Town Center Drive, 4th Floor
7   Costa Mesa, California 92626
    shanle@sheppardmullin.com
8   dyannuzzi@sheppardmullin.com
    gbuccigross@sheppardmullin.com
9
    Counsel for Defendants
10

11      I am a member of the Bar of this Court.

12      Executed on August 10, 2012 at Glendale, California.

13

14                                    /s/ G. Warren Bleeker
                                      _____
15                                       G. Warren Bleeker

16  SRD PAS1186403.1-*-08/7/12 12:46 PM

17

18

19

20

21

22

23

24

25

26

27

28

CHRISTIE, PARKER & HALE, LLP

-11-

# EXHIBIT O

1   **ART HASAN, CA Bar No. 167323**
art.hasan@cph.com
2   **G. WARREN BLEEKER, CA Bar No. 210834**
warren.bleeker@cph.com
3   **KATHERINE L. QUIGLEY, CA Bar No. 258212**
katherine.quigley@cph.com
4   **CHRISTIE, PARKER & HALE, LLP**
**655 North Central Avenue, Suite 2300**
5   **Glendale, California 91203-1445**
**Telephone: (626) 795-9900**
6   **Facsimile:  (626) 577-8800**

7   Attorneys for Plaintiff,
NYKO Technologies, Inc.
8

9               UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11

12   NYKO TECHNOLOGIES, INC., a        Case No. CV12-03001 GAF (VBKx)
California corporation,
13                                     **AMENDED NOTICE OF**
                 Plaintiff,            **VIDEOTAPED DEPOSITION OF**
14                                     **THOMAS ROBERTS**
        vs.
15                                     **DATE:    February 27, 2013**
ENERGIZER HOLDINGS, INC., a            **TIME:    10:00 a.m.**
16   Missouri corporation, and         **PLACE: Sheppard, Mullin,**
PERFORMANCE DESIGNED                   **Richter & Hampton, LLP**
17   PRODUCTS LLC, a California limited **650 Town Center Drive, 4th Floor,**
liability company,                     **Costa Mesa, California 92626**
18
                 Defendants.
19

20

21   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

22          **PLEASE TAKE NOTICE** that, under Rule 30 of the Federal Rules of

23   Civil Procedure, NYKO TECHNOLOGIES, INC. will take the deposition upon

24   oral examination of THOMAS ROBERTS commencing on February 27, 2013 at

25   10:00 a.m. at Sheppard, Mullin, Richter & Hampton, LLP, 650 Town Center

26   Drive, 4th Floor, Costa Mesa, California 92626.

27          The deposition will be taken before an officer authorized to administer

28   oaths by the laws of the United States.   The deposition will be recorded

-1-

1    stenographically via the use of real-time reporting and by sound and visual

2    means.

3

4    DATED:  February 5, 2013             Respectfully submitted,

5                                        CHRISTIE, PARKER & HALE, LLP

6

7                                        By */s/ G. Warren Bleeker*
                                            G. Warren Bleeker

8
                                         Attorneys for Plaintiff,
9                                        NYKO Technologies, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

**CERTIFICATE OF SERVICE**

I certify that on February 5, 2013, pursuant to Federal Rules of Civil Procedure, a true and correct copy of the foregoing document described as **AMENDED NOTICE OF VIDEOTAPED DEPOSITION OF THOMAS ROBERTS** was served on the parties in this action by E-Mail as follows:

| | |
|---|---|
| Steven M. Hanle, Esq.<br>SHEPPARD MULLIN RICHTER &<br>HAMPTON LLP<br>650 Town Center Drive, 4th Floor<br>Costa Mesa, California 92626<br>shanle@sheppardmullin.com | Daniel N. Yannuzzi, Esq.<br>Graham (Gray) M. Buccigross, Esq.<br>Matthew M. Mueller, Esq.<br>SHEPPARD MULLIN RICHTER &<br>HAMPTON LLP<br>12275 El Camino Real, Suite 200<br>San Diego, California 92130-2006<br>dyannuzzi@sheppardmullin.com<br>mmueller@sheppardmullin.com<br>gbuccigross@sheppardmullin.com |

I declare that I am a member of the bar of this Court.

