ART HASAN, CA Bar No. 167323
art.hasan@cph.com
G. WARREN BLEEKER, CA Bar No. 210834
warren.bleeker@cph.com
KATHERINE L. QUIGLEY, CA Bar No. 258212
katherine.quigley@cph.com
CHRISTIE, PARKER & HALE, LLP
655 North Central Avenue, Suite 2300
Glendale, California 91203-1445
Telephone: (626) 795-9900
Facsimile:  (626) 577-8800

Attorneys for Plaintiff and Counterdefendant,
NYKO Technologies, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| NYKO TECHNOLOGIES, INC., a California corporation, | Case No. CV12-03001 GAF (VBKx) |
|---|---|
| Plaintiff, | |
| vs. | **DECLARATION OF AMIR NAVID IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY FEES** |
| ENERGIZER HOLDINGS, INC., a Missouri corporation, EVEREADY BATTERY COMPANY, INC., a Delaware corporation, and PERFORMANCE DESIGNED PRODUCTS LLC, a California limited liability company, | DATE: December 16, 2013<br>TIME: 9:30 a.m.<br>CTRM: 740 |
| Defendants. | Hon. Gary Allen Feess |
| AND RELATED COUNTERCLAIM. | |

I, Amir Navid, declare as follows:

1. I am the Vice President of Research and Development of Plaintiff NYKO Technologies, Inc. ("NYKO"). I am the named inventor on U.S. Patent 8,143,848 ("the '848 Patent"), which is the patent-in-suit, and related continuation applications that are pending. I have personal knowledge of the contents of this declaration and, if called as a witness, could and would competently testify thereto.

2. Throughout the prosecution of the application for the '848 Patent and all related applications, I attempted to fully comply with all of my disclosure obligations to the U.S. Patent and Trademark Office; and I believe that I had done so.

3. During the prosecution of the application for the '848 Patent, it never occurred to me to disclose any marketing or sales activities in the January 2007 time frame, such as for the promotion of the Nyko charge base during the 2007 Consumer Electronics Show. I was not aware that such information could be relevant or material to the examination of the application for the '848 Patent because these events were not more than a year prior to the provisional application upon which the '848 patent was based.

4. Throughout the prosecution of the application for the '848 Patent, it was my understanding that that application was entitled to the priority of the provisional application filed on October 24, 2007. My understanding was that activities that occurred less than a year before the filing of the provisional application could not be prior art to the application for the '848 Patent.

5. It was not until after the '848 Patent had been issued, and the Defendants raised the issue of priority in this case, that I realized that the patent's priority date was being questioned. Until then, that possibility had never occurred to me.

6. Upon learning of Defendants argument that the '848 patent is not

entitled to the provisional date, I reviewed the provisional application again and I still believe that the '848 patent is entitled to the benefit of the priority of the provisional application for at least the reasons stated in my deposition..

7. When Nyko learned of the priority issue raised by Defendants, in an abundance of caution, we disclosed the information about sales and marketing activities to the Patent Office in connection with my related continuation patent applications that were pending at that time.

8. I never made a conscious or deliberate decision to withhold information about sales or marketing activities from the Patent Office. No one ever suggested doing so, and the possibility never occurred to me. Because I believed that the application for the '848 Patent was entitled to the priority of the provisional application, I was not aware of any way in which such activities could have constituted prior art or otherwise been relevant or material to the application for the '848 Patent.

9. I never intended to deceive the Patent Office in any way, nor would I do so.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 25th day of November, 2013 in _LOS Angeles._, California.

By _____
Amir Navid

-3-