ART HASAN, CA Bar No. 167323
art.hasan@cph.com
G. WARREN BLEEKER, CA Bar No. 210834
warren.bleeker@cph.com
KATHERINE L. QUIGLEY, CA Bar No. 258212
katherine.quigley@cph.com
CHRISTIE, PARKER & HALE, LLP
655 North Central Avenue, Suite 2300
Glendale, California 91203-1445
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

Attorneys for Plaintiff and Counterdefendant,
NYKO Technologies, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NYKO TECHNOLOGIES, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ENERGIZER HOLDINGS, INC., a Missouri corporation, EVEREADY BATTERY COMPANY, INC., a Delaware corporation, and PERFORMANCE DESIGNED PRODUCTS LLC, a California limited liability company,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. CV12-03001 GAF (VBKx)<br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' APPLICATION TO THE CLERK TO TAX COSTS**<br><br>DATE: December 5, 2013<br>TIME: 9:30 a.m.<br>CTRM: Telephonic |

PLEASE TAKE NOTICE that Plaintiff, Nyko Technologies, Inc. ("Nyko") hereby objects as follows to the Application to the Clerk to Tax Costs filed by Defendants.

## I. DEPOSITION COSTS (L.R. 54-3.5)

Defendants have requested a total of $17,047.09 in costs for depositions. Local Civil Rule 54-3.5 allows for the recovery of "[t]he cost of the original and one copy of the transcription of the oral portion of all depositions used for any purpose in connection with the case, including non-expedited transcripts... but not including the cost of videotaping or recording depositions unless otherwise ordered by the Court." In accordance with this rule, Defendants have properly excluded the costs associated with the use of Realtime expedited transcription in all of the claimed depositions except for one. The invoice for the deposition of Garry Kitchen taken on September 6, 2013 includes a cost of $821.10 for Realtime services provided by the court reporter. This cost should be excluded from Defendants Proposed Bill of Costs because as an expedited transcription service, it is not a recoverable cost under L.R. 54-3.5. *See* L. Civ. R. 54-3.5(a) (excluding expedited transcripts). Therefore, Plaintiff requests that Defendants costs for depositions be reduced by $821.10.

Defendants have also not complied with L.R. 54-3.5 by attempting to claim an additional $216.00 for the receipt of a Rough Draft of the deposition transcript of Danielle Kyriakos. A Rough Draft is an expedited transcript not recoverable under L.R. 54-3.5 and thus should be denied. Therefore, Plaintiff further requests that Defendants costs for depositions be reduced by an additional $216.00. In sum, Plaintiff requests that Defendants' deposition costs be reduced from $17,047.09 to $16,009.99.

## II. FEES FOR REPORTERS TRANSCRIPTS (L.R. 54-3.4)

Local Civil Rule 54-3.4 permits the recovery of "[t]he cost of the original and one copy of all or any part of a trial transcript, a daily transcript, or a transcript of matters occurring before or after trial, *if requested by the Court or prepared pursuant to stipulation*." L. Civ. R. 54-3.4 (emphasis added). Defendants have requested costs totaling $548.16 for the aggregate cost of the

-2-

transcript of the summary judgment hearing ($268.80) and the transcript of the hearing for Plaintiff's request for a temporary restraining order ($279.36). The Court did not request that Defendants order and submit a copy of either of these hearing transcripts, and neither of these transcripts were prepared pursuant to a stipulation of the parties. [*See* Declaration of Katherine Quigley ("Quigley Decl."), ¶ 2.] Defendants bear the burden of showing what costs are taxable and have failed to meet this burden regarding the above costs by failing to meet the requirements of the local rule.

