**ART HASAN, CA Bar No. 167323**
art.hasan@cph.com
**G. WARREN BLEEKER, CA Bar No. 210834**
warren.bleeker@cph.com
**KATHERINE L. QUIGLEY, CA Bar No. 258212**
katherine.quigley@cph.com
**CHRISTIE, PARKER & HALE, LLP**
**655 North Central Avenue, Suite 2300**
**Glendale, California 91203-1445**
**Telephone: (626) 795-9900**
**Facsimile:  (626) 577-8800**

Attorneys for Plaintiff and Counterdefendant,
NYKO Technologies, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NYKO TECHNOLOGIES, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ENERGIZER HOLDINGS, INC., a Missouri corporation, EVEREADY BATTERY COMPANY, INC., a Delaware corporation, and PERFORMANCE DESIGNED PRODUCTS LLC, a California limited liability company,<br><br>Defendants. | Case No. CV12-03001 GAF (VBKx)<br><br>**NOTICE OF ERRATA RE NYKO TECHNOLOGIES, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES (DKT. NO. 215)**<br><br>Hon. Gary Allen Feess |
| AND RELATED COUNTERCLAIM. | |

TO ALL PARTIES:

PLEASE TAKE NOTICE that Plaintiff has corrected the sentences listed below in Nyko Technologies, Inc.'s Memorandum in Opposition to Defendants' Motion for Attorneys' Fees (Court Dkt. No. 215) filed on November 25, 2013. All of the changes are clerical in nature with the exception of a single addition of an evidentiary citation.  Additions are indicated by underlining and deletions by brackets.

-1-

CHRISTIE, PARKER & HALE, LLP

**Pg. 6, ll. 8-10:**

Therefore, there was no reason why the presence of [a] <u>an</u> adapter with a plastic layer between the DC ports and the base would prevent the controller from being "supported by the base."

**Pg. 9, ll. 12-14:**

For example, Defendant PDP's manufacturer was unable for several months to get the prototype of the accused product to work [to] for simultaneously charging two controllers.

**Pg. 13, ll. 12-15:**

The inventor Amir Navid did <u>not</u> even think to disclose Nyko's marketing and sales activities in January 2007 for a simple reason: those activities took place less than a year before Nyko filed its provisional patent application on October 24, 2007.

**Pg. 14, ll. 25-27:**

Because of this belief, he did not ever consider the sales or display at the 2007 CES show to <u>be</u> relevant to invalidity because they occurred less than one year of the provisional application.

**Pg. 22, ll. 23-24:**

To the extent small numbers of paper copies were [no] <u>not</u> produced, it was because Nyko could not find them after a reasonable search.

**Pg. 24, l. 25 - Pg. 25, l. 1:**

Rather, the Defendants tried to deceive Nyko by withholding discoverable information about their forthcoming new generation of products and by having

their counsel deny knowledge of the new products even a week before they went on sale. [*Id.*; Quigley Decl. ¶¶11-16, Ex. J-O; Bleeker Decl. ¶¶31-32, Ex. M, N]

**Pg. 26, ll. 9-12:**

The Federal Circuit's analysis of the case, in the course of reviewing summary judgment *de novo*, may shed light on the Defendants' assertions of objective baselessness and other issues raised by this motion.

DATED: December 2, 2013              Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP


By */s/ Art Hasan*
    Art Hasan

Attorneys for Plaintiff and
Counterdefendant,
NYKO Technologies, Inc.