SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
DANIEL N. YANNUZZI, Cal. Bar No. 196612
dyannuzzi@sheppardmullin.com
GRAHAM M. BUCCIGROSS, Cal. Bar No. 234558
gbuccigross@sheppardmullin.com
MATTHEW M. MUELLER, Cal. Bar No. 268486
mmueller@sheppardmullin.com
12275 El Camino Real, Suite 200
San Diego, California  92130-2006
Telephone:  858.720.8900
Facsimile:   858.509.3691

STEVEN M. HANLE, Cal. Bar No. 168876
shanle@sheppardmullin.com
650 Town Center Drive, 4th Fl.
Costa Mesa, CA  92626
Telephone:  714.513.5100
Facsimile:   714.513.5130

Attorneys for Performance Designed Products
LLC and Energizer Holdings, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NYKO TECHNOLOGIES, INC. a California Corporation,<br><br>              Plaintiff,<br><br>     v.<br><br>ENERGIZER HOLDINGS, INC. a Missouri Corporation, EVEREADY BATTERY CO., INC., a Delaware Corporation, and PERFORMANCE DESIGNED PRODUCTS LLC, a California Limited Liability Company,<br><br>              Defendants. | Case No. CV12-03001<br><br>**REPLY IN SUPPORT OF DEFENDANTS' APPLICATION TO TAX COSTS**<br><br>Date:      December 5, 2013<br>Time:     9:30 a.m.<br>Crtrm.:   Telephonic<br><br>[Complaint Filed:  April 5, 2012] |

On November 4, 2013, this Court entered its judgment granting Energizer Holdings, Inc., Eveready Battery Co, Inc., and Performance Designed Products LLC's ("Defendants") motion for summary judgment finding Nyko Technologies, Inc.'s ("Plaintiff") asserted patent invalid.  (Doc. 208.)  On November 18, 2018, pursuant to Federal Rule of Civil Procedure 54(d)(1), 28 U.S.C. § 1920, and Local Rule 54-3, Defendants filed their application with the clerk to tax costs in the amount of $84,273.71.  (Doc. 211.)  Plaintiff concedes that Defendants are entitled to $16,176.99[1] [*sic*], but objects to the balance. (Doc. 216, pp. 2, 6.)

Six categories of costs are taxable under 28 U.S.C. § 1920: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.  28 U.S.C. § 1920; *see also* Fed. R. Civ. P. 54(d)(1).

This Court has discretion pursuant to its Local Rules to allow or to disallow a prevailing party to recoup costs of litigation up to the limits authorized by § 1920. *Acumed LLC v. Stryker Corp.*, No. 04-CV-0513, 2006 U.S. Dist. LEXIS 88070, at ** 9-10 (D. Or. Sept. 12, 2006); *see also Internet Specialties West, Inc. v. Ispwest*, No. CV 05-3296, 2007 U.S. Dist. LEXIS 100718, at *4 (C.D. Cal. Feb. 6, 2007) (using discretion to award photocopying costs not specifically enumerated by § 1920).  The most significant dispute is whether $59,888.99 of reproduction costs

---

[1] Plaintiff miscalculated its undisputed costs as $16,221.99 by transposing digits in the disputed rough draft transcript cost for the Danielle Kyriakos deposition from $261 to $216. (Doc. 216, p. 2). Defendants have used the correct costs in this reply and assume that the Plaintiff's undisputed cost is properly calculated as $16,176.99.

associated with electronic discovery is taxable to Plaintiff. Several courts, including at least two courts in this district, have held that they are properly taxable. *Imaginal Systematic, LLC v. Leggett & Platt, Inc.*, No. CV 10-07416, slip op., pp. 3-4 (C.D. Cal. Jul. 27, 2012) (Buccigross Decl. Ex. A submitted herewith) (taxing the costs for electronic discovery); *Tibble v. Edison Int'l,* No. CV 07-5359, 2011 WL 3759927, at *7 (C.D. Cal. Aug. 22, 2011) (more than $500,000 in electronic discovery costs "necessarily incurred" to respond to plaintiff's discovery requests were taxable); *BDT Products, Inc. v. Lexmark Intern., Inc.*, 405 F.3d 415, 420 (6th Cir. 2005) (affirming district court's award of costs for electronic scanning and imaging). Further, Defendants have properly accounted for them. These should be awarded by the clerk.

