Case 2:12-cv-03001-GAF-VBK   Document 218-2   Filed 12/02/13   Page 1 of 4   Page ID
Case 2:10-cv-07416-RGK-SS   Document 527   Filed 07/27/12   Page 1 of 4   Page ID #:15937
                                         #:7176

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-07416-RGK (SSx) | Date | July 27, 2012 |
|---|---|---|---|
| Title | IMAGINAL SYSTEMATIC, LLC v. LEGGETT & PLATT, INC. et al | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| S. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**    (IN CHAMBERS) Order Re: Plaintiff's Motion to Retax Costs (DE 506)

## I. INTRODUCTION

This motion arises out of a lawsuit brought by Imaginal Systematic, LLC ("Plaintiff") against Leggett & Platt, Inc. ("Leggett") and Simmons Bedding Company ("Simmons") (collectively, "Defendants"). On January 24, 2012, the Court entered judgment in favor of Plaintiff and awarded costs to Plaintiff as the prevailing party. On May 29, 2012, the Clerk taxed costs against Defendants in the amount of $47,270.59.

Presently before the Court is Plaintiff's Motion to Retax $30,997.27 in costs not taxed by the Clerk. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

## II. FACTUAL BACKGROUND

On October 4, 2010, Plaintiff filed an action for willful patent infringement against Defendants. The controversy arose from Defendants' infringement of three of Plaintiff's patents, which describe an automatic stapling machine and a method for manufacturing box spring mattresses. Plaintiff claimed that Defendants developed and used a multi-stapler machine called the "TopOff Automatic Stapling Machine" that infringed various claims of Plaintiff's patents. On December 28, 2010, Defendants filed counterclaims for declaratory judgment of non-infringement and invalidity.

On summary judgment, the Court found that Plaintiff's patent claims were valid, and that Defendants directly infringed all patents at issue. Subsequently, the Court conducted a bench trial on the issues of willfulness and Defendants' equitable defenses. The Court rejected Defendants' equitable defenses but found that Defendants' infringement was not willful. Finally,

on January 19, 2012, the Court conducted a jury trial on the issue of damages. The jury returned a $5,000,000 verdict for Plaintiff. The Court entered judgment for Plaintiff on January 24, 2012.

### III.     JUDICIAL STANDARD

Pursuant to Federal Rule of Civil Procedure 54(d)(1), costs other than attorneys' fees shall be allowed as a matter of course to the prevailing party unless the Court otherwise directs. Fed. R. Civ. P. 54(d)(1). Such costs may be taxed by the Clerk on one day's notice. *Id.* A party may seek review of the Clerk's taxation of costs by filing and serving a motion to retax costs within five days of the Clerk's decision. That review will be limited to the record made before the Clerk and encompass only those items specifically identified in the motion. C.D. Cal. Civ. L.R. 54-9; *see Internet Specialties W., Inc. v. ISPWest*, CV 05-3296 FMC AJWx, 2007 WL 1655726 (C.D. Cal. Feb. 7, 2007).

### IV.     DISCUSSION

Plaintiff moves to retax costs not awarded by the Clerk for reporter's transcripts, video deposition fees, and electronic document production costs. The Court considers each in turn.

#### A.     The Cost of Reporter's Transcripts In This Case Is Not Taxable

Plaintiff first moves to retax $4,653.00 in costs for trial transcripts, citing a stipulation between parties that the prevailing party would recover this cost. According to Defendants, any agreement the parties made regarding trial transcripts did not constitute a stipulation as to recovery of all transcript costs. The Court agrees.

In the Central District of California, the cost of daily transcripts is not regularly taxable without court approval or stipulation by the parties. C.D. Cal. Civ. L.R. 54-4.5. *See Fischer v. United States*, No. EDCV 02–691, 2003 U.S. Dist. LEXIS 9029, at *14 (C.D. Cal., May 30, 2003) (Local Rule 54–4.5 provides "the cost of the original transcript and one copy, of all or any part of a trial transcript, daily transcript or a transcript of matters occurring before or after trial, if requested by the Court or prepared pursuant to stipulation."). Stipulations are recognized as binding only when made in open court, on the record at a deposition, or when filed in the proceeding. C.D. Cal. Civ. L.R. 7–1.

To show that the parties stipulated that the prevailing party would recover transcript costs, Plaintiff submits an email sent by defense counsel on January 9, 2012, stating: "Per our agreement, please remit one-half of the attached invoice ($4,653)." (Decl. of Ryan E. Lindsey, DE 462, Ex. 1.) Defendant argues, and the Court agrees, that this email does not establish that the parties stipulated that the prevailing party would recover transcript costs. Instead, the email shows that the parties agreed to split transcript costs 50–50. Such an arrangement is considered an agreement to share in the costs unless the parties stipulate otherwise. *See Frigiquip Corp. v. Parker-Hannifin Corp.*, 75 F.R.D. 605, 613 (W.D. Okla. 1976) ("From the information before the Court, it seems that as the agreement between the parties apparently did not provide for the recovery of the prevailing party's share of the cost of transcription, the parties intended said agreement to constitute a final settlement of the burden of transcript expenses.").

