LINK: 212

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3001 GAF (VBKx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | NYKO Technologies, Inc. v. Energizer Holdings Inc., et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes Kerr | N/A | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

**Proceedings:**     (In Chambers)

## ORDER RE: MOTION FOR ATTORNEY'S FEES

### I.
### INTRODUCTION

     Plaintiff NYKO Technologies, Inc. ("Nyko" or "Plaintiff") brought this action for patent infringement based on United States Patent No. 8,143,848 ("the '848 Patent"), entitled "Video Game Controller Charging System Having a Docking Structure."  (Docket No. 135-3 [Ex. B ("'848 Patent")].)  The Court recently granted Defendants' motion for summary judgment, finding that the '848 Patent was invalid.  (Docket No. 205 [10/22/13 Order].)

     Defendants Energizer Holdings, Inc., Eveready Battery Co., Inc., and Performance Designed Products, LLC, (collectively, "Defendants"), now move for an award of attorney's fees, arguing that this was an 'exceptional case,' as described in 35 U.S.C. § 285.  (Docket No. 212 [Mot. for Attorney's Fees ("Mem.")].)  The Court is urged to find that the patent was procured by inequitable conduct and that Nyko conducted itself in bad faith throughout the course of this litigation.  However, while the Court held the patent to be invalid, Defendants have not shown that Nyko's claim for infringement was objectively baseless—a requirement that must be met before a party may be awarded attorney's fees under Section 285.  Nor have they shown that Plaintiff engaged in the sort of misconduct that would merit an award of attorney's fees.  Accordingly, and for the reasons given below, Defendants' motion for attorney's fees is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3001 GAF (VBKx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | NYKO Technologies, Inc. v. Energizer Holdings Inc., et al | | |

## II.
## BACKGROUND

The invention described in the '848 Patent was in public use and offered for sale in January 2007, while the application for the patent was not filed until almost fourteen months later.  (See 10/22/13 Order at 2, 16–23.)  Because the public use or sale of an invention more than one year prior to the application for a patent invalidates the patent, the Court found that this passage of time was fatal to Plaintiff's suit.  (Id.) (citing 35 U.S.C. § 112(e)(1).)  In addition, Nyko did not disclose either the public use or the sale of the invention to the Patent and Trademark Office when filing the application that would lead to the '848 Patent.  (Docket No. 215, [Opp. to Mot. for Attorney's Fees ("Opp.")] at 13.)

However, there is more to the analysis than those simple facts, and the added wrinkle bears directly on the "exceptional case" standard.  Nyko filed a provisional patent application—Application No. 60/982,364 (" the '364 Provisional")—in October 2007, within a year of the first public use and offer for sale.  (Opp. at 5–6.)  Nyko therefore argued, in response to the defendant's invalidity arguments, that the '364 Provisional disclosed the invention claimed in the '848 Patent, allowing the '848 Patent to claim a filing date only ten months after the earliest known public use or sale of the invention.  (Id.)  The '848 Patent, then, would not have been subject to invalidation under the public use and offer for sale doctrines.

## III.
## DISCUSSION

**A.  STANDARD FOR ATTORNEY'S FEES**

Section 285 provides that "courts in exceptional cases may award reasonable attorney fees to the prevailing party."  35 U.S.C. § 285.  "A case may be deemed exceptional when there has been some material inappropriate conduct related to the matter in litigation."  Brooks Furniture Mfg. v. Dutailier Int'l, Inc., 393 F.3d 1378, 1381 (Fed. Cir. 2005).  The purpose of Section 285 is to "prevent[] gross injustice where a party has demonstrated bad faith and misconduct during litigation."  Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc., 549 F.3d 1381, 1388 (Fed. Cir. 2008).  Absent misconduct in the litigation or in securing the patent, in order to prevail under the exceptional case standard a defendant must establish by clear and convincing evidence both that "(1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless."  Brooks Furniture Mfg., 393 F.3d at 1381 (citing Professional Real Estate Investors v. Columbia Pictures Industries, 508 U.S. 49, 60–61 (1993)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3001 GAF (VBKx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | NYKO Technologies, Inc. v. Energizer Holdings Inc., et al | | |

**B. APPLICATION**[1]

### 1. OBJECTIVE BASELESSNESS

The record before the Court will not support a finding that the litigation was objectively baseless. See iLOR, LLC v. Google, Inc., 631 F.3d 1372, 1378 (Fed. Cir. 2011) (concluding that "a finding of objective baselessness ha[d] not been met," and therefore the court "need not consider the issue of subjective bad faith."). "To be objectively baseless, the infringement allegations must be such that no reasonable litigant could reasonably expect success on the merits." Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH, 524 F.3d 1254, 1260 (Fed. Cir. 2008) (quoting GP Indus., Inc. v. Eran Indus., Inc., 500 F.3d 1369, 1374 (Fed. Cir. 2007)).