Executed on February 5, 2013 at Glendale, California.

/s/ G. Warren Bleeker
G. Warren Bleeker

CHRISTIE, PARKER & HALE, LLP

-3-

1

2    GWB PAS1214608.1-*-02/5/13 11:04 AM

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT P

1  **ART HASAN, CA Bar No. 167323**
   art.hasan@cph.com
2  **G. WARREN BLEEKER, CA Bar No. 210834**
   warren.bleeker@cph.com
3  **KATHERINE L. QUIGLEY, CA Bar No. 258212**
   katherine.quigley@cph.com
4  **CHRISTIE, PARKER & HALE, LLP**
   **655 North Central Avenue, Suite 2300**
5  **Glendale, California 91203-1445**
   **Telephone: (626) 795-9900**
6  **Facsimile:   (626) 577-8800**

7  Attorneys for Plaintiff,
   NYKO Technologies, Inc.
8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

12 NYKO TECHNOLOGIES, INC., a          Case No. CV12-03001 GAF (VBKx)
   California corporation,
13                                      **SECOND AMENDED NOTICE**
              Plaintiff,                **OF VIDEOTAPED DEPOSITION**
14                                      **OF THOMAS ROBERTS**
        vs.
15                                      **DATE:    March 26, 2013**
   ENERGIZER HOLDINGS, INC., a          **TIME:    10:00 a.m.**
16 Missouri corporation, and            **PLACE: Sheppard, Mullin,**
   PERFORMANCE DESIGNED                 **Richter & Hampton, LLP**
17 PRODUCTS LLC, a California limited   **12275 El Camino Real, Suite 200**
   liability company,                   **San Diego, California 92130**
18
              Defendants.
19

20

21 **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

22      **PLEASE TAKE NOTICE** that, under Rule 30 of the Federal Rules of

23 Civil Procedure, NYKO TECHNOLOGIES, INC. will take the deposition upon

24 oral examination of THOMAS ROBERTS commencing on March 26, 2013 at

25 10:00 a.m. at Sheppard, Mullin, Richter & Hampton, LLP, 12275 El Camino

26 Real, Suite 200, San Diego, California 92130.

27      The deposition will be taken before an officer authorized to administer

28 oaths by the laws of the United States.   The deposition will be recorded

CHRISTIE, PARKER & HALE, LLP

1    stenographically via the use of real-time reporting and by sound and visual

2    means.

3

4    DATED:  March 20, 2013                    Respectfully submitted,

5                                             CHRISTIE, PARKER & HALE, LLP

6

7                                             By */s/ G. Warren Bleeker*
                                                G. Warren Bleeker
8
                                             Attorneys for Plaintiff,
9                                            NYKO Technologies, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CHRISTIE, PARKER & HALE, LLP

-2-

**CERTIFICATE OF SERVICE**

I certify that on March 20, 2013, pursuant to Federal Rules of Civil Procedure, a true and correct copy of the foregoing document described as **SECOND AMENDED NOTICE OF VIDEOTAPED DEPOSITION OF THOMAS ROBERTS** was served on the parties in this action by E-Mail as follows:

| | |
|---|---|
| Steven M. Hanle, Esq.<br>SHEPPARD MULLIN RICHTER &<br>HAMPTON LLP<br>650 Town Center Drive, 4th Floor<br>Costa Mesa, California 92626<br>shanle@sheppardmullin.com | Daniel N. Yannuzzi, Esq.<br>Graham (Gray) M. Buccigross, Esq.<br>Matthew M. Mueller, Esq.<br>SHEPPARD MULLIN RICHTER &<br>HAMPTON LLP<br>12275 El Camino Real, Suite 200<br>San Diego, California 92130-2006<br>dyannuzzi@sheppardmullin.com<br>mmueller@sheppardmullin.com<br>gbuccigross@sheppardmullin.com |

I declare that I am employed by a member of the bar of this Court.

Executed on March 20, 2013 at Glendale, California.