Moreover, even if these costs were taxable, Defendants have not provided proper evidentiary support for their request. In support of the $268.80 in costs for the transcript of the summary judgment hearing, Defendants did not submit an invoice but instead provided an internal request for a payment and a transcript ordering form directed to the court reporter. These documents do not properly itemize the specific costs incurred. [*See* Court Dkt. 211-2, Exh. B.] Further, the transcript ordering form requested the completion of this transcript in an expedited 7-day turnaround. [*Id.*] The local rules do not provide for taxation for an expedited copy of the transcript, and in the analogous local rule governing depositions, taxing costs for expedited transcript preparation is expressly prohibited. *Cf.* L.R. 54-3.4 with L.R. 54-3.5. In addition, Defendants provided an internal request for payment form and a copy of the check paid for the transcript of the temporary restraining order hearing, but failed to provide the invoice showing an itemization of those charges. [*See* Court Dkt. 211-2, Exh. B.] For these reasons, Plaintiff requests that the Clerk deny Defendants' requested costs of $548.16 for Reporter's Transcripts.

### III. <u>REPRODUCTION OF DOCUMENTS (L.R. 54-3.10)</u>

Local Civil Rule 54-3.10 allows for the recovery of certain document preparation costs, including:

(a) The cost of copies (including Mandatory Chambers copies) of

-3-

documents necessarily filed and served;

(b) [t]he cost of copies of documents or other materials admitted into evidence when the original is not available or the copy is substituted for the original at the request of an opposing party;

.... and

(f) [f]ees for certification or exemplification of any document or record necessarily obtained for use in the case."

[L.R. 54-3.10.] Defendants are requesting costs in the total amount of $66,396.29 for costs paid to Advanced Discovery in the amount of $59,888.99, costs paid by Defendants counsel, Sheppard Mullin, in the amount of $5,850.00 and costs paid to ProLegal in the amount of $657.30.

The costs paid to Advanced Discovery generally include costs for the forensic collection of documents from Defendants computers, presumably for review by its counsel, the native file processing of the documents collected which were reviewed by Defendants counsel, and for preparation of a subset of the documents reviewed for production to Plaintiff. [*See* Court Dkt. 211-3, Exh. C, pages 1-30.] None of these costs appear to be for documents necessarily filed and served, copies of documents admitted into evidence, or for certification of exemplification necessarily obtained for use in this case as required to recover costs under L.R. 54-3.10. Defendants bear the burden of identifying those documents that may be categorized pursuant to this rule. Because they have failed to do so, Plaintiff requests that Defendants costs paid to Advanced Discovery in the amount of $59,888.99 be denied.

The costs paid by Sheppard Mullin in the amount of $5,850.00 appear to be costs associated with the monthly data hosting of the documents that were processed by Advanced Discovery as described above. [*See* Court Dkt. 211-3, Exh. C, pages 31-39.] These are not recoverable costs as identified in L.R. 54-3.10 and should be denied.

-4-

Lastly, the costs requested in the amount of $548.16 to ProLegal do not clearly identify the purpose for incurring those costs. Whether any portion of those costs were for providing mandatory chambers copies of documents filed with the Court, for copies of documents admitted into evidence, or for certification of exemplification necessarily obtained for use in this case is unknown. Defendants have also failed to provide a Declaration by an attorney articulating the purpose of these costs. Therefore, due to the absence of any explanation as to what these costs were for, Plaintiff has not met its burden to regarding the above costs and Plaintiff therefore respectfully requests these costs be denied.

For the reasons stated above, Plaintiff requests the Clerk deny the Defendants' entire requested costs of $66,396.29 for Reproduction of Documents.

### IV. OTHER COSTS (L.R. 54-3.12)

Defendants are requesting a total of $70.17 for costs associated with the purchase of the accused devices as "models" for analysis. Pursuant to Local Civil Rule 54-3.12, the cost of models may be taxed as costs only "[u]pon order of the Court." These models were not ordered by the Court for any purpose and should be denied. [Quigley Decl. at ¶ 3.]. Therefore, Plaintiff requests the Clerk to deny the Defendants requested costs of $70.17 in this category.

CHRISTIE, PARKER & HALE, LLP

## V. CONCLUSION

For the reasons stated above, Plaintiff requests that Defendants' application for costs in the amount of $84,273.71 be denied in the amount of $68,051.72, reducing Defendants' total taxable costs to $16,221.99.

DATED: November 26, 2013

Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP

By */s/ Katherine L. Quigley*
Katherine L. Quigley

Attorneys for Plaintiff and Counterdefendant,
NYKO Technologies, Inc.

SRD PAS1269340.1-*-11/26/13 7:06 PM