## I. DEPOSITION COSTS (L.R. 54-3.5)

Defendants requested $17,047.09 for deposition costs, of which $15,964.99 [*sic*] is undisputed by the Plaintiff. (Doc. 216 p. 2.) Under L.R. 54-3.4, a prevailing party is entitled to "[c]osts incurred in connection with taking oral depositions, including" costs "of the original and one copy of the transcription of the oral portion of all depositions used for any purpose in connection with the case, including non-expedited transcripts . . . ." Plaintiff disputes the costs of $821.10 for Realtime services for the September 6, 2013 deposition of Gary Kitchen and $261.00 [*sic*] for the receipt of a rough draft of the deposition transcript of Danielle Kyriakos. Defendants agree that $821.10 for Realtime services, which was inadvertently included by Defendants, is not taxable under L.R. 54-3.5. However, the $261.00 for the rough draft of the deposition transcript of Danielle Kyriakos is recoverable.

Plaintiff asserts that a rough draft deposition transcript is synonymous with an expedited transcript request. But "expedited" is not the same as "rough draft." Costly expedited transcript requests result in delivery of certified and citable transcripts. In contrast, a rough draft transcript request is less costly, but results in delivery of a non-citable version of the transcript. Costs for expedited transcripts

are not generally awarded under L.R. 54-3.5, but the court may tax costs for rough drafts of deposition transcripts if "necessarily obtained for use in the case." *Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 177 (9th Cir. 1990) (quoting 28 U.S.C. § 1920 in holding that the district court has discretion to tax necessary deposition transcript costs). Conscious of avoiding a costly expedited transcript request, Defendants ordered a non-citable rough draft transcript. Defendants request that this be taxed under Local Rule 54-3.5 and 28 U.S.C. § 1920.

As Plaintiff does not contest $15,964.99 of Defendants deposition costs, and the rough draft transcript cost from the Kyriakos deposition of $261 is taxable, the Court should order Plaintiff to pay $16,225.99 for deposition costs pursuant to Local Rule 54-3.5.

## II.     FEES FOR REPORTERS TRANSCRIPTS (L.R. 54-3.4)

Plaintiff disputes $548.16 of costs for the summary judgment hearing and temporary restraining hearing transcripts requested by Defendants. (Doc. 216 pp. 2-3.) L.R. 54-3.4 permits recovery of trial transcript costs if requested by the Court or prepared pursuant to stipulation and 28 U.S.C. § 1920(2) permits recovery of costs for "printed or electronically recorded transcripts necessarily obtained for use in the case." Plaintiff asserts that the correct inquiry is whether the transcript itself was "requested by the Court." However, both the U.S. Code and Local Rules are not this restrictive in that the correct inquiry is whether the transcript was necessary for use in the case. *Internet Specialties West*, 2007 U.S. Dist. LEXIS 100718 at *4. Here, both transcripts were necessary for Defendants to present their case and both were specifically cited in briefing to the Court. For example, Defendants required and cited the motion for summary judgment transcript in Defendants' Motion for Attorney Fees. (Doc. 212, pp. 14-15.) And Defendants required and cited the Temporary Restraining Order Hearing transcript in Defendants' Answer to the Complaint (Doc. 53, pp. 12, 18, 22-24) and Defendants Motion for Attorney Fees (Doc. 212, pp. 7-8). If Defendants had not obtained these hearing transcripts, they

-4-

could not have properly cited them in Court briefing. These are precisely the types of taxable costs contemplated by 28 U.S.C. § 1920(2) and L.R. 54-3.4. Accordingly, this Court should require the Plaintiff to pay the reporter's transcript costs of $548.16.

### III. REPRODUCTION OF DOCUMENTS (L.R. 54-3.10)

Plaintiff disputes the Defendants' request for $66,396.29 for reproduction costs. (Doc. 216 pp. 3-4.) But "[d]ocument copying costs are generally recoverable" so long as necessary to the case. *Alzheimer's Inst. of Am., Inc. v. Elan Corp. PLC*, 2013 U.S. Dist. LEXIS 31952, 6 (N.D. Cal. Jan. 30, 2013) (citing 28. U.S.C. § 1920(4)). Local Rule 54-3.10 permits recovery of document preparation costs for (a) document copies "necessarily filed and served"; (b) document copies "admitted into evidence when the original is not available"; (c) certification of non-existence of documents; (d) patent office charges; (e) notary fees; and (f) "certification or exemplification of any document or record necessarily obtained for use in the case." Further, 28 U.S.C. § 1920(4) allows taxation for "costs of making copies of any materials where the copies are necessarily obtained for use in the case."