Because Plaintiff has not shown that the parties stipulated that the prevailing party would recover transcript costs, the Motion is DENIED as to this cost.

### B. The Cost of Video Depositions In This Case Is Not Taxable

Plaintiff next moves to retax $19,214.25 in video deposition costs, arguing that they are taxable because portions of the video depositions were used at trial. The Court disagrees.

28 U.S.C. § 1920(2) allows taxation of "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Although the Ninth Circuit does not appear to have addressed the issue, courts in other circuits generally have found videotaped deposition costs taxable under § 1920(2) when necessarily obtained for trial. *See Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 449 (4th Cir. 1999) (allowing only transcription costs to be taxed because party failed to demonstrate necessity of both videotape and transcription costs); *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 465–66 (11th Cir. 1996) (reversing district court's taxation of videography costs and remanding to determine necessity of obtaining copies of video depositions). Accordingly, the Court finds that the costs of a videotaped deposition may be taxed when the video was necessarily obtained for trial. 28 U.S.C. § 1920(2); *see Goldberg v. Pac. Indem. Co.*, CV-05-2670-PHX-JAT, 2009 WL 1804861 (D. Ariz. June 24, 2009).

Although the parties used the video depositions at trial, this does not mean their use was *necessary* to the trial. Plaintiff has already recovered the cost of printed deposition transcripts. Something more beyond "convenience or duplication to ensure alternative methods of presenting materials at trial" is needed to tax costs for both a printed and videotaped deposition transcript. *Cherry*, 186 F.3d at 449. Plaintiff argues that the video depositions allowed the "efficient and meaningful presentation for deposition testimony" at trial. (Reply Br. 2.) But Plaintiff does not explain why both video and printed transcripts were necessary to accomplish this, since the printed transcripts alone could easily have been used to present deposition testimony. *Yeager v. Bowlin*, CIV 2:08-102 WBSJFM, 2010 WL 716389 (E.D. Cal. Feb. 26, 2010). While there may be circumstances when both a videotape and a transcript of a deposition are necessary, Plaintiff has not demonstrated that those circumstances exist in this case.

Because Plaintiff has not shown that both stenographic and video depositions were necessarily obtained for use in the case, the Motion is DENIED as to this cost.

### C. The Cost of Electronic Document Production Is Taxable

Plaintiff finally moves to retax $7,130.02 in electronic document production costs, arguing they were necessarily incurred in responding to Defendants' discovery requests. The Court agrees.

28 U.S.C. § 1920(4) allows taxation for "costs of making copies of any materials where the copies are necessarily obtained for use in the case." Though the law is not established in this Circuit, courts considering the issue typically hold that electronic document production costs are recoverable under § 1920(4), particularly when incurred in response to a request from the opposing party. *See Hecker v. Deere & Co.*, 556 F.3d 575, 591 (7th Cir. 2009) (costs of "converting computer data into a readable format in response to plaintiffs' discovery requests . . . are recoverable under 28 U.S.C. § 1920."); *BDT Products, Inc. v. Lexmark Intern.*, Inc., 405 F.3d 415, 420 (6th Cir. 2005) (affirming district court's award of costs for electronic scanning and imaging); *Tibble v. Edison Int'l*, No. CV 07–5359, 2011 WL 3759927, at *7 (C.D. Cal. Aug. 22, 2011) (more than $500,000 in electronic discovery costs "necessarily incurred" to respond to plaintiff's discovery requests were taxable).

Case 2:12-cv-03001-GAF-VBK   Document 218-2   Filed 12/02/13   Page 4 of 4   Page ID
Case 2:10-cv-07416-RGK-SS   Document 527   Filed 07/27/12   Page 4 of 4   Page ID #:15940
                                                     #:7179

Defendants propounded 164 separate discovery requests seeking electronically stored information from Plaintiff or requiring Plaintiff to process electronically stored information. (Mot. to Retax, p. 6.) Plaintiff was required to produce this electronically stored information under the Federal Rules of Civil Procedure unless it could demonstrate that it faced an "undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B). The processes required to properly retrieve or convert electronic data so that it may be produced in discovery are "highly technical" and substantially different from "the types of services that attorneys or paralegals are trained for or are capable of providing." *Jardin v. DATAllegro, Inc.*, 08-CV-1462-IEG WVG, 2011 WL 4835742, *6 (S.D. Cal. Oct. 12, 2011). In light of these facts, the Court finds that Plaintiff's electronic document production costs, including fees for hiring professionals and purchasing hard drives to transport the electronic files, were not accrued merely for the convenience of counsel but were necessarily incurred during the case.

Because Plaintiff has shown that its electronic document production costs were necessarily incurred during the case, the Motion is GRANTED as to this cost.

**V.     CONCLUSION**

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion to Tax Costs. Plaintiff is entitled to an additional $7,130.02 in electronic document production costs only.

**IT IS SO ORDERED.**

|  |  : |
|---|---|
| Initials of Preparer |  |