One of the assumptions underpinning Plaintiff's case is that the '848 Patent was disclosed by the '364 Provisional. (Opp. at 5.) To be sure, the '364 Provisional bears some resemblance to the '848 Patent, but it failed to include sufficient information to disclose the invention claimed in the '848 Patent. (See 10/22/13 Order at 3–7) (describing the inventions claimed in each.) Nevertheless, the Court reached the conclusion that the invention had not been disclosed only after a careful consideration of the '364 Provision and the '848 Patent together with other relevant evidence. While the Court reached a conclusion that it believes to be sound after having conducted that inquiry, the Court cannot say that a reasonable litigant could not have argued the contrary position. In other words, Nyko's claim that the '848 Patent was valid because it entitled to the earlier priority date of the '346 Provisional, though incorrect in the Court's view, was not an unreasonable argument. Accordingly, the Court rejects the contention that this action was objectively baseless.

### 2. MISCONDUCT

Unable to satisfy the requirement that litigation be objectively baseless, Defendants are left to argue that Nyko engaged in misconduct—both in obtaining the '848 Patent and in

---

[1] In addition to arguing that they are entitled to attorney's fees under Section 285, Defendants apparently seek attorney's fees as a sanction under Rule 11. (Mem. at 2) ("This motion is made pursuant to . . . Federal Rule of Civil Procedure 11 . . . .") However, as Plaintiff points out, a Rule 11 motion "must be made separately from any other motion." (Opp. at 3.) Moreover, Defendants' memorandum in support of their motion only states that "conduct that violates [Rule 11]" may justify the determination that a case is exceptional for the purposes of Section 285. (Mem. at 1, 20.) Rule 11 is not mentioned beyond this, so to the extent that Defendants intend this motion to seek fees under Rule 11, the request must be denied.

LINK: 212

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3001 GAF (VBKx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | NYKO Technologies, Inc. v. Energizer Holdings Inc., et al | | |

litigating this case. (Mem. at 17) (citing Nilssen v. Osram Sylvania, Inc., 528 F.3d 1352, 1358 (Fed. Cir. 2008).) However, the alleged offenses simply are not as severe as Defendants make them out to be.

Defendants contend that Nyko engaged in inequitable conduct when it filed an application for the '848 Patent without mentioning the fact that the invention had been in public use and on sale for more than a year. (Mem. at 16–18.) However, if the '364 Provisional had properly disclosed the '848 Patent, such a revelation would have been unnecessary. The Court has already concluded that it was not unreasonable, even if erroneous, to conclude that the '364 Provisional adequately disclosed the invention.

Plaintiff also supposedly abused the discovery process and submitted false and misleading documents. (Id. at 21.) But the instances of abuse Defendants point to—delaying production of documents and deposition of witnesses, applying for a temporary restraining order rather than a regularly-noticed preliminary injunction, and suing parties with tenuous ties to the alleged infringement—appear in the context of this case to be nothing more than unexceptional though aggressive litigation tactics. (Id. at 21–22.) And Defendants' complaint that "misleading documents" were filed apparently refers to the fact that Plaintiff made arguments which this Court rejected. (Id.) However, the fact that the Court did not find Plaintiff's contentions persuasive does not mean that they were 'misrepresentations' sufficient to warrant an award of attorney's fees. In other words, nothing in Plaintiff's actions rises to the level of misconduct anticipated by Section 285.

## IV.
## CONCLUSION

For the reasons given above, Defendants' motion for attorney's fees under Section 285 is **DENIED**. The hearing presently scheduled for Monday, December 16, 2013, is hereby **VACATED**.

**IT IS SO ORDERED.**