_/s/ Stacey Dawson_
Stacey Dawson

-3-

# EXHIBIT Q

1  **ART HASAN, CA Bar No. 167323**
   art.hasan@cph.com
2  **G. WARREN BLEEKER, CA Bar No. 210834**
   warren.bleeker@cph.com
3  **KATHERINE L. QUIGLEY, CA Bar No. 258212**
   katherine.quigley@cph.com
4  **CHRISTIE, PARKER & HALE, LLP**
   **655 North Central Avenue, Suite 2300**
5  **Glendale, California 91203-1445**
   **Telephone: (626) 795-9900**
6  **Facsimile:  (626) 577-8800**

7  Attorneys for Plaintiff and Counterdefendant,
   NYKO Technologies, Inc.
8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12 NYKO TECHNOLOGIES, INC., a California corporation, | Case No. CV12-03001 GAF (VBKx) |
| 13 | |
| Plaintiff, | **AMENDED NOTICE OF DEPOSITION OF DANIELLE KYRIAKOS** |
| 14 vs. | |
| 15 | |
| ENERGIZER HOLDINGS, INC., a Missouri corporation, EVEREADY BATTERY COMPANY, INC., a Delaware corporation, and PERFORMANCE DESIGNED PRODUCTS LLC, a California limited liability company, | **DATE:** May 3, 2013 **TIME:** 9:30 a.m. **PLACE:** |
| 16 | |
| 17 | |
| 18 | **Midwest Litigation** **711 North 11th Street** **St. Louis, MO 63101** **314-644-2191** |
| 19 | |
| 20 Defendants. | |
| 21 AND RELATED COUNTERCLAIM. | |

22

23  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

24       **PLEASE TAKE NOTICE** that, under Rule 30 of the Federal Rules of

25  Civil Procedure, Plaintiff NYKO TECHNOLOGIES, INC. will take the

26  deposition upon oral examination of DANIELLE KYRIAKOS commencing on

27  May 3, 2013 at 9:30 a.m. at Midwest Litigation, 711 North 11th Street, St. Louis,

28  Missouri, 63101, (314) 644-2191, or at another time and place mutually agreed

-1-

**Exhibit Q**
**Page 77**

upon by counsel for the parties and the deponent.

The deposition will be taken before an officer authorized to administer oaths by the laws of the United States.   The deposition will be recorded stenographically via the use of real-time reporting.

DATED:  March 15, 2013                    Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP

By _____
        G. Warren Bleeker

Attorneys for Plaintiff and
Counterdefendant,
NYKO Technologies, Inc.

CHRISTIE, PARKER & HALE, LLP

-2-

**CERTIFICATE OF SERVICE**

I certify that on March 15, 2013, pursuant to Federal Rules of Civil Procedure, a true and correct copy of the foregoing document described as **AMENDED NOTICE OF DEPOSITION OF DANIELLE KYRIAKOS** was served on the parties in this action by electronic mail and U.S. Postal Service, first class mail, postage pre-paid thereon, addressed as follows:

| | |
|---|---|
| Steven M. Hanle, Esq.<br>SHEPPARD MULLIN RICHTER &<br>HAMPTON LLP<br>650 Town Center Drive, 4th Floor<br>Costa Mesa, California 92626<br>shanle@sheppardmullin.com | Daniel N. Yannuzzi, Esq.<br>Graham (Gray) M. Buccigross, Esq.<br>Matthew M. Mueller, Esq.<br>SHEPPARD MULLIN RICHTER &<br>HAMPTON LLP<br>12275 El Camino Real, Suite 200<br>San Diego, California 92130-2006<br>dyannuzzi@sheppardmullin.com<br>mmueller@sheppardmullin.com<br>gbuccigross@sheppardmullin.com |

I declare that I am employed by a member of the bar of this Court, at whose direction this service was made.

Executed on March 15, 2013 at , California.