Plaintiff disputes the Defendants' request to tax $59,888.99 of costs paid to Advanced Discovery, implying that Defendants have not shown that they are taxable pursuant to L.R. 54-3.10 and 28 U.S.C. § 1920(4). This is incorrect. Several courts, including at least two courts in this District, have held that electronic document production costs are recoverable under § 1920(4), particularly when the production is responsive to requests from the opposing party. *Imaginal Systematic*, No. CV 10-07416, at pp. 3-4; *Tibble,* No. CV 07-5359, 2011 WL 3759927, at *7; *BDT Products*, 405 F.3d at 420. Here, each of the electronic document productions performed by Advanced Discovery was responsive to one or more of the Plaintiff's 54 expansive requests for production, and clearly labeled to identify the production set produced to the Plaintiff. Plaintiff's suggestion that the very documents it

1 requested were somehow unnecessary to the case – as is required to be taxable under
2 28 U.S.C. § 1920(4) – defies reason. Plaintiff's production requests directly led to
3 the $59,888.99 costs billed by Advanced Discovery.

4       Contrary to Plaintiff's contention, Defendants identify the necessity of the
5 Advanced Discovery document reproduction costs. Notably, Defendants'
6 application to tax costs clearly identifies Exhibit C as detailing document
7 reproduction costs (Doc. 211), and Exhibit C specifically identifies and details each
8 document reproduction cost (Doc. 211-3). For example, Exhibit C, page 19 of 47
9 indicates $4,624.17 of costs for production of 30,054 pages as part of PDP010,
10 responsive to Plaintiff's document production requests. (Doc. 211-3, p. 19.) Each
11 invoice included in Exhibit C similarly identifies the production volume created, as
12 well as detailed tasks taken by Advanced Discovery to prepare the production.
13 Indeed, Defendants costs detailed in Exhibit C for locating, extracting, and
14 producing documents responsive to Plaintiff's 54 very expansive requests for
15 production were necessary and reasonable.

16       Plaintiff also disputes $5,850.00 associated with monthly data hosting of
17 documents produced by Advanced Discovery. (Doc. 216, p. 4). However, these
18 costs are also recoverable. Specifically, Sheppard Mullin accomplishes electronic
19 document hosting – labeled in the invoices in Exhibit C as "E-Discovery Hosting" –
20 by utilizing costly licensed software and human resources to facilitate data
21 collection, key-word searching, labeling, and production of responsive documents to
22 the Plaintiff's production requests. These costs were unavoidable and necessary for
23 document production requested by the Plaintiff, and are therefore recoverable.

24       Plaintiff further disputes $548.16 cost to Pro Legal because, in Plaintiff's
25 estimation, Defendants have "not clearly identified the purpose for incurring those
26 costs." (Doc. 216, p. 5). These costs are for courier services, and for purposes of this
27 Application, Defendants agree that they are not taxable costs.
28

Therefore, Plaintiff's requests for production directly necessitated Defendants' document reproduction costs to Advanced Discovery and associated electronic hosting costs. (Doc. 216, p. 5). Accordingly, this Court should tax the Plaintiff for Defendants' costs of $59,888.99 for document reproduction and $5,850.00 for associated electronic hosting.

## IV. OTHER COSTS (L.R. 54-3.12)

Plaintiff further disputes Defendants request for $70.17 for costs associated with purchasing models for analysis. (Doc. 216 p. 5). While Defendants believe these costs should be reimbursed, Defendants are withdrawing their request to tax these costs.

## V. CONCLUSION

For the reasons stated above, this Court should grant Defendants' application for costs for $16,225.99 for deposition costs and $65,738.99 for document reproduction costs, for a total cost of $81,964.98.

Dated:  December 2, 2013

    Respectfully submitted,

    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

    By     /s/ Steven M. Hanle
    STEVEN M. HANLE
    DANIEL N. YANNUZZI
    GRAHAM M. BUCCIGROSS
    MATTHEW M. MUELLER,
    Attorneys for Performance Designed Products LLC and Energizer Holdings, Inc.

# CERTIFICATE OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I am employed in the County of San Diego; I am over the age of eighteen years and not a party to the within entitled action; my business address is 12275 El Camino Real, Suite 200, San Diego, California 92130.

On December 2, 2013 I electronically filed the following document(s) described as

**REPLY IN SUPPORT OF DEFENDANTS' APPLICATION TO TAX COSTS**

with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the interested parties who have consented to electronic service via the CM/ECF system.

S. Art Hasan
G. Warren Bleeker
Katherine Quigley
Christie Parker and Hale LLP
655 North Central Avenue Suite 2300
Glendale, CA 91203-1445
Art.hasan@cph.com
Warren.bleeker@cph.com
Katherine.Quigley@cph.com

I declare that I am employed by a member of the bar of this Court, at whose direction this service was made.

Executed on December 2, 2013 at San Diego, California.

/s/ James Bond
James Bond