*[signature]*

SES PAS1224565.1-*-03/15/13 4:23 PM

CHRISTIE, PARKER & HALE, LLP

-3-

# EXHIBIT R

1   **ART HASAN, CA Bar No. 167323**
    art.hasan@cph.com
2   **G. WARREN BLEEKER, CA Bar No. 210834**
    warren.bleeker@cph.com
3   **KATHERINE L. QUIGLEY, CA Bar No. 258212**
    katherine.quigley@cph.com
4   **CHRISTIE, PARKER & HALE, LLP**
    **655 North Central Avenue, Suite 2300**
5   **Glendale, California 91203-1445**
    **Telephone: (626) 795-9900**
6   **Facsimile:  (626) 577-8800**

7   Attorneys for Plaintiff and Counterdefendant,
    NYKO Technologies, Inc.
8

9                   UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11

12  | NYKO TECHNOLOGIES, INC., a California corporation, | Case No. CV12-03001 GAF (VBKx) |
    
13  Plaintiff,

14  vs.                                   **SECOND AMENDED NOTICE OF DEPOSITION OF DANIELLE KYRIAKOS**

15  ENERGIZER HOLDINGS, INC., a

16  Missouri corporation, EVEREADY         **DATE:      May 16, 2013**
    BATTERY COMPANY, INC., a               **TIME:      9:30 a.m.**
17  Delaware corporation, and              **PLACE:**
    PERFORMANCE DESIGNED
18  PRODUCTS LLC, a California limited         **Stinson Morrison Hecker LLP**
    liability company,                         **7700 Forsyth Blvd., Suite 1100**
19                                             **St. Louis, MO 63105-1821**
    Defendants.                                **(314) 863-0800**
20

21  AND RELATED COUNTERCLAIM.

22

23  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

24          **PLEASE TAKE NOTICE** that, under Rule 30 of the Federal Rules of

25  Civil Procedure, Plaintiff NYKO TECHNOLOGIES, INC. will take the

26  deposition upon oral examination of DANIELLE KYRIAKOS commencing on

27  May 16, 2013 at 9:30 a.m. at Stinson Morrison Hecker LLP, 7700 Forsyth Blvd.,

28  Suite 1100, St. Louis, Missouri 63105-1821, (314) 863-0800, or at another time

-1-

CHRISTIE, PARKER & HALE, LLP

1   and place mutually agreed upon by counsel for the parties and the deponent.

2       The deposition will be taken before an officer authorized to administer

3   oaths by the laws of the United States.   The deposition will be recorded

4   stenographically via the use of real-time reporting.

5

6   DATED:  May 1, 2013           Respectfully submitted,

7                                CHRISTIE, PARKER & HALE, LLP

8

9                        By

10                               G. Warren Bleeker

11                        Attorneys for Plaintiff and
Counterdefendant,
NYKO Technologies, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CHRISTIE, PARKER & HALE, LLP

-2-

**CERTIFICATE OF SERVICE**

I certify that on May 1, 2013, pursuant to Federal Rules of Civil Procedure, a true and correct copy of the foregoing document described as **SECOND AMENDED NOTICE OF DEPOSITION OF DANIELLE KYRIAKOS** was served on the parties in this action by electronic mail and U.S. Postal Service, first class mail, postage pre-paid thereon, addressed as follows:

| | |
|---|---|
| Steven M. Hanle, Esq.<br>SHEPPARD MULLIN RICHTER &<br>HAMPTON LLP<br>650 Town Center Drive, 4th Floor<br>Costa Mesa, California 92626<br>shanle@sheppardmullin.com | Daniel N. Yannuzzi, Esq.<br>Graham (Gray) M. Buccigross, Esq.<br>Matthew M. Mueller, Esq.<br>SHEPPARD MULLIN RICHTER &<br>HAMPTON LLP<br>12275 El Camino Real, Suite 200<br>San Diego, California 92130-2006<br>dyannuzzi@sheppardmullin.com<br>mmueller@sheppardmullin.com<br>gbuccigross@sheppardmullin.com |

I declare that I am employed by a member of the bar of this Court, at whose direction this service was made.

Executed on May 1, 2013 at Glendale, California.

_____
Suzanne Swezey

PAS1233367.1-*-05/1/13 10:47 AM

CHRISTIE, PARKER & HALE, LLP